UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)
                                ECF Case
              Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

             Defendant.
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

**PRELIMINARY STATEMENT**

Defendant, Westchester Fire Insurance Company ("Westchester"), submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff, Monadnock Construction, Inc. ("Monadnock"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the claims asserted in the Complaint are barred by the applicable contractual limitations period.

**STATEMENT OF FACTS**

Monadnock commenced this action by filing a Summons with Notice in the New York Supreme Court, Kings County, on December 22, 2015. (A copy of Monadnock's Summons with Notice is annexed as Exhibit A to the Declaration of John Sullivan ("Sullivan Dec.")). On January 26, 2016, Westchester removed this action to this Court. Thereafter, on March 1, 2016, Monadnock filed its Complaint (Annexed as Exhibit B to the Sullivan Dec.).

The Complaint alleges that Westchester "refused to honor performance bonds it issued in favor of its obligee, Monadnock" in connection with an alleged breach by the principal on the

bonds, Glasswall, LLC ("Glasswall"), due to its untimely delivery of defective window assemblies to two buildings constructed by Monadnock in Long Island City, New York. (Complaint, ¶1) (The performance bonds are annexed to the Complaint as Exhibit A).

After Glasswall allegedly failed to timely provide the window assemblies, Monadnock "sent Glasswall a Notice of Default on September 16, 2013." (Complaint, ¶30). The Notice of Default triggered the running of the two-year contractual limitations period to file any legal or equitable proceeding under the bonds:

> "Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and **shall be instituted within two years after a declaration of Contractor Default** or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, **whichever occurs first**."

(Complaint, Exhibit A, §11) (Emphasis added). Accordingly, Monadnock had until September 16, 2015, two years later, to file an action under the bonds.

Monadnock alleges that it thereafter entered into an "Amendment Agreement"[1] that provided for the completion of the contracts. (Complaint, ¶37). Monadnock alleges that under the Amendment Agreement the parties "deferred [claims that had accrued to date] until the earlier of the completion of the Contracts or termination thereof." (Complaint, ¶38). Nowhere does the Complaint allege a tolling agreement or, more importantly, a definite date by which the "deferral" was to expire and the contractual limitations period commence running anew.

Monadnock then alleges that it "terminated Glasswall on March 16, 2015." (Complaint, ¶55). On March 16, 2015, however, Monadnock still had six months to commence an action against Westchester before the contractual limitations period ended on September 16, 2015.

---

[1] Defendant will accept Plaintiff's characterization of the "Amendment Agreement" as true <u>solely</u> for the purposes of this Motion to Dismiss.

2

Despite this substantial amount of time, Monadnock did not file this action until December 22, 2015, more than three months after the expiration of the two-year limitations period on the performance bonds.

## ARGUMENT

Under New York law, an action must be commenced within the time prescribed by statute, unless "a shorter time is prescribed by written agreement." N.Y. C.P.L.R. § 201. Here, notwithstanding the six-year statute of limitations ordinarily applicable to breach of contract claims, the parties agreed, pursuant to §11 of the Bonds (Complaint, Ex. A), that Plaintiff was required to sue Defendant "within two years after a declaration of Contractor Default." Plaintiff issued such a declaration of Contractor Default on September 16, 2013. (Complaint, ¶30). Accordingly, Plaintiff's claims against Defendant are time-barred, having expired on September 16, 2015, more than three months prior to Plaintiff bringing this action.

## POINT I

### THE "DEFERRAL" OF CLAIMS FOR AN INDEFINITE PERIOD IS NOT AN ENFORCEABLE TOLL OF THE LIMITATIONS PERIOD

The allegation in the Complaint that the parties agreed to "defer" claims "until the earlier of the completion of the Contracts or termination thereof" is unenforceable because it attempts to create an indefinite tolling of the contractual limitations period. (Complaint, ¶38).

New York General Obligations Law § 17-103(1) provides that a promise to extend the statute of limitations is effective, "*according to its terms*, to prevent interposition of the defense of the statute of limitation[s] in an action or proceeding commenced within the time that would be applicable if the cause of action had arisen at the date of the promise, or within such shorter time as may be provided in the promise." (Emphasis added). Construing this provision, New York courts have routinely held that an agreement purporting to extend the limitations period to

3

an indefinite date in the future cannot be enforced "according to its terms" and is, therefore, unenforceable. *See, e.g.*, *Allenby, LLC v. Credit Suisse, AG*, 47 Misc. 3d 1203(A), 15 N.Y.S.3d 710 (N.Y. Sup. Ct.) *aff'd*, 134 A.D.3d 577, 25 N.Y.S.3d 1 (1st Dept. 2015) (dismissing breach of contract claims as time-barred because an agreement purporting to extend the limitations period was ineffective because the extension was for an indefinite duration).

For example, in *Bayridge Air Rights, Inc. v. Blitman Const. Corp.*, 80 N.Y.2d 777, 599 N.E.2d 673 (1992), the Court of Appeals of New York affirmed an order dismissing a complaint as time-barred because an agreement between a developer and contractor purporting to extend the limitations period indefinitely was invalid. Analogous to the instant case, the developer-plaintiff in *Bayridge* filed suit against its contractor and its surety for breach of contract. An agreement between the developer and contractor attempted to amend the statute of limitations governing the developer's claims against the contractor, which would have expired two years later in April 1978, so that it would commence to run upon final payment to the contractor from an escrow account. Citing the language of and the public policy behind N.Y. Gen. Ob. L. § 17-103, the Court held that an agreement purporting to extend the limitations period to an indefinite date in the future cannot be enforced "according to its terms," as is required under § 17-103. Accordingly, the Court of Appeals held the amendment of the statute of limitations to be invalid and unenforceable.

Similarly, in *T & N PLC v. Fred S. James & Co. of New York*, 29 F.3d 57 (2d Cir. 1994), the United States Court of Appeals for the Second Circuit permitted a statute of limitations defense despite the existence of a standstill agreement, citing the holding in the *Bayridge* case discussed above as making "clear that New York courts will not infer a six-year limitations period into a standstill agreement that by its terms extends the statute of limitations indefinitely."

4

*Id.* at 62. The standstill agreement in *T & N PLC*, like the one Monadnock relies on, did not provide a specific period during which the statute of limitations would be tolled. Rather, it provided only that the parties "agreed to toll the applicable statute of limitations from the date of this letter until 30 days after receipt of notice of termination of this agreement by either party." *Id.* at 61. The Second Circuit held that this indefinite tolling agreement was invalid and unenforceable.

The alleged "deferral" provision on which Monadnock relies is similarly indefinite and therefore invalid. *See also City of New York v. Black & Veatch*, No. 95 CIV. 1299 (LAP), 1997 WL 624985, at *1 (S.D.N.Y. 1997) (granting motion to dismiss breach of contract claims where standstill agreement was of an indefinite duration and, therefore, unenforceable). The Amendment Agreement "deferred" claims "until the earlier of the completion of the Contracts or termination thereof." These future, unspecified dates were indefinite at the time of the Amendment Agreement, and so the "deferral" is unenforceable under New York law. The limitations period in which Monadnock was required to file its claim expired on September 16, 2015, and its claims for breach of contract are therefore time-barred.

**POINT II**

**A "DEFERRAL" OF CLAIMS WILL NOT EXTEND THE STATUTE OF LIMITATIONS WHERE THERE REMAINS SUFFICIENT TIME TO SUE**

Setting aside that the "deferral" provision in this case is unenforceable, Monadnock's claims are separately time-barred because the (unenforceable) tolling period under the Amendment Agreement ended six months before the ordinary limitations period was set to end, and yet Monadnock failed to sue before those six months ended.

Specifically, Monadnock alleges that the "Amendment Agreement" deferred all claims "until the earlier of the completion of the Contracts or termination thereof." (Complaint, ¶38).

5

Monadnock then alleges that it terminated the agreements on March 16, 2015. (Complaint, ¶55). Therefore, any tolling of the claims ended on March 16, 2015, *six months before* the expiration of the contractual limitations period and *nine months before* Monadnock chose to file this lawsuit. Under similar circumstances, when plaintiffs have not taken advantage of lengthy periods to file a complaint after a tolling period ended and before the original limitations period ended, New York courts have not hesitated to dismiss claims as time-barred.

This rule was established long ago in New York. For example, in *509 Sixth Ave. Corp. v. New York City Transit Auth.*, 24 A.D.2d 975, 265 N.Y.S.2d 429 (1st Dept. 1965), the Appellate Division, First Department, granted a motion to dismiss in an analogous setting. In that case, there was a written stipulation between the parties establishing a tolling period that ended long before the prescribed statutory period of limitations ended. In a brief opinion, the First Department noted that a plaintiff's failure to file within the six-month period that followed the end of an agreed-to tolling period but that was before the end of the statutory limitations period required dismissal of plaintiff's claims:

> Here, the contractual stay expired on May 18, 1962, and the generally prescribed statutory period of limitations would not have expired until November 7, 1962. So, having nearly six months after the expiration of the contractual stay, the plaintiff had ample time to bring its suit before the bar of the statute was effective…

*Id.* at 976. Based on the foregoing, the First Department held that the plaintiff's claims were time-barred. The Court therefore reversed the trial court and granted the defendant's motion to dismiss, much like we ask this Court to do in the instant case. *See also Ortiz v. City of New York*, 28 A.D.2d 1098, 1098, 284 N.Y.S.2d 370, 371 (1st Dept. 1967) ("This court has already indicated that arrangements between counsel … will not extend the statutory period of limitations … where there remains a reasonable period of time within which to commence

action. ***Particularly is this so, when as here, the plaintiff had a period of six months and nine days . . . to bring an action and failed to do so.***") (Emphasis added) (Internal citations omitted); *Gotlin v. Lederman*, No. 05-CV-1899 (ILG), 2006 WL 1154817, at *10 (E.D.N.Y. 2006) ("When the conduct giving rise to the estoppel ceases to be operative prior to the expiration of the statute of limitations, and the plaintiff has had opportunity to timely commence his action, then the estoppel does not act to extend the period in which the action may be brought.") (Citing *509 Sixth Ave. Corp.*).

Under the circumstances in the instant case, Plaintiff was bound to proceed with reasonable diligence to institute suit after the expiration of the alleged stay and within the contractual limitations period.  As the Complaint alleges, any "deferral" of claims expired on March 16, 2015, *i.e.*, the date that Plaintiff terminated Glasswall. Given that Plaintiff still had six months thereafter to bring this action, any alleged "deferral" cannot extend the contractual limitations period. Accordingly, Plaintiff's breach of contract claims are time-barred.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant this motion to dismiss the complaint upon the ground that the claims asserted are barred by the contractual limitations period.

Dated:  New York, New York
        April 4, 2016

                                COZEN O'CONNOR

                                By: __/s/   John J. Sullivan__
                                      John J. Sullivan
                                      45 Broadway Atrium, Suite 1600
                                      New York, NY 10006
                                      P: 212-453-3729

                            F: 646-461-2073
                            JSullivan@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*