UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,                    Case No.: 16 CIV. 00420 (JBW)
                                                 ECF Case

                        Plaintiff,

        -against-

WESTCHESTER FIRE INSURANCE                       **ANSWER WITH**
COMPANY,                                         **AFFIRMATIVE DEFENSES**

                        Defendant.

-------------------------------------------------------------X

Defendant, Westchester Fire Insurance Company ("Westchester"), by and through its attorneys, Cozen O'Connor, as and for its Answer to Plaintiff Monadnock Construction, Inc.'s ("Plaintiff" or "Monadnock") Complaint, dated March 1, 2016, states as follows:

## NATURE OF THE CASE

1.      The allegations of paragraph 1 of the Complaint represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.  The allegations of paragraph 1 of the Complaint further represent characterizations of Bonds and Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.  To the extent that paragraph 1 of the Complaint avers facts, they are also denied.

2.      Westchester denies the allegations contained in paragraph 2 of the Complaint.

3.      Westchester admits that Monadnock seeks damages for breach of contract.

## JURISDICTION AND VENUE

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.    Admitted.

## FACTS

8.    Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall. The remainder of the allegations of paragraph 8 of the Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

9.    Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall. The remainder of the allegations of paragraph 9 of the Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

10.    Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall. The remainder of the allegations of paragraph 10 of the Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

11.    Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall. The remainder of the allegations of paragraph 11 of the Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

12.    Westchester admits only that Glasswall obtained from Westchester Payment and Performance Bonds, No. K08840295, dated February 12, 2013, and No. K08840258, dated February 11, 2013.  Paragraph 12 of the Complaint otherwise purports to characterize portions of the Contracts and Bonds, which are in writing and speak for themselves, and the characterization of them is therefore denied.

13.     Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall. The remainder of the allegations of paragraph 13 of the Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied. To the extent that the allegations contained in Paragraph 13 of the Complaint represent conclusions of law, no response is required.  To the extent that a response is required, the allegations are denied.

14.     Westchester admits only that Monadnock issued schedule updates, but otherwise denies that Glasswall failed to meet those delivery dates and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 14 of the Complaint.

15.     Westchester admits only that the letter referred to in paragraph 15 of the Complaint was sent, but otherwise denies Monadnock's characterization of the letter, which is in writing and speaks for itself.  Westchester otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint.

16.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint purports to summarize portions of the Contracts to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Contracts and refers the Court to the Contracts for a full and complete recitation of their terms.

18.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint purports to summarize portions of the Contracts to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the contracts and refers the Court to the Contracts for a full and complete recitation of their terms.

20.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint.

21.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint.

22.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint.  In addition, the allegations contained in paragraph 23 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

24.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

25.     Westchester admits only that Israel Berger & Associates conducted limited inspections of Glasswall's production. Westchester otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint.

26.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint.

27.    The allegations contained in paragraph 27 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.  Westchester also denies Plaintiff's characterization of the contracts and refers the Court to the two contracts for a full and complete recitation of their terms.

28.    Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint.

29.    Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding delays in delivery in paragraph 29 of the Complaint. The allegations contained in paragraph 29 of the Complaint regarding damages represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

30.    Westchester admits only that the alleged notices were sent and denies the remainder of the allegations of paragraph 30 of the Complaint.

31.    The allegations contained in paragraph 31 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.  To the extent that paragraph 31 of the Complaint avers facts, they are also denied.

32.    Westchester admits only that on January 13, 2014, Plaintiff purported to give notice of termination of the Contracts with Glasswall. Westchester otherwise denies the allegations contained in paragraph 32 of the Complaint.

33.    Westchester admits only that on January 13, 2014, Monadnock sent to Westchester a purported Section 3.2 notice under the Bonds.  The remaining allegations in paragraph 33 of the Complaint characterize the purported Section 3.2 notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

34.    Westchester denies the allegations contained in paragraph 34 of the Complaint.

35.    Westchester admits only that on March 6, 2014, Monadnock sent Westchester a purported 7-day notice under Section 6 of the Bonds.  The remaining allegations in paragraph 35 of the Complaint purport to summarize Monadnock's purported notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

36.    Westchester denies the allegations contained in paragraph 36 of the Complaint.

37.    Westchester admits only that the parties entered into an Agreement to Amend Contracts, which is in writing and speaks for itself, and the characterization of it is therefore denied.  The remaining allegations of paragraph 37 of the Complaint are denied.

38.    Paragraph 38 of the Complaint purports to characterize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

39.    Paragraph 39 of the Complaint purports to summarize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

40.    Paragraph 40 of the Complaint purports to summarize portions of the Contracts and Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Contracts and Amendment Agreement and refers the Court to the Contracts and Amendment Agreement for a full and complete recitation of their terms.

41.     Paragraph 41 of the Complaint purports to summarize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

42.     The allegations contained in Paragraph 42 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

43.     Paragraph 43 of the Complaint purports to summarize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

44.     Westchester denies the allegations contained in paragraph 44 of the Complaint.

45.     Westchester denies the allegations contained in paragraph 45 of the Complaint.

46.     Westchester denies the allegations contained in paragraph 46 of the Complaint.

47.     Westchester denies the allegations contained in paragraph 47 of the Complaint.[1]

48.     Westchester admits only that it made certain payments to Glasswall on or around the time stated but otherwise denies Monadnock's characterization of the payments as set forth in paragraph 48 of the Complaint.

49.     Westchester admits only that Monadnock made a payment on or about the date stated but otherwise denies the characterization of the payment and the remainder of the allegations of paragraph 49 of the Complaint.

---

[1] Westchester denies the allegations contained in footnote 1 of the Complaint.

50.     Westchester admits only that Glasswall delivered windows and other materials before and after the stated date but denies the remainder of the allegations of paragraph 50 of the Complaint.

51.     Westchester denies the allegations contained in paragraph 51 of the Complaint.

52.     Westchester denies the allegations contained in paragraph 52 of the Complaint.

53.     Westchester admits only that on March 4, 2015, Monadnock served a Notice of Default on Westchester.  The remaining allegations in Paragraph 53 of the Complaint are denied.

54.     Westchester denies the allegations contained in paragraph 54 of the Complaint.

55.     Westchester admits only that on March 16, 2015, Plaintiff purported to terminate the Contracts. Westchester otherwise denies the allegations contained in Paragraph 55 of the Complaint.

56.     Westchester admits only that on March 16, 2015, Monadnock sent Westchester a purported Section 3.2 notice under the Bonds.  The remaining allegations in paragraph 56 of the Complaint characterize the purported Section 3.2 notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

57.     Westchester admits only that on April 20, 2015, Monadnock sent Westchester a purported 7-day notice under Section 6 of the Bonds.  The remaining allegations in paragraph 57 of the Complaint characterize the purported Section 6 notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

58.     Westchester admits only that on April 25, 2015, it denied Monadnock's claim under the Bonds. The remaining allegations in Paragraph 58 of the Complaint purport to characterize Westchester's counsel's written notice to Monadnock, which is in writing and speaks for itself, and the characterization of it is therefore denied.

59.     Westchester denies the allegations of Paragraph 59 of the Complaint.

60.     Westchester denies the allegations contained in paragraph 60 of the Complaint.

61.     Westchester denies the allegations contained in Paragraph 61 of the Complaint.

### FIRST CLAIM FOR RELIEF

(Breach of Contract)

62.     Westchester repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 61 as if fully set forth herein.

63.     The allegations contained in Paragraph 63 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

64.     The allegations contained in Paragraph 64 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

65.     Westchester denies the allegations contained in Paragraph 65 of the Complaint.

66.     Westchester denies the allegations contained in Paragraph 66 of the Complaint.

### SECOND CLAIM FOR RELIEF

(Breach of Contract)

67.     Westchester repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 67 as if fully set forth herein.

68.     The allegations contained in Paragraph 68 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

69.     The allegations contained in Paragraph 69 of the Complaint represent conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

70.     Westchester denies the allegations contained in Paragraph 70 of the Complaint.

71.     Westchester denies the allegations contained in Paragraph 71 of the Complaint.

**WHEREFORE**, Defendant Westchester Fire Insurance Company respectfully requests that the Court deny Plaintiff's requested relief, dismiss the Complaint with prejudice, and award Westchester attorneys' fees and any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each and every claim contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Monadnock's claims are barred by the statute of limitations, the contractual limitation period and/or laches.

### THIRD AFFIRMATIVE DEFENSE

3.      Monadnock suffered no damages because it has been paid for all of its alleged damages by others.

### FOURTH AFFIRMATIVE DEFENSE

4.      Monadnock's claims are barred in whole or in part by its release of claims.

### FIFTH AFFIRMATIVE DEFENSE

5.      Monadnock's claims are barred in whole or in part by accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

6.     Monadnock's claims are barred by its failure to fulfill the express terms and conditions of the Bonds.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Monadnock's claims are barred in whole or in part by failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Monadnock's claims are barred by waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE

9.     Monadnock's claims are barred in whole or in part by the Award of Arbitrator dated August 29, 2017.

## TENTH AFFIRMATIVE DEFENSE

10.     Westchester maintains all rights and defenses of its principal, Glasswall, and Westchester is only liable to the extent of the Award of Arbitrator, dated August 29, 2017, provided that the surety bonds are deemed in force.

**WHEREFORE**, Defendant, Westchester Fire Insurance Company, respectfully requests that the Court deny Plaintiff's requested relief, dismiss the Complaint with prejudice, and award Westchester attorneys' fees and any other relief this Court deems just and proper.

Dated:   New York, New York
         September 12, 2017

COZEN O'CONNOR

By:   /s/ John J. Sullivan
      John J. Sullivan
      45 Broadway Atrium, Suite 1600
      New York, NY 10006
      P: 212-453-3729
      F: 646-461-2073
      JSullivan@cozen.com

11

Robert McL. Boote*
*Admitted Pro Hac Vice*
Suite 400, 200 Four Falls Corporate Center
P.O. Box 800
West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*

TO:

Howard Kleinhendler
Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
P: 212-909-9500
F: 212-909-9430
kleinhendler@wmllp.com
jweinstein@wmllp.com
*Attorneys for Plaintiff*
*Monadnock Construction, Inc.*