UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

                     Plaintiff,

    -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                     Defendant.

-----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                     Third-Party Plaintiff,

    -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                     Third-Party Defendants.

-----------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

**THIRD-PARTY COMPLAINT**

       Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff, Westchester Fire Insurance Company ("Westchester"), by its attorneys, Cozen O'Connor, as and for its Third-Party Complaint against the Third-Party Defendants Glasswall, LLC ("Glasswall"), Ugo Colombo ("Colombo") and Sara Jayne Kennedy Colombo ("Kennedy") (collectively, the "Third-Party Defendants") alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

      1.    The Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(a), granting supplemental jurisdiction over the claims against the Third-Party Defendants involving the same case and controversy that is the subject of this case.

2.      Venue is proper in this district pursuant to an Agreement of Indemnity, dated February 1, 2013, between Westchester and Third-Party Defendants – who are named as Indemnitors in that Agreement – which provides in its paragraph 10 that each Indemnitor "agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein." A copy of the Agreement of Indemnity is annexed hereto as Exhibit A.

## THE PARTIES

3.      Westchester is a corporation of the Commonwealth of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19103.

4.      Glasswall is a limited liability company formed in the State of Florida with its principal place of business located at 1550 Biscayne Blvd, Suite 300, Miami, Florida 33132.

5.      Defendant, Ugo Colombo, is an individual and a citizen of the State of Florida residing at 5020 North Bay Road, Miami, Florida 33140.

6.      Defendant Sara Jayne Kennedy Colombo is an individual and a citizen of the State of Florida, residing at 5020 North Bay Road, Miami, Florida 33140.

## FACTUAL ALLEGATIONS

7.      On January 3, 2013, Plaintiff, Monadnock Construction, Inc. ("Monadnock"), as construction manager, and Glasswall, as manufacturer, entered into two contracts pursuant to which Glasswall agreed to produce and deliver windows, doors, and other materials to two high-rise affordable development projects in Long Island City, New York (the "Contracts").

8.      The Contracts required Glasswall to obtain payment and performance bonds for each of the Contracts. Pursuant thereto, Glasswall obtained from Westchester Payment and

Performance Bonds, No. K08840295, dated February 12, 2013, and No. K08840258, dated February 11, 2013, in the amounts of the Contracts, totaling $13,000,000 (collectively, the "Bonds").

9.      Prior to executing the Bonds, the Third Party Defendants entered into the Agreement of Indemnity, dated February 1, 2013, which obligated the Third Party Defendants to defend and to indemnify Westchester for all liability, losses, expenses of whatsoever kind or nature or other payments it may be required to incur or make by reason of having executed the Bonds. *See* Agreement of Indemnity, Ex. A.

10.     On January 13, 2014, Monadnock gave notice of termination of the Contracts and gave notice to Westchester that it regarded Glasswall to have defaulted on the Contracts.

11.     On March 4, 2015, Monadnock filed a Demand for Arbitration against Glasswall with the American Arbitration Association ("AAA") in New York, seeking damages for Glasswall's alleged breaches of the Contracts (the "Arbitration").

12.     On December 22, 2015, Monadnock filed a Summons with Notice captioned *Monadnock Construction, Inc. v. Westchester Fire Insurance Company*, in the Supreme Court of the State of New York, County of Kings, Index No. 515499/2015 (the "State Court Action").

13.     On January 26, 2016, Westchester removed the State Court Action to this Court.

14.     On March 1, 2016, Monadnock filed its Complaint in this action (the "Complaint"). A copy of the Complaint is annexed hereto as Exhibit B.

15.     The Complaint alleges in sum and substance that Westchester is liable to Monadnock for Glasswall's alleged beaches of the Contracts by, *inter alia*, failing to timely deliver and/or delivering defective window assemblies and other materials. The Complaint

asserts that Westchester, as surety, breached its obligations under the Bonds to timely take over Glasswall's responsibilities under the Contracts.

16.     On April 4, 2016, Westchester moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, upon the ground that the claims asserted in the Complaint are barred by the contractual limitations period in the Bonds (Doc. 20).

17.     On May 17, 2016, the Court entered an order denying Westchester's motion to dismiss and staying the case for all purposes pending the outcome of the Arbitration (Doc. 30).

18.     On August 29, 2017, the arbitrators issued an Award of Arbitrator against Glasswall in the Arbitration in the amount of $1,499.255.18 (the "Arbitration Award").

19.     On September 12, 2017, Westchester filed its Answer to the Complaint. A copy of Westchester's Answer is annexed hereto as Exhibit C.

20.     Westchester anticipates that Monadnock will move to confirm the Arbitration Award, and, in any event, will assert that Westchester is liable to Monadnock for the Arbitration Award, and will move for judgment against Westchester on that basis.

21.     Third-Party Defendants are "Indemnitors" under the Agreement of Indemnity that provides in part as follows:

> 1.     Premiums & Collateral For Suretyship – The Indemnitors shall pay or cause to be paid to the Surety both the agreed premium and, upon written request by the Surety at any time, collateral security for its suretyship until the Indemnitor shall furnish to the Surety competent written evidence, satisfactory to the Surety, of the termination of any past, present and future liability under any Bond. The Indemnitor expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Surety in any investment or depository that the Surety in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the

4

suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2.     Indemnity & Collateral For Claim – The Indemnitor shall indemnify and save harmless the Surety from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the Surety in any action or proceeding between the Indemnitor and the Surety, or between the Surety and any third party, which Surety shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Surety as a joint or several obligor and whether the Indemnitor is then liable to make such payment, and to place the Surety in funds to meet all of its liability under any Bond, promptly upon request and before the Surety may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Surety of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to the Surety under this Agreement. Any demand upon the Surety by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Surety with sufficient funds in a form and amount deemed acceptable in the Surety's sole discretion, as collateral security to cover the liability.

(Capitalized terms shown with initial capitalization).

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THE THIRD-PARTY DEFENDANTS
## FOR DECLARATORY JUDGMENT OF INDEMNIFICATION

22.     Westchester realleges the allegations set forth in paragraphs 1 through 21 hereof.

23.     Under the Agreement of Indemnity, Third-Party Defendants are obligated to defend and to indemnify Westchester against, *inter alia,* all liability it may incur and all payments it may be required to make by reason of having executed the Bonds.

24.     Westchester is entitled to a declaratory judgment that Third-Party Defendants have the foregoing obligations.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THE THIRD-PARTY DEFENDANTS FOR DEPOSIT OF COLLATERAL

25.     Plaintiff Westchester repeats and realleges the allegations contained in paragraphs 1 through 24 hereof.

26.     Under the Agreement of Indemnity, Third-Party Defendants are obligated, *inter alia*, to defend Westchester, to indemnify it from all loss and expense and to immediately provide Westchester with the collateral it has demanded.

27.     By letter dated June 7, 2017, counsel for Westchester informed the Third-Party Defendants that Westchester exercised its right under the Agreement of Indemnity to require them to deposit collateral of $13,000,000 equal to the limits of the Bonds, or possibly a lesser appropriate amount in the event the Arbitration Award limited Westchester's liability to a lesser amount than the Bonds.

28.     As of the date of this filing, Third-Party Defendants have not provided Westchester with the required collateral.

29.     By reason of the foregoing, Westchester demands that Third-Party Defendants provide collateral and deposit with Westchester the sum of $1,499.255.18 representing Westchester's potential liability based on the Arbitration Award.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THE THIRD-PARTY DEFENDANTS FOR A PRELIMINARY INJUNCTION

30.     Westchester realleges the allegations set forth in paragraphs 1 through 29 hereof.

31.     The Agreement of Indemnity requires Third-Party Defendants to post collateral with Westchester promptly upon the request of Westchester.

32.    Westchester's right to collateral from Third-Party Defendants was specifically bargained for and agreed to by Third-Party Defendants. Westchester would not have executed the Bonds without the right to demand collateral.

33.    Westchester has no adequate remedy at law and will be irreparably harmed if Third-Party Defendants fail to deposit with Westchester collateral in the sum of $1,499.255.18.

34.    Westchester has a strong likelihood of success on the merits in this action.

35.    The issuance of a preliminary injunction will not create an undue hardship for Third-Party Defendants as the preliminary injunction will require that Third-Party Defendants do only what they contracted to do in the Agreement of Indemnity.

36.    Westchester will suffer irreparable injury if a preliminary injunction is not granted as Westchester would then be deprived of the security that the Third-Party Defendants guaranteed in their Agreement of Indemnity.

37.    For the foregoing reasons, Westchester respectfully requests that the Court issue a preliminary injunction requiring (1) that Third-Party Defendants immediately post collateral in the sum of $1,499.255.18, and (2) until Third-Party Defendants post such collateral, enjoining and restraining Third-Party Defendants from selling, transferring, disposing or encumbering its assets and property and granting Westchester a lien upon all the assets and property owned by Third-Party Defendants or in which Third-Party Defendants have an interest.

**WHEREFORE**, Defendant and Third-Party Plaintiff, Westchester Fire Insurance Company, respectfully requests judgment as follows:

        a.      On the First Cause of Action a declaration that Third-Party Defendants are required to defend and to indemnify Westchester against *inter alia* all liability it may incur and all payments it may be required to make by reason of having executed the Bonds;

        b.      On the Second Cause of Action against Third-Party Defendants for the deposit with Westchester of the sum of $1,499.255.18;

        c.      On the Third Cause of Action issuing a preliminary injunction requiring (1) that Third-Party Defendants immediately post collateral in the sum of $1,499.255.18 and (2) until Third-Party Defendants post such collateral, enjoining and restraining Third-Party Defendants from selling, transferring, disposing or encumbering its assets and property and granting Westchester a lien upon all the assets and property owned by Third-Party Defendants or and in which they have an interest;

        d.      And for such other relief as this Court deems just and proper.

Dated:  New York, New York
        September 12, 2017

                        COZEN O'CONNOR

              By:   /s/ John J. Sullivan  
                  John J. Sullivan
                  45 Broadway Atrium, Suite 1600
                  New York, NY 10006
                  P: 212-453-3729
                  F: 646-461-2073
                  JSullivan@cozen.com

                  Robert McL. Boote*
                  *Admitted Pro Hac Vice*

Suite 400, 200 Four Falls Corporate Center
P.O. Box 800
West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*

TO:

Glasswall, LLC
1550 Biscayne Blvd, Suite 300
Miami, Florida 33132

Ugo Colombo
5020 North Bay Road
Miami, Florida 33140

Sara Jayne Kennedy Colombo
5020 North Bay Road
Miami, Florida 33140

Howard Kleinhendler
Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
P: 212-909-9500
F: 212-909-9430
kleinhendler@wmllp.com
jweinstein@wmllp.com
*Attorneys for Plaintiff*
*Monadnock Construction, Inc.*