UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,
        Plaintiff,
  -against-

               Case No.: 16 CIV 00420 (JBW)(VMS)
WESTCHESTER FIRE INSURANCE  ECF Case
COMPANY,
        Defendant.
------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,
       Third-Party Plaintiff,
  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,
       Third-Party Defendants.
------------------------------------------------------------X

## DECLARATION OF HOWARD KLEINHENDLER IN SUPPORT OF APPLICATION TO CONFIRM

  I, Howard Kleinhendler, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

  1.  I am a member of Wachtel Missry LLP, counsel for plaintiff Monadnock Construction, Inc. ("Monadnock" or "Plaintiff") in the above-captioned action. I submit this declaration in support of Monadnock's application (the "Application") to confirm the August 29, 2017 award (the "Award") rendered by Arbitrators Thomas J. Rossi, Michael O. Renda and Susanna S. Fodor (the "Panel") in the American Arbitration Association (the "Arbitration") proceeding # 02-15-00002-8160 between plaintiff Monadnock Construction, Inc. ("Monadnock" or "Plaintiff") and third-party defendant, Glasswall, LLC ("Glasswall" or "Third Party Defendant").

  2.  This action seeks redress pursuant to Section 9 of the Federal Arbitration Act, 9

U.S.C. § 1 et seq. and N.Y. C.P.L.R. § 7501 for an order and judgment confirming the Award.

3. Monadnock is a New York corporation, with its principal place of business located at 155 3rd Street, Brooklyn, New York.

4. Glasswall is a Florida limited liability company, with its principal place of business in Florida, and its members are Florida citizens.

5. The Award resolves a dispute that arose because of Glasswall's defective and late performance of two contracts (the "Contracts") to supply glass curtainwall units to Monadnock. True, correct and complete copies of the Contracts are annexed hereto as Exhibit A.

6. Section 6.3 of the Contracts provided for, among other things, arbitration of disputes between the parties. Section 6.3.6 provides:

> This agreement to arbitrate. . . shall be specifically enforceable under applicable law in any court having jurisdiction thereof. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

7. A dispute arose between Glasswall and Monadnock because of Glasswall's late and defective performance of the Contracts, which required it to fabricate window wall units in Florida and ship them to Hunters Point, New York, to be installed into two residential buildings.

8. Accordingly, on March 4, 2015, Monadnock commenced the Arbitration under the auspices of the American Arbitration Association in New York, New York, by filing a demand ("the Demand") seeking, among other things an award of its delay damages and damages because of Glasswall's defective performance. A true, correct and complete copy of the Demand is annexed hereto as Exhibit B.

9. Following Monadnock's Demand, pursuant to the American Arbitration Association's Construction Industry Arbitration Rules, the AAA appointed arbitrators Thomas J. Rossi, Michael O. Renda and Susanna S. Fodor to preside over the Arbitration.

10. Following nine days of hearings, beginning November 14, 2016 and ending February 28, 2017, and Monadnock's and Glasswall's submissions of post-hearing briefs, the Panel issued the Award. A true, correct and complete copy of the Award is annexed hereto as Exhibit C.

11. The AAA provided a copy of the Award to the parties on August 30, 2017. A true, correct and complete copy of the American Arbitration Association's letter covering the Award is annexed hereto as Exhibit D.

12. On September 12, 2017, WFIC filed a third-party summons and complaint (the "Third-Party Complaint") against Glasswall, Ugo Colombo and Sara Jayne Kennedy Colombo (collectively, "Third-Party Defendants"), seeking, among other things, a declaration that Third-Party Defendants are required to indemnify WFIC for any liability it may incur as a result of having executed the Bonds.

13. On September 19, 2017, the Honorable Vera M. Scanlon held a status conference (the "Status Conference") with Glasswall, Monadnock, and WFIC.

14. During the Status Conference, I advised Judge Scanlon of Monadnock's intent to file the instant application to confirm the Award, against Glasswall, within the instant proceeding,

15. Thereafter, Judge Scanlon issued a status conference order (the "Scheduling Order") requiring Monadnock to bring its application to confirm by October 3, 2017, and permitting Glasswall and Monadnock to consent to confirmation.

16. Despite the clear mandate in Judge Scanlon's Scheduling Order, on September 25, 2017, Glasswall served Monadnock with a petition to confirm the Award in proceeding before New York State Supreme Court, New York County (the "State Court Confirmation Proceeding"). A true and correct copy of Glasswall's petition in the State Court Confirmation Proceeding is

annexed hereto as Exhibit E.

17. As evidenced by Glasswall's petition to confirm the award filed in New York State Court and removed to this Court, the parties agree that the Award should be confirmed.

18. For the reasons set forth herein and in the accompanying Memorandum of Law, Monadnock respectfully submits that this Court should confirm the Award in its entirety.

Dated:   New York, New York
         October 3, 2017

_____
Howard Kleinhendler