UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,                Case No.: 16 CIV 00420 (JBW)(VMS)

      Plaintiff,                ECF Case

 -against-


WESTCHESTER FIRE INSURANCE

COMPANY,

      Defendant.

-------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE

COMPANY,

      Third-Party Plaintiff,

 -against-


GLASSWALL, LLC, UGO COLOMBO, and

SARA JAYNE KENNEDY COLOMBO,

      Third-Party Defendants.

-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**


                 WACHTEL MISSRY LLP
                 885 Second Avenue
                 New York, NY 10017
                 (212) 909-9500

**Table of Contents**

Table of Authorities ................................................................................................................. (ii)

PRELIMINARY STATEMENT ................................................................................................ 1

I. FACTUAL AND PROCEDURAL BACKGROUND............................................................... 1

II. THE AWARD SHOULD BE CONFIRMED ......................................................................... 1

      A. The Federal Arbitration Act Applies ................................................................ 1

      B. The FAA Requires Confirmation ...................................................................... 3

CONCLUSION............................................................................................................................ 4

**Table of Authorities**

Cases

Duferco Intern. Steel Trading v. T. Klaveness Ship. A/S,
  333 F.3d 383 (2d Cir. 2003) .................................................................................................... 3
D.H. Blair & Co. v. Gottdiener,
  462 F.3d 95 (2d Cir. 2006) ...................................................................................................... 3
Florasynth, Inc. v. Pickholz,
  750 F.2d 171 (2d Cir. 1984) .................................................................................................... 3
I/S Stavborg (O. H. Meling, Manager) v. Natl. Metal Converters, Inc.,
  500 F.2d 424 (2d Cir. 1974) .................................................................................................... 2
Major League Baseball Players Ass'n v. Garvey,
  532 U.S. 504 (2001) ................................................................................................................ 3
Pennsylvania Engr. Corp. v. Islip Resource Recovery Agency,
  710 F. Supp. 456 (E.D.N.Y. 1989) .......................................................................................... 2
Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,
  986 F. Supp. 231 (S.D.N.Y. 1997) .......................................................................................... 2

Statutes

28 U.S.C. § 1332 .......................................................................................................................... 2
28 U.S.C. § 1332(a) ..................................................................................................................... 2
9 U.S.C. § 6 .................................................................................................................................. 1
9 U.S.C. § 9 ............................................................................................................................. 1, 3

Rules

Fed. R. Civ. P. 65 ......................................................................................................................... 1
N.Y. C.P.L.R. 7510 .................................................................................................................. 1, 4

Plaintiff moves this court for confirmation of the August 29, 2017 award (the "Award") rendered by Arbitrators Thomas J. Rossi, Michael O. Renda and Susanna S. Fodor (the "Panel") in the American Arbitration Association proceeding between plaintiff Monadnock Construction, Inc. ("Monadnock" or "Plaintiff") and third-party defendant, Glasswall, LLC ("Glasswall" or "Third Party Defendant"). Plaintiff hereby respectfully submits this memorandum of law in support of its motion pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 6 and 9, N.Y. C.P.L.R. 7510 and Fed. R. Civ. P. 65 to confirm the Award.

## PRELIMINARY STATEMENT

On August 29, 2017, the Panel issued an Award directing Glasswall to pay Plaintiff $1,499,255.18 plus interest at a rate of 5%, thus conclusively and finally resolving all issues between Plaintiff and Third-Party Defendant in their AAA proceeding. The Award was based on a full evidentiary record, and after receiving extensive briefing by the parties. Pursuant to Section 9 of the FAA, or alternatively, N.Y. C.P.L.R. 7510, Plaintiff is entitled to an order confirming the Award and entering judgment thereon.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts of this case are set forth in the Amended Complaint and the Declaration of Howard Kleinhendler, sworn to October 3, 2017, and the exhibits thereto., which we respectfully incorporate as if fully set forth herein.

## II. THE AWARD SHOULD BE CONFIRMED

### A. The Federal Arbitration Act Applies

The Federal Arbitration Act ("FAA") confers upon federal courts the authority to confirm an arbitration award whenever, as here, the underlying arbitration agreement provides that a court

may enter judgment upon it. I/S Stavborg (O. H. Meling, Manager) v. Natl. Metal Converters, Inc., 500 F.2d 424 (2d Cir. 1974). In addition, federal courts have subject matter jurisdiction to confirm such awards where diversity jurisdiction and supplemental jurisdiction exist. See Pennsylvania Engr. Corp. v. Islip Resource Recovery Agency, 710 F. Supp. 456 (E.D.N.Y. 1989) (finding diversity jurisdiction in proceeding to confirm an arbitration award); Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 986 F. Supp. 231, 236 (S.D.N.Y. 1997), aff'd in part, vacated in part, 157 F.3d 174 (2d Cir. 1998) (district court has supplemental jurisdiction to confirm arbitration awards where it has "original jurisdiction over some issues and [] both sets of issues – federal and non-federal 'form part of the same case or controversy'…[meaning] they 'derive from a common nucleus of operative fact'").

Here, the Court has subject matter jurisdiction in this action because of the diversity of the parties and because the dispute involves interstate commerce. 28 U.S.C. § 1332 expressly provides for original federal jurisdiction in a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... (2) citizens of a State and citizens or subjects of a foreign state". 28 U.S.C. § 1332(a).

Plaintiff, Monadnock, is a New York corporation, defendant, Westchester Fire Insurance Company ("WFIC") is a Pennsylvania corporation, and third-party defendant, Glasswall, is a Florida limited liability company. The amount in controversy is $1,499,255.18, which exceeds the statutory threshold of $75,000. Further, the dispute concerns contracts between Glasswall and Monadnock to fabricate and ship curtainwall from Florida to New York.

Since this Court has subject matter jurisdiction over the action, and the claims in Monadnock's actions against both Glasswall and WFIC arise from a common nucleus of operative facts, this Court has supplemental jurisdiction to confirm the Award.

## B. The FAA Requires Confirmation

Confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). "[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.' " D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9); see also Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (judicial review of an arbitrator's award is limited); Duferco Intern. Steel Trading v. T. Klaveness Ship. A/S, 333 F.3d 383, 388 (2d Cir. 2003) (arbitration awards are entitled to great deference by the courts).

Here, the Award arises out of binding arbitration agreements. (Exhibit A to Kleinhendler Decl.[1]) Moreover, the parties have expressly agreed that "[t]he award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." (Id.) Indeed, Glasswall consents to the Award as evidenced by its New York Supreme Court petition to confirm the Award. (Exhibit E to Kleinhendler Decl.) Thus, the Award plainly qualifies for confirmation pursuant to both Section 9 of the FAA and N.Y. C.P.L.R. 7510. See D.H. Blair & Co., 462 F.3d at 113.

---

[1] "Kleinhendler Decl." refers to the Declaration of Howard Kleinhendler, sworn to October 3, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant an order confirming the Award in all respects.

Dated: New York, New York
        October 3, 2017                                                 */s/ Howard Kleinhendler*
                                                                                 Howard Kleinhendler
                                                                                 Evan Weintraub
                                                                                 Jocelyn Weinstein
                                                                                 WACHTEL MISSRY LLP
                                                                                 885 Second Avenue
                                                                                 New York, NY 10017
                                                                                 (212) 909-9500
                                                                                 (212) 909-9430 (fax)
                                                                                 kleinhendler@wmllp.com
                                                                                weintraub@wmllp.com
                                                                                 jweinstein@wmllp.com
                                                                                 *Counsel for Plaintiff*
                                                                                 *Monadnock Construction, Inc.*