UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,             Case No.: 16 CIV. 00420 (JBW)(VMS)
                                          ECF Case
                    Plaintiff,

        -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                    Defendant.

-------------------------------------------------------X

WESTCHESTER FIR INSURANCE
COMPANY,

                    Third-Party Plaintiff,

        -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                    Third-Party Defendants.

-------------------------------------------------------X

### GLASSWALL, LLC'S MEMORANDUM OF LAW
### IN SUPPORT OF CROSS-MOTION TO
### DISMISS APPLICATION TO CONFIRM
### ARBITRATION AWARD

### PRELIMINARY STATEMENT

This Memorandum is submitted by Glasswall, LLC ("Glasswall") in support of its cross-

motion to dismiss the application of Monadnock Construction, Inc. ("Monadnock") to confirm an

Arbitration Award dated August 29, 2017, upon the ground that the Award is subject to a prior

confirmation motion by Glasswall in the New York State Supreme Court.

### RELEVANT FACTS

On or about March 4, 2015 Monadnock filed a Demand for Arbitration against Glasswall seeking over $17 million in damages.  After conducting hearings in New York County the Arbitrators issued an award in New York County dated August 29, 2017, in which they awarded Monadnock so-called "performance damages" of $1,280,003.25 (some of which had been conceded by Glasswall) and absolutely no "delay damages."  In addition to only awarding a small fraction of the claimed damages, the Arbitrators specifically found that Monadnock had breached the agreements between the parties in the fall and winter of 2013-2014: "We find that Monadnock wrongfully refused to accept delivery of the windows...in breach of the subcontracts" (Arbitration Award, p. 10).

As the prevailing party in the arbitration, Glasswall on September 22, 2017 filed a notice of petition and petition to confirm the arbitration award in the New York County Supreme Court, which unquestionably has jurisdiction as the arbitration was conducted and the award rendered there.  The papers were served upon Monadnock on September 25, 2017.

On October 3, 2017 Monadnock filed its motion to confirm the arbitration award in this Court.[1]

### THE FIRST FILED ACTION SHOULD PROCEED

As explicitly held in First City National Bank and Trust Company v. Simmons, 878 F.2d 76, 79 (2nd Cir. 1989), where there are two competing lawsuits (such as here, where both parties

---

[1]  Prior to October 3, 2017 Monadnock had not asserted any claims against Glasswall in this litigation.

have moved to confirm the arbitration award), the first suit is given priority:

> FCNB recognizes the well-settled principle in this Circuit that
> "[w]here there are two competing lawsuits, the first suit should
> have priority, absent the showing of balance of convenience ... or
> ... special circumstances ... giving priority to the second." *Motion
> Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.,*
> 804 F.2d 16, 19 (2d Cir.1986) (quoting *Fort Howard Paper Co. v.
> William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986)); *Factors
> Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert.
> denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979);
> *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d
> Cir.1970); *William Gluckin & Co. v. International Playtex Corp.,*
> 407 F.2d 177, 178 (2d Cir.1969).

See also:  Michel v. Petco Animal Supplies Stores, Inc., 2017 WL 2198962 at *2 (E.D.N.Y.):

> However, when more than one court has concurrent
> jurisdiction over an action involving the same parties and issues, a
> threshold inquiry will be made under the "first-filed rule."
> *Blechman,* 668 F. Supp. 2d at 404 (outlining first-filed rule). The
> first-filed rule is a "well-settled legal doctrine, instructing that
> 'where there are two [or more] competing lawsuits, the first suit
> should have priority, absent the showing of balance of convenience
> or special circumstances giving priority to the second.' "
> *Wyler-Wittenberg.,* 899 F. Supp. 2d at 243 (quoting *First City Nat.
> Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989)).
> This approach "enables courts to prevent 'duplicative litigation by
> adhering to the inherently fair concept that the party who
> commenced the first suit should generally be the party to attain its
> choice of venue.' " Id. (quoting *Ontel Prods., Inc. v. Project
> Strategies Corp.,* 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)).

and Reliance Ins. Co. v. Six Star, Inc., 155 F.Supp.2d 49, 54 (S.D.N.Y. 2001):

> When two actions involving the same parties and issues are
> pending concurrently, courts in the Second Circuit follow the "
> 'first-filed' rule whereby the court which first has possession of the

> action decides it." *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 131 (S.D.N.Y.1994); *see also Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d Cir.1970); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969). " '[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.' " *Adam v. Jacobs,* 950 F.2d 89, 91 (2d Cir.1991) (quoting *First City National Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989)). The first-filed rule seeks to advance judicial economy, protect a plaintiff's choice of forum and avoid duplicative litigation. *First City National Bank and Trust,* 878 F.2d at 80; *Comedy Partners v. Street Players Holding Corp.,* 34 F.Supp.2d 194, 195 (S.D.N.Y.1999).

Two decisions are particularly instructive on this issue. In <u>Victorias Milling Co.</u> v. <u>Hugo Neu Corp.,</u> 196 F.Supp. 64 (S.D.N.Y. 1961), Hugo Neu moved on December 28, 1960 in the New York County Supreme Court to vacate an arbitration award. On January 3, 1961 Victorias moved in the Federal Court to confirm the award, and the issue was which Court should decide the confirmation issue. The Federal Court deferred to the State Court upon the ground that "the matter was originally presented to the State Court which has concurrent jurisdiction." <u>Id.</u> at 70. As expressly held by the Court:

> But to deal now with its motion to confirm [in Federal Court] would defeat the concurrent jurisdiction of the state court. <u>Id.</u>

Similarly, in <u>Cocotos S.S. of Panama, S.A.</u> v. <u>Hugo Neu Corp.,</u> 178 F.Supp. 491 (S.D.N.Y. 1959), Cocotos served a motion to vacate an arbitration award in State Court on April 24, 1959 and Hugo Neu on April 28, 1959 served a motion in Federal Court to confirm the award. Even

4

though Cocotos had previously made a motion in Federal Court to compel arbitration, the Court nevertheless deferred to the state court, ruling:

> 'Priority', if that word can properly be used in this context, should be accorded to the court whose jurisdiction was so initially invoked.... Here, since the matter was first presented to the state court. I am merely deferring to the state court, a court of concurrent jurisdiction,... Id. at 493.

As the motion to confirm the award was first filed in state court and as the state court undoubtedly has jurisdiction to determine this issue, this Court should defer to the state court and dismiss Monadnock's application.

## **CONCLUSION**

For the reasons specified above, it is respectfully requested that Glasswall's cross-motion to dismiss Monadnock's application to confirm the arbitration award be in all respects granted.

Respectfully submitted,

CINQUE & CINQUE, P. C.

By:_____
    James P. Cinque, Esq.
Attorneys for Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737
E-mail:    CINQUE845@aol.com