UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)
ECF Case

       Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

       Defendant.
-----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

       Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

       Third-Party Defendants.
-----------------------------------------------------------X

## DECLARATION OF ROBERT McL BOOTE IN SUPPORT OF WESTCHESTER FIRE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR SPECIFIC PERFORMANCE OF THIRD PARTY DEFENDANTS' COLLATERAL SECURITY OBLIGATIONS OR, IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION

    Robert McL Boote, Esq., pursuant to the provisions of 28 USC § 1746, declares under the penalty of perjury as follows:

    1.    I am an attorney for Defendant/Third-Party Plaintiff, Westchester Fire Insurance Company ("Westchester"), in this action. I submit this declaration in support of Westchester's Motion for Partial Summary Judgment for Specific Performance of Third Party Defendants' Collateral Security Obligations or, in the Alternative, for a Preliminary Injunction to require that

Third-Party Defendants, Ugo Colombo, Sara Jayne Kennedy Colombo and Glasswall, LLC (collectively the "Indemnitors"), deposit with Westchester collateral in the amount of $1,499,255.18.

2. On February 3, 2013, to induce Westchester, as surety, to issue bonds on behalf of Glasswall, LLC, as principal, the Indemnitors executed and delivered an Agreement of Indemnity in favor of Westchester, as indemnitee, a copy of which is attached hereto as **Exhibit "A"**; *see also* Dkt. No. 42-1.

3. Pursuant to paragraph 1 of the Agreement of Indemnity, Westchester has the right at any time to require collateral until the Indemnitors provide written evidence of the termination of all liability under any Bond.

4. Pursuant to paragraph 2 of the Agreement of Indemnity, the Indemnitors agreed, among other things, to "indemnify and save harmless [Westchester] from and against any and all liability, claim, demand, loss, damages, expense, costs, attorney's fees and expenses ... which [Westchester] shall at any time incur by reason of its execution of any Bond..." Paragraph 2 of the Agreement of Indemnity further states that "[a]ny demand upon [Westchester] by the Obligee shall be sufficient to conclude that a liability exists and the [Indemnitors] shall then place [Westchester] with sufficient funds in a form and amount deemed acceptable in [Westchester's] sole discretion, as collateral security to cover the liability."

5. Following the execution of the Agreement of Indemnity, Westchester executed Performance Bonds Nos. K08840295 and K08840258 (the "Bonds") naming Glasswall, LLC as principal and Monadnock Construction, Inc. as Owner and obligee for the performance of two Contracts for the manufacture of curtainwalls for two high rise affordable development projects

in Long Island City, New York (the "Contracts"). Copies of the Bonds are appended to Plaintiff's Complaint as Exhibit A. [*See* Dkt. No. 9].

6. On December 22, 2015, Monadnock commenced an action against Westchester, as surety for Glasswall, in the Supreme Court of the State of New York, County of Kings, Index No. 515499/2015 (the "State Court Action").

7. On January 26, 2016, Westchester removed the State Court Action to this Court, and, thereafter, on March 1, 2016, Monadnock filed its Complaint in this action [*See* Dkt No. 9].

8. Westchester subsequently moved to dismiss Monadnock's Complaint, which this Court denied and then ordered this case stayed for all purposes pending the outcome of an arbitration commenced by Monadnock against Glasswall (AAA Arbitration No. 02-15-0002-8160) asserting claims against Glasswall under the Contracts for which Westchester had executed the Bonds [*See* Dkt. No. 30].

9. On August 29, 2017, the arbitrators issued an Award of Arbitrator against Glasswall in the amount of $1,499,255.18 providing that it should be paid within 30 days of the date that the Award is transmitted to counsel for the parties, and that the award is "in full settlement of all claims and counterclaims submitted to this Arbitration." A copy of the Award is attached hereto as **Exhibit "B"**.

10. On September 7, 2017, counsel for Westchester, by letter to counsel for the Indemnitors, demanded that the Indemnitors deposit with Westchester collateral in the amount of the arbitration award. A copy of this letter to attached hereto as **Exhibit "C"**.

11. On September 22, 2017, Glasswall filed a Petition to Confirm Arbitration Award in the Supreme Court of the State of New York, County of the New York, Index No. 656000/2017. Therein, Glasswall concedes that the arbitration award is valid and enforceable. A

copy of Glasswall's Petition, without exhibits, is annexed hereto as **Exhibit "D"**; *see also* Dkt. No. 53-2.

12. On September 12, 2017, Westchester filed a Third-Party Complaint naming the Indemnitors, Glasswall, Ugo Colombo and Sara Jayne Kennedy-Colombo as third-party defendants. [Dkt. No. 42].

13. On October 3, 2017, Monadnock filed an Amended Complaint against Westchester asserting claims under the bonds and against third-party defendants asserting claims based upon the arbitration Award. [Dkt. No. 50].

14. Westchester has asserted, and will assert, that under the terms of the Bonds and based on the arbitration award, it has no liability to Monadnock under the Bonds.

15. The arbitration award has been conceded as valid by Glasswall and is presently enforceable against Glasswall.

16. Westchester's contention that it has no liability to Monadnock is disputed by Monadnock, and that issue remains to be determined by this Court.

17. Accordingly, Westchester remains exposed to potential liability for the arbitration award and continues to incur legal fees and other expenses to defend this action and defend separate litigation brought in Florida by the Indemnitors relating, in part, to the Bonds and the Indemnitors' liability to Westchester.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 16, 2017

*[signature]*
Robert McL Boote
*Attorney for Westchester Fire Ins. Co.*