# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

In the Matter of the Arbitration of Certain    Index #:
Controversies Between

Glasswall, LLC,

       Petitioner,    PETITION TO CONFIRM
                 ARBITRATION AWARD

 -and-

Monadnock Construction, Inc.,

       Respondent

------------------------------------------------------------------X

  The petition of Glasswall, LLC respectfully shows:

  1. That at all times hereinafter mentioned, the petitioner was, and still is, a limited liability company formed under the laws of the State of Florida, with its principal place of business in the State of Florida.

  2. That at all times hereinafter mentioned the respondent, Monadnock Construction, Inc., was and still is a domestic corporation, duly organized and existing under the Laws of the State of New York, with its principal place of business in the State of New York.

  3. That on or about January 3, 2013, two contracts were entered into between the petitioner and respondent, copies of which are collectively annexed hereto as Exhibit A.

  4. That §6.36 of the contracts (Exhibit A annexed hereto) provided, among other things, as follows:

> This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under applicable law in any court

having jurisdiction thereof. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

5. That a dispute arose between the parties to the contracts, and the respondent demanded that an arbitration be had pursuant to the terms of the contracts and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. A copy of respondent's demand for arbitration is annexed hereto as Exhibit B (with exhibits omitted).

6. That thereafter the American Arbitration Association, in accordance with its Construction Industry Arbitration Rules, designated as Arbitrators Thomas J. Rossi, Susanna S. Fodor and Michael Oscar Renta, and notice of designation of those arbitrators was duly given to both parties.

7. That thereafter, on nine days beginning on November 14, 2016 and ending on February 28, 2017 the three arbitrators subscribed to their oath of office and proceeded to hear the proofs of both parties.

8. After the arbitrators had completed their study of all the facts, circumstances, elements, and proofs entering into the controversy, so submitted to them as aforesaid, and after they had considered all of the evidence and arguments submitted by the parties, the arbitrators came to a decision and made an award, in writing, dated and duly affirmed on August 29, 2017.

9. That annexed hereto as Exhibit C is a true copy of that award.

10. That a copy of the aforesaid award was delivered to the petitioner and to the respondent by the American Arbitration Association on August 30, 2017.

11. That this petition is brought within one year after the aforesaid delivery of the award

to the parties, and that the award has not been vacated or modified upon any ground specified in CPLR 7511.

WHEREFORE, petitioner respectfully prays that an Order be made herein confirming the award and granting petitioner such other and further relief as to the Court may deem proper.

DATED: NEW YORK, NEW YORK
SEPTEMBER 22, 2017

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque
Attorneys for Petitioner
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737
E-mail:    CINQUE845@aol.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK

I, the undersigned, an attorney admitted to practice in the courts of the State of New York, state that I am the attorney of record for Petitioner Glasswall, LLC in the within action; I have read the foregoing Petition and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Petitioner is because the Petitioner is not located in the county wherein your affiant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Records contained in my file and conversations had with the Petitioner.

I affirm that the foregoing statements are true, under the penalties of perjury.

DATED: NEW YORK, NEW YORK
 SEPTEMBER 22, 2017

_____
JAMES P. CINQUE