UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,

        Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.
------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

-against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

        Third-Party Defendants.
------------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

# WESTCHESTER FIRE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1 of the Eastern District of New York, Third-Party Plaintiff Westchester Fire Insurance Company ("Westchester), by its attorneys, Cozen O'Connor, P.C., submits the following statement of uncontested material facts in support of its motion for partial summary judgment:

1.    On January 3, 2013, Glasswall, LLC ("Glasswall") entered into two contracts (the "Contracts") with Monadnock Construction, Inc. ("Monadnock"), for the design and supply of windows, doors, and other materials for two of Monadnock's projects in Long Island City, New

York. Both Contracts required Glasswall to obtain payment and performance bonds. *See* the Court's Memorandum and Order ("Order"), dated May 17, 2016, Dkt. No. 30, at p. 3.

2. On February 1, 2013, Third-Party Defendants Glasswall, Ugo Colombo, and Sara Jayne Kennedy Colombo (collectively, the "Indemnitors"), executed an Agreement of Indemnity (the "Indemnity Agreement") in favor of Westchester, as surety. *See* Declaration of Robert McL Boote ("Boote Declr."), dated October 16, 2017, Ex. A.

3. Pursuant to the terms of the Indemnity Agreement, the Indemnitors agreed, among other things, to indemnify Westchester for "all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses … which [Westchester] shall at any time incur by reason of its execution of any Bond," and to deposit with Westchester, upon demand, collateral security to cover Westchester's liability. Boote Declr., Ex. A, at ¶ 1 and 2.

4. Together with the Indemnity Agreement, Glasswall delivered, in favor of Westchester, a $1,587,500 letter of credit as partial collateral for the bonds. Declaration of Douglas J. Wills ("Wills Declr."), at ¶ 4.

5. Pursuant to the Contracts, Glasswall, as principal, obtained from Westchester, as surety, Payment and Performance Bonds, No. K08840295, dated February 12, 2013, and No. K08840258, dated February 11, 2013 (collectively, the "Bonds") in favor of Monadnock, as obligee, in connection with the Contracts. Boote Declr., at ¶ 5.

6. On January 13, 2014, Monadnock purported to terminate the Contracts and demanded that Westchester take action under the Bonds. Order at p. 4.

7. After extensive negotiations, Westchester, Monadnock, and Glasswall entered into an agreement to amend the contracts on April 4, 2014. This agreement enabled Glasswall to complete the contracts. Order at pp. 4-5.

8. On March 14, 2015, Monadnock filed a demand for Arbitration (AAA Case. No. 02-15-0002-8160, hereinafter "AAA case") against Glasswall with the American Arbitration Association ("AAA"), seeking damages for Glasswall's alleged breaches of the Contracts. Boote Declr., at ¶ 8.

9. On August 29, 2017, the AAA issued to Monadnock, and against Glasswall, an Award of Arbitrator (the "Award") in the amount of $1,499,255.18 to be paid within 30 days of the date the Award is transmitted to counsel for the parties. *See* the Award, annexed to the Boote Declr. as Exhibit B.

10. By letter dated September 7, 2017, Westchester demanded that the Indemnitors either pay the amount of the Award to Monadnock, or alternatively, deposit with Westchester the amount of the Award as additional collateral security (the "Demand Letter"). *See* the Demand Letter, annexed to the Boote Declr. as Exhibit C; *see also* Boote Declr., at ¶ 10.

11. On September 22, 2017, Glasswall filed a petition to confirm the Award in New York State Supreme Court, conceding the validity of the Award. Boote Declr., at ¶¶ 11, 15.

12. The Indemnitors have failed to pay the Award or, in the alternative, deposit collateral security in the amount of the Award with Westchester.

Dated:   New York, New York
        October 16, 2017

                              COZEN O'CONNOR

                          By:   /s/ John J. Sullivan
                              John J. Sullivan
                              45 Broadway Atrium, Suite 1600
                              New York, NY 10006
                              P: 212-453-3729
                              F: 646-461-2073
                              JSullivan@cozen.com

                              Robert McL. Boote*

*Admitted Pro Hac Vice*
Suite 400, 200 Four Falls Corporate Center
P.O. Box 800
West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*

TO:

Ugo Colombo
5020 North Bay Road
Miami, Florida 33140

Sara Jayne Kennedy Colombo
5020 North Bay Road
Miami, Florida 33140

James P. Cinque
CINQUE & CINQUE, P.C.
845 Third Avenue, Suite 1400
New York, NY 10022
P: 212-759-5515
F: 212-759-7737
Cinque845@aol.com
*Attorneys for Third-Party Defendant Glasswall LLC*

Howard Kleinhendler
Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
P: 212-909-9500
F: 212-909-9430
kleinhendler@wmllp.com
jweinstein@wmllp.com
*Attorneys for Plaintiff Monadnock Construction, Inc.*