UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

        Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.
-------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

-against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

        Third-Party Defendants.
-------------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

**ANSWER AND AFFIRMATIVE DEFENSES OF WESTCHESTER FIRE INSURANCE COMPANY TO AMENDED COMPLAINT**

Defendant/Third-Party Plaintiff, Westchester Fire Insurance Company ("Westchester"), by and through its attorneys, Cozen O'Connor, Answers Plaintiff, Monadnock Construction, Inc.'s ("Plaintiff" or "Monadnock"), Amended Complaint, dated October 3, 2017, as follows:

## NATURE OF THE CASE

1.    The allegations of paragraph 1 of the Amended Complaint represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. The allegations of paragraph 1 of the Amended Complaint further represent characterizations of Bonds and Contracts, which are in writing and speak for themselves, and the

characterization of them is therefore denied. To the extent that paragraph 1 of the Amended Complaint avers facts, they are also denied.

2. Westchester denies the allegations contained in paragraph 2 of the Amended Complaint.

3. Westchester admits that Monadnock seeks damages for breach of contract.

4. Westchester admits that Monadnock seeks confirmation of the written arbitration award referred to, but denies any characterization of the award.

5. Admitted.

### JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

### FACTS

#### The Project

14. Westchester admits only that the residential tower buildings exist at the locations stated. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 14 of the Amended Complaint.

15. Westchester admits only that it executed bonds as surety for two contracts between Glasswall and Monadnock having a total value of $13 million. The contracts, as instruments in writing, speak for themselves concerning the curtain wall units referred to and Westchester therefore denies Monadnock's descriptions and characterization of the contracts. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 15 of the Amended Complaint.

### The Contracts

16. Westchester admits only that on January 3, 2013, Monadnock entered into two contracts with Glasswall dated January 3, 2013. The remainder of the allegations of paragraph 16 of the Amended Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

17. Westchester admits only that Monadnock entered into the two Contracts referred to with Glasswall. The remainder of the allegations of paragraph 17 of the Amended Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

18. Westchester admits only that Monadnock entered into the two Contracts referred to with Glasswall. The remainder of the allegations of paragraph 18 of the Amended Complaint represent characterizations of the Contracts, which are in writing and speak for themselves, and the characterization of them is therefore denied.

### Glasswall's Delays Begin

19. Westchester admits only that some construction of the two buildings referred to occurred in 2013. Westchester lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remainder of the allegations of paragraph 19 of the Amended Complaint.

20.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Amended Complaint.

21.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Amended Complaint.

**Glasswall Fails to Timely Provide Engineering Releases**

22.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Amended Complaint.

23.     Westchester admits only that Monadnock sent a letter to Westchester on August 12, 2013, which is in writing and speaks for itself. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 23 of the Amended Complaint.

**Glasswall Chose to Work on Four Other Large Projects Instead of Hunter's Point**

24.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Amended Complaint.

25.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Amended Complaint.

26.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Amended Complaint.

27.     Westchester admits only that the writing from Clinton Flagg referred to in paragraph 27 of the Amended Complaint was sent to Monadnock.  Westchester lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 27 of the Amended Complaint.

**Glasswall Defaults**

28.     Westchester admits only that it received the letter dated September 16, 2013, which is in writing and speaks for itself. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 28 of the Amended Complaint.

29.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Amended Complaint.

30.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Amended Complaint.

31.     Westchester admits only that it received the notice of October 23, 2013 referenced in paragraph 31 of the Amended Complaint, which is in writing and speaks for itself. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 31 of the Amended Complaint.

32.     Westchester admits that one or more meetings among some parties took place in New York.  Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 32 of the Amended Complaint.

33.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Amended Complaint.

34.     Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Amended Complaint, except that it admits it received the letter dated December 31, 2013.

35.  Westchester admits only that it received a copy of a letter dated January 13, 2014 purporting to terminate the Contracts. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 35 of the Amended Complaint.

36.  Westchester admits that, on the date stated, it filed the suit referred to.  The documents filed in the lawsuit speak for themselves and Westchester denies any characterization of them.

37.  Westchester admits only that on January 13, 2014, Plaintiff sent a purported section 3.2 notice to Westchester, which is in writing and speaks for itself.  Westchester therefore denies any characterization of the purported section 3.2 notice.

38.  Westchester denies the allegations contained in paragraph 38 of the Amended Complaint.

39.  Westchester denies the allegations contained in paragraph 39 of the Amended Complaint.

40.  Westchester denies the allegations contained in paragraph 40 of the Amended Complaint.

41.  Westchester admits only that on March 6, 2014, Monadnock sent Westchester a purported 7-day notice under Section 6 of the Bonds.  The remaining allegations in paragraph 41 of the Amended Complaint purport to summarize Monadnock's purported notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

42.  Westchester denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Westchester admits that Monadnock entered into the written Agreement to Amend Contracts ("Amendment Agreement"), which is in writing and speaks for itself, and Westchester therefore denies Monadnock's characterization of this writing. Westchester also admits that it entered into a separate agreement with Glasswall, characterized as the "Side Agreement", which is also in writing and speaks for itself, and Westchester therefore denies Monadnock's characterization of this writing.

44. Paragraph 44 of the Amended Complaint purports to summarize portions of the Contracts and Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Contracts and Amendment Agreement and refers the Court to the Contracts and Amendment Agreement for a full and complete recitation of their terms.

45. Paragraph 45 of the Amended Complaint purports to summarize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

46. The allegations contained in Paragraph 46 of the Amended Complaint represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. Plaintiff's characterization of the Contracts and Amendment Agreement is also denied.

47. Paragraph 47 of the Amended Complaint purports to summarize portions of the Amendment Agreement to which no response is required. To the extent a response is required, Westchester denies Plaintiff's characterization of the Amendment Agreement and refers the Court to the Amendment Agreement for a full and complete recitation of its terms.

48. Westchester denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Westchester denies the allegations contained in paragraph 49 of the Amended Complaint.

50. Westchester denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Westchester denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Westchester denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Westchester denies the allegations contained in paragraph 53 of the Amended Complaint.[1]

54. Westchester admits only that it made certain payments on or about the date stated but otherwise denies the characterization of the payments and the remainder of the allegations of paragraph 54 of the Amended Complaint.

55. Westchester admits only that Monadnock sent the checks referred to but otherwise denies the characterization of the payments and purported reservation of rights.

56. Westchester admits that Glasswall delivered windows and other materials before and after the stated date. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 56 of the Amended Complaint.

57. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Amended Complaint.

---

[1] Westchester denies the allegations contained in footnote 2 of the Amended Complaint.

58. Westchester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Amended Complaint.

59. Westchester admits only that on March 4, 2015, Monadnock served a Notice of Default on Westchester, which is in writing and speaks for itself, and Westchester therefore denies Monadnock's characterization of this writing. The remaining allegations in Paragraph 59 of the Amended Complaint are denied.

60. Westchester denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Westchester admits only that on March 16, 2015, Plaintiff purported to terminate the Contracts. Westchester otherwise denies the allegations contained in Paragraph 61 of the Amended Complaint.

62. Westchester admits only that on March 16, 2015, Monadnock sent Westchester a purported Section 3.2 notice under the Bonds. The remaining allegations in paragraph 62 of the Amended Complaint characterize the purported Section 3.2 notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

63. Westchester admits only that on April 20, 2015, Monadnock sent Westchester a purported 7-day notice under Section 6 of the Bonds. The remaining allegations in paragraph 63 of the Amended Complaint characterize the purported Section 6 notice, which is in writing and speaks for itself, and the characterization of it is therefore denied.

64. Westchester admits only that on April 25, 2015, it denied Monadnock's claim under the Bonds. The remaining allegations in Paragraph 64 of the Amended Complaint purport to characterize Westchester's counsel's written notice to Monadnock, which is in writing and speaks for itself, and the characterization of it is therefore denied.

**Monadnock Obtains TCOs**

65. Westchester admits that the buildings were completed, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 65 of the Amended Complaint.

**Arbitration**

66. Westchester admits that the Contracts contain the provision partially quoted in paragraph 66 of the Amended Complaint.

67. Westchester admits that Monadnock commenced the referred-to arbitration but denies the remainder of the allegations of paragraph 67 of the Amended Complaint.

68. Admitted.

69. Westchester admits that the Panel issued an Award but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 69 of the Amended Complaint.

70. The written Award speaks for itself and Westchester therefore denies the characterization of the Award contained in Paragraph 70 of the Amended Complaint.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

75. Westchester incorporates herein by reference its responses to the allegations of paragraphs 1 through 74 of the Amended Complaint.

76. Westchester denies the allegations contained in Paragraph 76 of the Amended Complaint.

77. Westchester denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. Westchester denies the allegations contained in Paragraph 78 of the Amended Complaint.

79. Westchester denies the allegations contained in Paragraph 79 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
(Breach of Contract)

80. Westchester incorporates herein by reference its responses to the allegations of paragraphs 1 through 79 of the Amended Complaint.

81. Westchester denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Westchester denies the allegations contained in Paragraph 82 of the Amended Complaint.

83. Westchester denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Westchester denies the allegations contained in Paragraph 84 of the Amended Complaint.

**THIRD THROUGH SEVENTH CLAIMS FOR RELIEF**

Paragraphs 85 through 162 of the Amended Complaint allege claims by Monadnock against Third-Party Defendants Ugo Colombo and Glasswall and, as such, are not directed to,

nor do they require a response from, Westchester. Accordingly, Westchester does not respond herein to the allegations contained in paragraphs 85 through 162 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint, and each and every claim contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Monadnock's claims are barred by the statute of limitations, the contractual limitation period and/or laches.

### THIRD AFFIRMATIVE DEFENSE

3. Monadnock suffered no damages because it has been paid for all of its alleged damages by others.

### FOURTH AFFIRMATIVE DEFENSE

4. Monadnock's claims are barred, in whole or in part, by its release of claims.

### FIFTH AFFIRMATIVE DEFENSE

5. Monadnock's claims are barred, in whole or in part, by accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

6. Monadnock's claims are barred by its failure to fulfill the express terms and conditions of the Bonds.

### SEVENTH AFFIRMATIVE DEFENSE

7. Monadnock's claims are barred, in whole or in part, by failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

8. Monadnock's claims are barred by waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

9. Monadnock's claims are barred, in whole or in part, by the Award of Arbitrator dated August 29, 2017.

## TENTH AFFIRMATIVE DEFENSE

10. Westchester maintains all rights and defenses of its principal, Glasswall, and Westchester is only liable to the extent of the Award of Arbitrator, dated August 29, 2017, if the surety bond is deemed in force.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Westchester's performance of its obligations under the Bonds bars Monadnock's claims.

## TWELFTH AFFIRMATIVE DEFENSE

12. Monadnock fails to allege facts sufficient to support its claims against Westchester for bad faith damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As it concerns the allegations asserted by Monadnock in its Amended Complaint, at all relevant times, Westchester has acted in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Westchester reserves the right to assert any other affirmative defenses that may pertain to the allegations asserted against it once the precise nature of the allegations in the Amended Complaint are determined.

**WHEREFORE**, Defendant, Westchester Fire Insurance Company, respectfully requests that the Court deny Plaintiff's requested relief, dismiss the Amended Complaint with prejudice, and award Westchester attorneys' fees and any other relief this Court deems just and proper.

Dated: New York, New York
October 17, 2017

                                COZEN O'CONNOR

By:    /s/ John J. Sullivan
      John J. Sullivan
      45 Broadway Atrium, Suite 1600
      New York, NY 10006
      P: 212-453-3729
      F: 646-461-2073
      JSullivan@cozen.com

      Robert McL. Boote*
      *Admitted Pro Hac Vice*
      Suite 400, 200 Four Falls Corporate Center
      P.O. Box 800
      West Conshohocken, PA 19428
      P: 215-665-4630
      F: 215-701-2424
      RBoote@cozen.com

      *Attorneys for Defendant*
      *Westchester Fire Insurance Company*

TO:

Howard Kleinhendler
Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
P: 212-909-9500
F: 212-909-9430
kleinhendler@wmllp.com
jweinstein@wmllp.com
*Attorneys for Plaintiff*
*Monadnock Construction, Inc.*