UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,      Case No.: 16 CIV 00420 (JBW)(VMS)

                 Plaintiff,

                 ECF Case

     -against-


WESTCHESTER FIRE INSURANCE
COMPANY,

                 Defendant.

-----------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                 Third-Party Plaintiff,

     -against-


GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                 Third-Party Defendants.

-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO CROSS-MOTION TO DISMISS APPLICATION TO CONFIRM ARBITRATION AWARD AND FOR A <u>STAY OF STATE COURT PROCEEDING</u>**


                                                                                   WACHTEL MISSRY LLP
                                                                                   885 Second Avenue
                                                                                   New York, NY 10017
                                                                                   (212) 909-9500

047842-002/00098406-1

## **Table of Contents**

Table of Authorities ...............................................................................................................(ii)

Preliminary Statement.............................................................................................................1

Factual Background ................................................................................................................2

Argument .................................................................................................................................5

    I.   The First–to–File Doctrine Does Not Apply to Concurrent Federal and State Court Proceedings..................................................................................................................5

    II.  The First-to-File Doctrine Also Does Not Apply Because of Glasswall's Manipulative and Deceptive Litigation Tactics...................................................................................7

    III. In the Interest of Judicial Economy, This Court Should Confirm the Award ...................8

    IV. This Court Should Stay the State Court Confirmation Proceeding...................................9

Conclusion ...............................................................................................................................10

**Table of Authorities**

Cases

Cocotos S. S. of Panama, S. A. v. Hugo Neu Corp.,
  178 F. Supp. 491 (S.D.N.Y. 1959) ................................................................................ 6

Colorado River Water Conservation Dist. v. U. S.,
  424 U.S. 800 (1976) ....................................................................................................... 5

First City Nat. Bank and Tr. Co. v. Simmons,
  878 F.2d 76 (2d Cir. 1989) ............................................................................................ 5

Lan Sang v. Ming Hai,
  951 F. Supp. 2d 504 (S.D.N.Y. 2013) .......................................................................... 5

Michel v. Petco Animal Supplies Stores, Inc.,
  16CV1838LDHPK, 2017 WL 2198962 (E.D.N.Y. May 18, 2017) .......................... 6

Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp.,
  103 S. Ct. 927, 937 (U.S. 1983) .................................................................................... 5

Pervel Industries, Inc. v. TM Wallcovering, Inc.,
  675 F. Supp. 867 (S.D.N.Y. 1987) ............................................................................... 9

Pippins v. KPMG LLP, 11 CIV. 0377 CM,
  2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) ............................................................. 7

Port Auth. of New York and New Jersey v. Kraft Power Corp., 11 CV 5624 HB,
  2012 WL 832562 (S.D.N.Y. Mar. 13, 2012) ............................................................... 5

Radioactive, J.V. v. Manson,
  153 F. Supp. 2d 462 (S.D.N.Y. 2001) .......................................................................... 5

Reliance Ins. Co. v. Six Star, Inc.,
  155 F. Supp. 2d 49 (S.D.N.Y. 2001) ............................................................................ 6

Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,
  986 F. Supp. 231 (S.D.N.Y. 1997) ............................................................................... 8

Oleg Cassini, Inc. v. Serta,
  11 CIV. 8751 PAE, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ............................ 7

Victorias Mill. Co. v. Hugo Neu Corp.,
  196 F. Supp. 64 (S.D.N.Y. 1961) ................................................................................. 6

Other Authorities

32A Fla. Jur 2d Judgments and Decrees § 386 ............................................................... 1

## PRELIMINARY STATEMENT

Monadnock Construction, Inc. ("Monadnock") and Glasswall, LLC ("Glasswall") each agree that the award from their arbitration is valid and confirmable. Now the Court must decide whether it will countenance Glasswall's transparent abuse of legal process and forum shopping.

Already before this Court are issues concerning the liability of the bonding company, Westchester Fire Insurance Company ("WFIC") to Monadnock for certain performance bonds it issued on behalf of Glasswall in favor of Monadnock. Additionally, the Court is considering the liability of third-party defendants, Glasswall, its principal, Ugo Colombo, and Mr. Colombo's Wife, Sara Jayne Kennedy Colombo, to WFIC for indemnity, and to Monadnock for Mr. Colombo's fraudulent conveyance of Glasswall's assets, rendering it judgment-proof. These liability issues all arise from a common set of facts, which also underlie the arbitration award. The Court agrees because, after Monadnock's counsel advised it during a scheduling conference that it intended to confirm the award in the instant proceeding, the Court issued an order requiring Monadnock to do so by a date certain. Conceding the validity of the award and faced with the threat of an easily enforceable federal court judgment against it, Glasswall raced to New York State Supreme Court to preempt Monadnock's filing by filing its own petition to confirm. Judgment-proof Glasswall obviously did so to frustrate Monadnock's ability to enforce the judgment in Florida[1] against its principal, Florida resident, Mr. Colombo.

---

[1] A party seeking to enforce a foreign judgment in a Florida court must first domesticate it by filing and recording a certified copy of the judgment with a Florida circuit court clerk and filing an accompanying affidavit. The party against whom the judgment is enforced has an opportunity to oppose domestication, which makes the process time consuming and costly. See 32A Fla. Jur 2d Judgments and Decrees § 386.

Glasswall's cross-motion to dismiss the instant proceeding rests entirely on the first-filed rule. Glasswall argues that because it filed its motion to confirm the award in state court only days before Monadnock's deadline to file in federal court, Monadnock's motion should be dismissed. This argument fails for several reasons.

First, it is well-settled that the first-filed rule applies to dismiss a second-filed action only where there are concurrent federal litigations, not concurrent state and federal litigations. Second, the first-filed rule does not apply when one side engages in manipulative or deceptive litigation tactics, such as an anticipatory filing. Third, the first-filed rule does not apply when a party is forum shopping. Finally, in the interest of judicial economy and avoiding piecemeal litigation, this Court should retain jurisdiction over all causes of action arising out of a common set of facts.

Accordingly, this Court should deny Glasswall's cross motion.

## FACTUAL BACKGROUND

Monadnock, a general contractor, was tasked with the construction of two mixed-use commercial and affordable housing projects in the Hunters Point Section of Long Island City, New York. (Am. Compl. ¶ 14.) In February 2013, Monadnock entered into subcontractor agreements with Glasswall (collectively, the "Contracts") to produce and deliver window assemblies and other materials for the projects. (Am. Compl. ¶ 16.) Glasswall was to start delivering these window assemblies and other materials on September 1, 2013 for Parcel A and July 1, 2013 for Parcel B. (Am. Compl. ¶ 17.) Per the Contracts, Glasswall procured performance bonds from WFIC (collectively, the "Bonds"). (Am. Compl. ¶ 1.)

Glasswall failed to timely produce and deliver window assemblies and other materials, thus prompting Monadnock to declare it in default numerous times. (Am. Compl. ¶¶ 28, 31, 34.) On

January 13, 2014, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds to take over the work. (Am. Compl. ¶¶ 35, 37.) WFIC denied coverage under the Bonds. (Am. Compl. ¶ 38.)

To mitigate its damages, after months of negotiations, on April 4, 2014, Monadnock entered into a settlement agreement (the "Amendment Agreement") with, third-party defendants, Ugo Colombo, Sara Jayne Kennedy Colombo, Glasswall and defendant, WFIC. (Am. Compl. ¶ 43.)

Despite Monadnock's willingness to give Glasswall a second chance under the Amendment Agreement, Glasswall continued to fail to meet its obligations under the Contracts. (Am. Compl. ¶¶ 50-58.) Thus, on March 4, 2015, Monadnock served a Notice of Default on Glasswall and commenced an arbitration (the "Arbitration") before a panel of American Arbitration Association arbitrators. (Am. Compl. ¶¶ 59, 67.) Thereafter, on March 16, 2015, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds. (Am. Compl. ¶¶ 61, 62.) On April 25, 2015, WFIC denied coverage and refused to perform. (Am. Compl. ¶ 64.)

Monadnock commenced the instant action on December 22, 2015, by summons with notice in New York State Supreme Court. (Dkt.- 1) WFIC subsequently removed it to this Court. (Dkt.- 1.) Thereafter, on March 1, 2016, Monadnock filed a complaint (the "Complaint"). (Dkt.- 9.) On April 4, 2016, WFIC moved to dismiss the Complaint. (Dkt.- 20.) By order dated May 16, 2016, Judge Weinstein denied WFIC's motion, and issued a stay of the action pending resolution of the Arbitration. (Dkt.- 30.) Judge Weinstein, acknowledging that WFIC's liability was contingent upon the outcome of the Arbitration, wrote "[the outcome of the Arbitration] may moot the present case." (Id.)

Following nine days of hearings and Monadnock's and Glasswall's submissions of post-hearing briefs, the panel issued an award (the "Award"). (Cinque Decl. Ex. A.) The Award ordered Glasswall to pay Monadnock $1,499,255.18 plus 5% interest per annum. (Id.)

During the course of the stay, WFIC and Monadnock submitted periodic joint-status reports to apprise the Court of the status of the Arbitration. The last joint-status report advised the Court of the issuance of the Award, and the instant litigation resumed. (Dkt.- 38.) On September 12, 2017, WFIC filed a third-party complaint (the "Third-Party Complaint") against Glasswall, Ugo Colombo, and Sara Jayne Kennedy Colombo as indemnitors of the Bonds. (Dkt.- 42.) The following day, the Court issued a scheduling order, requiring counsel for all parties to participate in a telephone conference. (Dkt.- 9/17/17.) On September 19, 2017, Counsel for Monadnock, WFIC, and Glasswall participated in the conference. (Dkt.- 9/19/17.) During the conference, counsel for Monadnock advised the Court of its intention to amend the Complaint to add a cause of action to confirm the Award against third-party defendant, Glasswall. Counsel for Glasswall advised that Glasswall might not oppose confirmation. Accordingly, following the conference, the Court issued a scheduling order the (the "Scheduling Order") requiring Monadnock to file its amended complaint and motion to confirm by October 3, 2017. (Dkt.-44.)

Despite the Scheduling Order, on September 25, 2017, Glasswall's counsel served on Monadnock a petition to confirm the Award in New York State Supreme Court, dated September 22, 2017 (the "State Court Confirmation Proceeding"). (Cinque Declaration, Exhibit A.) Thereafter, abiding by the Scheduling Order, Monadnock filed its motion to confirm in this action (the "Federal Court Confirmation Proceeding") (Dkt.-51) and Glasswall filed a cross-motion to dismiss, arguing that the Federal Court Confirmation Proceeding should be dismissed in favor of the State Court Confirmation Proceeding based on the first-to-file doctrine (Dkt.-53, 54).

## **ARGUMENT**

### I.   The First–to–File Doctrine Does Not Apply to Concurrent Federal and State Court Proceedings

"The first-to-file doctrine applies where there is concurrent federal litigation, not where a federal court contends with concurrent state litigation." Port Auth. of New York and New Jersey v. Kraft Power Corp., 11 CV 5624 HB, 2012 WL 832562, at *1 (S.D.N.Y. Mar. 13, 2012); see also Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001) ( "The first-to-file doctrine applies to concurrent federal litigation—not concurrent state/federal litigation."); Lan Sang v. Ming Hai, 951 F. Supp. 2d 504, 517 (S.D.N.Y. 2013)(denying motion to dismiss federal action on grounds that state action was first-filed).

Glasswall premised its motion to dismiss the Federal Court Confirmation Proceeding in favor of its State Court Confirmation Proceeding on the first-filed doctrine. As discussed above, it is black-letter law that the first-to-file[2] doctrine does not apply to concurrent state and federal court actions, so its motion must be denied.

All of the cases that Glasswall cites that actually discuss the first-filed doctrine involve two concurrent federal court proceedings: First City Nat. Bank and Tr. Co. v. Simmons, 878 F.2d 76,

---

[2]  Glasswall should have moved to stay the instant proceeding under the doctrine of abstention articulated in Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 813 (1976). The appropriate inquiry is whether Glasswall carried its burden of showing the Court "an extraordinary and narrow exception to [its] duty of [as] a District Court to adjudicate a controversy properly before it" and abstain from exercising its jurisdiction. Colorado River Water Conservation Dist., 424 U.S. at 813. However, Colorado River abstention is inappropriate where a litigation was commenced for vexatious or reactive purposes. See Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 103 S. Ct. 927, 937 (U.S. 1983) ("the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River). As discussed in sub-heading II, Glasswall improperly commenced the State Court Confirmation Proceeding in order to forum shop and file an improper anticipatory litigation. Accordingly, the Court should not stay the instant proceeding pursuant to Colorado River.

78 (2d Cir. 1989)(affirming dismissal of action in federal district court, Eastern District of New York, in favor of first-filed action in federal district court, Western District of Oklahoma) Michel v. Petco Animal Supplies Stores, Inc., 16CV1838LDHPK, 2017 WL 2198962, at *1 (E.D.N.Y. May 18, 2017)(transferring action in federal district court, Southern District of New York, to first-filed suit in federal district court, Southern District of California); Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 52 (S.D.N.Y. 2001)(denying motion to dismiss or transfer action from federal district court, Southern District of New York to federal district court, Middle District of Florida).

The remaining two cases Glasswall cites do not involve the first-filed doctrine at all. Glasswall cited Victorias Mill. Co. v. Hugo Neu Corp., 196 F. Supp. 64 (S.D.N.Y. 1961) as an "instructive" decision on remanding a motion to confirm an arbitration award to state court. In that case, the Southern District of New York held that, without an allegation of diversity, a ship charterer's motion to vacate an arbitration award could not be removed to federal court where he based jurisdiction only on a statute that granted federal court original jurisdiction in maritime cases, but saved to suitors the ability to pursue all other remedies in state court. Accordingly, on the basis of the defendant's failure to allege diverse citizenship, not on the basis of the first-filed doctrine, the Southern District granted the ship charterer's motion to remand. Glasswall similarly called Cocotos S. S. of Panama, S. A. v. Hugo Neu Corp., 178 F. Supp. 491 (S.D.N.Y. 1959) "instructive." There, again not applying the first-to-file doctrine, the Southern District refused to restrain a state court proceeding to vacate an arbitration award, brought there pursuant to the saving suitor clause, simply because of its exclusive maritime jurisdiction.

## II. The First-to-File Doctrine Also Does Not Apply Because of Glasswall's Manipulative and Deceptive Litigation Tactics

Even if the first-to-file doctrine applied to concurrent federal-state proceedings, which it does not, it would not apply here because of Glasswall's manipulative and deceptive tactics. Specifically, the "special circumstances" exception to the first-filed rule applies where there has been "manipulative or deceptive behavior on the part of the first filing plaintiff." Pippins v. KPMG LLP, 11 CIV. 0377 CM, 2011 WL 1143010, at *1 (S.D.N.Y. Mar. 21, 2011).

Two circumstances warrant exception to the first filed rule. "The first is where the first-filed lawsuit 'constitutes an 'improper anticipatory filing,' or one made under the apparent threat of a presumed adversary filing the mirror image of that suit in a different federal district.'" Oleg Cassini, Inc. v. Serta, Inc., 11 CIV. 8751 PAE, 2012 WL 844284, at *4 (S.D.N.Y. Mar. 13, 2012). The second exception "is where 'forum shopping alone motivated the choice of the situs for the first suit.'" Id.

The Second Circuit has held that an action is improperly "anticipatory" if it was "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." Oleg Cassini, Inc., 2012 WL 844284, at *4. Here, Glasswall raced to the state courthouse to commence the State Court Confirmation Proceeding only after Monadnock notified it, during a scheduling call with the Court, that it planned on filing its motion to confirm in the instant proceeding. The Court thereafter issued the Scheduling Order, ordering Monadnock to file its motion to confirm by October 3, 2017. Glasswall's State Court Confirmation Proceeding, a mirror image of Monadnock's Federal Court Confirmation Proceeding, which it served on Monadnock only eight days before the Scheduling Order's deadline, was clearly in response to Monadnock's threat of litigation on the scheduling conference call, and the deadline set in the

Scheduling Order.  Accordingly, the State Court Confirmation Proceeding is an improper anticipatory filing, and it fits squarely within the exception to the first-to-file doctrine.

Similarly, the only motivation Glasswall could possibly have to file the exact same action in state court rather than federal court is to forum shop.  If the Award is confirmed in state court, rather than federal, it frustrates Monadnock's ability to enforce the Award against Glasswall's principal, and third-party defendant, Ugo Colombo.  Confirmation in state court would force Monadnock to domesticate the judgment in Florida state court before it could enforce it against Mr. Colombo.  It would also provide Mr. Colombo an opportunity to oppose domestication and further obstruct Monadnock's collection efforts.  In light of the above, Glasswall's tactics plainly fall within the special circumstances exception to the first-to-file doctrine, and, for a second reason, the first-to-file doctrine does not apply here.

### III.  In the Interest of Judicial Economy, This Court Should Confirm the Award

> To send parties who are properly before a district court instead to state court in order to confirm an arbitration award that arises out of facts substantially similar to those underlying their federal dispute would disserve the interests "judicial economy, convenience and fairness to litigants."

Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 986 F. Supp. 231, 237 (S.D.N.Y. 1997), aff'd in part, vacated in part on other grounds, 157 F.3d 174 (2d Cir. 1998).

Here, it is clearly in the interest of judicial economy to have this Court, which is already adjudicating WFIC's liability to Monadnock, the third-party defendants' liability to WFIC, and Ugo Colombo's and Glasswall's liability to Monadnock, adjudicate the confirmation proceeding, as they all arise out of a common set of facts.  To have state court adjudicate the confirmation of the Award, while federal court determines the personal liability of Glasswall's principal for

Glasswall's debt to Monadnock, would be a waste of judicial resources and could result in disruptive and piecemeal litigation.

### IV. This Court Should Stay the State Court Confirmation Proceeding

A District Court may enjoin parallel state court proceedings under the aid of jurisdiction exception to the Anti-Injunction Act. See, e.g., Pervel Industries, Inc. v. TM Wallcovering, Inc., 675 F. Supp. 867 (S.D.N.Y. 1987), aff'd sub nom. Pervel Industries, Inc. v. T M Wallcovering, Inc., 871 F.2d 7 (2d Cir. 1989) ("case law is clear that [the aid of jurisdiction exception] provides authority for a federal district court to stay a parallel state proceeding").  Here, the Court should issue an injunction staying the State Court Confirmation Proceeding in aid of its jurisdiction over the instant matter.

## **CONCLUSION**

For the reasons set forth above, Monadnock respectfully requests that this Court deny Glasswall's motion to dismiss and enjoin the State Court Confirmation Proceeding.

Dated: New York, New York
      October 17, 2017                 */s/ Howard Kleinhendler*
                                           Howard Kleinhendler
                                           Evan Weintraub
                                           Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500
(212) 909-9430 (fax)
kleinhendler@wmllp.com
weintraub@wmllp.com
jweinstein@wmllp.com
*Counsel for Plaintiff*
*Monadnock Construction, Inc.*