UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,                    Case No.: 16 CIV. 00420 (JBW)(VMS)
                                                 ECF Case
        Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.

----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

-against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

----------------------------------------------------------X

**GLASSWALL, LLC'S REPLY MEMORANDUM
OF POINTS AND AUTHORITES IN
SUPPORT OF CROSS-MOTION TO
DISMISS APPLICATION TO
<u>CONFIRMATION ARBITRATION AWARD</u>**

<u>**PRELIMINARY STATEMENT**</u>

This memorandum is submitted by Glasswall, LLC ("Glasswall") in reply to the memorandum submitted by plaintiff Monadnock Construction, Inc. ("Monadnock") in opposition

to Glasswall's cross-motion to dismiss Monadnock's application to confirm the arbitration award.

## POINT I

## THE "FIRST FILED" RULE APPLIES TO STATE COURT ACTIONS

Decisions from this Court establish that the "first filed" rule is applicable regardless of whether one of the actions is in State Court. See, e.g.: In re HSBC Bank USA, N.A., 99 F.Supp.3d 288, 309 (E.D.N.Y. 20015):

> Here, the competing lawsuits seek almost identical relief against the same entities and have both been filed in New York, albeit one in state court and the other in federal court. Under these circumstances, application of the first-filed rule is appropriate (emphasis added).

and Quality King Distributors, Inc. v. KMS Research, Inc., 946 F.Supp. 233, 237 (E.D.N.Y. 1996):

> In general, where an action is brought in one federal court and a later action is brought in another federal court or state court, and both actions embrace the same issue, the first court has jurisdiction to enjoin the second prosecution in the absence of a balance of conveniences weighing in favor of the second suit or other special circumstances. This postulate is commonly referred to as the "first filed" or "first to file" rule (citations omitted) (emphasis added).

In its moving memorandum of law Glasswall cited two decisions from New York Federal Courts, deferring to the State Courts to determine first filed arbitration applications. Monadnock's attempt to distinguish these two decisions is unavailing, as they clearly held that a

2

Federal Court would defer to an earlier filed State Court action relating to confirmation of an arbitration award. In <u>Victorias Mill. Co.</u> v. <u>Hugo Neu Corp.</u>, 196 F. Supp. 64, 70 (S.D.N.Y. 1961), the Court held that the Federal Court should stay a motion to confirm an arbitration award where there was an earlier State Court action to vacate the award:

> This leaves the motion to confirm the award still before this court. Hugo Neu urges that action on that motion be deferred until the motion to vacate has been decided by the state courts. I am disposed to grant the application. <u>The matter was originally presented to the state court which has concurrent jurisdiction....</u> As a matter of fact, if this court were to decline to defer to the state court which first acquired jurisdiction, it would present a readily available method for litigants to nullify the effect of the 'saving to suitors' clause. Victorias is of course free to cross move to confirm in the state courts. But <u>to deal now with its motion to confirm would defeat the concurrent jurisdiction of the state court.</u> Victorias' argument that Lawrence makes it mandatory that federal courts decline to defer to the state jurisdiction is without merit.
>
> The motion to remand is granted. The motion to confirm in this court is stayed pending determination of the motion to vacate in the New York Supreme Court (emphasis added).

In <u>Cocotos S.S. of Panama S.A.</u> v. <u>Hugo Neu Corp.</u>, 178 F.Supp. 491, 493 (S.D.N.Y. 1959) the Court stayed proceedings in Federal Court pending determination of a State Court motion to vacate an arbitration award:

> Here, since the matter was first presented to the State Court, I am merely deferring to the State Court, a Court of concurrent jurisdiction.

Monadnock's argument on page 6 of its memo that the Court in this case "refused to restrain a

3

State Court proceeding to vacate an arbitration award...simply because of its exclusive maritime jurisdiction" is without foundation. First, as noted above, the Court specifically held that the State Court had "concurrent" (and not "exclusive") jurisdiction. Second, the Court stayed the federal action to promote judicial economy:

> The stay contained in the order to show cause is vacated and, in the exercise of the inherent power of the court to control the disposition of the causes on its docket with economy of time and effort, the motion to confirm in this court is stayed pending the determination of the motion to vacate in the New York Supreme Court. Id. at 493.

The same can be said here, as judicial economy will be promoted by deferring to the State Court to expedite confirmation of the award.

## POINT II

### MONADNOCK IMPROPERLY MOVED TO CONFIRM IN THIS COURT

Glasswall, having prevailed in the arbitration, seeks to confirm the arbitration award as soon as possible. It has moved to confirm in State Court in the County in which the arbitration was conducted and the award was rendered (clearly an appropriate venue). Rather than simply join in the State Court application Monadnock chose to amend its complaint in this Court and move to confirm the arbitration award.[1] The label of "manipulative" or "deceptive" behavior applies to Monadnock, and not Glasswall.

It was only after Glasswall served its Petition in State Court that Monadnock amended its

---

[1] 9 U.S.C. §9 provides that an application relating to an arbitration award "may be made to the United States Court in and for the district within which such award was made." Here, this would be the Southern District of New York.

4

complaint to add claims against Glasswall (a third-party defendant), which was never named in the original complaint. While Federal Rule of Civil Procedure 14(a)(3) permits a plaintiff to assert a claim against a third party defendant, it may only do so where such claim arises out of the transaction or occurrence subject to the complaint:

> The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

Monadnock's claim against defendant Westchester Fire relates to two performance Bonds issued by defendant: a separate transaction or occurrence.

Monadnock's cites Pippins v. KPMG LLP, 2011 WL 1143010 (S.D.N.Y.) at *2, for the proposition that the first-filed rule will not be enforced where there are "special circumstances" established by the party claiming exception to the rule. Pippins cites William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2nd Cir. 1969), which held that the exception will apply where:

> forum shopping alone motivated the choice of the situs for the first suit (emphasis added).

Here, Glasswall chose the State Court as the forum for the confirmation proceeding for several valid reasons: (1) that Court is the most appropriate Court since the arbitration was conducted and the award rendered in New York County; (2) the State Court will dispose of the application expeditiously; and (3) this Court does not have jurisdiction over the unrelated third-party claim

5

against Glasswall.[2]

### POINT III

### THE COURT SHOULD NOT STAY THE STATE COURT CONFIRMATION MOTION

In its responsive papers Monadnock requests that this Court stay the State Court proceeding. This relief was not requested in the original motion (which was solely to confirm the award) and therefore should not be considered. Even if it is, as noted in the case cited by Monadnock, Pervel Industries, Inc. v. TM Wallcovering, Inc., 675 F.Supp. 867, 870 (S.D.N.Y. 1987), Federal Courts are generally prohibited from enjoining State Court proceedings. While that Court issued a stay of a State Court proceeding it did so solely in light of the fact that there was a pending arbitration. Monadnock disingenuously omitted the underscored language from the decision:

> As a general rule, federal courts are prohibited from enjoining proceedings in state court by the Anti–Injunction Statute, 28 U.S.C. § 2283 (1982). There are, however, three clearly defined exceptions to that statute. One such exception provides that a federal court may stay proceedings in state court where it is "necessary in aid of jurisdiction." 28 U.S.C. § 2283. The case law is clear that this provision provides authority for a federal district court to stay a parallel state proceeding pending arbitration. Id. at 870 (emphasis added).

---

[2] Glasswall is not "properly before" this Court since Monadnock's application to confirm the arbitration award does not "aris(e) out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Here, Monadnock's claim against WFIC arises out of two performance bonds which have nothing to do with the arbitration award, so the claim against Glasswall is improper under Federal Rule of Civil Procedure 14(a)(3). Therefore, Monadnock's reliance on Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 986 F.Supp. 231, 237 (S.D.N.Y. 1997), is misplaced as the federal court in that action "already has jurisdiction over Rocket's federal claims and Noble's federal defenses."

There is simply no reason to stay the State Court proceeding (which merely seeks to confirm the arbitration award).

## CONCLUSION

For the foregoing reasons it is respectfully requested that Glasswall's cross-motion to dismiss Monadnock's application to confirm the arbitration award be in all respects granted.

DATED: NEW YORK, NEW YORK
   OCTOBER 24, 2017

           Respectfully submitted,

           CINQUE & CINQUE, P. C.

           By: _____
            James P. Cinque, Esq.
           Attorneys for Third-Party Defendant
            Glasswall, LLC
           845 Third Avenue, Suite 1400
           New York, New York 10022
           Telephone: (212) 759-5515
           Telefax: (212) 759-7737
           E-mail: CINQUE845@aol.com