UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420
                                (JBW)(VMS)
                                ECF Case

       Plaintiff,

 -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

       Defendant.

-----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

       Third-Party Plaintiff,

 -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

       Third-Party Defendants.

-----------------------------------------------------------X

**DECLARATION OF JAMES P. CINQUE
IN OPPOSITION TO WESTCHESTER FIRE
INSURANCE COMPANY'S MOTION
<u>FOR PARTIAL SUMMARY JUDGMENT</u>**

    JAMES P. CINQUE declares under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am a member of Cinque & Cinque, P. C., attorneys for third-party defendant Glasswall, LLC ("Glasswall"). I have knowledge of the facts set forth herein and submit this declaration in opposition to the motion by Westchester Fire Insurance Company ("WFIC") for additional collateral security.

2. At the outset it should be noted that Glasswall fully intends to contest plaintiff Monadnock Construction, Inc.'s ("Monadnock") alleged right to enforce the arbitration award against defendant and third-party plaintiff WFIC. Nothing in this opposition should be deemed an admission by Glasswall that WFIC is liable to Monadnock in any fashion.

3. On or about October 3, 2017 I spoke with WFIC's counsel Robert McL. Boote, Esq. (who has submitted a declaration in support of WFIC's motion) and requested that he send me back-up documentation to support his claim that WFIC is entitled to collateral in excess of the amount of the Arbitration Award. Mr. Boote did not send me any such materials.

4. As explained in the accompanying memorandum of law it is Glasswall's position that, under the terms of the indemnity agreement (Boote Dec., Exhibit A), WFIC is only entitled to request collateral security in the amount of arbitration award since paragraph 2 limits WFIC's right to demand "collateral security to cover the liability." The "liability" is defined earlier in the paragraph as WFIC's "liability to pay any claim." Here, the "claim" is that of Monadnock, and the arbitration award has limited the amount

2

of any such claim to $1,499,255.18 (Boote Dec., Exhibit B). As WFIC admits to having security from Glasswall by way of letter of credit in the amount of $1,587,000.00 (Wills Dec., ¶ 4) - $88,000.00 more than the award - WFIC has adequate collateral and no additional security need be provided.

5. Also, as explained in the accompanying memorandum, it is Glasswall's position that under the terms of the indemnity agreement WFIC is not entitled to demand security for attorneys' fees. In any event, the amount referred to in WFIC's memorandum ($800,000.00) is not only unverified but also unreasonable. There has not been much activity on behalf of WFIC in either this litigation or the Florida litigation referred to in WFIC's papers (Boote Dec., ¶ 17). In addition, WFIC's demand for collateral security (Boote Dec., Exhibit C) did not contain a request for attorneys' fees and costs.

## **CONCLUSION**

6. For the reasons specified above, it is respectfully requested that WFIC'S motion for partial summary judgment be in all respects denied.

Executed this 30th day of October, 2017 at New York, New York.

_____
JAMES P. CINQUE