UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,       Case No.: 16 CIV. 00420 (JBW)(VMS)
                                                                                              ECF Case

                 Plaintiff,

     -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                 Defendant.

------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                 Third-Party Plaintiff,

     -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                 Third-Party Defendants.

------------------------------------------------------------X

**THIRD-PARTY DEFENDANT GLASSWALL, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO WESTCHESTER FIRE
INSURANCE COMPANY'S MOTION
<u>FOR COLLATERAL SECURITY</u>**

<u>**PRELIMINARY STATEMENT**</u>

This memorandum is submitted by third-party defendant Glasswall, LLC ("Glasswall") in opposition to the motion by defendant and third-party plaintiff Westchester Fire Insurance

Company ("WFIC") for additional collateral security.

## STATEMENT OF FACTS

Glasswall (as Indemnitor) executed an indemnity agreement dated February 1, 2013 (Exhibit A to the Boote Dec.) in favor of WFIC as Surety in connection with a housing project constructed by plaintiff Monadnock Construction, Inc. ("Monadnock"). Glasswall manufactured windows for this housing project. When the indemnity agreement was entered into, Glasswall posted a letter of credit with WFIC in the amount of $1,587,000.00 (Wills Dec., ¶ 4).

Monadnock demanded arbitration against Glasswall and on August 29, 2017 the American Arbitration Association issued an Award against Glasswall in the amount of $1,499,255.18 (Boote Dec., Exhibit B). By letter dated September 7, 2017, WFIC demanded that Glasswall "immediately deposit with Westchester additional collateral in the amount of the Award of the arbitrator" (Boote Dec., Exhibit C).

Paragraph 2 of the indemnity agreement provides that WFIC is entitled to "collateral security to cover the liability" and the "liability" is referred to as WFIC's "liability to pay any claim." Here, the "claim" is Monadnock's claim that Glasswall did not perform. WFIC's maximum amount of liability to Monadnock (which is contested by both WFIC and Glasswall) is the amount of the award, $1,499,255.19. As WFIC already has security by way of letter of credit in more than this amount, it is not entitled to any additional collateral security.

To the extent that WFIC claims entitlement to legal fees, paragraph 2 of the indemnity agreement limits fees to those incurred by WFIC in defending against Monadnock's claim:

> The INDEMNITOR [Glasswall] shall indemnify and save harmless
> the SURETY [WFIC] from and against any and all liability, claim,

2

> demand, loss, damages, expense, cost, attorney's fees and expenses including without limitation, fees and disbursements of counsel incurred by the SURETY <u>in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party</u>, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim,... (emphasis added).

In its motion WFIC alludes to the fact that it allegedly "paid or incurred fees and expenses of approximately $800,000.00 in connection with Monadnock's claims" (WFIC Memo, p. 3), but has not provided any back-up for this statement, despite a request by Glasswall (Cinque Dec., ¶ 3). As the indemnity agreement limits WFIC's right to legal fees and expenses incurred in litigation, it is inconceivable that WFIC has incurred $800,000.00 in connection with this case or the Florida litigation referred to in its moving papers. In addition, WFIC's demand for collateral security (Boote Dec., Exhibit C) made no mention of such fees.

## POINT I

## WFIC ALREADY HAS SECURITY TO COVER THE ARBITRATION AWARD

It is uncontroverted that WFIC already has security by way of Glasswall's letter of credit to cover the amount of the arbitration award. It is also uncontroverted that WFIC demanded security only in the amount of the award and has not provided any back-up for any request for security over and above the amount of the award.

**(A) Glasswall Only Needs to Post Collateral in an Amount Sufficient to Discharge the Award and Has Already Done So**

The last sentence of Section 2 of the indemnity agreement provides that "collateral security" can be demanded by WFIC in an amount sufficient "to cover the liability." This

reference is to WFIC's "liability" to pay the arbitration award, as the first sentence of paragraph 2 provides in relevant part:

> The INDEMNITOR [Glasswall] shall indemnify and save harmless the SURETY [WFIC] from and against any and all liability...which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its <u>liability to pay any claim</u>....(Boote Dec., Exhibit A, ¶ 2, emphasis added).

"Collateral security" was defined in <u>Safeco Ins. Co. of America</u> v. <u>Oakland Excavating Co.</u>, 2009 WL 1658404 (E.D. Mich.) at *4 as follows:

> A collateral security provision in an indemnity agreement allows the surety to demand funds from the indemnitors to hold in reserve and, if the claim must be paid, use those funds to pay the loss.

In that case, the indemnity agreement contained the following provision (similar to the one at issue on this motion):

> The collateral security provision unambiguously requires the indemnitors to "pay to Surety upon demand: ... An amount sufficient to discharge any claim made against Surety on any Bond." <u>Id.</u>

The Court specifically held that this language only covers the amount of the claim and does <u>not</u> cover attorneys' fees and costs:

> While plaintiff has demanded an additional $20,000 as collateral security for fees and expenses incurred in the Galaxy litigation, the Indemnity Agreement only provides for payment on demand as collateral security of "An amount sufficient to discharge any claim made against Surety on any Bond ... [which] may be used by

4

> Surety to pay such claim or be held by Surety as collateral security against loss on any bond," and <u>does not require collateral for attorneys fees and costs.</u> Amended Complaint ¶ 13 (quoting Indemnity Agreement). <u>Id.</u> (emphasis added).

Under the terms of the indemnity agreement, which are to be strictly construed, Glasswall only needs to provide collateral security in an amount sufficient to discharge Monadnock's claim against WFIC, which has now been quantified in the Arbitration Award. As WFIC already has this amount of security, it is entitled to no more. See, e.g.: Colonial Surety Company v. A&R Capital Associates, 2017 WL 1229732 (E.D.N.Y.) at *6, limiting collateral security to the amount equal to the lien at issue.

**(B)     WFIC's Demand Limits the Amount of Collateral Security**

In its September 7, 2017 demand letter (Boote Dec., Exhibit C), WFIC demanded that Glasswall "deposit with Westchester additional collateral in the amount of the award of arbitrator." This letter makes no mention of the fact that WFIC already had collateral in an amount in excess of the award. Furthermore, the letter contains no explanation as to why any collateral in excess of the award should be posted.

As held in Safeco Ins. Co. of America v. M.E.S., Inc., 2010 WL 4828103 (E.D.N.Y.) at *13, where the surety's demand letter does not include a request for attorneys' fees and other costs, the surety is not entitled to ask a court to direct collateral security for these expenses:

> As an initial matter, the court holds that Safeco is not entitled to collateral security from Hirani defendants to cover its projected legal and consulting fees. In its September 30 Order, the court clearly stated that, in its revised demand to be submitted to this

5

> court, "Safeco shall not include additional claims not previously sought." Dkt. No. 107 at 11. Safeco's August 24 demand to Hirani defendants did not include a demand for $875,000 in projected legal and consulting fees. See Mohan–Maxfield Aff. Ex. 2. Thus, Safeco may not seek collateral security for those fees in its revised demand to Hirani defendants.

See also: Safeco Ins. Co. of America v. M.E.S., Inc., 2010 WL 3928606 (E.D.N.Y.) at *6, ruling that: "the calculation of collateral security is limited to amounts demanded...."

As WFIC's demand letter did not include any request for legal fees or costs, it should be limited to the amount it requested (the amount of the Award), which has already been posted by way of Glasswall's letter of credit. Furthermore, as noted in Safeco, a surety must "justify the reasonableness of its resulting demand for collateral security by any necessary explanation and documentation," Id., and WFIC has failed to meet this standard.

### (C) WFIC Is At Best Only Entitled to Litigation Legal Fees

As explained above, it is Glasswall's position that WFIC is not entitled to request collateral security for its legal fees. If, however, the Court disagrees with this position, it is clear that WFIC is at best only entitled to legal fees incurred in connection with the defense of litigation relating to the Bonds. Paragraph 2 of the indemnity agreement refers to legal fees and costs incurred by WFIC "in any action or proceeding...between the Surety [WFIC] and any third party." The claim for legal fees is strictly limited to fees incurred in connection with the defense of litigation. As noted in Hooper Associates, Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491-92, 549 N.Y.S.2d 365, 367 (1989):

> Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might "seem

6

to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view." This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (citations omitted).

Under the terms of the indemnity agreement, which are to be strictly construed, Glasswall would at most only have to provide security for litigation defense fees incurred by WFIC. As WFIC has failed to either request this in its letter demand or to provide back-up for any fees (despite Glasswall's request), no additional monies should be deposited as collateral security.

## CONCLUSION

For the reasons specified above, it is respectfully requested that WFIC's motion for additional collateral security be in all respects denied.

DATED: NEW YORK, NEW YORK
OCTOBER 30, 2017

Respectfully submitted,

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque, Esq.
Attorneys for Third-Party Defendant
 Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:   (212) 759-7737
E-mail:    CINQUE845@aol.com