UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)(VMS)
                Plaintiff,   ECF Case

    -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

               Defendant.

----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

               Third-Party Plaintiff,

    -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

               Third-Party Defendants.

----------------------------------------------------------X

## THIRD-PARTY DEFENDANT GLASSWALL, LLC'S LOCAL CIVIL RULE 56.1 STATEMENT

Third-party defendant Glasswall, LLC ("Glasswall") submits this statement pursuant to Local Civil Rule 56.1 in opposition to third-party plaintiff Westchester Fire Insurance Company's ("WFIC") Statement of Undisputed Material Facts.

### DISPUTED FACTS IN WFIC'S STATEMENT

3. The specific language of the Indemnity Agreement (Boote Dec., Exhibit A, ¶ 2) limits

WFIC's claim for collateral security to its liability under the Bond, as it provides that the Indemnitor [Glasswall] shall:

> place the SURETY [WFIC] in funds to meet all of its liability under any Bond, promptly upon request.... Any demand upon the SURETY by the Obligee [Monadnock] shall be sufficient to conclude that a liability exists and the INDEMNITOR [Glasswall] shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

Also, to the extent that WFIC may be entitled to recover any legal fees, they are limited to fees incurred by WFIC "in any action or proceeding between WFIC and a third party." The relevant language is as follows:

> The INDEMNITOR [Glasswall] shall indemnify and save harmless the SURETY [WFIC] from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses including without limitation, fees and disbursements of counsel incurred by the SURETY <u>in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party</u>, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim,... (emphasis added).

9. The Award awarded Monadnock "performance damages" of $1,280,003.25, interest in the amount of $159,289.61, and AAA administrative fees and costs in the amount of $59,962.32. See, Boote Dec., Exhibit B, p. 13.

10. The September 7, 2017 letter demanded that Glasswall "immediately deposit with Westchester [WFIC] additional collateral in the amount of the award of the arbitrators." The

letter stated that the arbitrators awarded $1,499,255.18. (Boote Dec., Exhibit C).

11. While Glasswall is not contesting the validity of the Award vis-a-vis Monadnock and Glasswall, Glasswall is contesting whether it is valid against WFIC (Cinque Dec., ¶ 2). In addition, WFIC has also taken the position that it is not liable to Monadnock under the Bonds (Boote Dec., ¶ 14).

12. Glasswall has already provided collateral in the amount of $1,587,000.00 (Wills Dec., ¶ 4) - an amount in excess of WFIC's $1,499,255.18 demand (Boote Dec., Exhibit C).

## ADDITIONAL MATERIAL FACTS

Glasswall contends that there are material facts as to which it contends that there exists a genuine issue to be tried:

A. WFIC's reference to having "paid or incurred fees and expenses of approximately $800,000.00 in connection with Monadnock's claims, including the negotiation of the Agreement to Amend Contracts, the defense of this case and the defense of related litigation in Florida filed by the Indemnitors" on page 3 of its memo of law in support of the motion should be ignored for several reasons: (1) WFIC has not provided any back-up for these fees and expenses, either in connection with this motion or in response to Glasswall's request (Cinque Dec., ¶ 3); (2) WFIC's demand for collateral security in its September 7, 2017 letter was limited to the amount of the Award and did not include any such fees and expenses (Boote Dec., Exhibit C); (3) the Indemnity Agreement only provides for payment on demand of collateral security "to cover the liability," defined as WFIC's "liability to pay any claim," and does not include attorneys' fees and costs; and (4) the terms of paragraph 2 of the Bond (Boote Dec., Exhibit A) limit any possible claim for attorneys' fees and expenses to those incurred by WFIC "in any action or proceeding...between the Surety [WFIC] and any third party," and a request for $800,000.00 for

attorneys' fees and expenses in connection with the defense of this action and the Florida action is unreasonable (Cinque Dec., ¶ 5).

B. WFIC acknowledges that it already has collateral in the amount of $1,587,000.00 (Wills Dec., ¶ 4). As WFIC demanded "additional collateral in the amount of the Award of Arbitrator [$1,499,255.18]" (Boote Dec., Exhibit C), WFIC has sufficient collateral and no further security is required.

DATED: NEW YORK, NEW YORK
OCTOBER 30, 2017

CINQUE & CINQUE, P. C.

By: /s/ James P. Cinque
James P. Cinque, Esq.
Attorneys for Third-Party Defendant
Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax: (212) 759-7737
E-mail: CINQUE845@aol.com

4