LAW OFFICES
# CINQUE & CINQUE, P.C.
845 THIRD AVENUE
NEW YORK, N.Y. 10022

ROBERT W. CINQUE
JAMES P. CINQUE

MEMBERS OF NY & CA BARS

TELEPHONE: (212) 759-5515
TELEFAX: (212) 759-7737

November 27, 2017

<u>VIA ECF</u>

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

    Re: Monadnock Construction, Inc. v. Westchester
       Fire Insurance Company, etc.
       <u>Case No.:             16 CIV. 00420 (JBW)(VMS)</u>

Dear Judge Scanlon:

    We are the attorneys for third-party defendant Glasswall, LLC ("Glasswall") and are writing pursuant to leave granted during the November 15, 2017 telephone conference to request a stay of discovery between Glasswall and plaintiff Monadnock Construction, Inc. ("Monadnock") pending determination of Glasswall's motion to dismiss the claims asserted by Monadnock against Glasswall in the amended complaint (Docket No. 51).

    In the amended complaint Monadnock asserts two claims for relief against defendant and third-party plaintiff Westchester Fire Insurance Company ("Westchester") arising out of two performance bonds issued by Westchester in favor of Monadnock. Monadnock alleges that "under the terms of the Bonds WFIC (Westchester) was required to take action" (¶¶ 76 and 81) and failed to do so. Monadnock further alleges that Westchester's "denial of Monadnock's claims was in bad faith" (¶ 83 of amended complaint).

    In the third, fifth and sixth claims for relief in the amended complaint, Monadnock asserts claims against Glasswall for fraudulent conveyance, based upon the allegations

CINQUE & CINQUE, P. C.

Page Two
To: Magistrate Judge V. M. Scanlon
Re: Monadnock Construction/Westchester Fire
November 27, 2017

that: "on or about January 13, 2015 Glasswall liquidated and sold all of its assets to Technoglass thereby leaving Glasswall insolvent" (¶ 88); "Glasswall transferred the proceeds of the sale to Ugo Colombo" (¶ 90); and this transfer of assets was "fraudulent under New York Debtor & Creditor Law" (¶ 93). Monadnock also alleges that Glasswall's transfer of assets was done to make "unavailable the assets with which Glasswall could have paid its debts" (¶¶ 137 and 157).

As discussed during the telephone conference, Glasswall intends to move to dismiss the amended complaint on at least three grounds. First, it is Glasswall's contention that the claims for fraudulent conveyances are improper under Rule 14 (a)(3), which provides in relevant part:

> The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

As explained above, plaintiff's claims against the third-party plaintiff Westchester relate to alleged breaches of two performance bonds. The claims asserted by plaintiff against third-party defendant Glasswall relate to alleged fraudulent conveyances. As the bond claims and fraudulent conveyance claims arise out of completely separate transactions or occurrences, the third-party complaint against Glasswall is not properly lodged under Rule 14.

Second, Glasswall intends to move to dismiss the third-party complaint upon the ground that there is an agreement to arbitrate between these two parties. Monadnock acknowledges the arbitration agreement in paragraph 66 of the amended complaint, which alleges in relevant part that: "Section 6.3 of the Contracts [defined in ¶ 16 as the agreements between Monadnock and Glasswall] provided for, among other things, arbitration of disputes between the parties." To the extent that Monadnock wishes to assert any claims against Glasswall it must do so by way of arbitration.

CINQUE & CINQUE, P. C.

Page Three
To: Magistrate Judge V. M. Scanlon
Re: Monadnock Construction/Westchester Fire
November 27, 2017

    A third ground for dismissal of the third-party complaint is based upon the "claim preclusion" doctrine, which prohibits splitting causes of action. As acknowledged in paragraph 67 of the complaint, Monadnock commenced an arbitration against Glasswall seeking "delay damages and damages because of Glasswall's defective performance." Nine days of hearings were had and the Panel issued an award (¶ 69). To the extent that Monadnock wished to assert any fraudulent conveyance claims against Glasswall, it was required to do so in the arbitration and may not seek additional relief in a subsequent proceeding.

    Glasswall incurred substantial legal fees and expenses in connection with the arbitration, in which some nine boxes of exhibits were admitted into evidence. Before additional legal fees are incurred in connection with discovery in pursuit of the fraudulent conveyance claims, it is respectfully requested that the Court stay discovery until there has been a decision on Glasswall's dismissal motion. Monadnock cannot claim any prejudice from such a stay.

    Glasswall therefore respectfully requests that the Court stay discovery between Monadnock and Glasswall until there has been a decision on Glasswall's motion to dismiss the amended complaint.

                                  Respectfully yours,

                                    */s/ James P. Cinque*

JPC:kc                                      JAMES P. CINQUE

cc: Howard Kleinhendler, Esq. (Via E-mail Transmission)
    Robert Boote, Esq. (Via E-mail Transmission)
    Joel S. Magolnick, Esq. (Via E-mail Transmission)