UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| MONADNOCK CONSTRUCTION, INC., | Case No.: 16 CIV. 00420 (JBW)(VMS) |
| | ECF Case |
| Plaintiff, | |
| -against- | |
| WESTCHESTER FIRE INSURANCE COMPANY, | |
| Defendant. | |

-----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

               Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

               Third-Party Defendants.

-----------------------------------------------------------X

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THIRD-PARTY DEFENDANTS'
## MOTION TO DISMISS

### PRELIMINARY STATEMENT

      This memorandum is submitted by third-party defendants Ugo Colombo and Sara Jayne Kennedy Colombo in support of their motion to dismiss the third-party complaint under the *Colorado River* abstention doctrine.

## STATEMENT OF FACTS

The third-party plaintiff Westchester Fire Insurance Company ("Westchester") commenced this action against the third-party defendants on or about September 12, 2017, requesting a declaratory judgment that they are obligated to defend and indemnify Westchester against claims made by plaintiff Monadnock Construction, Inc. ("Monadnock") under performance bonds issued by Westchester in connection with agreements between Monadnock and Glasswall, LLC ("Glasswall"). In Monadnock's complaint against Westchester, Monadnock alleges that Glasswall breached its agreements with Monadnock to manufacture windows for a housing project constructed by Monadnock. In §3 of the bonds issued by Westchester, its obligation under the bonds was subject to a condition precedent: that there be "no Owner Default under the Construction Contract," which was defined in §14.4 as a failure of the Owner [Monadnock] to "perform and complete or comply with the other material terms of the Construction Contract [the agreements between Monadnock and Glasswall]."

Glasswall and Monadnock arbitrated their disputes in connection with this project, and on August 29, 2017, after nine days of hearing, the Panel issued an award which found that Monadnock breached the agreement with Glasswall by failing to accept delivery of windows and other materials:

> We find that Monadnock wrongfully refused to accept delivery of the windows, including ancillary materials needed for their installation in the Fall and Winter of 2013 - 2014, in breach of the Subcontracts [the agreements between Glasswall and Monadnock].

In January and February of 2014, the third-party defendants commenced actions in the Florida State Court against Westchester and other parties seeking, *inter alia*, a declaration that

2

Monadnock's demands under the bonds were improper for a number of reasons, including the fact that Monadnock could only assert that Westchester is obligated under the bonds if Monadnock were not in default of its agreements with Glasswall.

As explained below, it is the position of the third-party defendants that this Court should abstain from proceeding with the third-party complaint in light of the prior pending Florida State Court actions.

### POINT I

### THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION UNDER THE *COLORADO RIVER* DOCTRINE

Under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), a federal court will abstain from exercising jurisdiction based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." In considering whether abstention is appropriate a federal court is to review six factors, as set forth in *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101 (2nd Cir. 1999):

> The test for determining whether abstention is appropriate, first articulated in Colorado River, now requires examination of six factors: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." *De Cisneros v. Younger,* 871 F.2d 305, 307 (2d Cir.1989).

The decision to abstain does not depend "on a mechanical check list but on a careful balancing of the important factors as they apply in a given case." *FDIC, Id.*

3

Before considering the six factors listed above, a threshold determination is to be made as to "whether the state and federal proceedings are indeed parallel, i.e., whether substantially the same parties are litigating the same issues in a state forum." *Kshel Realty Corp. v. City of New York*, 2003 WL 21146650 (S.D.N.Y.) at *5. Here, both Westchester and the third-party defendants are parties to the Florida State Court actions, and the gravamen of the two actions is virtually identical, as both seek declaratory judgments delineating the obligations of the third-party defendants to Westchester. Clearly, the state and federal actions are parallel under the definition set forth in *Ferolito v. Menashi*, 918 F.Supp.2d 136, 141 (E.D.N.Y. 2013):

> For state and federal actions to be parallel, the actions need not be identical. Lawsuits are considered "parallel when substantially the same parties are contemporaneously litigating substantially the same issues in different forums" (citations omitted).

*See also; Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 362 (2nd Cir. 1985), holding that proceedings are parallel if the state court can adjudicate asserted claims in the federal action. Once the state and federal actions are deemed parallel the Court should next consider the six *Colorado River* factors. As noted in *Ferolito, Id.* at 142: "No single factor is determinative, and the decision whether to abstain is left to the trial court's sound discretion."

With respect to the first factor, there is no *res* or property involved in the dispute between the parties. However, "the absence of a *res* is a factor that weighs slightly in favor of retaining jurisdiction." *Mouchantaf v. International Modeling and Talent Ass'n*, 368 F.Supp.2d 303, 306 (S.D.N.Y. 2005).

The second factor, inconvenience of the forum, weighs in favor of abstention because Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania, and the third-party defendants are citizens of Florida. Clearly, Florida is more convenient to the parties, as "inconvenience under this factor refers to the geographic location of the respective courthouses." *First Keystone Consultants, Inc. v. Schlesinger Electrical Contractors, Inc.*, 862 F.Supp.2d 170, 187 (E.D.N.Y. 2012).

The third factor, the avoidance of piecemeal litigation, is "the most important factor" to consider. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). *See also: Harkwright-Boston v. City of New York*, 762 F.2d 205, 211 (2nd Cir. 1985), stating that "the danger of piecemeal litigation is the paramount consideration." This factor weighs heavily in favor of abstention since the federal and state court actions both seek declaratory judgments concerning the rights and obligations of the parties under the agreement of indemnity and bonds. Furthermore, as noted in *Ferolito, supra*, 918 F.Supp.2d at 143, the state and federal courts could come to different conclusions, making abstention even more appropriate:

> the federal and state courts would be considering the same issues and will likely hear similar pretrial motions, evidence, and witnesses. Allowing such similar actions to proceed in the federal and state courts under the circumstances would waste judicial resources and invite duplicative efforts.... Moreover, the possibility exists that the federal and state courts could come to conflicting decisions concerning the same events. This factor weighs heavily in favor of abstention.

*See also: First Keystone, supra*, 862 F.Supp.2d at 189:

5

> Furthermore, where, as here, the "linchpin" of the federal action is the same issue at the core of the state action, there is a "strong likelihood of needless duplication of the state proceeding." *Inn Chu Trading Co. Ltd. v. Sara Lee Corp.*, 810 F.Supp. 501, 508 (S.D.N.Y. 1992).

The fourth factor, the order in which the actions were filed, favors abstention since the Florida actions were commenced in January and February of 2014 and the federal action was commenced more than three and one-half years later.

The fifth factor also favors abstention because, as noted in *Bernstein v. Hosiery Mfg. Corp.*, 850 F.Supp. 176, 185 (E.D.N.Y. 1994), there is no federal issue involved in Westchester's third-party complaint:

> Moreover, this diversity case does not require a heightened justification for abstention, because there is no federal issue involved. All of the issues are governed exclusively by state law, and therefore the fifth factor, whether federal or state law provides the rule of decision, weighs in favor of abstention. *County of Suffolk v. LILCO, supra,* 907 F.2d at 1308; *De Cisneros, supra,* 871 F.2d at 308.

The last factor, the adequacy of the state court proceedings to protect Westchester's rights, also favors abstention since Westchester can certainly assert its declaratory judgment claims in the Florida state court proceeding. *See, Bernstein, Id.*:

6

Bernstein can raise all of the claims he raises here before the state courts. Moreover, he can seek the very same declaratory and equitable relief he seeks in this case in the state proceedings,...

It is clear from a review of the six *Colorado River* factors that abstention is appropriate in this case.

## **CONCLUSION**

For the reasons specified above, third party defendants Ugo Colombo and Sara Jayne Kennedy Colombo respectfully request that this action be dismissed under the *Colorado River* abstention doctrine, and for such further relief as this Court deems just and proper.

DATED: MIAMI, FLORIDA
NOVEMBER 29, 2017

Respectfully submitted,

MARKO & MAGOLNICK, P.A.

By: /s/Joel S. Magolnick
Joel S. Magolnick, Esq.
(admitted *pro hac vice*)
Attorneys for Third-Party Defendants
Ugo Colombo and Sara Jayne Kennedy Colombo
3001 S.W. 3rd Avenue
Miami, Florida  33129
Telephone:  305-285-2000
Telefax: 305-285-5555
E-mail: magolnick@mm-pa.com

TO:     WACHTEL MISSRY LLP
Attorneys for Monadnock Construction, Inc.
885 Second Avenue
New York, New York 10017
Telephone: (212) 909-9500
Telefax:   (212) 371-0320

COZEN & O'CONNOR
Attorneys for Westchester Fire Insurance Company
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Telefax:   (212) 986-0604

CINQUE & CINQUE, P. C.
Attorneys for Third-Party
Defendant Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:   (212) 759-7737