**EXHIBIT "E"**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 15-06405 CA 20

SARA JAYNE KENNEDY,

    Plaintiff,

v.

MONADNOCK CONSTRUCTION, INC., et al.

    Defendants.

_____/

## GLASSWALL, LLC'S
## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS

Defendant, Glasswall, LLC ("Glasswall"), hereby files its Answer, Affirmative Defenses and Crossclaims in the above-styled matter, and states as follows:

### ANSWER

1. With respect to the allegations contained in paragraph 1 of the Amended Complaint, Glasswall admits that Plaintiff has asserted claims for declaratory relief and for damages. Glasswall further admits that the documents attached as Exhibit "A" and Composite Exhibit "B" to Plaintiff's Amended Complaint are true and correct copies of the Amended Agreement and the Performance Bonds, respectively.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

CASE NO. 15-06405 CA 20

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Glasswall is without knowledge as to the veracity of the allegations of Paragraph 14 of the Amended Complaint.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. With respect to the allegations contained in paragraph 21 of the Amended Complaint, Glasswall admits only that the termination of Glasswall was premature, wrongful and in bad faith, that Glasswall's business was destroyed, and that the arbitration commenced by Monadnock was improper and unauthorized. Glasswall is without knowledge as to the veracity of all other allegations of Paragraph 21 of the Amended Complaint.

22. Admitted.

23. Glasswall is without knowledge as to the veracity of the allegations of Paragraph 23 of the Amended Complaint.

CASE NO. 15-06405 CA 20

24. Admitted.

25. Admitted.

26. Admitted.

27. With respect to the allegations contained in paragraph 27 of the Amended Complaint, Glasswall admits only that it is improper for Monadnock to proceed with an arbitration without having complied with conditions precedent.

28. Admitted.

29. With respect to the allegations contained in paragraph 29 of the Amended Complaint, Glasswall admits only that Plaintiff maintains (a) that she is a necessary party to any claim by Monadnock under the Amended Agreement or the Bonds; and (2) that she may have potential exposure under the Bonds.

30. With respect to the allegations contained in paragraph 30 of the Amended Complaint, Glasswall admits only that Plaintiff maintains that Westchester and HPS are also necessary parties to any claim by Monadnock against Glasswall under the Amended Agreement.

31. With respect to the allegations contained in paragraph 31 of the Amended Complaint, Glasswall admits only that Plaintiff maintains that there is no basis upon which Monadnock can proceed with its arbitration.

32. Glasswall is without knowledge as to the veracity of the allegations of Paragraph 32 of the Amended Complaint.

33. Glasswall is without knowledge as to the veracity of the allegations of Paragraph 33 of the Amended Complaint.

34. Glasswall is without knowledge as to the veracity of the allegations of Paragraph 34 of the Amended Complaint.

CASE NO. 15-06405 CA 20

35. Glass wall denies that allegations in Paragraph 35 inasmuch as Glasswall has filed an action for declaratory relief against Monadnock, which has since been removed to the U.S. District Court for the Southern District of Florida. Plaintiff is not a party to the action filed by Glasswall.

36. With respect to the allegations contained in paragraph 36 of the Amended Complaint, Glasswall admits only that Section 86.111, Fla. Stat., provides for expedited consideration.

37. Admitted.

38. Admitted.

39. With respect to the allegations contained in paragraph 39 of the Amended Complaint, Glasswall admits only that Plaintiff maintains that certain of the defendants tortuously interfered with certain of Plaintiff's rights.

40. With respect to the allegations contained in paragraph 40 of the Amended Complaint, Glasswall admits only that Plaintiff claims to have suffered damages.

41. All allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

1. As its First Affirmative Defense, Glasswall states that, while Plaintiff seeks no damages against Glasswall at this time, to the extent that Plaintiff intends to seek damages against Glasswall for the claims asserted in the Amended Complaint, any such damages would be solely due to the conduct of some or all of the remaining defendants in this action, and not to any conduct of Glasswall. Accordingly, Glasswall reserves the right to assert claims for indemnification and/or contribution against any or all of the other defendants in this action, as and if appropriate.

4

CASE NO. 15-06405 CA 20

2.  Glasswall reserves the right to assert any additional affirmative defenses that may arise during the course of this litigation.

## CROSS-CLAIM

Cross-Plaintiff, Glasswall, LLC ("Glasswall"), hereby files its Cross-claims against Cross-Defendants, Monadnock Construction, Inc. ("Monadnock"), Westchester Fire Insurance Company ("Westchester"), The Related Companies, Inc. ("Related"), Bruce Beal, Jr. (Beal"), HPS 50th Avenue Associates, LLC ("HPS 50th"), HPS Borden Avenue Associates, LLC ("HPS Borden") (collectively, HPS 50th and HPS Borden are referred to as "HPS"), (collectively, HPS, Related and Beal are referred to as the "Related Cross-claim Defendants"), and as grounds therefor, states as follows:

## JURISIDICTION, PARTIES AND VENUE

1.  This is an action for declaratory relief, pursuant to Florida Statutes Chapter 86, arising under an Agreement to Amend Contracts (the "Amended Agreement") and two (2) Performance Bonds (the "Bonds"). A copy of the Amended Agreement is attached hereto as Exhibit "A" and copies of the Bonds are attached hereto as Composite Exhibit "B." This is also an action for damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of costs and interest.

2.  At all relevant times, Glasswall was and is a Florida limited liability company, qualified to do business and doing business in Miami-Dade County, Florida.

3.  At all relevant times, Westchester was and is a foreign corporation, authorized to do business and doing business in Miami-Dade County, Florida.

4.  At all relevant times, Monadnock was a foreign corporation.

5

CASE NO. 15-06405 CA 20

5. At all relevant times, Related was and is a foreign corporation, authorized to do business and doing business in Miami-Dade County, Florida.

6. At all relevant times, HPS 50th and HPS Borden were foreign limited liability companies.

7. At all relevant times, Beal was a resident of New York and otherwise *sui juris*.

8. Jurisdiction over all parties is appropriate by virtue of Plaintiff's Amended Complaint.

9. Venue is appropriate by virtue of Plaintiff's Amended Complaint.

10. All conditions precedent to maintaining this action have been performed, satisfied, excused or waived.

## FACTUAL ALLEGATIONS

11. Monadnock is a New York general contractor engaged in a broad range of high-value New York real estate development projects. As set forth in its website, Monadnock generates approximately $250 million in annual sales. In addition to its construction services, Monadnock develops many of its projects on a joint venture basis with its partners through its development vehicle, Monadnock Development, LLC. One such venture is Hunters Point, a $330 Million mixed income project in Long Island City, NY which is being developed together with Related (the "Hunter's Point Project").

12. Related is a behemoth real estate firm with over 2,500 employees spread around the world among its $15 billion dollars in real estate holdings.

13. Glasswall is a Miami-Dade County glass door and window manufacturer that at, one time, employed up to 200 people.

CASE NO. 15-06405 CA 20

14. On January 3, 2013, in connection with the Hunter's Point Project, Monadnock and Glasswall entered into two (2) agreements (the "HPS Parcel A Contract" and the "HPS Parcel B Contract") (collectively, the "HPS Contracts"), pursuant to which Glasswall was to furnish and deliver, *inter alia*, certain window assemblies and other materials (collectively, the "Window Assemblies") to the HPS Parcels A and B Projects, owned by HPS 50th and HPS Borden, respectively.

15. During the term of the HPS Contracts, a dispute arose amongst Glasswall, Monadnock and the Related Cross-claim Defendants, with respect to each party's rights, duties and obligations under the HPS Contracts and the Bonds.

16. As a result of the dispute, a lawsuit was filed in Miami-Dade Circuit Court against Glasswall and others (the "Florida Lawsuit"). In the Florida Lawsuit, Glasswall asserted third party claims against Monadnock, HPS and Westchester for declaratory relief, breach of contract and tortious interference.

17. Subsequently, the parties agreed to a stay of the Florida Lawsuit and entered into the Amended Agreement, thereby amending and replacing the HPS Contracts.

18. On November 20, 2014, the plaintiff in the Florida Lawsuit, pursuant to the terms of the May 13, 2014 Agreed Order Entered Pursuant to Joint Stipulation of All Parties for Stay of Case, filed her Notice of Lifting of Stay of the Florida Lawsuit. A copy of the Notice is attached hereto as Exhibit "C."

19. On or about March 4, 2015, Monadnock, at the direction of the Related Cross-claim Defendants, and without any justifiable basis, claimed, in bad faith, that Glasswall was in breach of its obligations under the Amended Agreement and filed a Demand for Arbitration

7

against Glasswall with the American Arbitration Association. A copy of the Demand for Arbitration is attached hereto as Exhibit "D."

20. As the basis for filing its Demand for Arbitration, Monadnock relies on an arbitration clause in the HPS Contracts.

21. The Amended Agreement, which is controlling as to the various parties' rights, duties and obligations, contains no provision that would permit Monadnock to proceed in the arbitration proceeding it has commenced. Specifically, pursuant to the Amended Agreement, at paragraph 13:

> If Monadnock asserts that any payment to WFIC should be reduced based on a backcharge, change order or similar reduction permitted under the terms of the Contracts and arising after the date hereof, Monadnock shall make payment to WFIC by payment of the amount of the asserted backcharge, change order or other reduction to the escrow account of Duane Morris, pursuant to the attached escrow agreement (Exhibit "G"), and the amounts so deposited shall thereafter be paid from the escrow account based on the agreement of the parties or as determined in arbitration pursuant to the Contracts. The payment of such sums to escrow shall be without prejudice to, and subject to, the claims reserved by the parties pursuant to paragraph 9 hereof as well as to all parties' backcharges, change orders or claims arising after the date of this Agreement, the resolution of all of which shall be deferred until the completion or termination of the contracts as set forth in paragraph 9. Required payments to be made to WFIC will be regarded as payments to Glasswall under the Contracts.

22. Monadnock has waived its right to pursue arbitration even in the limited circumstances permitted under the Amended Agreement. As set forth in paragraph 13 of the Amended Agreement, it is a condition precedent to arbitration that "Monadnock *shall make payment to WFIC by payment of the amount of the asserted backcharge, change order or other reduction to the escrow account of Duane Morris...*" (Emphasis added).

23. Monadnock has not made any payment to the Duane Morris escrow account.

24. Monadnock simply cannot pursue an arbitration claim without having complied with conditions precedent.

25. Monadnock knew when it filed the arbitration that it was improper to do so. Nonetheless, because of its relationship with the Related Cross-claim Defendants, Monadnock still chose to proceed.

26. Because Related has enormous leverage over contractors in the New York market, it frequently bullies and intimidates them at various points during construction to exact, without the legal right to do so, material economic concessions.

27. In fact, in or about the summer of 2013, Beal and Related threatened to "bury" Glasswall and put it out of business unless it gave in to the outrageous and unlawful demands being made.

28. Now, through manipulation and tortious interference, the Related Cross-claim Defendants and Beal, as part of an ongoing conspiracy with Monadnock to destroy Glasswall, have caused Monadnock to improperly terminate a contract that, as admitted by Monadnock, had already been substantially completed by Glasswall.

29. In furtherance of this conspiracy, Monadnock, acting on the instructions of the Related Cross-claim Defendants and Beal, used its improper declaration of a post-completion "termination" to initiate the bogus arbitration proceeding in New York, knowing that Glasswall cannot appear there to defend itself. Monadnock simply seeks to escape this Court's jurisdiction to determine that there is no valid enforceable arbitration provision between the parties.

## COUNT I
## DECLARATORY RELIEF

Glasswall adopts and realleges each and every allegation contained in paragraphs 1-29 of this Cross-Claim as though more fully set forth herein, and alleges further:

30. Glasswall maintains that Monadnock's claims, albeit baseless, arise under the Amended Agreement.

31. Glasswall further maintains that, by virtue of the execution of the Amended Agreement, there is no basis upon which Monadnock may compel Glasswall to arbitrate.

32. Glasswall has a justiciable question regarding its rights, duties and obligations vis-à-vis the Amended Agreement.

33. Accordingly, an actual controversy exists between the parties hereto.

34. There is a bona fide, actual, present need for the declaration sought.

35. Section 86.111, Fla. Stat., provides for expedited consideration of claims for declaratory relief and, based upon the foregoing, Glasswall respectfully requests such expedited consideration in this matter.

WHEREFORE, Glasswall hereby respectfully requests a declaration by this Honorable Court that:

(a) The Amended Agreement controls the rights, duties and obligations of the parties with respect to dispute resolution;

(b) There is no basis to compel arbitration under the Amended Agreement;

(c) Monadnock's Demand for Arbitration is improper;

(d) Any claims that Monadnock believes it may have arising under the Amended Agreement must be brought within the Florida Lawsuit;

(e) There have been no defaults by Glasswall under the Amended Agreement; and

(f) For such further relief as this Court deems just and proper.

## COUNT II
## TORTIOUS INTERFERENCE (AS TO RELATED AND BEAL)

Glasswall adopts and realleges each and every allegation contained in paragraphs 1-29 of this Cross-Claim as though more fully set forth herein, and alleges further:

36. Glasswall, Monadnock and HPS are parties to the Amended Agreement.

10

CASE NO. 15-06405 CA 20

37. Without a legal right to do so, and as more fully set forth herein, Related and Beal tortiously, intentionally and maliciously interfered with Glasswall's rights under the Amended Agreement, by directing Monadnock to wrongfully, and in bad faith, declare Glasswall in breach of the Amended Agreement, despite Glasswall having substantially completed its obligations.

38. Additionally, without a legal right to do so, and as more fully set forth herein, Related and Beal tortiously, intentionally and maliciously interfered with Glasswall's rights under the Amended Agreement, by directing Monadnock to initiate the bad faith arbitration proceeding in New York.

39. As a direct and proximate result of the wrongful conduct described herein, Glasswall has been damaged in an amount to be proven at trial.

WHEREFORE, Glasswall demands judgment against Related and Beal for compensatory damages, plus costs and interest, and for such further relief as this Court deems just and proper.

## COUNT III
## CIVIL CONSPIRACY (AS TO ALL CROSS-CLAIM DEFENDANTS)

Glasswall adopts and realleges each and every allegation contained in paragraphs 1-29 of this Cross-Claim as though more fully set forth herein, and alleges further:

40. Monadnock and the Related Cross-claim Defendants agreed and conspired to unlawfully, recklessly, and maliciously engage in a campaign to terminate Glasswall and destroy Glasswall's reputation and business.

41. Specifically, in furtherance of the conspiracy, and as specifically detailed herein, Monadnock and the Related Cross-claim Defendants unlawfully, recklessly, and maliciously caused the bad faith termination of Glasswall under the Amended Agreement.

11

CASE NO. 15-06405 CA 20

42. Monadnock and the Related Cross-claim Defendants, as a group, acted in unison, and possessed a power of coercion by virtue of their combination, to destroy Glasswall's business.

43. As a direct and proximate result of the conspiracy amongst Monadnock and the Related Cross-claim Defendants, Glasswall has suffered damages in an amount to be proven at trial.

WHEREFORE, Glasswall demands judgment against Monadnock and the Related Cross-claim Defendants for compensatory damages, plus costs and interest, and for such further relief as this Court deems just and proper.

## COUNT IV

## INJUNCTIVE RELIEF

Glasswall adopts and realleges each and every allegation contained in paragraphs 1-29 of this Cross-Claim as though more fully set forth herein, and alleges further:

44. Monadnock has wrongfully instituted arbitration proceedings against Glasswall in New York.

45. These arbitrahtion proceedings are imminent, and Monadnock wrongfully intends to pursue relief through these proceedings regardless of the pendency of this litigation.

46. Many of the claims raised against Glasswall in Monadnock's demand for arbitration are not arbitrable under the arbitration provision with the parties' original contract or under the arbitration provision within the parties' subsequent agreement to amend those original contracts.

CASE NO. 15-06405 CA 20

47. The claims raised within Monadnock's demand for arbitration that are not arbitrable should not be allowed to proceed to arbitration and should, instead, be litigated in a court of competent jurisdiction.

48. If Glasswall fails to take part in the pending New York arbitration proceedings it will result in a default judgment against Glasswall.

49. If Glasswall participates in the New York arbitration proceedings, Glasswall will have effectively waived its right, under New York law, to challenge the arbitration and seek judicial relief.

WHEREFORE, Glasswall hereby respectfully requests that this Court enter an order staying the pending New York arbitration proceedings until this Court determines whether the claims raised by Monadnock in its demand for arbitration are subject to arbitration, and until this Court can hold an evidentiary hearing on the propriety of such a stay, enter an order temporarily staying the pending New York arbitration proceedings.

Respectfully submitted,

/s/ John G. Crabtree
Florida Bar No. 886270
George R. Baise Jr.
Florida Bar. No. 0111805
Brian C. Tackenberg
Florida Bar No. 0107224
Crabtree & Associates, P.A.
240 Crandon Boulevard, Suite 234
Key Biscayne, Florida 33149
Telephone (305) 361-3770
jcrabtree@crabtreelaw.com
gbaise@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com

CASE NO. 15-06405 CA 20

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer, Affirmative Defenses and Crossclaims was filed via the Florida E-Portal filing system this 8th day of May, 2015, and thereafter emailed to: ***Joel Magolnick, Esq.***, Marko Magolnick, P.A., 3001 S.W. 3rd Ave., Miami, FL 33129 (Magolnick@mm-pa.com); faxed to ***Monadnock Construction, Inc.***, Attn: Emma Lopez, 155 Third Street, Brooklyn, NY 11231 (718-802-1109); mailed to ***Westchester Fire Insurance Company***, 436 Walnut Street, Philadelphia, PA 19106; mailed to ***The Related Companies, Inc.***, C/O Steven Ross, 60 Columbus Circle, New York, NY, 10023; mailed to ***Bruce Beal***, 60 Columbus Circle, New York, NY, 10023; mailed to ***HPS 50th Avenue Associates LLC***, C/O Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 *and* C/O The Related Companies, LP, 60 Columbus Circle, New York, NY 10023; and mailed to ***HPS Borden Avenue Associates, LLC***, C/O Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 *and* C/O The Related Companies, LP, 60 Columbus Circle, New York, NY 10023.

By: /s/ John G. Crabtree
John G. Crabtree