

**Howard Kleinhendler**
Partner

212 909-9522 DIRECT TEL
212 909-9417 DIRECT FAX

hkleinhendler@wmllp.com

WACHTEL MISSRY

NEW YORK · LOS ANGELES · FLORENCE

WWW.WACHTELMISSRY.COM

885 SECOND AVENUE
NEW YORK, NY 10017

TEL 212 909-9500
FAX 212 371-0320

December 4, 2017

<u>**Via ECF**</u>

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

Re:  Monadnock Construction, Inc. v. Westchester Fire Ins. Co., et al.
   <u>16-cv-00420 (JBW)(VMS)</u>

Dear Judge Scanlon:

We respond on behalf of Monadnock Construction Inc. to third-party defendant Glasswall, LLC's ("Glasswall") letter of November 27, 2017, seeking a stay of discovery pending resolution of its motion to dismiss.  Glasswall's application should be denied.

This action is now a collections case against Glasswall.  On November 22, 2017, Judge Weinstein signed a stipulation, submitted on consent, to confirm Monadnock's arbitration award of $1.5 million (the "Award") [Docket #77].  Although Glasswall admits that it owes this amount, it refuses to pay.  Instead, it has dedicated its efforts to needless and extensive motion practice here and in Florida[1] to avoid paying the Award.  It is in this context that Monadnock has asserted fraudulent conveyance claims to reach Glasswall's assets, currently in the wrongful custody of its principal, Ugo Columbo, a man of substantial means.  Incidentally, Glasswall's attempt to frustrate this attempt by trying to reassert frivolous claims against Monadnock in Florida has been thwarted.  The Florida court has stayed all further action in that case, pending resolution of this action.  (<u>See</u> Order, attached.)

---

[1] The indemnitors of the bonds, Sara Jayne Kennedy Colombo and Ugo Colombo, commenced a flurry of actions (Case Nos. 2015-006405-CA-01; 2014-2090-CA-01; 2014-5447-CA-01) in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida asserting numerous causes of action against, among others, Monadnock and WFIC.

"Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the court are purely questions of law that are potentially dispositive." Hachette Dist., Inc. v. Hudson News Co., Inc. 136 F.R.D. 356, 358 (EDNY 1991). Here, the fraudulent conveyance claims are fact intensive as they require inquiry into Glasswall's sale of its assets to Tecnoglass, Inc. in 2015 and the disposition of those assets, including any transfers to Mr. Columbo. Indeed, the fraudulent conveyance claims do not cast any new liability onto Glasswall, which is merely a nominal party for the claims against Columbo.

Glasswall's letter asserts three arguments, all of which are unavailing. First, Glasswall wrongly contends that Monadnock's fraudulent conveyance claims do not arise out of the same transaction or occurrence as the bond claims it asserts against WFIC, and thus are improper under FRCP 14. Monadnock's pleading against WFIC centers on Glasswall's breach of the construction subcontracts which WFIC insured. The core of WFIC's liability derives from the Award; Monadnock seeks to collect that Award from Glasswall, whose assets are wrongfully held by its owner, Colombo, who, along with Ms. Kennedy Colombo, is an indemnitor of WFIC. Separately, Glasswall conceded the relatedness of the arbitration claims and bond claims by stipulating to the confirmation of the Award in the instant proceeding. Monadnock's instant collection action necessarily arises from the same transactions or occurrences that gave rise to the confirmation proceeding. The cases are clearly "an outgrowth of the same aggregate or core of facts which is determinative of plaintiff's claim." Revere Copper And Brass Inc. v. Aetna Casualty And Surety Co., 426 F.2d 709, 713 (5th Cir. 1970) (holding that claims against indemnitor on construction performance bond properly included in third-party Rule 14 action).

Second, Glasswall erroneously contends that Monadnock's enforcement action against Glasswall is subject to arbitration. However, "judgment enforcement claims [are] not subject to arbitration." JSC Foreign Economic Assoc. Technostroyexport, v. Int'l Dev. And Trade Services, Inc., 295 F.Supp.2d 366, 387 (SDNY 2003). Additionally, Ugo Columbo is not a party to any arbitration agreement with Monadnock. Therefore, Glasswall's argument that the fraudulent conveyance claims are subject to arbitration is wrong.

Finally, Glasswall incorrectly argues that Monadnock's fraudulent conveyance claims against Columbo were subsumed in the arbitration. Columbo was not a party to the arbitration, and the issues of Glasswall's creditworthiness and discovery of its assets were not submitted to the arbitration panel for determination. As explained above, the fraudulent conveyance claims spring from the issuance of the Award, and therefore are collection efforts not subject to arbitration, or part of the prior arbitration proceeding before the AAA.

Accordingly, Glasswall's application for a stay of discovery should be denied.  Any dispute regarding the scope of discovery should be handled in the normal course pursuant the Federal Rules of Civil Procedure and this Court's Local Rules.

Respectfully submitted,

Howard Kleinhendler

Enclosure
cc:  All Counsel (via ECF)