UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MONADNOCK CONSTRUCTION, INC.,                Case No.: 16 CIV. 00420 (JBW)
                                             ECF Case
                    Plaintiff

        -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                         Defendant.      X

WESTCHESTER FIRE INSURANCE
COMPANY,

                    Third-Party Plaintiff

        -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

                    Third-Party Defendants.   X


**WESTCHESTER FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION TO DISMISS OF THIRD-PARTY DEFENDANTS
UGO COLOMBO AND SARA JAYNE KENNEDY COLOMBO**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

COUNTERSTATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 2

LEGAL ARGUMENT ........................................................................................... 3

    1.    Assumption of Jurisdiction Over a Res ................................................. 5

    2.    Inconvenience of the Forum ............................................................. 5

    3.    Avoidance of Piecemeal Litigation ...................................................... 6

    4.    Order in Which the Actions Were Filed ................................................ 7

    5.    The Law That Provides the Rule of Decision ......................................... 8

    6.    Protection of the Federal Plaintiff's Rights ........................................... 8

CONCLUSION .................................................................................................. 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*,
   800 F.2d 325 (2d Cir. 1986)..................................................................................7, 8

*Colorado River Water Conservation Dist. v. U.S.*,
   424 U.S. 800, 96 S.Ct. 1236 (1976)......................................................................1, 3, 5

*De Cisneros v. Younger*,
   871 F.2d 305 (2d Cir. 1989)...................................................................................5, 7

*F.D.I.C. v. Four Star Holding Co.*,
   178 F.3d 97 (2d Cir. 1999).....................................................................................4

*Kshel Realty Corp. v. City of New York*,
   2003 U.S. Dist. LEXIS 8357 (S.D.N.Y. May 15, 2003)........................................7

*Millenium Drilling Co. v. Prochaska*,
   2014 U.S. Dist. LEXIS 164750 (S.D.N.Y. Nov. 18, 2014).................................5

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)...................................................................................................4, 7

*Orix Credit Alliance v. Bell Realty*,
   1994 U.S. Dist. LEXIS 2987 (S.D.N.Y. Mar. 14, 1994) ...................................4, 6

*Telesco v. Telesco Fuel and Masons' Materials, Inc.*,
   765 F.2d 356 (2d Cir. 1985)...................................................................................4

*Village of Westfield v. Welch's*,
   170 F. 3d 116 (2d Cir. 1999)..................................................................................8

*Woodford v. Community Action Agency of Greene County, Inc.*,
   239 F.3d 517 (2d Cir. 2001)...................................................................................4, 5

## PRELIMINARY STATEMENT

Third-Party Defendants Ugo Colombo and Sara Jayne Kennedy Colombo (the "Colombos") executed the Indemnity Agreement in which they agreed to defend and indemnify Defendant / Third-Party Plaintiff Westchester Fire Insurance Company ("Westchester"), for all liability and expense it might incur arising from Westchester's execution of the surety bonds on which Plaintiff Monadnock Construction, Inc. ("Monadnock") now sues Westchester.  The bonds assured payment and performance of contracts for Third-Party Defendant Glasswall, LLC ("Glasswall") to provide curtainwall units for buildings constructed by Monadnock in New York City.  In paragraph 10 of the Indemnity Agreement, the Colombos agreed that New York would be the exclusive forum for litigation arising from the Indemnity Agreement, that New York law would apply, and that they consented to personal jurisdiction and venue in any court within the State of New York.[1]

The Colombos now move to dismiss Westchester's complaint arguing that this Court should abstain from proceeding further under the *Colorado River* abstention doctrine based on the existence of three consolidated Florida lawsuits asserting claims against individuals and entities not parties to this case, which lawsuits have been stayed by the Florida court, pending decisions in this case and in the related New York arbitration.  In doing so, the Colombos argue that this Court should invoke "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976) *quoting County of Allegheny v. Frank Mashuda*

---

[1] *See* Indemnity Agreement, annexed as Exhibit A to the Declaration of Robert McL Boote ("Boote Decl."), Doc. 58-1, at ¶ 10:

> It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined in accordance with the laws of the State of New York.  INDEMNITOR agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein."

*Co.,* 360 U.S. 185, 188-89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). The Supreme Court established six factors to be considered to determine whether such exceptional circumstances exist as to justify a federal court's abstention from the exercise of its jurisdiction. As described below, no exceptional circumstances exist that could justify abrogating the Colombos' agreement that litigation with Westchester must occur in New York. In fact, the circumstances here are remarkably unexceptional because in the Colombos' Florida lawsuits, the Florida court has been fully aware of the New York litigation, having stayed the Florida suits pending the New York arbitration and, thereafter, stating its intent to determine what portions of the Florida suits may proceed based on the results of the New York arbitration and the proceedings before this Court.

## COUNTERSTATEMENT OF FACTS AND PROCEDURAL HISTORY

The Court's May 17, 2016 Order outlines the basic facts of the Monadnock – Glasswall dispute and Monadnock's claims against Westchester. The focus of the Colombos' motion is the following three consolidated Florida suits they filed. These are as follows:

1. Sara Jane Kennedy Colombo filed the first Florida lawsuit on March 11, 2014 against Glasswall, Westchester, Monadnock, HPS 50th Avenue Associates, LLC and HPS Borden Avenue Associates, LLC. This action was stayed on May 13, 2014 pursuant to the Agreed Order Entered Pursuant to Joint Stipulation of all Parties for Stay of Case, annexed to the Declaration of Robert McL Boote in Support of Westchester's Opposition to the Motion to Dismiss ("Boote Decl.") as Exhibits "A" and "B".

2. Ugo Colombo filed the second Florida lawsuit on February 28, 2014 against the Related Companies, Inc., Bruce Beal, Jr., Glasswall, Westchester, Monadnock, HPS 50th Avenue Associates, LLC and HPS Borden Avenue Associates, LLC. This action was first stayed on June 6, 2014 pursuant to the Agreed Order Entered Pursuant to Joint Stipulation of all Parties for Stay of Case, annexed to the Boote Decl. as Exhibits "C" and "D".

3. Sara Jayne Kennedy Colombo filed the third Florida lawsuit on March 18, 2015 against Monadnock, Glasswall, Westchester, HPS 50th Avenue Associates, LLC, HPS Borden Avenue Associates, LLC, Bruce Beal, Jr., and The Related Companies, Inc. This case was stayed by the Order Granting Defendants/Cross-Defendants Motion to Stay Cases Pending Conclusion of the New York Arbitration. A copy of the Order is annexed to the Boote Decl. as Exhibit "E".

Westchester filed motions to dismiss based on the mandatory forum selection provision in the Indemnity Agreement in each of the three Florida actions. The stay was briefly lifted, and the Colombos obtained an extension of time to respond to Westchester's motions. The stay was then reimposed pending the New York arbitration, and the Florida plaintiffs have not yet responded to Westchester's motions to dismiss.

In November 2017, the Judge in the consolidated Florida lawsuits denied a request to lift the stay. *See* Order Denying Request to Lift Stay, annexed to Boote Decl. as Exhibit "F". Most recently, after a hearing on the remaining issues in both the Florida and New York litigations, the Judge left the stay order in place and ordered another hearing on the issue of the stay in 90 days. *See* Copy of December 19, 2017 hearing transcript and Order on Request for Special Set Status Conference, annexed to the Boote Decl. as Exhibits "G" and "H", respectively.

## LEGAL ARGUMENT

### THE *COLORADO RIVER* DOCTRINE WEIGHS STRONGLY AGAINST ABSTENTION

The Colombos agree that the initial requirement for application of the *Colorado River* doctrine to justify federal court abstention is whether the federal and state court proceedings are parallel. Obviously, this case and the Florida cases are not parallel. The Colombos have sued entities and individuals who are not parties to the case before this Court. The gravamen of their suits are claims of tortious interference by these other defendants and not whether the Colombos

3

must indemnify Westchester.  The most recent description of the Florida lawsuits is contained in presentations by the parties in the transcript of the hearing before Judge Thornton of the Florida 11th Circuit Court, which is annexed as Exhibit "G" to the Boote Decl.  Plainly, the Florida lawsuits are not parallel to the suit before this Court.  The Colombos, of course, argue that the cases are parallel and that they fulfill five of the six factors held by the Supreme Court to establish the "exceptional circumstances" justifying abstention.  *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 817, 819).

The Supreme Court held that the following six factors must be considered in evaluating discretionary abstention: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir. 1999) (internal citations and quotations omitted).  The court's determination "does not rest on a mechanical checklist, but on a careful balancing of [these] important factors as they apply in a given case, with the balance *heavily weighted in favor of the exercise of jurisdiction.*" *Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (internal citations and quotations omitted) (emphasis added).  Additionally, "[e]ven where one or more of the factors supports abstention, abstention is only permissible where, on the whole, the facts reveal an extraordinary situation in which state court is by far the most appropriate forum for the litigation." *Orix Credit Alliance v. Bell Realty*, 1994 U.S. Dist. LEXIS 2987 at *7-8 (S.D.N.Y. Mar. 14, 1994).  Further, since the balance is heavily weighted in favor of the exercise of jurisdiction, the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.  *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

As described below, the Colombos' motion addresses each factor of the *Colorado River* abstention doctrine in a most conclusory fashion, failing to explain what is exceptional or extraordinary.

1.   **Assumption of Jurisdiction Over a Res**

The Colombos concede that the first factor, *i.e.* assumption of jurisdiction over a res, does not exist here. *See* Doc. 82, pg. 4. There is no *res* or property involved in the litigation between the parties. Accordingly, the first factor weighs in favor of this Court retaining jurisdiction. *Woodford*, 239 F.3d at 522 ("For example, with respect to the first … factor, the absence of a res points toward exercise of federal jurisdiction."); *see also De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989) ("[T]he absence of jurisdiction over a *res* . . . [points] toward exercise of federal jurisdiction").

2.   **Inconvenience of the Forum**

The Colombos argue that the second factor, *i.e.* inconvenience of the forum, weighs in favor of abstention because Florida is a more convenient forum for the Colombos who are Florida citizens and distant from this New York Court. *See* Doc. 82, pg. 5 (citing *First Keystone Consultants, Inc. v. Schlesinger Electrical Contractors, Inc.*, 862 F. Supp. 2d 170, 187 (E.D.N.Y. 2012)). The Colombos entirely ignore the convenience of the other parties who are in or near New York City, and, similarly, ignore that the defendants in their Florida lawsuits are in New York or nearby.

More remarkably, the Colombos make this argument despite having agreed that the Courts of New York shall be the exclusive forum for litigation with Westchester. Under New York law, "consent to venue in a forum selection clause waives one's right to consider the inconvenience of litigating in the designated forum. And to the extent this factor figures into the calculus, it weighs against abstention." *Millenium Drilling Co. v. Prochaska*, 2014 U.S. Dist.

LEXIS 164750 at * 8-9 (S.D.N.Y. Nov. 18, 2014) (citations omitted); *see also Orix Credit Alliance v. Bell Realty*, 1994 U.S. Dist. LEXIS 2987 at *7-8 (S.D.N.Y. Mar. 14, 1994) ("By virtue of their assent to the forum selection clauses designating New York as the exclusive forum for litigation, defendants have waived any right to have the court consider the inconvenience of them litigating here").

Accordingly, by the Colombos' agreement, this Court is a convenient forum. Further, as a matter of pragmatic fact, the Colombos are undeniably wealthy businesspersons, who do not articulate any reason why traveling to New York would be inconvenient.

### 3. Avoidance of Piecemeal Litigation

The Colombos primarily argue that the third factor, *i.e.* the avoidance of piecemeal litigation, weighs heavily in favor of abstention since they contend that this action and the consolidated Florida lawsuits both seek declaratory judgments concerning the rights and obligations of the parties under the Indemnity Agreement and the Bonds. As noted above, however, the Florida court has followed the litigation in New York and has issued stays of the Florida cases pending the outcome of proceedings in New York. At present, the Florida court ordered the stay of the Florida cases to continue in effect, subject to a hearing on the continuation of the stay in ninety days. By holding hearings addressing the status of the New York litigation and entering various stay orders to allow the New York arbitration to be concluded and the effect of the decisions by this Court to be considered, the Florida court has shown that it is fully cognizant of the impact of the proceedings in New York on the Florida lawsuits that may render moot the proceedings in Florida, or at the least allow the Florida court to avoid decisions inconsistent with the decisions of this Court. Accordingly avoidance of piecemeal litigation is of no concern in these circumstances.

4.     **Order in Which the Actions Were Filed**

The Colombos assert that the fourth factor, *i.e.* the order in which the actions were filed, favors abstention because the Florida actions were commenced more than three years before this action. However, the Court's inquiry as to the fourth factor "is not so simplistic" to merely consider which action was filed first; "the relative progress of the federal and state proceedings must be carefully examined." *De Cisneros*, 871 F. 2d at 308; *see also Cone*, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions").

For example, in *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, the state court litigation at issue consisted mainly of the filing of the complaint and no formal discovery, whereas in the federal action at issue, which was filed second, the defendants had filed an answer, counter claim, cross claim, and served interrogatories and received responses. 800 F.2d 325, 328 (2d Cir. 1986). There, the United States Court of Appeals for the Second Circuit held that "[g]iven the 'relative progress' of the federal action, the order in which jurisdiction was obtained is not a ground for dismissal." *Id.*; *see also Kshel Realty Corp. v. City of New York*, 2003 U.S. Dist. LEXIS 8357 at *18 (S.D.N.Y. May 15, 2003) (denying abstention where "even though the state court actions were filed in advance of the federal action, there has not been such significant progress in those cases to persuade the Court that abstention is necessary").

Here, although the Florida actions were filed first, no substantive rulings have been made in that case, no discovery requests have been responded to, no depositions have been taken, and the only rulings made relate to the stay and to the New York arbitration. By contrast, the parties in this case have filed pleadings, commenced the discovery process, and filed substantive and dispositive motions. Accordingly, since the now-consolidated Florida cases have been stayed in deference to this proceeding, and no substantive progress has been made in those cases, the fact those cases were filed first has no significance favoring abstention.

5.      __The Law That Provides the Rule of Decision__

The Colombos argue that because there is no federal issue involved in Westchester's

third-party complaint, this fifth factor, *i.e.* the law that provides the rule of decision, favors

abstention.  However, "the fact that federal substantive law does not govern this case is of little

weight."  *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir.

1986).  Additionally, "only 'in some rare circumstances [may] the presence of state law issues . .

. weigh in favor of . . . surrender' of federal jurisdiction," such as when the case presents a novel

issue of state law.  *Id.* at 328 (quoting *Giardina v. Fontana*, 733 F. 2d at 1053 (2d Cir. 1984)).

This Court is well-equipped to handle this dispute, which does not involve any novel issues of

state law that would justify a finding of exceptional circumstances.  Accordingly, this factor is

not a basis for abstention in this case.

6.      __Protection of the Federal Plaintiff's Rights__

For the purposes of the Colombos' motion, Westchester, as well as Monadnock, is a

plaintiff.  Westchester contracted for litigation with the Colombos to take place in New York and

to be governed by New York law.  Westchester's right to pursue indemnification from the

Colombos would be seriously impaired if Westchester is forced to be drawn into the Florida

lawsuits, that have essentially gone nowhere to date and that involve parties and issues foreign to

the case before this Court.

The additional delay and complexity that would be caused by abstention in this case

weighs strongly against abstention.  *See Village of Westfield v. Welch's,* 170 F. 3d 116, 124 (2d

Cir. 1999).

## CONCLUSION

In summary, the Colombos' motion bespeaks only their desire not to litigate promptly in

this Court, as they agreed in the Indemnity Agreement.  The Colombos have provided no

sensible basis for abstention in favor of litigation of Westchester's claims in three consolidated

Florida cases involving parties and claims that are foreign to the case before this Court.  For the reasons set forth above, Defendant/Third-Party Plaintiff Westchester respectfully requests that the Colombos' motion to dismiss be denied, and for such further relief as this court deems just and proper.

Dated:  New York, New York
        January 9, 2018

COZEN O'CONNOR

By:    /s/ Alexander Selarnick              
           John J. Sullivan
           Alexander Selarnick
           45 Broadway Atrium, Suite 1600
           New York, NY 10006
           P: 212-453-3729
           F: 646-461-2073
           JSullivan@cozen.com
           ASelarnick@cozen.com

           Robert McL. Boote*
           *Admitted Pro Hac Vice
           Suite 400, 200 Four Falls Corporate Center
           P.O. Box 800
           West Conshohocken, PA 19428
           P: 215-665-4630
           F: 215-701-2424
           RBoote@cozen.com

           *Attorneys for Defendant*
           *Westchester Fire Insurance Company*

9