# Exhibit I

Glasswall, LLC<br>
701 Brickell Ave Suite 2410<br>
Miami, FL 33131

March 17, 2015

**BY OVERNIGHT DELIVERY**
Mr. Greg Bauso
Monadnock Construction Inc.
155 3rd Street
Brooklyn, NY 11231

Re: <i>Notice of Default dated March 4, 2015</i>

Dear Mr. Bauso:

Glasswall is in receipt of Monadnock's purported Notice of Default.

Glasswall has been and remains ready, willing and able to perform its obligations under the subcontracts and is continuing to address the remaining open items and punchlist. For example, we recently shipped several truckloads of materials – aluminum, glass and other items – to the job site. By agreement, we at this moment await your instruction to coordinate the installation of 37 panels of "missing" glass with Monadnock's construction schedule.

Regarding your reference to warranties, as you and I have discussed, these warranties cannot be delivered from either Glasswall or its suppliers until the date of substantial completion for the building is determined and provided to Glasswall. Is it your position that the Notice of Default constitutes the "date of substantial completion" and shall we use that date as the warranty trigger? In addition, consistent with the prior agreements, final payment was made by the Contractor in recognition of the fact that Glasswall's "work was fully performed in accordance with the requirements of the Subcontract Documents."

Neither Glasswall nor WFIC/Ace (or its consultants) have ever been provided any backup or details of any claims or purported "backcharges" and no funds were escrowed pursuant to the Agreement.

Please withdraw your improper and baseless Notice of Termination/Default so that all legitimate punchlist items and warranties can be delivered at minimal cost to the parties.

Sincerely,

*[signature]*

John Anderson
President