UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420
                                (JBW)(VMS)
                                ECF Case

        Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.

------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

------------------------------------------------------------X

**REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF THIRD-PARTY DEFENDANTS'
<u>MOTION TO DISMISS</u>**

<u>PRELIMINARY STATEMENT</u>

    This memorandum is submitted by third-party defendants Ugo Colombo and Sara Jayne Kennedy Colombo in reply to the memorandum submitted by third-party plaintiff

Westchester Fire Insurance Company ("Westchester") in opposition to their motion to dismiss the third-party complaint under the *Colorado River* abstention doctrine.

### POINT I

### THE *COLORADO RIVER* FACTORS WEIGH IN FAVOR OF ABSTENTION

Westchester acknowledges that a review of the six *Colorado River* factors is necessary in order to determine this motion. As explained below it is clear that these factors favor abstention.

**(i)     Assumption of Jurisdiction Over a *Res***

There is no *res* at issue in the third-party complaint. Accordingly, as this Court held in *First Keystone Consultants, Inc.* v. *Schlesinger Electrical Contractors, Inc*., 862 F.Supp.2d 170, 195 (E.D.N.Y. 2012), the absence of a *res* weighs in favor of abstention:

> Four of the six *Colorado River* factors weigh in favor of abstention: the court has not asserted jurisdiction over a *res*....

**(ii)    Inconvenience of the Forum**

As alleged in the third-party complaint, Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania (¶3) and third-party defendants are residents of Florida (¶¶5 and 6). As inconvenience "refers to the geographic location of the respective courthouses," (*First Keystone*, *supra*, 862 F.Supp.2d at 187) this factor

favors abstention since Florida is certainly more convenient to the third-party defendants and Westchester is not located in New York.

**(iii)    Avoidance of Piecemeal Litigation**

This is "the most important factor" to consider under *Colorado River*. *Moses H. Cone Mem. Hosp.* v. *Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). *See also*; *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2nd Cir. 1985) labeling this factor as "the paramount consideration."

As this Court noted in *Keystone Consultants, supra*, 862 F.Supp.2d at 189, a race between a State and Federal Court to resolve the same issue should be avoided:

> As the Second Circuit has noted, "[t]he existence of such concurrent proceedings creates the serious potential for spawning an unseemly race to see which forum can resolve the same issues first [which would be] prejudicial, to say the least, to the possibility of reasoned decision-making by either forum." *Arkwright–Boston,* 762 F.2d at 211 (quoting *Ariz. v. San Carlos Apache Tribe of Ariz.,* 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983)). Furthermore, where, as here, the "linchpin" of the federal action is the same issue at the core of the state action, there is a "strong likelihood of needless duplication of the state proceeding." *Inn Chu Trading Co. Ltd. v. Sara Lee Corp.,* 810 F.Supp. 501, 508 (S.D.N.Y.1992).

As held in *DeCisneros v. Younger*, 871 F.2d 305, 308 (2nd Cir. 1983), where, as here, the issues in the State and Federal Court actions are the same (a declaratory judgment

concerning rights under an indemnity agreement), abstention is warranted to avoid a grave risk of inconsistent determinations:

> Because the state and federal issues are "inextricably linked," the risk of such adjudication is real in this case and the district court properly abstained from allowing litigation to proceed in installments. *See General Reinsurance Corp. v. CIBA–GEIGY Corp.,* 853 F.2d 78, 81 (2d Cir.1988). The central problem with piecemeal adjudication in this case, as the district court noted, is that a potential exists for "inconsistent and mutually contradictory determinations."

As noted in *Lumberman's Mutual Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2nd Cir. 1986), the potential for contradictory determinations would "cause friction between State and Federal Courts."  Therefore this factor, the avoidance of duplicative simultaneous litigation, weighs in favor of abstention.  *See, Arkwright-Boston, supra*, 762 F.2nd at 211.

**(iv)   Order in Which the Actions Were Filed**

It is undisputed that the third-party defendants filed their actions in Florida years before Westchester commenced this action in Federal Court.  Therefore, this factor favors abstention.

**(v)   Applicable Law**

Westchester does not dispute the fact that there are no causes of action arising under Federal law.  Therefore, this factor also favors abstention.

**(vi)   Protection of Westchester's Rights**

4

Westchester has not articulated any reason why the Florida litigation would not be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone, supra*, 460 U.S. at 28. Nor has Westchester "asserted any reason why a [Florida] court would be inadequate to protect its rights." *Milennium Drilling Co., Inc. v. Prochaska*, 2014 WL 6491531 (S.D.N.Y.) at *5. Accordingly, this factor favors abstention.

## **CONCLUSION**

A balancing of the six *Colorado River* factors favors abstention and the Court should grant the third-party defendants' motion to dismiss.

DATED: MIAMI, FLORIDA
       JANUARY 31, 2018

                              Respectfully submitted,

                              MARKO & MAGOLNICK, P.A.

                              By: /s/Joel S. Magolnick
                              Joel S. Magolnick, Esq.
                              (admitted *pro hac vice)*
                              Attorneys for Third-Party Defendants
                              Ugo Colombo and Sara Jayne Kennedy Colombo
                              3001 S.W. 3rd Avenue
                              Miami, Florida 33129
                              Telephone: 305-285-2000
                              Telefax: 305-285-5555
                              E-mail: magolnick@mm-pa.com

TO:     WACHTEL MISSRY LLP
        Attorneys for Monadnock Construction, Inc.
        885 Second Avenue
        New York, New York 10017
        Telephone: (212) 909-9500
        Telefax:    (212) 371-0320

        COZEN & O'CONNOR
        Attorneys for Westchester Fire Insurance Company
        277 Park Avenue
        New York, New York 10172
        Telephone: (212) 883-4900
        Telefax:    (212) 986-0604

        CINQUE & CINQUE, P. C.
        Attorneys for Third-Party Defendant
        Glasswall, LLC
        845 Third Avenue, Suite 1400
        New York, New York 10022
        Telephone: (212) 759-5515
        Telefax: (212) 759-7737