UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,                    Case No.: 16 CIV. 00420
                                                  (JBW)(VMS)
                                                  ECF Case

            Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE
COMPANY,
            Defendant.

---------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

            Third-Party Plaintiff,

   -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

            Third-Party Defendants.

---------------------------------------------------------X

**MEMORANDUM OF POINTS AND AUTHORITIES
OF THIRD-PARTY DEFENDANT UGO COLOMBO
IN SUPPORT OF MOTION TO DISMISS
<u>AMENDED COMPLAINT</u>**

**<u>PRELIMINARY STATEMENT</u>**

      This memorandum is submitted by third-party defendant Ugo Colombo in support of his motion to dismiss the amended complaint of plaintiff Monadnock Construction, Inc. ("Monadnock"), upon the ground that the claims asserted against third-party defendant do not arise out of the same transaction or occurrence that is the subject matter

of Monadnock's claim against the third-party plaintiff Westchester Fire Insurance Company ("WFIC").

## STATEMENT OF RELEVANT FACTS

Plaintiff Monadnock initially filed its complaint solely against WFIC, asserting two claims for relief arising under performance bonds issued by WFIC in favor of Monadnock. After WFIC impleaded third-party defendants Monadnock amended its complaint and added direct claims against the third-party defendants. Specifically, as relating to third-party defendant Ugo Colombo, Monadnock asserted claims under the New York Debtor & Creditor Law, arising out of allegations that "on or about January 13, 2015, Glasswall liquidated and sold all of its assets to Technoglass, thereby leaving Glasswall insolvent" (Amended Complaint, Ex. A to the accompanying Magolnick Declaration, ¶ 88), and that "Glasswall transferred the proceeds of the sale to Ugo Colombo" (¶ 90).

As explained below, it is third-party defendant's contention that the claims asserted against him do not arise out of the same transaction or occurrence as Monadnock's claims against WFIC, so that the amended complaint against him should be dismissed.

## THE CLAIMS AGAINST THIRD-PARTY DEFENDANT ARE IMPROPERLY ASSERTED UNDER RULE 14(a)(3)

Under Federal Rule of Civil Procedure 14(a)(3), a plaintiff may only assert claims against a third-party defendant if those claims arise out of the same transaction or occurrence as plaintiff's claim against the defendant and third-party plaintiff:

> The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

Monadnock's claims against third-party defendant arise out of an allegedly fraudulent conveyance of proceeds of a sale of the assets of Glasswall, LLC on January 13, 2015 to third-party defendant. Monadnock's claims against defendant and third-party plaintiff WFIC arise out of WFIC's alleged breach of two performance bonds issued by WFIC in favor of Monadnock.

The issue of whether claims arise from the same transaction or occurrence is frequently addressed under principles of *res judicata*, when the determination must be made whether a claim raised in a second action is the same as litigated in a prior action. The Second Circuit has held that there are several factors which should be considered in making this determination. In N.L.R.B. v. United Technologies Corp., 706 F.2d 1265, 1259-60 (2nd Cir. 1983), the Court stated:

> But the circumstance that several operative facts may be common to successive actions between the same parties does not mean that the claim asserted in the second is the same claim that was litigated in the first, and that litigation of the second is therefore precluded by the judgment in the first. Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first (citations omitted).

In Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90-91 (2nd Cir. 1997), the Second Circuit ruled:

> To ascertain whether two actions spring from the same "transaction" or "claim," we look to whether the underlying facts are "related in

3

time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(b); *see also Apparel Art Int'l*, 48 F.3d at 584.

We recently discussed these principles as applied to lawsuits that involve parallel but distinct transactions: With respect to the determination of whether a second suit is barred by *res judicata*, the fact that both suits involved essentially the same course of wrongful conduct is not decisive; nor is it dispositive that the two proceedings involved the same parties, similar or overlapping facts, and similar legal issues. A first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is <u>where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first</u> (emphasis added).

A review of the relevant factors clearly leads to the conclusion that the claims asserted by Monadnock against WFIC and those asserted against third-party defendant do not arise out of the same transaction or occurrence. First, different transactions are at issue: breach of performance bonds in the claims against WFIC, and an alleged fraudulent conveyance of assets against third-party defendant. Second, different evidence is needed to support the claims: for the claims against WFIC Monadnock will have to introduce evidence of the performance bonds and WFIC's alleged breach, while for the claims against third-party defendant Monadnock will have to establish that the alleged conveyance of the proceeds of the sale of Glasswall's assets in 2015 from Glasswall to Mr. Colombo was fraudulent. Third, the facts underlying the two claims are not only not essential to each other, but in fact are totally disparate: the allegedly fraudulent conveyance to third-party defendant has no impact whatsoever upon the bond claims and vice versa. Fourth, the facts underlying the separate claims are totally unrelated and do not form a "convenient trial unit."

4

As noted in United Mine Workers of America v. Gibbs, 86 S.Ct. 1130, 1138, 383 U.S. 715, 725 (1966), claims are deemed to be one "case" for purposes of pendent jurisdiction if they "derive from a common nucleus of operative fact."  Here, facts underlying claims against WFIC and the third-party defendant are totally disparate and are not part of the same "nucleus."

## CONCLUSION

For the reasons specified above, it is respectfully requested that the motion by third-party defendant Ugo Colombo to dismiss the amended complaint against him be in all respects granted.

DATED:   MARCH 2, 2018

> Respectfully submitted,
>
> MARKO & MAGOLNICK, P.A.
>
> By: /s/ Joel S. Magolnick
>     Joel S. Magolnick, Esq.
> Attorneys for Third-Party Defendant
> Ugo Colombo
> 3001 S.W. 3rd Avenue
> Miami, Florida 33129
> Telephone:  305-285-2000
> Telefax: 305-285-5555
> E-mail: magolnick@mm-pa.com

TO:  WACHTEL MISSRY LLP
Attorneys for Monadnock Construction, Inc.
885 Second Avenue
New York, New York 10017
Telephone: (212) 909-9500
Telefax:    (212) 371-0320

COZEN & O'CONNOR
Attorneys for Westchester Fire Insurance Company
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Telefax:    (212) 986-0604

CINQUE & CINQUE, P. C. Attorneys for
Third-Party Defendant Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737