UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420
                                (JBW)(VMS)
                                ECF Case

        Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE
COMPANY,
        Defendant.

---------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

   -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

---------------------------------------------------------X

## DECLARATION OF JOEL S. MAGOLNICK IN
## SUPPORT OF MOTION TO DISMISS
## <u>AMENDED COMPLAINT</u>

     JOEL S. MAGOLNICK declares under penalty of perjury pursuant to 28 U.S.C.

§1746:

     1.  I am a member of Marko & Magolnick, P.A. and have been admitted *pro hac*

*vice* as counsel for third-party defendants Ugo Colombo and Sara Jayne Kennedy

Colombo.  I have knowledge of the facts set forth herein and submit this declaration in

support of the motion by third-party defendant Ugo Colombo to dismiss Monadnock

Construction, Inc.'s ("Monadnock") amended complaint upon the ground that the claims asserted against him do not arise out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff.

2.  Annexed hereto as Exhibit A is a copy of the amended complaint of Monadnock filed October 3, 2017. Monadnock asserts two claims for relief against defendant and third-party plaintiff Westchester Fire Insurance Company ("WFIC"): the first claim for relief alleges that WFIC "breached its obligations under the Bonds"[1] (¶ 78) by denying plaintiff's demand under the Bonds; and the second claim for relief alleges that "WFIC's denial of Monadnock's claims was in bad faith" (¶ 83). Clearly, these two claims arise out of performance bonds issued by WFIC in favor of Monadnock.

3.  Monadnock asserts four claims for relief against third-party defendant Ugo Colombo, all arising under New York Debtor and Creditor Law and a sale of assets of Glasswall, LLC ("Glasswall") on January 13, 2015. The third claim for relief alleges that third-party defendant participated in a fraudulent transaction under New York Debtor and Creditor Law §276 by receiving proceeds of Glasswall's sale of assets knowing that such transfer "would hinder, delay and/or defraud Monadnock" (¶ 93). The fourth claim for relief alleges that "Glasswall's asset transfer to Ugo Colombo is fraudulent under New York Debtor and Creditor Law §273-a" (¶ 117). The fifth claim for relief alleges that "Ugo Colombo knew that Monadnock was going to commence litigation against Glasswall for money damages, and therefore the transfer is constructively fraudulent under New York Debtor and Creditor Law §273-a" (¶ 135). Similarly, the sixth cause of action alleges that third-party defendant Ugo Colombo "intended or believed that Glasswall would incur debts beyond Glasswall's ability to pay as the obligations

---

[1]  Defined in paragraph 1 as "two performance bonds issued in favor of its oblige, Monadnock."

matured, and therefore the transfer is constructively fraudulent under New York Debtor and Creditor Law §275" (¶ 156).  The claims asserted against third-party defendant all arise out of the allegation in paragraph 88 that "on or about January 13, 2015, Glasswall liquidated and sold all of its assets to Technoglass, thereby leaving Glasswall insolvent."

4.  It is clear that the claims asserted against third-party defendant (arising out of a sale of Glasswall's assets) do not arise out of the transaction or occurrence that is the subject matter of Monadnock's claims against third-party plaintiff and defendant WFIC (arising out of two performance bonds).  As explained in the accompanying memorandum of law, a plaintiff may only assert a claim against a third-party defendant if that claim arises out of the same transaction or occurrence as plaintiff's claim against the defendant and third-party plaintiff.  As plaintiff's claims against third-party plaintiff WFIC and third-party defendant Ugo Colombo do not arise out of the same transaction or occurrence, claims against Mr. Colombo are not properly before this Court and the amended complaint should be dismissed against Mr. Colombo.

Executed this 2nd day of March 2018 at Miami, Florida.

_____
JOEL S. MAGOLNICK