UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,      Case No.: 16 CIV 00420 (JBW)(VMS)
                 Plaintiff,

      -against-      ECF Case


WESTCHESTER FIRE INSURANCE
COMPANY,
                 Defendant.
-----------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,
                 Third-Party Plaintiff,

      -against-


GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                 Third-Party Defendants.

-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500

Case 1:16-cv-00420-JBW-VMS   Document 107   Filed 03/29/18   Page 2 of 12 PageID #: 1773

## **Table of Contents**

Table of Authorities ................................................................................................................(ii)

Preliminary Statement...............................................................................................................1

Factual Background .................................................................................................................2

    I.   Standard of Review...................................................................................................4

    A.   Rule 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction. ......................4

    II.  Argument...................................................................................................................5

    A.  The Rights of All Parties to an Action Should be Adjudicated in One Action ...................5

Conclusion ................................................................................................................................9

# Table of Authorities

Cases

Aurecchione v. Schoolman Transp. System, Inc.,
    426 F.3d 635 (2d Cir. 2005) ............................................................................................... 4

Borden Co. v. Sylk,
    42 F.R.D. 429 (E.D. Pa. 1967) ............................................................................................ 6

Great Lakes Rubber Corp. v. Herbert Cooper Co.,
    286 F.2d 631 (3d Cir. 1961) ................................................................................................ 6

Interoceanica Corp. v. Sound Pilots, Inc.,
    107 F.3d 86 (2d Cir. 1997) .................................................................................................. 8

LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander,
    414 F.2d 143 (6th Cir. 1969) ....................................................................................... 5, 6, 7

Makarova v. U.S.,
    201 F.3d 110 (2d Cir. 2000) ............................................................................................... 4

N.L.R.B. v. United Techs. Corp.,
    706 F.2d 1254 (2d Cir. 1983) ............................................................................................. 7

Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.,
    426 F.2d 709 (5th Cir. 1970) .............................................................................................. 6

United Mine Workers of Am. v. Gibbs,
    383 U.S. 715 (1966) ........................................................................................................... 5

Statutes

N.Y. Debt. & Cred. Law §§ 273-79 ............................................................................................. 4

Rules

Fed. R. Civ. P. 14 ................................................................................................................ passim

Other Authorities

In Search of the Transaction or Occurrence: Counterclaims,
    40 Creighton L. Rev. 699 (2007) ................................................................................... 5, 8

Seeing the Forest for the Trees: The Transaction or Occurrence and the Claim Interlock Civil Procedure,
    12 Fla. Coastal L. Rev. 247 (2011) ............................................................................ 5, 6, 7

# PRELIMINARY STATEMENT

Plaintiff Monadnock Construction, Inc. ("Monadnock") and third-party defendant Glasswall, LLC ("Glasswall") stipulated in this action to confirm an arbitration award of nearly $1.5 million (the "Award") for Glasswall's deficient performance in supplying glass curtainwall to Monadnock's construction project. Also before this Court is the issue of surety Westchester Fire Insurance Company's ("WFIC") liability to Monadnock for certain performance bonds it issued on behalf of Glasswall in favor of Monadnock. Additionally, the Court is considering the liability of third-party defendants, Glasswall, its principal, Ugo Colombo ("Ugo"), and Ugo's wife, Sara Jayne Kennedy Colombo, to WFIC for indemnity, and to Monadnock for Ugo's fraudulent conveyance of Glasswall's assets, rendering it judgment-proof. These claims all arise from a common transaction or occurrence: Glasswall's supply of glass curtainwall to Monadnock's construction project.

Ugo's instant motion to dismiss the third-party complaint rests entirely on his flawed attempt to replace the Federal Rules' definition of "transaction or occurrence" with the definitions of "transaction or series of transactions" and "claim" from haphazard res judicata jurisprudence. Ugo makes the strained argument that if the Court applies inapplicable res judicata standards, instead of appropriate Federal Rules' definitions, it will find that Ugo's fraudulent conveyance of Glasswall's assets does not arise from the same transaction or occurrence that gave rise to Monadnock's claims in its first-party action against WFIC. Accordingly, the Court would not have jurisdiction to hear Monadnock's claims.

Contrary to Ugo's assertion, the Federal Rules concerning joinder are clear: they are to be construed liberally to permit courts to expeditiously and economically dispose of as many claims as possible that arise from the same transactions or occurrences. It is also clear from construction-

related jurisprudence involving joinder rules that all claims concerning a single construction project arise from the same "transaction or occurrence" and should be adjudicated together. Accordingly, under both the Federal Rules' definition and in the interests of judicial economy and avoiding piecemeal litigation, this Court should deny Ugo's motion to dismiss and retain jurisdiction over Monadnock's claims against Ugo.

## FACTUAL BACKGROUND

Monadnock, a general contractor, was tasked with the construction of two mixed-use commercial and affordable housing projects in the Hunters Point Section of Long Island City, New York. (Am. Compl. ¶ 14.) In February 2013, Monadnock entered into subcontractor agreements with Glasswall (collectively, the "Contracts") to produce and deliver window assemblies and other materials for the projects. (Am. Compl. ¶ 16.) Glasswall was to start delivering these window assemblies and other materials on September 1, 2013 for Parcel A and July 1, 2013 for Parcel B. (Am. Compl. ¶ 17.) Per the Contracts, Glasswall procured performance bonds from WFIC (collectively, the "Bonds"). (Am. Compl. ¶ 1.)

Glasswall failed to timely produce and deliver window assemblies and other materials, thus prompting Monadnock to declare it in default numerous times. (Am. Compl. ¶¶ 28, 31, 34.) On January 13, 2014, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds to take over the work. (Am. Compl. ¶¶ 35, 37.) WFIC denied coverage under the Bonds. (Am. Compl. ¶ 38.)

To mitigate its damages, after months of negotiations, on April 4, 2014, Monadnock entered into a settlement agreement (the "Amendment Agreement") with, third-party defendants, Ugo Colombo ("Ugo"), Sara Jayne Kennedy Colombo, Glasswall and defendant, WFIC. (Am. Compl. ¶ 43.)

2

Despite Monadnock's willingness to give Glasswall a second chance under the Amendment Agreement, Glasswall continued to fail to meet its obligations under the Contracts. (Am. Compl. ¶¶ 50-58.) Thus, on March 4, 2015, Monadnock served a Notice of Default on Glasswall and commenced an arbitration (the "Arbitration") before a panel of American Arbitration Association arbitrators. (Am. Compl. ¶¶ 59, 67.) Thereafter, on March 16, 2015, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds. (Am. Compl. ¶¶ 61, 62.) On April 25, 2015, WFIC denied coverage and refused to perform. (Am. Compl. ¶ 64.)

Monadnock commenced the instant action on December 22, 2015, by summons with notice in New York State Supreme Court. (Dkt.- 1.) WFIC subsequently removed the action to this Court. (Dkt.- 1.) Thereafter, on March 1, 2016, Monadnock filed a complaint (the "Complaint"). (Dkt.- 9.) On April 4, 2016, WFIC moved to dismiss the Complaint. (Dkt.- 20.) By order dated May 16, 2016, Judge Weinstein denied WFIC's motion, and issued a stay of the action pending resolution of the Arbitration. (Dkt.- 30.) Judge Weinstein, acknowledging that WFIC's liability was contingent upon the outcome of the Arbitration, wrote "[the outcome of the Arbitration] may moot the present case." (Id.)

Following nine days of hearings and Monadnock's and Glasswall's submissions of post-hearing briefs, the panel issued an award (the "Award"). (Cinque Decl. Ex. A.) The Award ordered Glasswall to pay Monadnock $1,499,255.18 plus 5% interest per annum. (Id.)

During the course of the stay, WFIC and Monadnock submitted periodic joint-status reports to apprise the Court of the status of the Arbitration. The last joint-status report advised the Court of the issuance of the Award, and the instant litigation resumed. (Dkt.- 38.) On September 12, 2017, WFIC answered and filed a third-party complaint (the "Third-Party Complaint") against

3

Glasswall, Ugo, and Sara Jayne Kennedy Colombo as indemnitors of the Bonds. (Dkt.- 42.) On October 3, 2017, Monadnock filed an amended complaint (the "Amended Complaint") adding, among other things, the third through sixth causes of action against Glasswall and its sole principal, Ugo, seeking to recover the amount due under the Award. (Dkt.- 50.) The causes of action against Glasswall and Ugo sound in fraudulent conveyance pursuant to New York Debtor and Creditor Law §§ 273, 273-a, 274, 275, 276, 276-a, 278(1), and 279. (Am. Compl. ¶¶ 85-160.) These causes of action relate to Glasswall's sale of its assets to Tecnoglass LLC after Monadnock commenced litigation against it, rendering it judgment proof and unable to satisfy its debt to Monadnock. (Am. Compl. ¶¶ 85-160.)

On November 22, 2017, this Court confirmed the Award. (Dkt.-77.) On February 2, 2018, Judgment was entered confirming the Award. (Dkt.-105.)

On March 2, 2081, Ugo filed the instant motion to dismiss Monadnock's third through sixth causes of action for fraudulent conveyance, arguing that the Court lacks subject matter jurisdiction because the causes of action against Ugo do not arise from the same transaction or occurrence that gave rise to Monadnock's action against WFIC. (Dkt.-53, 54.)

## I. STANDARD OF REVIEW

### A. Rule 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). However, all that a plaintiff must show at this stage is a "colorable pleading of subject matter jurisdiction." Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005). The Court must construe all ambiguities and draw all inferences in the plaintiff's favor. See id.

4

## II. ARGUMENT

### A. The Rights of All Parties to an Action Should be Adjudicated in One Action

> Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. [Rule 14 is] remedial and [is] construed liberally. [Rule 14 is] 'intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.' … The aim of these rules 'is facilitation not frustration of decisions on the merits.'

LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander, 414 F.2d 143, 146 (6th Cir. 1969)

The intent of the drafters of the Federal Rules was to "draw all factually-related claims and parties into a single lawsuit to promote convenience and efficiency to both the court and the parties…It is clear in the rule on joinder of claims, which is to bring them all." Douglas D. McFarland, Seeing the Forest for the Trees: The Transaction or Occurrence and the Claim Interlock Civil Procedure, 12 Fla. Coastal L. Rev. 247, 251 (2011). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Fed. R. Civ. P. 14(a)(3) provides:

> Plaintiff's Claims Against a Third-Party Defendant. The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

The concept of "transaction or occurrence" is critical in understanding a claim by a plaintiff against a third-party defendant pursuant to Fed. R. Civ. P. 14(a). See Douglas D. McFarland, In Search of the Transaction or Occurrence: Counterclaims, 40 Creighton L. Rev. 699 (2007). Claims between a plaintiff and a third-party defendant arise out of the same transaction or occurrence

5

when they "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties" Borden Co. v. Sylk, 42 F.R.D. 429, 431 (E.D. Pa. 1967) quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961). Claims against a party responsible to cover damages resulting from a dispute over a construction project are properly included as a third-party Rule 14 action. Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 713 (5th Cir. 1970)(such claims are "an outgrowth of the same aggregate or core of facts which is determinative of plaintiff's claim.")

Commentators call the Sixth Circuit's decision in LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, 414 F.2d at 147 the "paradigm case" concerning the definition of "transaction or occurrence" under the Federal Rules. 12 Fla. Coastal L. Rev., at 254. There, the Sixth Circuit was tasked with adjudicating a "series of counterclaims, cross claims and a third-party complaint" among a marble supplier, a prime contractor, a surety, and a municipality resulting from the supply of marble to furnish the City of Memphis' City Hall. LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, 414 F.2d at 147. The claims concerned subcontracts signed among different parties, executed at different times, which resulted in different damages, and involved different evidence on performance and breach. Id.

In finding that the claims arose from the same transaction or occurrence, the Sixth Circuit held:

> Although different subcontracts are involved, along with the prime contract and specifications, all relate to the same project and to problems arising out of the marble used in the erection of the Memphis City Hall. The recurring question presented by the various pleadings is directed to the principal issue of who is responsible for the marble problems which arose on this job. Blame is sought to be placed upon plaintiff as furnisher of the marble, upon Alexander as subcontractor, upon the prime contractor and upon the architect. Many of the same or closely related factual and legal issues necessarily will be presented under the complaint, counterclaims

6

> and cross-claims in the resolution of these issues. It seems apparent that some of the same evidence will be required in the hearing on the cross-claims and in the hearing or hearings with respect to the complaint and the two pending counterclaims.

LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, 414 F.2d at 147. In praising the Sixth Circuit's approach to the "transaction or occurrence" inquiry, commentators have said: "In effect, the [Sixth Circuit] asked the proper question: How many city halls were built?" 12 Fla. Coastal L. Rev., at 254.

Like in LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, 414 F.2d 143, the appropriate question here to determine whether the Court has subject matter jurisdiction over Monadnock's third-party claims against Ugo is "How many buildings were built?" Monadnock's claims against Ugo derive from his responsibility, as Glasswall's principal and sole shareholder, to satisfy the Award of damages Monadnock obtained for Glasswall's deficient and defective performance in providing glass for the two buildings built in this case. Using this lens, it is clear that Monadnock's claims against Ugo arise from the same transaction or occurrence as its claims against surety WFIC: the construction of the two buildings. See LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, 414 F.2d 143. Accordingly, it is clear that this Court has jurisdiction under Fed. R. Civ. P. 14 to adjudicate Monadnock's claims against Ugo. Moreover, many of the same facts and evidence underlying Monadnock's attempt to recover from WFIC underlie Monadnock's attempt to recover from Ugo. Further, should Monadnock recover from one, it would absolve the other of liability. Should Monadnock be forced to separately litigate against Ugo, not only would it waste judicial resources, but it would undoubtedly result in disruptive and piecemeal litigation.

Neither of the two cases Ugo cites in support of his motion to dismiss concern jurisdiction under Fed. R. Civ. P. 14. See N.L.R.B. v. United Techs. Corp., 706 F.2d 1254 (2d Cir.

7

1983)(analyzing for res judicata purposes, not Federal Rules joinder purposes, whether facts essential to a subsequent proceeding were litigated in a prior proceeding); Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997)(analyzing for res judicata purposes, not Federal Rules joinder purposes, whether facts essential to a subsequent proceeding were litigated in a prior proceeding). Rather, without citing any legal authority permitting him to do so, Ugo replaces the Federal Rules' definition of "transaction or occurrence" with res judicata jurisprudence's definitions of a "claim" and a "transaction or connected series of transactions". See Moving Br. p. 3. Commentators have criticized this attempt. See 40 Creighton L. Rev. 699. Specifically, to apply a res judicata test to the "transaction or occurrence" inquiry under the Federal Rules "merely passes the buck… a few cases mention the res judicata test [in evaluating joinder jurisdiction] but do not really employ it in the analysis… [this] test las largely faded from [joinder jurisdiction] analysis." Accordingly, this approach is not appropriate in the instant analysis and does not change Monadnock's showing of a "colorable pleading of subject matter jurisdiction" sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 14.

8

## CONCLUSION

For the reasons set forth above, Monadnock respectfully requests that this Court deny Ugo's motion to dismiss.

Dated: New York, New York
      March 29, 2018                      /s/ Howard Kleinhendler
                                             Howard Kleinhendler
                                             Evan Weintraub
                                             Jocelyn Weinstein
                                      WACHTEL MISSRY LLP
                                      885 Second Avenue
                                      New York, NY 10017
                                      (212) 909-9500
                                      (212) 909-9430 (fax)
                                      kleinhendler@wmllp.com
                                      weintraub@wmllp.com
                                      jweinstein@wmllp.com
                                      *Counsel for Plaintiff*
                                      *Monadnock Construction, Inc.*