UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420
                                                                (JBW)(VMS)
                                                                ECF Case

       Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

       Defendant.

---------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

       Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

       Third-Party Defendants.

---------------------------------------------------------X

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF THIRD-PARTY DEFENDANT UGO COLOMBO IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

The issue before the Court on third-party defendant Ugo Colombo's ("Colombo") Motion to Dismiss Amended Complaint is whether the claims asserted by plaintiff Monadnock, Inc. ("Monadnock") against third-party plaintiff Westchester Fire Insurance Company (hereinafter "WFIC") "aris(e) out of the transaction or occurrence that is the

subject matter" of Monadnock's claim against Colombo. *See* Federal Rule of Civil Procedure 14(a)(3). A review of the amended complaint (Exhibit A to the accompanying declaration of Joel S. Magolnick filed in support of this motion) shows that the claims are not related.

Monadnock asserts two claims for relief against WFIC. The first is for breach of two performance bonds issued by WFIC in favor of Monadnock. Monadnock alleges in the First Claim for Relief that "under the terms of the Bonds WFIC was required to take action…" (Amended Complaint ¶76) and that WFIC "breached its obligations under the bonds" (*Id.* ¶78). In its Second Claim for Relief Monadnock alleges that "WFIC's denial of Monadnock's claims was in bad faith" (*Id.* ¶83).

Monadnock asserts several claims against Colombo, all arising under the New York Debtor and Creditor Law, based upon the allegation that "on or about January 13, 2015 Glasswall liquidated and sold all of its assets to Technoglass, thereby leaving Glasswall insolvent" (*Id.* ¶88) and that "Glasswall transferred the proceeds of the sale to Ugo Colombo" (*Id.* ¶90). In the Third Claim for Relief Monadnock alleges that "Glasswall did not execute the transfer in good faith" (*Id.* ¶91) and that the "transfer is therefore fraudulent under New York Debtor and Creditor Law §276" (*Id.* ¶93). In the Fourth Claim for Relief Monadnock alleges that "Glasswall did not have a separate identity from Ugo Colombo" (*Id.* ¶103) and that the transfer of assets from Glasswall to Colombo "is fraudulent under New York Debtor & Creditor Law §273-a" (*Id.* ¶117). In the Fifth Claim for Relief Monadnock alleges that the transfer from Glasswall to Colombo rendered Glasswall insolvent and "therefore the transfers are constructively fraudulent under New York Debtor and Creditor Law §273" (*Id.* ¶134). In the Sixth

Claim for Relief Monadnock alleges that prior to the transfer Colombo "believed that Glasswall would incur debts beyond Glasswall's ability to pay as the obligations matured, and therefore the transfer is constructively fraudulent under New York Debtor and Creditor Law §275" (*Id.* ¶156).

The claims asserted by Monadnock against WFIC clearly relate to performance bonds issued by WFIC in favor of Monadnock and Monadnock's allegation that WFIC breached these bonds.  It is also clear that the claims asserted by Monadnock against Colombo arise out of allegedly fraudulent transfers of Glasswall's assets to Colombo. Claims under bonds issued by WFIC to Monadnock do not arise out of the same transaction or occurrence as Glasswall's allegedly fraudulent transfer of assets to Colombo.

In deciding whether claims arise out of the same transaction or occurrence, the Court should consider whether the same evidence would be adduced in connection with both claims. *See, e.g. Wright & Miller* 6 Fed.Prac.&Proc. Civ. §1458 (in discussing Rule 14(a)(2)(D) which permits a third-party defendant to assert a claim against a plaintiff if it arises out of the transaction or occurrence which is the subject matter of plaintiff's claim against the third-party plaintiff):

> The third-party defendant must show that the claim against plaintiff arises out of the same transaction or occurrence as the original action.  Typically this means that the third-party defendant must demonstrate that the claim involves some of the same evidence, facts, and issues as does the original action so that litigation economy will result from allowing it to be added to the lawsuit.

and *Mt. Everest Ski Shops, Inc. v. Ski Barn, Inc.*, 736 F.Supp 531, 533 (D. Vt. 1989):

3

Case 1:16-cv-00420-ILG-VMS Document 110 Filed 04/20/18 Page 4 of 7 PageID #: 1839

> The court has already decided that the counterclaim did not arise out of the transaction or occurrence that was the subject matter of the plaintiff's complaint…. The underlying facts needed to prove that Nordica USA terminated and breached the contract because of the conspiracy and to justify an injunction to enforce the contract, differ markedly from those needed to prove that Nordica USA successfully defended the suit, that its attorney's fees came within the provision of the contract, and that the fees were reasonable. Nordica USA's counterclaim presents new issues outside the scope of the plaintiff's demand.

Similarly, in deciding whether a cross-claim "arises out of the transaction or occurrence that is the subject matter of the original action or of a counter-claim" the Court in *Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970), stated that claims may be asserted under Rule 13(g) if "the same aggregate of operative facts serves as the basis of both claims."

Monadnock's argument that the claims against WFIC and Colombo arise out of the same transaction or occurrence because they relate to "the construction of the two buildings" (Monadnock Memo p. 7) is without merit. As explained above, Monadnock's claims against WFIC arise out of bonds issued by WFIC to Monadnock, and Monadnock's claims against Colombo arise out of allegedly fraudulent transfers from Glasswall to Colombo. In *U.S. ex rel. S. Prawer and Co. v. Fleet Bank of Maine*, 24 F.3d 320, 328 (1st Cir. 1994), *overruled on other grounds by Allison Engine Co. v. U.S.*, 553 U.S. 662 (2008), the Court determined that, even though the claims arose out of the same notes, the claims were "entirely different" since one related to the making of the notes and the other related to their purchase or "put":

> Second, it does not appear that the FDIC could have sued Fleet for fraud as part of the Collection case as that case was constituted. Had it attempted to do so, the FDIC not only would have been asserting, as a plaintiff, both the validity and the invalidity of the sued-upon notes against

4

separate defendants in the same lawsuit, but it also seemingly would have been claiming under an entirely different "transaction or occurrence" (i.e., the put-back of the notes pursuant to the Assistance Agreement) than the one (Prawer's making of the notes and alleged failure to satisfy them) which was the subject matter of the Collection case. This scenario is not, of course, allowed under the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 14(a) (citations omitted).

In addition, Monadnock's claims relate to completely different time periods. The claims against WFIC arise out of notices served by Monadnock on January 13, 2014 and March 6, 2014 (Amended Complaint ¶¶76 and 81). The claims against Colombo arise out of a January 13, 2015 sale of Glasswall's assets (*Id.* ¶88). The fact that different time periods are involved establishes that the claims do not arise out of the same transaction or occurrence, as noted in *Fidelity & Cas. Co. of N.Y.* v. *Coffelt*, 11 F.R.D. 443, 444 (S.D. Ia. 1951) (holding that a compulsory counterclaim under Rule 13(a) is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"):

> It is the opinion of the court that the counterclaim does not arise out of the transactions and occurrences upon which plaintiff's suit is based, but is bottomed entirely upon subsequent events and actions.

Monadnock's reliance on *LASA Per L'Industria Del Marmo Societe Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969), is misplaced because in *LASA* all of the various claims related to a single issue – whether marble was properly installed in a building:

> all relate to the same project and to problems arising out of the marble used in the erection of the Memphis City Hall. The recurring question presented by the various pleadings is directed to the principal issue of who is responsible for the marble problems which arose on this job. Blame is

5

sought to be placed upon plaintiff as furnisher of the marble, upon Alexander as subcontractor, upon the prime contractor and upon the architect. Many of the same or closely related factual and legal issues necessarily will be presented under the complaint, counterclaims and cross-claims in the resolution of these issues. It seems apparent that some of the same evidence will be required in the hearing on the cross-claims and in the hearing or hearings with respect to the complaint and the two pending counterclaims.

In the instant case, there is no "recurring question presented by the various pleadings," no "principal issue," and different evidence will be required to prove each claim.

## **CONCLUSION**

As the claims asserted by Monadnock against Colombo do not arise out of the same transaction or occurrence that is the subject matter of Monadnock's claim against WFIC, Colombo's motion to dismiss should in all respects be granted.

DATED: MIAMI, FL
      April 20, 2018

                                      Respectfully submitted,

                                      MARKO & MAGOLNICK, P.A.

                                      By:<u>/s/Joel S. Magolnick</u>
                                      Joel S. Magolnick, Esq.
                                      Attorneys for Third-Party Defendant
                                      Ugo Colombo
                                      3001 S.W. 3rd Avenue
                                      Miami, Florida  33129
                                      Telephone:  305-285-2000
                                      Telefax: 305-285-5555
                                      E-mail: magolnick@mm-pa.com

TO:

WACHTEL MISSRY LLP
Attorneys for Monadnock Construction, Inc.
885 Second Avenue
New York, New York 10017
Telephone: (212) 909-9500
Telefax: (212) 371-0320

COZEN & O'CONNOR
Attorneys for Westchester Fire Insurance Company
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Telefax: (212) 986-0604

CINQUE & CINQUE, P. C. Attorneys for Third-Party Defendant Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax: (212) 759-7737