UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,              Case No.: 16 CIV. 00420 (JBW)
                                                   ECF Case

              Plaintiff,

     -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

              Defendant.
-------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

              Third-Party Plaintiff,

     -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

              Third-Party Defendants.
-------------------------------------------------------------X

**DECLARATION OF ROBERT McL BOOTE IN SUPPORT OF
WESTCHESTER FIRE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

       Robert McL Boote, Esq., pursuant to the provisions of 28 USC § 1746, declares under the

penalty of perjury as follows:

       1.     I am an attorney for Defendant/Third-Party Plaintiff, Westchester Fire Insurance

Company ("Westchester"), in this action. At all relevant times, I have been personally involved

in this litigation since inception and am fully familiar with the facts and circumstances of this

dispute.

2.      I submit this declaration in support of Westchester's Motion for Summary Judgment. This declaration will also supplement my previous declarations submitted in support of Westchester's Motion for Partial Summary Judgment for Specific Performance of Third Party Defendants' Collateral Security Obligations or, in the Alternative, for a Preliminary Injunction, Doc. 58, and Westchester's Opposition to the Motion to Dismiss of Third-Party Defendants Ugo Colombo and Sara Jayne Kennedy Colombo, Doc. 95.

3.      Following Monadnock's Section 3.2 notice under the Bonds, dated January 13, 2014, I sent a letter on behalf of Westchester to counsel for Monadnock, dated January 15, 2014, acknowledging Monadnock's demand that Westchester take action under the Bonds and proposing a prompt meeting among counsel and the parties to discuss the appropriate course of action. A copy of Westchester's January 15, 2014 Letter is attached hereto as **Exhibit "A".**

4.      Following Monadnock's first Section 6 notice under the Bonds, dated March 6, 2014, I engaged in extensive negotiations, on behalf of Westchester, with representatives of Plaintiff Monadnock Construction, Inc. ("Monadnock") and Third-Party Defendant Glasswall, LLC ("Glasswall") in an effort to reach a resolution as to any alleged outstanding issues.

5.      On March 11, 2014, as the parties appeared to be moving towards a deal that would render Monadnock's Section 6 notice moot, Westchester requested an extension of time from Monadnock to perform its obligations under the Bonds to March 21, 2014. The same day, Greg Bauso, Senior Vice President of Monadnock, sent Westchester a letter approving the request for an extension. A copy of Monadnock's letter is attached hereto as **Exhibit "B".**

6.      Although the parties subsequently made progress on an agreement to amend the Contracts, by email dated March 21, 2014 and in a phone call between myself and counsel for Monadnock the same day, Westchester again requested an extension of time from Monadnock to

fully perform its obligations under the Bonds to March 28, 2014.  Also the same day, counsel for Monadnock sent Westchester an email approving the request for an extension.  A copy of this email correspondence is attached hereto as **Exhibit "C"**.

7.      Thereafter, on March 28, 2014, Westchester requested a final extension of time from Monadnock to fully perform its obligations under the Bonds to April 4, 2014.  As the parties continued to negotiate a resolution as to any outstanding issues, counsel for Monadnock again sent Westchester an email approving the request for an extension. A copy of this email correspondence is attached hereto as **Exhibit "D"**.

8.      After extensive negotiations, on April 4, 2014, Westchester, Monadnock, and Glasswall entered into an agreement to amend the Contracts (the "Amendment Agreement").  A copy of the Amendment Agreement is attached hereto as **Exhibit "E"**.

9.      Westchester also entered into a separate agreement with Glasswall, dated April 4, 2014, providing that Westchester would pay (and, indeed, did pay), from its own funds, incentive payments to Glasswall, totaling $1.5 million, to be made as Glasswall manufactured and delivered windows.

10.      Upon information and belief, after the parties entered into the Amendment Agreement, Glasswall continued production of the windows and ancillary materials pursuant to its obligations under the Contracts and Amendment Agreement.

11.      However, by letter dated March 4, 2015, Monadnock again sent a notice of default to Glasswall and to Westchester, enumerating the ways in which Glasswall allegedly had breached the Contracts and the Amendment Agreement.  A copy of Monadnock's March 4, 2015 Notice of Default is attached hereto as **Exhibit "F"**.

12.     The same day, Monadnock filed a demand for Arbitration (AAA Case. No. 02-15-0002-8160) against Glasswall with the American Arbitration Association in New York, seeking damages for Glasswall's alleged breaches of the Contracts. A copy of Monadnock's Demand for Arbitration is attached hereto as **Exhibit "G"**.

13.     Thereafter, by letter dated March 16, 2015, Monadnock gave notice that it had terminated the Contracts based on Glasswall's alleged defaults and sent Westchester notice under Section 3.2 of the Bonds. Copies of Monadnock's March 16, 2015 Notice of Termination and Section 3.2 Notice to Westchester are attached hereto as **Exhibit "H"**.

14.     The next day, March 17, 2015, Glasswall sent Monadnock a letter disputing the validity of its notice of default and notice of termination and indicating that it remained ready, willing, and able to perform its obligations under the Contracts. A copy of Glasswall's March 17, 2015 Letter is attached hereto as **Exhibit "I"**.

15.     In addition, following Monadnock's March 16, 2015 Section 3.2 notice, I met with counsel for Monadnock, Greg Bauso and Paul Colapinto of Monadnock, and an expert retained by Westchester, George Brotherston, to review the items stated in Monadnock's Notice of Default.

16.     I also engaged in numerous email and telephone communications with Glasswall and its attorneys in an effort to duly investigate Monadnock's claim and in an effort to understand Glasswall's position as it related to Monadnock's notice of termination. Some of the various exchanges, as well as Glasswall's position with respect to Monadnock's notice of termination, were set forth in a letter from counsel for Glasswall to the undersigned, dated April 23, 2015. A copy of Glasswall's April 23, 2015 Letter is attached hereto as **Exhibit "J"**.

17.     On April 25, 2015, I sent a letter, on behalf of Westchester, denying Monadnock's claim under the Bonds stating, *inter alia*, that (i) Glasswall had substantially completed the contracts and, therefore, the Contracts could not properly be terminated; (ii) Monadnock waived its right to assert such a Bond claim by its failure to deposit payments in respect of the defaults into the Duane Morris escrow account; and (iii) Monadnock waived its right to assert such a Bond claim for events occurring prior to the date of the Amendment Agreement, or April 4, 2014. A copy of Westchester's April 25, 2015 Denial Letter is attached hereto as **Exhibit "K"**.

18.     On August 29, 2017, the AAA issued the Award of Arbitrator (the "Award") to Monadnock, and against Glasswall, in the amount of $1,499,255.18 to be paid within 30 days of the date the Award was transmitted to counsel for the parties. *See* the Award, Doc. 58-2. Schedule A to the Award, which was expressly made part of the Award (Doc. 58-2, p. 12), is a list of all damages sought by Monadnock and the amount awarded, if any, for each item. A copy of the Schedule A to the Award is at the end of the copy of the Award attached hereto as **Exhibit "L"**.

19.     At all relevant times, Westchester has duly responded to Monadnock's improper and invalid bond claims in good faith and fully performed its duties under the bonds.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 12, 2018

Robert McL Boote
*Attorney for Westchester Fire Ins. Co.*