# EXHIBIT 34

JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1159



| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GLASSWALL, LLC, UGO COLOMBO, and SARA JAYNE KENNEDY COLOMBO,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>JURY DEMANDED |

Plaintiff, Westchester Fire Insurance Company ("Westchester"), by its attorneys, Cozen O'Connor, complains of the defendants, Glasswall, LLC, Ugo Colombo and Sara Jayne Kennedy Colombo, and respectfully alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action based upon the diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to an Agreement of Indemnity dated February 1, 2013 between Westchester Fire Insurance Company and defendants (a copy of which is attached hereto as Exhibit A) (hereafter the "Agreement of Indemnity") which provides in its paragraph 10 that courts within the State of New York shall be the exclusive forum for all actions or proceedings arising directly or indirectly from the Agreement of Indemnity.

**THE PARTIES**

4. Westchester Fire Insurance Company (hereafter referred to as "Westchester Fire") is a corporation of the Commonwealth of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19103.

5. Defendant Glasswall, LLC (hereafter "Glasswall") is a limited liability company formed in the State of Florida with its principal place of business located at 3550 N. W. 49th Street Miami, Florida 33142 in Florida having as its sole member, Ugo Colombo, who is also a citizen of the State of Florida and the citizenship of Glasswall is therefore diverse from the citizenship of Westchester Fire.

6. Defendant, Ugo Colombo, is an individual and a citizen of the State of Florida residing at 5020 North Bay Road, Miami, Florida and his citizenship is diverse from that of Westchester Fire.

7. Defendant Sara Jayne Kennedy Colombo is an individual and a citizen of the State of Florida, residing at 5020 North Bay Road, Miami, Florida and her citizenship is diverse from that of Westchester Fire.

8. Defendants, as "Indemnitors" under the Agreement of Indemnity that Agreement in partial consideration of, and as an inducement to, Westchester Fire to execute bonds as surety for Glasswall, LLC.

9. The Agreement of Indemnity provides in part as follows:

> 1. PREMIUMS & COLLATERAL FOR SURETYSHIP – The INDEMNITORS shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest

2

Confidential

MC_00043198

> which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.
>
> 2.    INDEMNITY & COLLATERAL FOR CLAIM – The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of INDEMNITOR's liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

10.    Following execution of the Agreement of Indemnity by defendants, Westchester Fire executed performance bonds for Glasswall with an aggregate limit of $15,372,315 and payment bonds of an equal amount.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS FOR DEPOSIT OF COLLATERAL**

11.    Plaintiff Westchester Fire repeats and realleges the allegations contained in paragraphs 1 through 10 hereof.

3

Confidential

MC_00043199

12. By letter dated August 12, 2013, Monadnock Construction, Inc. (hereafter "Monadnock") obligee under two Westchester Fire performance bonds (the "Bonds") in an aggregate amount of $13,000,000 for performance of two contracts to supply curtain wall units for a project known as Hunters Point South gave notice to Westchester that it regarded Glasswall, LLC to have defaulted on its bonded contractual obligations.

13. By letters dated September 23, 2013, counsel for Westchester Fire informed the defendants that Westchester Fire exercised its right under the Agreement of Indemnity to require them to deposit collateral of $13,000,000 equal to the limits of the two foregoing performance bonds.

14. Despite this demand, defendants did not provide Westchester Fire with the required collateral.

15. By letters dated January 13, 2014, Monadnock gave notice to Glasswall of Monadnock's termination of its contracts with Glasswall and gave notice to Westchester Fire that it asserted claims under the Bonds.

16. Defendants asserted that Monadnock's termination of the contracts was improper and invalid.

17. Under the Agreement of Indemnity, defendants are obligated, inter alia, to defend Westchester, to indemnify it from all loss and expense and to immediately provide Westchester with the collateral it has demanded.

18. By reason of the foregoing, Westchester Fire demands that defendants provide collateral and deposit with Westchester Fire the sum of $13,000,000, plus any future loss, costs, fees or expenses incurred, interest and attorney's fees.

Confidential      MC_00043200

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST
### THE DEFENDANT FOR DECLARATORY JUDGMENT OF INDEMNIFICATION

19. Westchester Fire realleges the allegations set forth in paragraphs 1 through 19 hereof.

20. Westchester Fire will be required to defend actions by the obligees of the Bonds and is exposed to potential obligations to pay the obligees in the event the positions asserted by Glasswall and Westchester are not sustained.

21. Under the Agreement of Indemnity, defendants are obligated to indemnify Westchester Fire for all losses, expenses or other payments it may be required to incur or make by reasons of having executed the bonds.

22. Westchester Fire is entitled to a declaratory judgment that defendants have the foregoing obligations.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THE DEFENDANT FOR A PRELIMINARY INJUNCTION

23. Westchester Fire realleges the allegations set forth in paragraphs 1 through 23 hereof.

24. The Agreement of Indemnity requires defendants to post collateral with Westchester Fire promptly upon the request of Westchester Fire.

25. Westchester Fire's right to collateral from defendants was specifically bargained for and agreed to by defendants.

26. Westchester Fire has no adequate remedy at law and will be irreparably harmed if defendants fail to pay collateral in the sum of $13,000,000 to Westchester Fire. Westchester Fire would not have executed the Bonds without the right to demand collateral".

27. Westchester Fire has a strong likelihood of success on the merits in this action.

5

Confidential
MC_00043201

28. The issuance of a preliminary injunction will not create an undue hardship for defendants as the preliminary injunction will require that defendants do only what they contracted to do in the Agreement of Indemnity.

29. Westchester Fire will suffer irreparable injury if a preliminary injunction is not granted as Westchester Fire would then be deprived of the security that the Indemnitors guaranteed in their Agreement of Indemnity.

30. For the foregoing reasons, Westchester Fire respectfully requests that the Court issue a preliminary injunction requiring (1) that defendants immediately post collateral in the sum of $13,000,000, and (2) until defendants post such collateral, enjoining and restraining defendants from selling, transferring, disposing or encumbering its assets and property and granting Westchester Fire a lien upon all the assets and property owned by defendants or in which defendants have an interest.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR COSTS, EXPENSES AND ATTORNEY'S FEES

31. Westchester Fire realleges the allegations set forth in paragraphs 1 through 31 hereof.

32. The Agreement of Indemnity requires that defendants indemnify Westchester Fire for all losses and/or expenses of whatsoever kind or nature, including interest, court costs, and attorney's fees that Westchester Fire may incur by reason of having executed the bonds.

33. Defendants are obligated to pay Westchester Fire the attorney's fees and expenses it has incurred in connection with this action.

**WHEREFORE**, Plaintiff, Westchester Fire Insurance Company, respectfully requests judgment as follows:

6

Confidential

MC_00043202

a. On the First Cause of Action against defendants for the deposit of the sum of $13,000,000 plus any future loss, costs, fees or expenses incurred, interest and attorney's fees;

b. On the Second Cause of Action a declaration that defendants are required to indemnify Westchester Fire for all losses, expenses or other payments that it may incur or be required to make by reason of having executed the bonds;

c. On the Third Cause of Action issuing a preliminary injunction requiring (1) that defendants immediately post collateral in the sum of $13,000,000 and (2) until defendants post such collateral, enjoining and restraining defendants from selling, transferring, disposing or encumbering its assets and property and granting Westchester Fire a lien upon all the assets and property owned by defendants or and in which they have an interest;

d. On the Fourth Cause of Action against defendants for costs, expenses and attorney's fees;

e. And for such other relief as this Court deems just and proper.

Dated: New York, New York
February 24, 2014

Ryan T. Kearney, Esq. [RK1608]
John J. McDonough, Esq. [JM0651]
Cozen O'Connor, P.C.
45 Broadway, 16th Floor
New York, NY 10006
(212) 509-9400
JMcDonough@cozen.com
RKearney@cozen.com

*Attorneys for Plaintiff, Westchester Fire Insurance Company*

7

Confidential

# EXHIBIT A

  

**Agreement of Indemnity**

ACE European Group Limited
ACE INA Insurance Company
Insurance Company of North America
Pacific Employers Insurance Company
Westchester Fire Insurance Company
Indemnity Insurance Company of North America
ACE American Insurance Company
ACE Property and Casualty Insurance Company

Whereas the undersigned (hereinafter individually and collectively called "INDEMNITOR") desires one or more of the companies named above, as the case may be, (hereinafter called "SURETY") to execute bonds including undertakings and other obligations, including any bond or bonds predating this Agreement, (hereinafter referred to as "Bonds") on its behalf and on behalf of any of its present or future, directly or indirectly owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others whether or not named herein, and any corporation, partnership or person upon the written request of any of the undersigned (collectively hereinafter referred to as "Principals") or to renew or continue and to refrain from canceling the Bonds, as the case may be, and

NOW THEREFORE, in consideration of the SURETY executing the Bonds, the INDEMNITORS agree that:

1. **PREMIUMS & COLLATERAL FOR SURETYSHIP**-The INDEMNITORS shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2. **INDEMNITY & COLLATERAL FOR CLAIM**- The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

3. **OTHER INDEMNITY**- The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the Principals and the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the principals or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to and not in lieu of, any and all other rights, powers and remedies which the SURETY may have or acquire against the Principals and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.

4. **INVALIDITY**- In case any of the INDEMNITORS fail to execute this Agreement, or in case the execution hereof by any of the INDEMNITORS be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect

BS-HM Rev 10/09                 Page 1 of 4

Confidential                                                                                                                                   MC_00043205

 

the validity of this Agreement or the liability hereunder of any of the INDEMNITORS executing the same, but each and every INDEMNITOR so executing shall be and remain full bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

5. **SURETIES** - All of the terms, provisions and conditions of this Agreement shall be extended to and for the benefit not only of the SURETY, either as a direct writing company or as a co-surety or reinsurer, but also for the benefit of any surety or insurance company or companies with which the SURETY may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the SURETY on behalf of any of the Principals.

6. **DECLINE EXECUTION** - Unless otherwise specifically agreed in writing, the SURETY may decline to execute any bond and the Principals and INDEMNITOR shall make no claim to the contrary.

7. **CHANGES, WAIVER OF NOTICE** - The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR, to assent to any change whatsoever in Bonds and/or the contracts or obligations covered by any said Bonds including but not limited to the time for performance and any continuations, extensions or renewals of the Bonds, the execution of any substitute or substitutes therefore, with the same or different conditions, provisions and obligees with the same or larger or smaller penalties; it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of the execution of Bonds, acceptance of this Agreement, default or other acts giving rise to a bond claim or liability of the SURETY under Bonds.

8. **TERMINATION** - This Agreement may be terminated by the INDEMNITOR upon twenty days' written notice sent by registered mail to the SURETY at its home office at ACE Bond Services, WA10G, 436 Walnut Street, Philadelphia, Pennsylvania 19106-3703, but any such notice of termination shall not operate to modify, bar or discharge the INDEMNITOR as to the Bonds that may have been therefore executed.

9. **SEVERABILITY** - If any provision or provisions of this Agreement be declared void or unenforceable under any law governing its construction or enforcement, this Agreement shall not be void or vitiated thereby, but shall be construed and enforced with the same effect as though such provision or provisions were omitted.

10. **CHOICE OF LAW/FORUM** - It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined in accordance with the laws of the State of New York. INDEMNITOR agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

11. **JOINT/SEVERAL** - Each undersigned Indemnitor, its successors and assigns, are jointly and severally bound by the foregoing conditions of this Agreement.

12. **FACSIMILE** – This Agreement bearing the signature of the Indemnitor(s) shall be valid, effective and enforceable whether received by the Surety as an original or as a facsimile transmission.

IN WITNESS WHEREOF, INDEMNITOR has signed this Agreement this __1__ day of __Feb__, 20_13_.

Confidential                                                      MC_00043206

Glasswall, LLC
3550 N.W. 49th Street
Miami, FL 33142
Federal Tax ID:

By: _____
Name: Federico Balestrazzi
Title: President

(Seal)

ATTEST: _____
Name: Sastha Mendoza
Title: Admin

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

Ugo Colombo
5020 North Bay Road
Miami Beach, FL 33141
Federal Tax ID:

By: _____
Name: Ugo Colombo
Title: Individually

(Seal)

ATTEST: _____
Name:
Title:

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

Sara Jayne Kennedy Colombo
5020 North Bay Road
Miami Beach, FL 33141
Federal Tax ID:

By: _____
Name: Sara Jayne Kennedy Colombo
Title: Individually

(Seal)

ATTEST: _____
Name: Esther F Thuemon
Title: Secretary

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

Confidential                                                           MC_00043207

 

## FOR NOTARIAL ACKNOWLEDGMENT OF PRINCIPAL/INDEMNITOR'S

### CORPORATE ACKNOWLEDGMENT

State of __Florida__
County of __Dade__   ss:

On this __1__ day of __Feb__, 20__13__, before me personally came __Edenio Balestrazzi__ to me known, who being by me duly sworn, deposed and says that s/he is the __President__ of Glasswall, LLC, the corporation described in and which executed the foregoing Agreement; that he knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that s/he signed his name thereto by like order.

(Signature of Notary Public)
My commission expires __9/8/14__

### PERSONAL ACKNOWLEDGMENT

State of __Florida__
County of __Dade__   ss:

On this __1__ day of __Feb__, 20__13__, before me personally came Lee Colombo to me known, who, being by me duly sworn, did depose and say that he resides at 5020 North Bay Road, Miami Beach, FL 33141.

JEANA LEGRA
MY COMMISSION # EE 024729
EXPIRES: September 9, 2014
Bonded Thru Notary Public Underwriters

(Signature of Notary Public)
My commission expires __9-9-14__

### PERSONAL ACKNOWLEDGMENT

State of __Florida__
County of __Dade__   ss:

On this __1__ day of __Feb__, 20__13__, before me personally came Sara Jayne Kennedy Colombo to me known, who, being by me duly sworn, did depose and say that he resides at 5020 North Bay Road, Miami Beach, FL 33141.

JEANA LEGRA
MY COMMISSION # EE 024729
EXPIRES: September 9, 2014
Bonded Thru Notary Public Underwriters

(Signature of Notary Public)
My commission expires __9-9-14__

Confidential    MC_00043208