# EXHIBIT 37



March 16, 2015

HPS Associates, LLC
60 Columbus Circle
New York, NY 10023

Attn:   Frank J. Monterisi, Jr.
        Senior Vice President

Re:    HPS 'Parcel A'
       1-50 50th Avenue
       Long Island City, New York 11101

       AIA Document A401-2007 - Contract dated January 3rd, 2013 and Agreement to Amend Contracts dated April 4, 2014 between Monadnock Construction, Inc. and Glasswall, Miami, Florida

Mr. Monterisi,

In accordance with your directive, Ismael Leyva Architects, P. C. ("ILA"), the architect of record for the project known as HPS 'Parcel A' located at the above stated address and the designated Initial Decision Maker under AIA Document A201-2007 General Conditions of the Contract for Construction ("A201 General Conditions"), hereby provides its opinion pursuant to Section 14.2.2 of the A201 General Conditions as to whether sufficient cause exists to justify the termination of Monadnock Construction, Inc.'s contract with Glasswall for the Parcel A Project.

As requested by HPS Associates, LLC, we are writing to you to review and restate our opinion on this matter regarding the contract Between Monadnock Construction, Inc. and Glasswall, Miami, Florida that we had initially provided our opinion on November 27, 2013. A copy of the original letter is attached.

We understand that subsequent to the proceedings by Monadnock to terminate the contract with Glasswall in November 2013 there was an agreement reached between Monadnock and Glasswall in early 2014 and formalized on April 4, 2014, the intent of which was that Glasswall would resume the delivery of windows that had already been fabricated and in storage at their Miami facility for the Project known as HPS 'Parcel A' and also resume engineering and fabrication of the balance of the windows in earnest with the intent of completing fabrication and crating of all windows for the project by October 28, 2014 per the Exhibit A attached to the Amendment Agreement. As part of the agreement the bonding company, Westchester Fire Insurance Company ('WFIC') would pay Glasswall for the windows produced at its manufacturing facility and Monadnock would make payments to WFIC for the windows received at the Project. Pursuant to this Agreement Monadnock withdrew its previous notice of termination of Glasswall.

48 West 37th Street, New York, NY 10018
T: 212-290-1444  F: 212-290-1425  www.ilarch.com
Ismael Leyva, AIA   Jafar Tabaei, Manish Chadha, AIA, Bhaskar Srivastava, AIA

It is further our understanding that Glasswall did not fulfill the terms of the Amendment Agreement by failing to have all the windows fabricated for the project as evident form Shop Observation Report # 89 dated 11/10/2014 and performed on 11/07/2014 by Israel Berger Associates (IBA) as of October 28, 2014. The report shows that windows for the project were still in fabrication as of that date and were not received at the project till end of December 2014. This additional delay in the delivery of windows to the Project has caused a substantial delay in the completion of the Project and also affected the work of other trades on the project.

We were also provided with a copy of a Notice of Default issued to Glasswall on March 4, 2015 detailing the following unfinished and outstanding items on the Project that we have been advised Glasswall has not yet addressed:

1. Over 150 window casements were supplied with the handle on the wrong side of the casement and need to be corrected;
2. Replace all broken windows delivered to the Projects;
3. All casements with noted IBA deficiencies including but not limited to structural glazing leak repairs, gasket repairs and casement edge delineation repairs, must be corrected;
4. PE stamped shop drawings and structural calculations must be provided;
5. All warranties required by the Agreements must be provided and the companies behind the warranties including but not limited to Glasswall, Keymark and AGC, must be capable of satisfying the warranty obligations;
6. All LEED documentation required by the Agreements must be provided;
7. Field measured metal infill panels at three and four way window system transitions must be provided;
8. All missing or damaged painted finished metal Alucobond panels must be provided;
9. All window panels that were not supplied with tree attachment clips (or that were supplied with the clips installed in the wrong location) must be supplied, installed and/or corrected, as needed;
10. All windows with micro bubble silicon sealant deficiencies noted in the IBA reports must be corrected;
11. All limit arms without a visible DOH stamp must be corrected;
12. All deficiencies, if any, in the hoist run apartment windows must be corrected;
13. All missing interior finish metal trim material, if any, must be supplied;
14. All missing exterior metal coping material must be supplied;
15. All material certifications must be supplied;
16. All missing locksets for the balcony doors must be supplied;
17. Windows for each roof bulkhead must be supplied;
18. All missing sheet metal left handed clips must be supplied;
19. All missing coping fasteners must be supplied;
20. All missing parapet hook anchors must be supplied;
21. All missing sealant must be supplied;
22. All missing fasteners must be supplied;
23. All missing fist brackets must be supplied;
24. All additional window locksets must be supplied;
25. All touch up spray paint must be supplied; and,
26. Final lien waivers for all suppliers must be provided.

Several of the items above are critical for the performance and completion of the Project and the Project obtaining a Certificate of Occupancy, thereby causing further delay to the Project and hardship to the hundreds of families who are waiting to occupy the building.

It has also come to our attention that Glasswall has not paid at least three of its suppliers for material and services they have provided to Glasswall. One of the companies that is owed money by Glasswall is CR Lawrence, which has filed a Mechanic's Lien on the project in the amount of $54,193.10 and contacted our office in February 2015 inquiring about the status of payments to Glasswall. The other companies are Air Performance and Lamontana Transport. We understand that Glasswall has been paid the full contract amount by Monadnock through WFIC at the end of November 2014 and should have paid its suppliers in full.

Based on the above, it is ILA's opinion that the manufacturer Glasswall has failed to supply the material per the terms of its original contract with Monadnock Construction, Inc. and the Amendment Agreement and it is ILA's further opinion that such failure constitutes a substantial breach of Glasswall's obligations under the above referenced provisions of the Contract Documents. As such, it is our opinion that sufficient cause exists under section 14.2.1.2 and 14.2.1.4 of the A201 – 2007 General Conditions of the Contract for Construction to justify termination of the contract between Monadnock Construction, Inc. and Glasswall.

Sincerely
**Ismael Leyva Architects P.C.**

Manish Chadha, AIA
Principal