UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,

          Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

          Defendant.
-------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

          Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

          Third-Party Defendants.
-------------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

### DEFENDANT WESTCHESTER FIRE INSURANCE COMPANY'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO MONADNOCK CONSTRUCTION, INC.'S <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>

Defendant, Westchester Fire Insurance Company, submits the following responses to Plaintiff, Monadnock Construction, Inc.'s, Counterstatement of Undisputed Material Facts in Support of its Cross-Motion for Summary Judgment Pursuant to Local Rule 56.1 ("CSOF").

    43.    Westchester admits the allegations contained in CSOF ¶ 43.

    44.    Westchester admits the allegations contained in CSOF ¶ 44.

    45.    Westchester admits the allegations contained in CSOF ¶ 45.

46. Westchester admits the allegations contained in CSOF ¶ 46, except adds that Glasswall was described as "Manufacturer" in the contracts with Monadnock.

47. Westchester admits the allegations contained in CSOF ¶ 47.

48. Westchester admits the allegations contained in CSOF ¶ 48.

49. Westchester admits the allegations contained in CSOF ¶ 49.

50. Westchester admits the allegations contained in CSOF ¶ 50.

51. Consistent with the testimony cited, Westchester admits the allegations contained in CSOF ¶ 50 insofar as a Related Company entity was one of the members of the ownership entities and was the manager for the entities.

52. Westchester disputes the allegations contained in CSOF ¶ 52, specifically the characterization of the Contracts and the legal conclusion that the Contracts permitted Monadnock to pursue claims against Glasswall on behalf of the owners. Westchester admits that Messrs. Trovini and Bauso testified to their legal opinion on this subject substantially as described in footnote 1.

53. Westchester admits the allegations contained in CSOF ¶ 53.

54. Westchester admits the allegations contained in CSOF ¶ 54.

55. Westchester admits the allegations contained in CSOF ¶ 55.

56. Westchester admits the allegations of CSOF ¶ 56, and that there were hundreds of designs, but notes that the citation following the third sentence of CSOF ¶ 56 fails to support the facts stated. (Kleinhendler Dec. Ex. 5, p. 1938).

57. Westchester disputes the allegations contained in CSOF ¶ 57.  The cited testimony does not support the assertion that construction of both towers began in February 2013, rather it specifically addresses Parcel A's foundation being started. (Klenhendler Dec. Ex. 4 p. 125).

58. Westchester admits the allegations contained in CSOF ¶ 58.

59. Westchester admits the allegations contained in CSOF ¶ 59.

60. Westchester admits the allegations contained in CSOF ¶ 60 to the extent that Mr. Colapinto was Monadnock's Senior Vice President and Frederico Balestrazzi was the President of Glasswall in June, 2013. Westchester disputes the remaining allegations in ¶ 60 because in the cited transcript Mr. Balestrazzi stated that "they [Glasswall] were going to have trouble meeting our production requirements," rather than delivery dates.

61. Westchester admits the allegations contained in CSOF ¶ 61 but notes that the email referenced is found in Kleinhendler Decl. Ex. 14 rather than Ex. 13.

62. Westchester admits that Mr. Colapinto so testified at the Arbitration hearing transcript cited in CSOF ¶ 62.

63. Westchester admits CSOF ¶ 63, but notes that the emails referred to are in Kleinhendler Decl. Ex. 14 not Ex. 13.

64. Westchester admits the allegations contained in CSOF ¶ 64.

65. Westchester disputes the first sentence of CSOF ¶ 65 as the email cited does not say what is stated. (Kleinhendler Decl. Ex. 14.) Westchester admits that Mr. Colapinto testified substantially as quoted in the second sentence of CSOF¶ 65.

66. Westchester admits the first sentence contained in CSOF ¶ 66 and that Mr. Bauso testified at the arbitration as quoted in CSOF ¶ 66.

67. Westchester admits the allegations contained in CSOF ¶ 67.

68. Westchester admits the allegations contained in the first sentence of CSOF ¶ 68 and further admits only that Mr. Trovini's observations were as he testified at the arbitration as quoted.

69. Westchester disputes CSOF ¶ 69. The cited testimony from John Anderson is mischaracterized. Anderson testified that he believed the four other curtainwall projects were being worked on by the time he began working at Glasswall in September 2013, but that he was not sure.

3

Anderson testified that the projects were between 75 and 90 percent complete by September 2013, and that he did not know how many Glasswall employees were staffed on these projects. (Kleinhendler Dec. Ex. 5 p. 2222-2227).

70. Westchester admits the allegations contained in the first sentence of CSOF ¶ 70. Westchester disputes the second sentence of CSOF ¶ 70 as it mischaracterizes the quoted testimony. Mr. Bauso testified that people were starting to leave Glasswall, but did not specify whether those people were engineers, and simply stated that Ugo was "left with a big mess," without specifically addressing Glasswall's ability to meet its commitments to Monadnock. (Kleinhendler Dec. Ex. 3 p. 1028-29. Westchester admits the third sentence of CSOF ¶ 70.

71. Westchester admits the allegations contained in CSOF ¶ 71, except denies the characterization in the second sentence as an opinion rather than a fact. Westchester admits Mr. Bauso testified at the arbitration as quoted.

72. Westchester admits the allegations contained in CSOF ¶ 72, except disputes the assertion that Glasswall "promised to expedite its manufacture of windows." The cited testimony of Anderson discusses who was present at the New York meeting, but does not refer to any promise by Glasswall. (Kleinhendler Dec. Ex. 5 p. 2009).

73. Westchester admits the allegations contained in the first sentence of CSOF ¶ 73. Westchester disputes the remainder of CSOF ¶ 73. The cited testimony of Bauso and Barber do not support the propositions they are cited for. In Exhibit 3 p. 1050, Bauso discussed whether there was going to be an agreement regarding completion of the job and, not that Barber was sent to Glasswall's facilities. Page 666 of the Barber testimony is not included in Exhibit 23 but on that page Barber does state that he went to Glasswall's facilities.

74. Westchester denies the characterization of "disturbing" in the first sentence of CSOF ¶ 74 as a statement of opinion not fact. Westchester disputes the second sentence of CSOF

¶ 74. The cited testimony of Barber does not support the characterization that he sent back reports about Glasswall's staff and recovery schedules. (Kleinhendler Dec. Ex. 23 p. 689). Westchester disputes the third sentence of CSOF ¶ 74, specifically Kleinhendler Dec. Ex. 3 p. 1040, which does not make any mention of Keymark or ACG. Westchester disputes the final sentence of CSOF ¶ 74. The cited testimony of Barber does not support Monadnock's characterization that Barber observed work reported as complete was unfinished. Rather, Barber testified in less certain terms about the information systems used by Glasswall reporting and that some of their numbers may have been wrong. (Kleinhendler Dec. Ex. 23 p. 721).

75.  Westchester admits the allegations contained in CSOF ¶ 75.

76.  Westchester admits the allegations contained in CSOF ¶ 76 to the extent that there was a meeting in mid-November.  Further, page 2028 of the Anderson testimony is not included in Exhibit 5. Westchester disputes the allegations in the second sentence of CSOF ¶ 76.  The emails in Exhibit 27 discuss the cancellation of shipments per instructions from Monadnock, but ¶ 76 mischaracterizes the contents of those emails in which Monadnock refuses delivery of window unless Glasswall fulfills stated conditions. (Kleinhendler Dec. Ex. 27). Westchester admits the remaining allegations in CSOF ¶ 76 represent an accurate quotation of Mr. Bauso's testimony at arbitration but disputes the final sentence as it is a statement of opinion rather than fact.

77.  Westchester admits the allegations contained in CSOF ¶ 77.

78.  Westchester admits the allegations contained in CSOF ¶ 78, except disputes the allegations that the concrete infrastructures of both towers were complete in December 2013. The cited testimony of Colapinto does not support the final sentence of CSOF ¶ 78. The testimony refers only to the Parcel A superstructure being complete. (Kleinhendler Dec. Ex. 4 p. 240).  CSOF ¶ 78 fails to state that windows had not been delivered because Monadnock refused to accept them. (Kleinhendler Dec. Ex. 27).

79. Westchester admits the allegations contained in CSOF ¶ 79 to the extent that the parties continued to talk after December 2013, and that Monadnock gave notice of the termination of Glasswall's contracts on January 13, 2014. Westchester admits that Glasswall did not deliver any units for the reason that Monadnock wrongfully refused to accept them. (Arbitration Award, Doc. 99-12 at 10). Westchester is without sufficient knowledge to admit or deny what work could be completed during that period but Westchester admits that Messrs. Bauso and Colapinto testified as stated, except that Mr. Colapinto made no mention of the NYC Department of Buildings. (Kleinhendler Dec. Ex. 4 p. 418).

80. Westchester admits the allegations contained in the first and second sentences of CSOF ¶ 80 and admits the allegations contained in the third sentence to the extent that Westchester negotiated with the parties. Westchester disputes the characterization of letting "the project linger in a practical shutdown" as statements of opinion rather than fact. Monadnock's characterization of Westchester's actions are contrary to the facts stated in Boote Dec. ¶¶ 3-7, which describes appropriate extensive negotiations with the parties in order to facilitate performance of the contracts. (Boote Dec. ¶¶ 3-7).

81. Westchester admits the allegations contained in CSOF ¶ 81.

82. Westchester admits the allegations contained in CSOF ¶ 82.

83. Westchester admits the allegations contained in the first and second sentences of CSOF ¶ 83, except disputes that Kleinhendler Dec. Ex. 36 supports the propositions for which it is cited. Westchester disputes the allegations contained in the third sentence of CSOF ¶ 83. The cited testimony represents the opinion of individuals regarding the Amendment Agreement, rather than statements of fact. (Kleinhendler Dec. Ex. 3 p. 1084). Further, the cited portion of Colapinto's testimony shows that he had heard Monadnock had to pay into an escrow account, but also that Anderson refused to ship if any money was placed in escrow. (Kleinhendler Dec. Ex. 4

p. 600). The fourth sentence of CSOF ¶ 83 is an opinion rather than a fact and is disputed. Westchester admits the allegations contained in the final sentence of CSOF ¶ 83, except denies the characterization of "with no other options" as a statement of opinion rather than fact.

84. Westchester admits the first sentence of CSOF ¶ 84 but notes that Monadnock likely intended to cite Kleinhendler Decl. Ex. 5 p. 2297 as support for the statement. Westchester admits that after all the curtainwall units had been fabricated there were issues of missing or damaged parts. Westchester denies that Glasswall failed to respond to Monadnock's requests, as Glasswall offered to correct such issues. *See* March 17, 2015 Letter to Monadnock, Doc. 99-9.

85. Westchester admits the allegations contained in CSOF ¶ 85.

86. Westchester admits the allegations contained in CSOF ¶ 86.

87. Westchester disputes the allegations contained in CSOF ¶ 87. Glasswall did respond offering to correct the deficiencies Monadnock asserted. (Doc. 99-9). The statement that the deficiencies prevented Monadnock from obtaining Temporary Certificates of Occupancy is based on, and mischaracterizes, Bauso's testimony. Bauso testified that some of the deficiencies were of the type that could have prevented Monadnock from obtaining a TCO, not that they did prevent it. (Kleinhendler Dec. Ex. 3 p. 1003-07). In addition, records available to Monadnock from the New York City Department of Buildings, but not provided, would show whether the deficiencies prevented the issuance of Temporary Certificates of Occupancy.

88. Westchester admits the accuracy of the allegations contained in CSOF ¶ 88, except disputes the characterization of the April 25, 2015 letter, which speaks for itself (Boote Dec. ¶ 17, Ex. K).

89. Westchester admits the authenticity of the TCO certificates cited in CSOF ¶ 89 but disputes that they establish that delay in the delivery of windows was the cause of delay in obtaining the TCO's. Documents of record with the New York City Department of Buildings

7

establish the completion items required for TCO issuance at various times (*see C of O PDF Listing for Property*, NYC Department of Buildings, available at [http://a810-bisweb.nyc.gov/bisweb/COsByLocationServlet?requestid=1&allbin=4541370](http://a810-bisweb.nyc.gov/bisweb/COsByLocationServlet?requestid=1&allbin=4541370) for 1-50 50th Avenue, and [http://a810-bisweb.nyc.gov/bisweb/COsByLocationServlet?requestid=1&allbin=4541408](http://a810-bisweb.nyc.gov/bisweb/COsByLocationServlet?requestid=1&allbin=4541408) for 1-55 Borden Avenue [last accessed Mar. 29, 2018]).  Westchester admits the allegations contained in the second, fourth, and fifth sentences of CSOF ¶ 89.

90. Westchester admits the allegations contained in CSOF ¶ 90.

91. Westchester admits the allegations contained in CSOF ¶ 91.

92. Westchester admits the allegations contained in CSOF ¶ 92.

93. Westchester admits the allegations contained in CSOF ¶ 93.

94. Westchester admits the allegations contained in CSOF ¶ 94.

95. Westchester admits the allegations contained in CSOF ¶ 95, except disputes the characterization of the quotation on page 11 of the Arbitration Award and further states that the arbitrators found additional grounds on which to deny Monadnock's claims for delay damages. Arbitration Award, Doc. 99-12 at 11-12.

96. Westchester admits the allegations contained in CSOF ¶ 96.

97. Westchester admits the allegations contained in CSOF ¶ 97.

Dated:   New York, New York
         March 30, 2018

**COZEN O'CONNOR**

By:   /s/ John J. Sullivan
      John J. Sullivan
      Alexander Selarnick
      45 Broadway Atrium, Suite 1600
      New York, NY 10006
      P: 212-453-3729
      F: 646-461-2073
      JSullivan@cozen.com
      ASelarnick@cozen.com

Robert McL. Boote*
*Admitted Pro Hac Vice*
Suite 400, 200 Four Falls Corporate Center
P.O. Box 800
West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*