UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

                              Plaintiff,

           -against-

WESTCHESTER FIRE INSURANCE

COMPANY,

                           Defendant.

Case No.: 16 CIV 00420 (JBW)
ECF Case

--------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE

COMPANY,

                      Third-Party Plaintiff,

           -against-

GLASSWALL, LLC, UGO COLOMBO, and

SARA JAYNE KENNEDY COLOMBO,

                    Third-Party Defendants.

--------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW BY MONADNOCK CONSTRUCTION, INC.
IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500

047842-002/00126324-1

# TABLE OF CONTENTS

Table of Authorities ......................................................................................................(ii)

Preliminary Statement ...................................................................................................1

Argument .........................................................................................................................1

I.     Monadnock Did Not Commit an "Owner Default" ......................................1

   A. Monadnock Properly Terminated Glasswall Pursuant
      to the Amendment Agreement .................................................................2

   B. Monadnock Properly Terminated Glasswall
      Before Substantial Completion .................................................................3

II.    Monadnock's Claim for WFIC's Bad Faith
      Is Not Duplicative or Precluded by the Arbitration Award .........................4

Conclusion ........................................................................................................................6

# TABLE OF AUTHORITIES

Acquista v. New York Life Ins. Co.,
   730 N.Y.S.2d 272 (N.Y. App. Div. 1st Dept. 2001)................................................................. 5

F. Garofalo Elec. Co., Inc. v. New York U.,
   754 N.Y.S.2d 227 (N.Y. App. Div. 1st Dept. 2002).................................................................. 3

Fid. and Deposit Co. of Maryland v. Parsons & Whittemore Contractors Corp.,
   397 N.E.2d 380 (N.Y. 1979).................................................................................................... 2

Fruin-Colnon Corp. v. Niagara Frontier Transp. Auth.,
   585 N.Y.S.2d 248 (N.Y. App. Div. 4th Dept. 1992) ............................................................... 3

Greenblatt v. Drexel Burnham Lambert, Inc.,
   763 F.2d 1352 (11th Cir. 1985) ............................................................................................... 1

J.J. Juliano Const., Inc. v. Burgio & Campofelice, Inc.,
   709 N.Y.S.2d 324 (N.Y. App. Div. 4th Dept. 2000) ............................................................... 3

Siegel v. Daiwa Securities Co. Ltd.,
   842 F. Supp. 1537 (S.D.N.Y. 1994)........................................................................................ 1

Plaintiff Monadnock Construction, Inc. ("Monadnock"), respectfully submits this reply memorandum of law in further support of its Cross-Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Although WFIC purports to assert "surety-specific" defenses in this action, all of its purported defenses were asserted by Glasswall, or could have been asserted by WFIC, in the Arbitration, considered by the Panel, and denied. This is not the forum or opportunity for WFIC to have a second bite at the apple. For the reasons explained below, WFIC's remaining arguments are meritless.

## ARGUMENT

## I.   MONADNOCK DID NOT COMMIT AN "OWNER DEFAULT"

At Arbitration, the Panel expressly considered all of Glasswall's contract defenses, dismissed them, and rendered the Award "in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." (Boote Decl. Ex. L p 13.) The Panel awarded Monadnock performance damages for the breaches Glasswall committed, which resulted in the second termination of the Contracts and Monadnock's Second Bond Claim.

An arbitration award "embraces the [issues and] claims not expressly decided" but that were impliedly decided. Siegel v. Daiwa Securities Co. Ltd., 842 F. Supp. 1537, 1542 (S.D.N.Y. 1994). Further, claim and issue preclusion are appropriate even where the arbitration panel did not make specific factual findings, so long as those facts were necessary to the panel's award. Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1361 (11th Cir. 1985). By finding Glasswall liable for performance damages, the Panel implicitly decided the issue that Monadnock's second termination of the Contracts was valid. Because Monadnock's second termination was proper, Monadnock did not commit an Owner Default under the Bonds for that reason.

Moreover, even if Glasswall did not assert all of the breach of contract defenses available to it, any defenses concerning the Contracts are not surety-specific, and should have been raised in Arbitration. Accordingly, WFIC, with clear notice of the Arbitration, should have intervened in the Arbitration and asserted its defenses concerning the propriety of the second termination there. See, e.g., Fid. and Deposit Co. of Maryland v. Parsons & Whittemore Contractors Corp., 397 N.E.2d 380 (N.Y. 1979) (holding that related claims needed to be litigated in the same forum). WFIC failed to do so, and cannot have a second bite at the apple and assert them here.

**A. Monadnock Properly Terminated Glasswall Pursuant to the Amendment Agreement**

WFIC argues that Monadnock's termination of Glasswall was improper because it was based on events which occurred prior to the execution of the Amendment Agreement and for which Moandnock waived the right to terminate. Even assuming WFIC could assert this defense here rather than in Arbitration, which it cannot, this argument fails for a number of reasons. First, WFIC ignores the multitude of problems in Glasswall's performance that the project architect identified and that Monadnock cites in support of the second termination. Specifically, a full reading of Monadnock's May 4, 2015 Notice of Default and May 16, 2015 Notice of Termination shows that Glasswall was not terminated simply because of its late performance, rather Monadnock outlined more than *thirty* deficiencies in Glasswall's performance. These deficiencies were significant, as they would have precluded Monadnock from obtaining TCOs for the Projects. Furthermore, even assuming arguendo that the second termination was based on both permissible and impermissible reasons, which it was not, WFIC cites no precedent – because it cannot – that the impermissible reasons would somehow taint an otherwise proper termination based on the permissible reasons. And, again, had WFIC believed this to be a viable defense that Glasswall did not assert, it should have intervened in the Arbitration and asserted it there.

### B.  Monadnock Properly Terminated Glasswall Before Substantial Completion

WFIC argues that Monadnock improperly terminated Glasswall after it had substantially performed.  WFIC argues that its version of the defense is somehow unique from the "substantial completion" defense Glasswall asserted at Arbitration.  Again, even if WFIC could assert this non-surety specific defense, which it cannot, WFIC incorrectly asserts that the Panel could have simultaneously awarded Monadnock performance damages while also finding that Monadnock improperly terminated Glasswall after substantial completion.  WFIC is wrong.

Rather, had Monadnock wrongly terminated Glasswall after substantial completion, Glasswall would have been entirely absolved of liability, including for defective work.  See, e.g., J.J. Juliano Const., Inc. v. Burgio & Campofelice, Inc., 709 N.Y.S.2d 324, 324 (N.Y. App. Div. 4th Dept. 2000)(wrongful termination of subcontractor absolved subcontractor of liability for general contractor's cost to correct defective work); Fruin-Colnon Corp. v. Niagara Frontier Transp. Auth., 585 N.Y.S.2d 248, 256 (N.Y. App. Div. 4th Dept. 1992)(owner's wrongful termination precluded it from seeking damages for costs to remedy contractor's defective performance).  The one case WFIC cites for the proposition that an owner can recover damages for a contractor's defective work after the contractor's achievement of substantial completion did not involve a simultaneous finding that the owner improperly terminated the contractor.  Specifically, in F. Garofalo Elec. Co., Inc. v. New York U., 754 N.Y.S.2d 227 (N.Y. App. Div. 1st Dept. 2002), the court simply held that the measure of damages for a contractor that achieved substantial completion is payment under the contract, less costs to correct or complete the work.  The court did not address the impact of an owner's wrongful termination on the contractor's liability for the owner's costs to complete or correct.

WFIC additionally argues that the common law definition of substantial completion replaces the clear contractual definition of that term in the Contracts.  WFIC argues that a strikethrough of "Prime Contract" as one of the "Subcontract Documents" forecloses reference to the Prime Contract in interpreting the Contracts. (WFIC Reply Br. p 19.)  However, the Panel decided this issue to the contrary.  Specifically, in finding Monadnock's standing to pursue claims against Glasswall, the Panel abided by Article 2 of the Contracts, which bound Glasswall to be liable to Monadnock to the extent that Monadnock was bound to the Projects' owners under the Prime Contracts.  Implicit in the Panel's finding of standing, was a finding that the Prime Contract was a Subcontract Document, which could be used to define terms in the Subcontract.  This finding, for a second reason, forecloses WFIC's substantial completion defense.

Finally, WFIC argues that, even though Glasswall clearly raised the defense of substantial completion, because the Panel did not specifically decide it, WFIC is free to raise it here.  As discussed above, the Award necessarily considered and dismissed this defense.  Again, had Monadnock improperly terminated Glasswall after it achieved substantial completion, it would have entirely absolved Glasswall from liability, including for performance damages for defective work.

## II.   MONADNOCK'S CLAIM FOR WFIC'S BAD FAITH IS NOT DUPLICATIVE OR PRECLUDED BY THE ARBITRATION AWARD

WFIC argues that Monadnock's Second Claim for Relief is duplicative of its breach of contract claim.  This is flatly untrue.  Monadnock's First Claim for Relief is a claim for WFIC's failure to honor contractual obligations under the Bonds and satisfy Glasswall's liability, as determined in the Arbitration.  Monadnock's Second Claim for Relief is different.  Monadnock's Second Claim seeks consequential damages for WFIC's bad faith in refusing to promptly take action on January 13, 2014, after it had been aware for several months of Glasswall's deficient and delayed

performance.  Monadnock pleaded detailed factual allegations concerning WFIC's egregious stall, delay, and denial of responsibility.  WFIC seeks to avoid liability by pointing to Monadnock's correspondence agreeing to extend the time by which WFIC had to take action under the Bonds. However, WFIC omits the significant detail that all of Monadnock's agreements were with reservations of rights to pursue claims against WFIC, including for their bad faith refusal to take a proper surety action.  (See, e.g., Boote Decl. Ex B.)

Monadnock pleaded facts demonstrating "more than merely a denial of benefits promised under a policy of insurance, but instead, that the insurer's denial of the claim was deliberately made in bad faith, with knowledge of the lack of a reasonable basis for the denial," Acquista v. New York Life Ins. Co., 730 N.Y.S.2d 272 (N.Y. App. Div. 1st Dept. 2001).  At a minimum, Monadnock's allegations create an issue of fact and "may be employed to interpose a claim for consequential damages beyond the limits of the policy for the claimed breach of contract." Acquista, 285 A.D.2d at 82.

Furthermore, contrary to WFIC's allegations, Monadnock's claim for consequential damages for WFIC's bad faith is not the same claim for the damages that Monadnock sought in Arbitration. In Arbitration, Monadnock sought damages for the entire length of the delay that Glasswall caused. Here, Monadnock seeks only the discrete consequential damages arising from its need to stop work during WFIC's nearly three-month delay in taking a proper action under the Bonds.  There was no testimony in the Arbitration or findings in the Award concerning the propriety of WFIC's actions in early 2014.  As such, Monadnock is not precluded from seeking to recoup the damages it incurred while WFIC waited to take action.

## CONCLUSION

For the reasons set forth above, Monadnock respectfully requests that this Court deny WFIC's Motion for Summary Judgment and grant its Cross-Motion for Summary Judgment.

Dated: New York, New York
     April 20, 2018                 */s/ Howard Kleinhendler*

                                                Howard Kleinhendler
                                                  Evan Weintraub
                                                  Jocelyn Weinstein
                                                  WACHTEL MISSRY LLP
                                                  885 Second Avenue
                                                  New York, NY 10017
                                                  (212) 909-9500
                                                 (212) 909-9430 (fax)
                                                  kleinhendler@wmllp.com
                                                  weintraub@wmllp.com
                                                  jweinstein@wmllp.com
                                                  *Counsel for Plaintiff*
                                                  *Monadnock Construction, Inc.*