UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

                Plaintiff,

    -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

               Defendant.

Case No.: 16 CIV 00420 (JBW)
ECF Case

---------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                Third-Party Plaintiff,

    -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                Third-Party Defendants.

---------------------------------------------------------------X

**MEMORANDUM OF LAW BY MONADNOCK CONSTRUCTION, INC.
IN SUPPORT OF ITS MOTION TO COMPEL SUBPOENA COMPLIANCE**

                                                                               WACHTEL MISSRY LLP
                                                                               885 Second Avenue
                                                                               New York, NY 10017
                                                                               (212) 909-9500

                                                                               *Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Table of Authorities** ................................................................................................................(ii)

**Preliminary Statement** ..............................................................................................................1

**Background** ................................................................................................................................2

**Argument** ...................................................................................................................................5

      I.      Monadnock is Entitled to an Order Granting the Motion to Compel Compliance With the Subpoenas ...............................................................................5

**Conclusion** .................................................................................................................................8

## TABLE OF AUTHORITIES

Cases

Banco C. De Paraguay v. Paraguay Humanitarian Found., Inc., 01 CIV. 9649 (JFK),
   2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006) ................................................................. 5
Bethpage Federal Credit Union v. Taj Bldg. Products Co.,
   2010 WL 5147299 (N.Y. Sup. Ct. 2010) ....................................................................... 7
EM Ltd. v. Republic of Argentina,
   695 F.3d 201 (2d Cir. 2012) ........................................................................................ 5, 6
Gibbons v. Smith, 01 CIV. 1224 (LAP),
   2010 WL 582354 (S.D.N.Y. Feb. 11, 2010) ................................................................. 5
Kozel v. Kozel,
   44 N.Y.S.3d 20 (N.Y. App. Div. 1st Dept. 2016) ......................................................... 7
Magnaleasing, Inc. v. Staten Island Mall,
   76 F.R.D. 559 (S.D.N.Y. 1977) .................................................................................... 6
Syposs v. U.S.,
   181 F.R.D. 224 (W.D.N.Y. 1998) ................................................................................ 5
Vazquez v. Ranieri Cheese Corp., CV-07-464 ENV VVP,
   2013 WL 101579 (E.D.N.Y. Jan. 8, 2013) ................................................................... 6

Rules

Fed. R. Civ. P. 26(b)(1) ....................................................................................................... 5
Fed. R. Civ. P. 45 ................................................................................................................ 5
Fed. R. Civ. P. 69(a)(2) ....................................................................................................... 5
New York, Civil Practice Law and Rules 5223 ............................................................. 6, 7
New York, Civil Practice Law and Rules 5223 and 5224 ................................................. 6

Other Authorities

12 Fed. Prac. & Proc. Civ. § 3014 ...................................................................................... 6

Plaintiff Monadnock Construction, Inc. ("Monadnock"), through its counsel Wachtel Missry LLP, hereby moves the Court for an order compelling Westchester Fire Insurance Company ("WFIC"), Ugo Colombo ("Ugo"), Sara Jayne Kennedy Colombo ("Sara"), and Tecnoglass, Inc. ("Tecnoglass") to (a) produce documents responsive to the categories set forth in Exhibit A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action, served upon each of them; and (b) to make themselves available for deposition concerning the matters identified in the Subpoena to Testify at a Deposition in a Civil Action, served upon each of them.

## PRELIMINARY STATEMENT

This Court confirmed the award which resulted from the arbitration between plaintiff, Monadnock, and third-party defendant, Glasswall, LLC ("Glasswall"). Thereafter, this Court entered a $1.5 million judgment in favor of Monadnock. To impede Monadnock's collection efforts, Glasswall failed and refused to pay the judgment, or even disclose the location of the assets that should be used to satisfy it. Consequently, Monadnock served document and deposition subpoenas in aid of judgment enforcement upon defendant, WFIC, the underwriter of certain payment and performance bonds issued to Glasswall, third-party defendants, husband and wife, Ugo and Sara, and Tecnoglass. Ugo is the sole principal of Glasswall, and Tecnoglass acquired Glasswall's assets in late 2014.

To further frustrate Monadnock's efforts, Tecnoglass entirely ignored the subpoenas served upon it, and WFIC, Ugo and Sara tenuously argue that a certain discovery stay protects them from having to comply. Specifically, WFIC, Ugo and Sara argue that the discovery stay into which they and Monadnock stipulated in the underlying action before this Court shields them from

complying, pending the outcome of certain dispositive motions currently sub judice before the Court. Contrary to their position, enforcement of Monadnock's judgment constitutes a separate action, unimpeded by this action. Accordingly, Monadnock is entitled to move forward with discovery in aid of judgment enforcement, and WFIC, Ugo, Sara and Tecnoglass should be ordered to comply with the information subpoenas served upon them.

## BACKGROUND

Monadnock, a general contractor, was tasked with the construction of two mixed-use commercial and affordable housing projects in the Hunters Point Section of Long Island City, New York. (Am. Compl. ¶ 14.) In February 2013, Monadnock entered into subcontractor agreements (collectively, the "Contracts") with Glasswall to produce and deliver window assemblies and other materials for the projects. (Am. Compl. ¶ 16.) Glasswall was to start delivering these window assemblies and other materials on September 1, 2013 for Parcel A and July 1, 2013 for Parcel B. (Am. Compl. ¶ 17.) Per the Contracts, Glasswall procured performance bonds from WFIC (collectively, the "Bonds"). (Am. Compl. ¶ 1.)

Glasswall failed to timely produce and deliver window assemblies and other materials, thus prompting Monadnock to declare it in default numerous times. (Am. Compl. ¶¶ 28, 31, 34.) On January 13, 2014, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds to take over the work. (Am. Compl. ¶¶ 35, 37.) WFIC denied coverage under the Bonds. (Am. Compl. ¶ 38.)

To mitigate its damages, after months of negotiations, on April 4, 2014, Monadnock entered into a settlement agreement (the "Amendment Agreement") with, third-party defendants, Ugo, Sara, Glasswall and defendant, WFIC. (Am. Compl. ¶ 43.)

Despite Monadnock's willingness to give Glasswall a second chance under the Amendment Agreement, Glasswall continued to fail to meet its obligations under the Contracts. (Am. Compl. ¶¶ 50-58.) Thus, on March 4, 2015, Monadnock served a Notice of Default on Glasswall and commenced an arbitration (the "Arbitration") before a panel of American Arbitration Association arbitrators. (Am. Compl. ¶¶ 59, 67.) Thereafter, on March 16, 2015, Monadnock terminated the Contracts and made a demand on WFIC under the Bonds. (Am. Compl. ¶¶ 61, 62.) On April 25, 2015, WFIC denied coverage and refused to perform. (Am. Compl. ¶ 64.)

Monadnock commenced the instant action against WFIC on December 22, 2015, by summons with notice in New York State Supreme Court to recover for WFIC's breach the Bonds. (Dkt.- 1.) WFIC subsequently removed the action to this Court. (Dkt.- 1.)

Following nine days of hearings and Monadnock's and Glasswall's submissions of post-hearing briefs, the panel issued an award (the "Award"). (Dkt.-53-2, Cinque Decl. Ex. A.) The Award ordered Glasswall to pay Monadnock $1,499,255.18 plus 5% interest per annum. (Id.)

During the course of the stay, WFIC and Monadnock submitted periodic joint-status reports to apprise the Court of the status of the Arbitration. The last joint-status report advised the Court of the issuance of the Award, and the instant litigation resumed. (Dkt.- 38.) On September 12, 2017, WFIC answered and filed a third-party complaint (the "Third-Party Complaint") against Glasswall, Ugo, and Sara as indemnitors of the Bonds. (Dkt.- 42.) On October 3, 2017, Monadnock filed an amended complaint (the "Amended Complaint") adding, among other things, the third through sixth causes of action against Glasswall and its sole principal, Ugo, seeking to recover the amount due under the Award. (Dkt.- 50.)

On November 22, 2017, this Court confirmed the Award. (Dkt.-77.) On January 31, 2018, the parties agreed to and the Court ordered a stay (the "Stay") of discovery pending the outcome of certain dispositive motions pending before the Court. (Dkt.-101.) On February 2, 2018, a judgment (the "Judgment") was entered confirming the Award. (Dkt.-105.)

Thereafter, Monadnock sought discovery in aid of enforcing the Judgment and served certain subpoenas upon third-parties (the "Subpoenas"). Specifically, on March 21, 2018, Monadnock served upon each of WFIC, Ugo, and Sara a Subpoena to Testify at a Deposition in a Civil Action, a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of a Premises in a Civil Action, along with statutory witness fees. (Weintraub Decl. ¶ 2, Ex. A.) Monadnock has reason to believe that WFIC has information concerning Glasswall's assets because of its underwriting of Glasswall's performance and issuance of the Bonds. (Am. Compl. ¶ 1.) Monadnock has reason to believe that Ugo, the sole owner of Glasswall, as well as his wife, Sara, have information concerning Glasswall's assets because of Ugo's control of the company. (Am. Compl. ¶ 36.) On March 15, 2018, Monadock served upon a registered agent of third-party Tecnoglass (together with WFIC, Ugo and Sara the "Subpoenaed Parties") a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. (Weintraub Decl. ¶ 2, Ex. A.) Monadnock has reason to believe Tecnoglass has information concerning Glasswall's assets because it acquired Glasswall's assets in December 2014. (Weintraub Decl. ¶ 3, Ex. B.)

After receiving the Subpoenas, WFIC, Ugo and Sara objected to compliance arguing that the Stay forecloses discovery in aid of enforcing the Judgment. (Weintraub Decl. ¶ 4, Exs. C, D, E.) Tecnoglass has not responded. (Weintraub Decl. ¶ 8.)

**ARGUMENT**

I.  **MONADNOCK IS ENTITLED TO AN ORDER GRANTING THE MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENAS**

Federal Rule 69(a)(2) broadly provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); see EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250 (2014) ("we note that broad post-judgment discovery in aid of execution is the norm in federal and New York state courts"); Gibbons v. Smith, 01 CIV. 1224 (LAP), 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010) ("Respondent has wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings"); see also Syposs v. U.S., 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)"). "Absent the entry of a stay of judgment, a judgment creditor is entitled to seek discovery, even during the pendency of an appeal." Banco C. De Paraguay v. Paraguay Humanitarian Found., Inc., 01 CIV. 9649 (JFK), 2006 WL 3456521, at *9 (S.D.N.Y. Nov. 30, 2006).

In order to obtain discovery from a third party, a judgment creditor need only show that a third party possesses information relevant to the enforcement of the judgment, namely information about the judgment debtor's assets. As the Second Circuit noted in its most recent decision articulating the bounds of post-judgment discovery:

> The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment. … Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way. ... It is not uncommon to seek asset

>  discovery from third parties … that possess information pertaining to the judgment debtor's assets.

EM Ltd., 695 F.3d at 207 (internal quotations and citations omitted); see also Vazquez v. Ranieri Cheese Corp., CV-07-464 ENV VVP, 2013 WL 101579, at *2 (E.D.N.Y. Jan. 8, 2013) ("the breadth of post-judgment discovery with respect to a judgment debtor's assets affords judgment creditors considerable latitude in obtaining documents and information from non-parties").

Discovery is especially appropriate where a third party may have received assets from the judgment debtor or has had a close relationship with the judgment debtor. In EM Ltd., 695 F.3d at 207, for instance, the Second Circuit affirmed the District Court's order requiring third-party banks to comply with subpoenas duces tecum, where the banks possessed information about the nature of the judgment debtor's assets and how it held its assets. See also Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 560–561 (S.D.N.Y. 1977) (court ordered production of part of a settlement agreement that may have been used to improperly transfer judgment debtor's assets to third party); 12 Fed. Prac. & Proc. Civ. § 3014 (2d ed.) ("Ordinarily third persons can be examined only about the assets of the judgment debtor and cannot be required to disclose their own, although probing questioning is allowed with regard to third parties with close ties to the judgment debtor") (emphasis added) (citing cases).

As this Court is located in the State of New York, Civil Practice Law and Rules 5223 and 5224 apply and provide for the utilization of information subpoenas by judgment creditors. N.Y. C.P.L.R. 5223, 5224(a). Civil Practice Law and Rules 5224(a)(3)(iv) states that if a person served with an information subpoena fails to comply, the issuer of the subpoena may move the court that issued the underlying judgment to compel compliance. Id. at §§ 5224(a)(3)(iv), 308(b).

Under N.Y. C.P.L.R. § 5223, "a judgment creditor is entitled to discovery from either the judgment debtor or a third party to determine whether the judgment debtor concealed any assets

or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment." Bethpage Federal Credit Union v. Taj Bldg. Products Co., 2010 WL 5147299 (N.Y. Sup. Ct. 2010); see also N.Y. C.P.L.R. 5223 ("at any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena").

As the judgment creditor, Monadnock was entitled to issue Subpoenas. The Subpoenas at issue are part of Monadnock's post-judgment discovery, and are tailored to search for suitable assets to satisfy the Judgment. In addition, the Subpoenas were properly issued because Monadnock reasonably believes that the Subpoenaed Parties possess information that will assist Monadnock in collecting the Judgment.

Monadnock's Motion to Compel should be granted as a matter of law because it was authorized to issue the Subpoenas, and validly did so. WFIC, Ugo and Sara refuse to comply with the Subpoenas on the purported basis that compliance would undermine the Stay in the underlying action. The Stay, however, relates only to discovery in the underlying action concerning WFIC's liability on the Bonds, and Glasswall's and Ugo's liability to satisfy the Award and for fraudulent conveyance of Glasswall's assets. The Stay does not apply to separate and unrelated issues, such as this one, concerning the whereabouts of Glasswall's assets. Neither the law nor the facts support WFIC's, Ugo's or Sara's argument to the contrary. Significantly, an action to obtain a satisfaction of a judgment is a separate proceeding. See Kozel v. Kozel, 44 N.Y.S.3d 20, 22 (N.Y. App. Div. 1st Dept. 2016). A discovery stay in a related but separate proceeding does not impact a creditor's ability to obtain disclosures to enforce a judgment. See id. (discovery stay in a "related pending action" did not impact creditor's entitlement to disclosure to enforce judgment, despite "overlap"

of issues in the two proceedings). Accordingly, WFIC, Ugo, Sara, should not be permitted to use the Stay as a shield to protect them from disclosing information concerning Glasswall's assets.

## CONCLUSION

For the reasons set forth in this memorandum, as supported by the accompanying May 11, 2018 Declaration of Evan Weintraub and Exhibits thereto, Monadnock respectfully requests that this Court issue an Order directing each of the Subpoenaed Parties to fully comply with the Subpoenas issued to it, her or him, within 14 days of the Court's Order.

Dated: New York, New York
      May 11, 2018

*/s/ Evan Weintraub*
Howard Kleinhendler
Evan Weintraub
Jocelyn Weinstein
WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500
 (212) 909-9430 (fax)
kleinhendler@wmllp.com
weintraub@wmllp.com
jweinstein@wmllp.com
*Counsel for Plaintiff*
*Monadnock Construction, Inc.*