# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

                   Plaintiff,

     -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                   Defendant.
-----------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

                   Third-Party Plaintiff,

     -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

                   Third-Party Defendants.
-----------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

## WESTCHESTER FIRE INSURANCE COMPANY'S OBJECTIONS TO SUBPOENAS SERVED BY PLAINTIFF MONADNOCK CONSTRUCTION, INC.

       Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Westchester Fire Insurance Company ("Westchester") objects to the subpoenas appended hereto as Exhibits A (a subpoena for documents) and B (a subpoena for testimony) served on it by Plaintiff Monadnock Construction, Inc. ("Monadnock") on the following grounds:

       1.     Both subpoenas seek discovery by the party-plaintiff in this case from Westchester, the party-defendant in this case. Discovery from a party by another party in a federal case is appropriately obtained by the Rules governing party depositions and requests to produce documents, not by subpoena.

2.      Under the Court's scheduling order, discovery is stayed.  Monadnock is required to seek modification of the stay of discovery prior to seeking discovery in any manner in this case.

3.      The Court presently has under advisement a motion to dismiss the fraudulent conveyance and related claims against the third party defendants, Glasswall, LLC, Ugo Colombo and Sara Jayne Kennedy Colombo. Discovery of the type sought by Monadnock should not be permitted until such time as the Court rules on the motion to dismiss.

4.      The subpoena for documents requests, potentially, an extremely large volume of documents. The request should be narrowed to identify documents actually needed by Monadnock.

5.      Some of the requested documents contain confidential information relating the business of Westchester.  No production of such documents should be made until an appropriate protective order is entered safeguarding the confidentiality of such documents.

6.      Some of the requested documents contain privileged attorney-client and protected work-product information.

7.      To Westchester's knowledge, neither subpoena has been served as required on all parties, nor has a deposition of Westchester been noticed.

8.      The subpoena for testimony from Westchester fails to identify the topics about which testimony is requested.

**WHEREFORE,** it is Westchester's position that it has no obligation to comply with the subpoenas unless and until Monadnock obtains a modification of the present stay of discovery and otherwise complies with the Federal Rules of Civil Procedure. To the extent Monadnock is permitted to proceed with its discovery by Order of the Court, Westchester reserves its right to assert these objections and any other objections that Westchester deems appropriate at that time.

Respectfully,

COZEN O'CONNOR

Dated: April 3, 2018

By:   /s/ Robert McL. Boote
Robert McL. Boote*
*Admitted Pro Hac Vice
Suite 400, 200 Four Falls Corporate Center
P.O. Box 800
West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

John J. Sullivan
Alexander Selarnick
45 Broadway Atrium, Suite 1600
New York, NY 10006
P: 212-453-3729
F: 646-461-2073
JSullivan@cozen.com
ASelarnick@cozen.com

Attorneys for Defendant
Westchester Fire Insurance Company

Joel S. Magolnick, Esq.
MARKO & MAGOLNICK, P.A.
Attorneys for Third-Party
Defendants Ugo Colombo &
Sara Jayne Kennedy Colombo

James P. Cinque, Esq.
CINQUE & CINQUE, P.C.
Attorneys for Third-Party
Defendant Glasswall LLC

Evan Weintraub, Esq.
Howard Kleinhendler, Esq.
Jocelyn Weinstein, Esq.
WACHTEL MISSRY LLP
Attorneys for Plaintiff
Monadnock Construction, Inc.

# Exhibit "A"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

MAR 2 2 2018

INCOMING LEGAL

| | |
|---|---|
| MONADNOCK CONSTRUCTION, INC., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  SDNY 16-CIV-420 (JBW)(VMS) |
| WESTCHESTER FIRE INSURANCE COMPANY | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Westchester Fire Insurance Company, 436 Walnut Street, Philadelphia, Pennsylvania 19103

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, PA 19103-4196 | Date and Time:<br><br>04/19/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/19/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____

Monadnock Construction, Inc. _____ , who issues or requests this subpoena, are:

Evan Weintraub, Wachtel Missry LLP, 885 2nd Ave, NY, NY 10017, weintraub@wmllp.com, (212) 909-9500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  SDNY 16-CIV-420 (JBW)(VMS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1.     All references to "you" or "your" includes the recipient named in this subpoena, its agents, representatives, subsidiaries, affiliates, employees, partners, associates and anyone else acting for them, on their behalf, or under their control, either past or present.

2.     This subpoena is intended to include documents in your possession or subject to your custody or control.

3.     If there are no documents responsive to any particular requests, state so in response to that request.

4.     This request shall be deemed continuing and you are required to immediately supplement any production of documents responsive to these requests with documents subsequently acquired.

5.     All references to the singular shall be construed to include the plural and all references to the plural shall be construed to include the singular.

6.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

7.     If you withhold the production of any document on the ground of privilege, state for each such document (a) the nature of the privilege (including work product) which is being claimed; (b) the type of document, *e.g.*, letter or memorandum; (c)  the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) the persons who have seen or had possession of the document; and (g) where not apparent, the relationship of the author and recipients to each other.

8.     If any document requested was formerly in your possession and control but is not produced, state for each such document (a) the type of document, *e.g.*, letter or memorandum; (b) the date of the document; (c) the author of the document; (d) the persons who have seen or had possession of the document; (e) a detailed description of the subject matter of the document; (f) why the document is no longer in your possession; and (g) who last had possession of the document.

9.     The source and location of each responsive document shall be designated, including the person from whom it was obtained.  Responsive documents from each person's files shall be produced together, in file folders or with other enclosures that segregate the files by request number.  All documents shall be produced as they are kept in the ordinary course of business (*e.g.*, documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form).  It is requested that each page be marked with corporate identification and consecutive control numbers indicating the numbered request to which the document is responsive.  Original documents in color shall be produced in color.

10.     When producing magnetic media, electronic data, and information submitted or maintained in machine-readable form, please: provide information sufficient to enable plaintiff to read the information stored on such media, including, where applicable, tape format, record layout information, and/or spread sheet or word processing software format (*e.g.*, WordPerfect 8, Microsoft Word 2000, etc.).

11.     The term "communication" means the transmittal of information in the form of facts, opinions, ideas, data transmission, inquiries or otherwise, whether oral or written.

12.     The term "document" is used herein in the broadest possible sense and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies

(whether different form the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video, computer, digital, optical or magnetic recording system) or reproduced by hand: contracts, agreements, communications, writings, correspondence, telegrams, facsimiles, memoranda, records, reports, books, summaries, or records of telephone conversations, forecasts, statistical statements, work papers, e-mails, text messages, web-pages, electronic bulletin boards, ledgers, drafts, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultant's reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, bills, invoices, checks, photographs, tape recordings, microfilm, microfiche, floppy diskettes, lists, journals, advertisements, file folders, computer tapes and hard drives, source code, object code or other computer language or recording, and any other writing of whatever description, however produced or reproduced, within your possession, custody or control, including documents within the files or your attorneys, consultants, or agents.

13.    The term "concerning" means related to regarding referring to, mentioning, pertaining to, evidencing, involving, describing, discussing, responding to, supporting and contradicting.

14.    The term "Glasswall" refers to Glasswall, LLC, its predecessors and all persons acting on its behalf.

15.    The term "Tecnoglass" refers to Tecnoglass Inc., its predecessors and all persons acting on its behalf.

16.    The term "Ugo" refers to Ugo Colombo and all persons acting on her behalf.

17.     The term "Sara" refers to Sara Jayne Kennedy Colombo and all persons acting on her behalf.

18.     The term "WFIC" refers to Westchester Fire Insurance Company its predecessors and all persons acting on its behalf.

19.     The term "Plaintiff" refers to the plaintiff Monadnock Construction, Inc. and all persons acting on its behalf.

20.     The use of the singular form of any word includes the plural and vice versa.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses wherever necessary to bring within the scope of these discovery requests any response that might otherwise be construed to be outside their scope.

21.     Unless otherwise stated, the time period for these requests is from December 2, 2014 through the date of your response.

## REQUESTS FOR PRODUCTION

1.      All correspondence between Glasswall (or any agent therefor) and WFIC (or any agent therefor) relating to or reflecting the existence, location, or transfer of any collateral or assets which Glasswall owned, in whole or in part, from December 2, 2014 through the present.

2.      All documents relating to or reflecting the existence, location, or transfer to WFIC of any collateral or assets which Glasswall owned, in whole or in part, from December 2, 2014 through the present.

3.      All documents, including but not limited to all agreements, schedules, and appendices thereto, relating to, reflecting, or memorializing any acquisition, purchase, or receipt of ownership or control, in whole or in part, and in any manner, by WFIC of any collateral or assets of Glasswall.

4.      All documents, including but not limited to all agreements, schedules, and appendices thereto, relating to, reflecting, or memorializing any acquisition, purchase, or receipt of ownership or control, in whole or in part, and in any manner, of Glasswall by any entity (or any property thereof, whether real or personal, including money).  This Request specifically includes, without limitation, all documents relating to, reflecting, or memorializing Tecnoglass' acquisition, purchase, or receipt of ownership or control, in whole or in part, and in any manner, of Glasswall (or any of the assets thereof).

5.      All documents, including but not limited to all agreements, account statements, financial statements, and the like, relating to, reflecting, or memorializing Tecnoglass' transfer or deposit of money, funds, or accounts (including amounts transferred, dates of transfer, and identities of senders and recipients), of any kind and for any reason, to Glasswall, or any

member, parent, subsidiary, or affiliate thereof, whether or not relating to an acquisition, purchase, or transfer of ownership or control referred to in Request 1 above.

6.      All documents, including but not limited to all agreements, account statements, financial statements, and the like, relating to, reflecting, or memorializing Glasswall's, or any member, parent, subsidiary, or affiliate thereof, receipt of money, funds, or accounts (including amounts transferred, dates of transfer, and identities of senders and recipients), relating to an acquisition, purchase, or transfer of ownership or control referred to in Request 1 above.

7.      All documents, including but not limited to all agreements, account statements, financial statements, and the like, relating to, reflecting, or memorializing Glasswall's transfer or assignment (in any manner) of its assets to Tecnoglass.

8.      All documents, including but not limited to books and records, account statements, and financial statements, reflecting all monies and revenues received or collected by Glasswall.

9.      All documents, including but not limited to monthly and periodic statements, relating to, identifying, or reflecting the existence of any bank accounts, brokerage accounts, investment accounts, mutual funds, and the like in which Glasswall is the owner, joint-owner, signatory, or may have an interest.

10.     All documents, including but not limited to account statements, relating to or reflecting any transfer or deposit of any money or funds (whether cash or otherwise), at any time on or after December 1, 2014, from Tecnoglass to Glasswall, or any member, parent, subsidiary, or affiliate thereof.

11.     All documents, including but not limited to account statements, relating to or reflecting any transfer or deposit of any money or funds (whether cash or otherwise), at any

time on or after December 1, 2014, from Glasswall to any of its members, shareholders, subsidiaries, or affiliates thereof.

12.     All federal, state, and local tax returns, and drafts thereof, for Glasswall for the years 2014 through 2018, including, but not limited to, any forms, schedules and attachments thereto, and including, but not limited to, any consolidated tax returns for any group of entities in which Glasswall was included.

13.     All audited or unaudited financial statements, and drafts thereof, of and/or for Glasswall for the years 2014 through 2018, including, without limitation, consolidated financial statements for any group of entities in which Glasswall was included, and all related work papers.

14.     All documents relating to, identifying, or reflecting the existence of any of the Glasswall's legal or beneficial ownership interests, or ownership interests of entities owned in full or in part by Glasswall, in any assets (whether real or personal property, and including money) from December 2, 2014 through the present.

15.     All documents relating to or reflecting debts owed to Glasswall.

16.     Any and all statements of financial condition of or for Glasswall, including but not limited to profit and loss statements.

17.     Any and all general tax audits, or other tax audits, for Glasswall, or any parent, subsidiary, or affiliate thereof.

18.     All correspondence between Glasswall (or any agent therefor) and any other entity or person (or any agent therefor) relating to or reflecting the existence, location, or transfer of any assets which Glasswall owned, in whole or in part, from December 2, 2014 through the present.

19.     All documents showing, reflecting, or revealing ownership interests, directly or indirectly, and in whole or in part, in Glasswall.

20.     A copy of the partnership agreement(s), member agreement(s), and shareholder agreement(s) for each corporation, partnership and limited liability company in which Glasswall maintains a legal or equitable ownership, other than publicly traded companies, and any amendments thereto.

21.     All account statements for each financial account(s) in which Glasswall maintains a legal or equitable ownership, including bank accounts, credit union accounts, investment accounts, stock accounts, mutual funds, hedge funds, REITS, retirement fund accounts, and bond accounts.

22.     Without limitation by date, all monetary judgments in Glasswall's favor which have not been fully satisfied.

23.     Without limitation by date, all promissory notes written in Glasswall's favor which have not been fully satisfied.

24.     Without limitation by date, all UCC financing statements reflecting Glasswall currently having a security interest in any property.

25.     Without limitation by date, all documents concerning all debts owed by any person to Glasswall which have not been fully satisfied.

26.     Without limitation by date, all documents concerning any appraisals or valuations of any real or personal property in which Glasswall maintains a security interest.

27.     Without limitation by date, the deed for each parcel of real property in which Glasswall maintains a security interest.

28.     Without limitation by date, all documents concerning all safety deposit boxes in which Glasswall has access or are in Glasswall's name.

# Exhibit "B"

14634

**WACHTEL MISSRY LLP**
885 SECOND AVENUE 47TH FLOOR
NEW YORK, NY 10017

**citibank**
CITIBANK, N.A.
1-8/210

| DATE | CHECK | AMOUNT |
|------|-------|--------|
| 03/16/18 | 14634 | *****$61.73 |

PAY

*** SIXTY-ONE & 73/100 DOLLARS

TO THE
ORDER
OF
Westchester Fire Insurance Company
436 Walnut Street
Philadelphia  PA  19103

OPERATING ACCOUNT

AUTHORIZED SIGNATURE

⑈000⑈14634⑈ ⑈021000089⑈ 535054 83⑈

INCOMING LEGAL

MAR 2 2 2018

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| MONADNOCK CONSTRUCTION, INC., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   SDNY 16-CIV-420 (JBW)(VMS) |
| WESTCHESTER FIRE INSURANCE COMPANY | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Westchester Fire Insurance Company, 436 Walnut Street, Philadelphia, Pennsylvania 19103

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, PA 19103-4196 | Date and Time:<br>05/01/2018 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/19/2018

*CLERK OF COURT*

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Monadnock Construction, Inc.
_____ , who issues or requests this subpoena, are:
Evan Weintraub Wachtel Missry LLP, 885 2nd Ave, NY, NY 10017, weintraub@wmllp.com, (212) 909-9500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  SDNY 16-CIV-420 (JBW)(VMS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).