UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,       Case No.: 16 CIV. 00420 (JBW)(VMS)
                                      ECF Case

             Plaintiff,

    -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

             Defendant.

--------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

             Third-Party Plaintiff,

    -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

             Third-Party Defendants.

--------------------------------------------------------X

### RESPONSE MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MONADNOCK CONSTRUCTION, INC.'S MOTION TO COMPEL SUBPOENA COMPLIANCE

### PRELIMINARY STATEMENT

This memorandum is submitted by Third-Party Defendants Ugo Colombo ("Colombo") and Sara Jayne Kennedy Colombo ("Kennedy") in opposition to the memorandum submitted by plaintiff Monadnock Construction, Inc. ("Monadnock") in support of Monadnock's Motion to Compel Subpoena Compliance (the "Motion").

Case 1:16-cv-00420-ILG-VMS   Document 119   Filed 05/18/18   Page 2 of 12 PageID #: 3467

## BACKGROUND

Monadnock filed the instant action against Westchester Fire Insurance Company ("WFIC") on December 22, 2015[1] for alleged breach of bonds issued to Glasswall, LLC ("Glasswall") in favor of Monadnock (the "Bonds"). (Dkt. 1). On May 17, 2016, this action was stayed for all purposes pending the outcome of an arbitration of claims between Monadnock and Glasswall. (Dkt. 30). On August 30, 2017, the arbitration panel issued a monetary award against Glasswall and in favor of Monadnock. (Dkt. 53-2, Cinque Decl. Ex. A). On February 2, 2018, this Court entered an Order and Judgment Confirming Arbitration Award against Glasswall only. (Dkt. 105).

On September 12, 2017, WFIC filed a Third-Party Complaint against Glasswall, Colombo and Kennedy for indemnification under the Bonds. (Dkt. 42). Colombo and Kennedy have moved to dismiss the Third-Party Complaint. (Dkt. 80-82). On November 27, 2017, Glasswall filed its Letter Motion to Stay Discovery requesting a stay of discovery until the Court ruled upon Glasswall's Motion to Dismiss Monadnock's Third-Party Complaint. (Dkt. 79). The request to stay third-party discovery was based on the notion that substantial legal fees had already been incurred in connection with the arbitration and that there should be a decision on the third-party motions to dismiss before incurring additional legal fees by engaging in third-party discovery. *See id.* On January 31, 2018, this Court entered its Order granting, upon the consent of the parties, a stay of discovery, pending the Court's ruling on the third-party motions to dismiss (the "Stay Order"). (Dkt. 101). The Court has not ruled on the pending motions to dismiss, as such, the discovery stay is still in effect. (Magolnick Decl. ¶ 2).

On or about March 21, 2018, Monadnock claims to have served[2] Colombo and Kennedy each with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

---

[1] The action was originally filed in state court and subsequently removed to this Court on January 26, 2016. (Dkt. 1).

[2] As discussed in Point IV, *infra*, Colombo and Kennedy contend that the Subpoenas were improperly served.

Premises in a Civil Action (individually the "Document Subpoena" and collectively the "Document Subpoenas") and a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoenas") (collectively the "Subpoenas") (Magolnick Decl. ¶ 3); (Dkt. 117, Weintraub Decl. ¶ 2, Ex. A). On March 27, 2018, Colombo and Kennedy timely served their objections to the Subpoenas. (Magolnick Decl. ¶ 4); (Dkt. 117, Weintraub Decl. ¶ 6-7, Exs. D-E). On April 16, 2018, counsel for Monadnock, WFIC, Colombo, and Kennedy participated in a conference call to discuss the objections to the Subpoenas, but were unable to reach a resolution. (Magolnick Decl. ¶ 6); (Dkt. 117, Weintraub Decl. ¶ 9). During the call, the undersigned raised the concern that, should Colombo and Kennedy be subject to deposition in connection with the enforcement of the judgment against Glasswall, notwithstanding the agreed-upon Stay Order, Colombo and Kennedy will thereafter be subject to being deposed a second time in connection with the Third-Party Complaint when the stay is lifted. At that time, it was agreed among counsel that, when the discovery stay is lifted, the undersigned would accept service of the subpoenas on behalf of Colombo and Kennedy, subject to any objections to the scope of the subpoenas and/or the information being requested therein, and that any depositions would be coordinated amongst all counsel. (Magolnick Decl. ¶ 6).

## ARGUMENT

### I.   Monadnock Has Not Followed the Requisite Procedure for Moving to Compel Compliance with the Subpoenas

Contrary to Monadnock's contentions, the State of New York Civil Practice Law and Rules are **not** controlling in this case when it comes to compelling compliance with the Subpoenas, because *Federal Rule of Civil Procedure 45* governs federal subpoena compliance. *Federal Rule of Civil Procedure* 69(a)(1) provides that "[t]he procedure on execution ... must accord with the procedure of the state where the court is located, **but a federal statute governs to the extent it**

**applies.**" Fed.R.Civ.P. 69(a)(1) (emphasis added). The term "statute" includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes. *See Schneider v. National R.R. Passenger Corp.,* 72 F.3d 17 (2d Cir.1995) ("Rule     69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable 'statute of the United States.' This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes."); *see also Saregama India, Ltd. v. Mosley*, 11-MC-84-P1, 2012 WL 955520, at *1 (SDNY Mar. 20, 2012) ("New York law does not govern to the extent that a federal statute or the Federal Rules of Civil Procedure apply.").

Pursuant to *Federal Rule of Civil Procedure* 45(d)(2)(i), where a person commanded to produce documents by a subpoena has made an objection to the subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court **for the district where compliance is required** for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(i) (emphasis added). In the instant action, Colombo and Kennedy are residents of Miami, Florida, as such, compliance with the Subpoenas may only be requested in the Southern District of Florida. *See* Fed. R. Civ. P. 45(c). Monadnock has not filed its Motion in the Southern District of Florida. (Magolnick Decl. ¶ 7). Instead, Monadnock filed its Motion in the Eastern District of New York. (Dkt.116).  Therefore, the Motion is procedurally improper and must be denied as Monadnock failed to comply with Rule 45. *See* Fed. R. Civ. P. 45.

## II.     <u>Monadnock's Subpoenas Violate this Court's Stay Order</u>

As stated *supra*, the Stay Order—which stayed discovery in the instant action pending the Court's ruling on the third-party motions to dismiss—is still in effect. (Dkt. 101). Monadnock issued the Subpoenas on March 9, 2018 and purportedly served them on March 21, 2018, while the agreed-upon Stay Order was in effect, thereby violating the Stay Order. (Dkt. 117, Weintraub

Decl. ¶ 2, Ex. A). Monadnock's contention that the stay does not apply to discovery concerning the enforcement of the judgment is mistaken.  The language of the Stay Order, which was entered on the agreement of **all parties hereto**, broadly stays discovery without limitation. (Dkt. 101). The request to stay discovery was based on the notion that substantial legal fees had already been incurred in connection with the arbitration and that there should be a decision on the third-party motions to dismiss before incurring additional legal fees by engaging in third-party discovery. (Dkt. 79). As such, allowing Monadnock to engage in discovery aimed at the Third-Party Defendants would not comport with the language and spirit of the agreed-upon Stay Order.

Monadnock's reliance on *Kozel v. Kozel*, 44 N.Y.S. 3d 20, 22 (N.Y. App. Div. 1st Depr. 2016) is misplaced, as that case is distinguishable from the case at bar. *Kozel* involved **different proceedings pending before different courts**. *See Kozel*, 44 N.Y.S. 3d at 21. One proceeding was pending before a Florida court, where a judgment had been entered and where the court had issued an asset injunction expressly prohibiting the sale of a condominium. *See id.* The Florida court had determined that the person who was the subject of the subpoena, a non-party named Ira Kaufman, had handled the closing of the condominium. *See id.* There was another related proceeding involving a limited liability company (the "LLC") involved in the purchase of the condominium, in which discovery was stayed and where Kaufman claimed the subpoena should be served upon him. *See id.* at 21-22. There was also an enforcement proceeding pending before a New York court, where Kaufman was served with a subpoena seeking information to enforce a judgment, which Kaufman moved to quash. *Id.* at 21.

The New York court, in declining to quash the subpoena issued to Kaufman, found that the New York proceeding involved enforcement of a judgment against another party, not the LLC, and that issues in the proceeding against the LLC may not completely overlap with those in the

New York proceedings. *Id.* Moreover, the New York court found that, while discovery was stayed in the LLC proceeding, the New York proceeding had not been stayed, and the judgment creditor was entitled to disclosure to enforce the judgment. *Id.*

The facts in *Kozel* are completely distinguishable from this case. First, the judgment against Glasswall and the agreed-upon Stay Order were both entered in the case at bar and, while the Subpoena were issued in the Southern District of Florida, they are part and parcel of the instant proceedings. Second, the issues pertaining to the enforcement of the judgment against Glasswall have sufficient overlap with the issues related to the third-party claims, as they involve the same facts, transactions, and relationships. Third, the agreed-upon stay of discovery is pending in **this action**, and must therefore be observed by all parties hereto, especially in light of the agreement that informed the basis for the Court's entry of the Stay Order. For the foregoing reasons, and because *Kozel* is a New York state court case, which is not binding procedural precedent in this Court, the case is inapposite to the case at bar and should not be considered in the Court's analysis of the Motion.

### III.    Colombo and Kennedy are Subject to the Undue Burden of Being Deposed Twice

Federal Rule of Civil Procedure 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had ..." Fed. R. Civ. P. 26(c). Moreover, courts also have the power to limit depositions which would be "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2). The request to stay discovery was based on the notion that substantial legal fees had already been incurred in connection with the arbitration and that, before additional legal fees were incurred by engaging in discovery on the third-party claims, there should be a ruling on the third-party motions to dismiss. (Dkt. 79). Should

Colombo and Kennedy be subject to deposition in connection with the enforcement of the judgment against Glasswall, notwithstanding the agreed-upon Stay Order, Colombo and Kennedy will, once again, be subject to being deposed in connection with the Third-Party Complaint when the stay is lifted. (Magolnick Decl. ¶ 6). Colombo and Kennedy—against whom no judgment has been entered, Glasswall—should not be subject to the undue expense and burden of being deposed twice in this action.[3]   As such, to the avoid undue burden and expense associated with the taking multiple depositions, the Court should either defer ruling on Monadnock's Motion as to the Deposition Subpoenas, or deny the same without prejudice, until the third-party motions to dismiss are ruled upon.

## IV.   **The Document Subpoenas Were Improperly Served**

"Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

The Document Subpoenas were served on Colombo and Kennedy via first-class mail sent to their residence.  (Dkt. 117, Weintraub Decl. ¶ 2, Ex. A). This Court has previously held that first class mail is not an acceptable form of service of subpoenas under Rule 45. *See Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, 09-CV-2507 RRM RER, 2010 WL 2346283, at *4 (EDNY Apr. 21, 2010), *report and recommendation adopted*, 09-CV-2507 RRM RER, 2010 WL 2346276 (EDNY June 8, 2010) (finding that service by first-class mail was insufficient, not in accordance with Rule 45, and could not serve as the basis to hold the subpoenaed party in contempt).  While Kennedy and Colombo anticipate that Monadnock may argue that service of a subpoena by first-class mail may be acceptable in New York, "New York law does not govern to

---

[3] Kennedy has never had any involvement whatsoever with Glasswall.  As such, the Subpoenas to Kennedy are nothing more than an attempt to harass Kennedy. (Magolnick Decl. ¶ 8).

the extent that a federal statute or the Federal Rules of Civil Procedure apply." *Saregama India, Ltd.*, 11-MC-84-P1, 2012 WL 955520, at *1.

> ### V.     The Document Requests are Objectionable

Even if Monadnock's Motion were procedurally proper and even if the Document Subpoenas had been properly served, the requests set forth in the Document Subpoenas are objectionable on several additional bases. Federal Rule of Civil Procedure 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had ..." Fed. R. Civ. P. 26(c).

> #### a.   The Document Subpoenas Seek Documents of Third Parties Over Which Colombo and Kennedy Have No Authority or Control.

Pursuant to *Federal Rule of Civil Procedure* 45(a)(1)(A)(iii), "[e]very subpoena must[] command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control...." Fed. R. Civ. P. 45(a)(1)(A)(iii). Therefore, a subpoena cannot command a person to produce documents which are **not** in that person's possession, custody, or control. *See id*. With regard to the Document Subpoena directed at Kennedy, Requests 1-25 seek information of Colombo, Glasswall, and Tecnoglass, Inc., all of whom are third parties over whom Kennedy has no authority or control. With regard to the Document Subpoena directed at Colombo, Requests 5, 6, 9, 11-14, and 16-20 seek information that is in the possession, custody, and control of Glasswall and Tecnoglass, Inc. both of which are third parties, and one of whom Colombo has no affiliation with.[4] Colombo and Kennedy have timely made objections to the above-mentioned requests on these bases. (Magolnick Decl. ¶ 4)

---

[4] Colombo has no affiliation to Tecnoglass, Inc. (Magolnick Decl. ¶ 9).

(Dkt. 117, Weintraub Decl. ¶ 6-7, Exs. D-E). As such, Monadnock's Motion should be denied as to the above-mentioned requests, as Colombo and Kennedy cannot be compelled to produce documents which are not in respective possession, custody, or control.

### b.  Privileged and Confidential Financial Documents

Requests 1-4, 8, 18, and 22 in the Document Subpoena directed at Kennedy improperly seek the confidential financial information of Colombo (including his tax returns), which is not in her possession, custody, or control. (Dkt. 117, Weintraub Decl. ¶ 2, Ex. A). Similarly, Requests 1-4, 8, 18, and 22 in the Document Subpoena directed at Colombo improperly seek Colombo's confidential financial information, including his tax returns. (Dkt. 117, Weintraub Decl. ¶ 2, Ex. A).

When engaging in post-judgment discovery, non-parties may generally only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets. *See Burak v. Scott,* 29 F.Supp. 775, 776 (D.D.C.1939) (quashing Rule 69 subpoena requiring non-parties to disclose their individual assets). Post-judgment discovery concerning the assets of someone who is not a judgment debtor requires "a somewhat heightened showing of necessity and relevance—*i.e.,* at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" *Uniden Corp. of America v. Duce Trading Co., LTD.,* No. 89 Civ. 0878E, 1993 U.S. Dist. LEXIS 10441, at *2, 1993 WL 286102 (W.D.N.Y. July 19, 1993). For the court to permit discovery regarding a non-judgment debtor's assets, "the mere allegation of an alter ego relationship is insufficient; it must be supported by facts showing the basis for the assertion." *Costamar,* 1995 U.S. Dist. LEXIS 18430, at *9, 1995 WL 736907.

Colombo and Kennedy were not parties to the arbitration nor are they judgment debtors. The only judgment debtor is Glasswall. Colombo's financial information is not discoverable.

Monadnock has not made the requisite heightened showing of necessity and relevance; it has not demonstrated concealed or fraudulent transfers or an alter ego relationship between Colombo and Glasswall. Nor has Glasswall's corporate veil been pierced.  Instead, Monadnock has alleged that it has a "reasonable belief" that Colombo and Kennedy possess information that will assist Monadnock in collecting the judgment entered against Glasswall.  However, Monadnock's belief is not enough to overcome the protections afforded to non-parties in post-judgment discovery and is not enough to compel production of Colombo's personal finances.

Moreover, "courts have been reluctant to require disclosure of tax returns because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Rahman v. Smith & Wollensky Rest. Grp., Inc.,* No. 06 Civ. 6198(LAK)(JCF), 2007 U.S. Dist. LEXIS 37642, at *19, 2007 WL 1521117 (S.D.N.Y. May 24, 2007) (quoting *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979)). In discovery under the Federal Rules, the party seeking production of tax returns bears the burden of establishing not only (a) that the returns are "relevant," but also (b) that there is a **"compelling need"** for production of the returns because the relevant information they would reveal is not otherwise readily obtainable. *See Ellis v. City of New York,* 243 F.R.D. 109, 112 (S.D.N.Y.2007) (citing *Rahman,* 2007 U.S. Dist. LEXIS 37642, at *7, 2007 WL 1521117).

In addition to failing to meet its burden for entitlement to financial information from Colombo, Monadnock has not established relevancy or a compelling need for production of Colombo's tax returns. Monadnock's "reasonable belief" that Colombo and Kennedy possess information that will assist Monadnock in collecting the judgment entered against Glasswall, without more, does not justify production of Colombo's personal tax returns.

### c.  Overbreadth and Undue Burden

The Document Subpoenas are overbroad in both time and scope. Not only do the requests seek information related to third parties not in the custody, possession, or control of the subpoenaed individuals, but they also seek private financial information (including all W-2 tax forms, all 1099 tax forms, all K-1 tax forms, and all paystubs issued to Colombo by Glasswall and any parents, subsidiaries or affiliates) dating back to December 1, 2014 of individuals against whom no judgment has been entered. Production of the documents requested would be an undue burden and an intrusion into Colombo's confidential financial information when neither Kennedy nor Colombo are judgment debtors.

## **CONCLUSION**

For the reasons stated herein, the Court should deny Monadnock's Motion.

DATED: MIAMI, FLORIDA

MAY 18, 2018.

Respectfully submitted,

**MARKO & MAGOLNICK, P.A.**

By: /s/Joel S. Magolnick
Joel S. Magolnick, Esq.
(admitted *pro hac vice)*
Attorneys for Third-Party Defendants
Ugo Colombo and Sara Jayne Kennedy Colombo
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone:  305-285-2000
Telefax: 305-285-5555
E-mail: magolnick@mm-pa.com

TO:    WACHTEL MISSRY LLP
          Attorneys for Monadnock Construction, Inc.
          885 Second Avenue
          New York, New York 10017
          Telephone: (212) 909-9500
          Telefax:    (212) 371-0320

          COZEN & O'CONNOR
          Attorneys for Westchester Fire Insurance Company
          277 Park Avenue
          New York, New York 10172
          Telephone: (212) 883-4900
          Telefax:    (212) 986-0604

          CINQUE & CINQUE, P. C.
          Attorneys for Third-Party Defendant
          Glasswall, LLC
          845 Third Avenue, Suite 1400
          New York, New York 10022
          Telephone: (212) 759-5515
          Telefax: (212) 759-7737