UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,     Case No.: 16 CIV. 00420 (JBW)(VMS)
                                                                                       ECF Case

                   Plaintiff,

    -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                   Defendant.

---------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                   Third-Party Plaintiff,

    -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                   Third-Party Defendants.

---------------------------------------------------------X

### DECLARATION OF JOEL S. MAGOLNICK
### IN SUPPORT OF THIRD PARTY DEFENDANTS,
### UGO COLOMBO AND SARA JAYNE KENNEDY
### COLOMBO'S OPPOSITION TO MONADNOCK
### CONSTRUCTION, INC.'S MOTION TO COMPEL
### <u>SUBPOENA COMPLIANCE</u>

      JOEL S. MAGOLNICK declares under penalty of perjury pursuant 28 U.S.C. §1746:

      1.    I am a member of Marko & Magolnick, P.A. and have been admitted *pro hac vice* as counsel for third-party defendants Ugo Colombo ("Colombo") and Sara Jayne Kennedy Colombo ("Kennedy"). I have knowledge of the facts set forth herein and submit

this declaration in opposition to Monadnock Construction, Inc.'s Motion to Compel Subpoena Compliance.

2.      The Court has not ruled on the pending third-party motions to dismiss, as such, the third-party discovery stay entered by this Court January 31, 2018 is still in effect.

3.      On or about March 21, 2018, Monadnock claims to have served[1] Colombo and Kennedy each with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (individually the "Document Subpoena" and collectively the "Document Subpoenas") and a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoenas") (collectively the "Subpoenas").

4.      On March 27, 2018, Colombo and Kennedy timely served their objections to the Subpoenas.

5.      On April 16, 2018, counsel for Monadnock, WFIC, Colombo, and Kennedy participated in a conference call to discuss the objections to the Subpoenas, but were unable to reach a resolution.

6.      During the call, the undersigned raised the concern that, should Colombo and Kennedy be subject to depositions in connection with the enforcement of the judgment against Glasswall, LLC ("Glasswall") notwithstanding the agreed-upon Stay Order, Colombo and Kennedy will thereafter still be subject to being deposed a second time in connection with the Third-Party Complaint, if and when the stay is lifted.  At that time, it was agreed among counsel that, when the discovery stay is lifted, the undersigned would accept service of the subpoenas on behalf of Colombo and Kennedy, subject to any objections to the scope of the

---

[1] Colombo and Kennedy contend that the Subpoenas were not properly served.

subpoenas and/or the information being requested therein, and that any depositions would be coordinated amongst all counsel.

7. Monadnock has not filed its Motion to Compel Subpoena Compliance in the Southern District of Florida.

8. Kennedy has never had any involvement whatsoever with Glasswall or Tecnoglass, Inc. As such, the Subpoenas to Kennedy are nothing more than harassment.

9. Colombo has no affiliation to Tecnoglass, Inc.

Executed this 18th day of May 2018 at Miami, Florida.

*[signature]*

_____
Joel S. Magolnick

3