UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,          Case No.: 16 CIV. 00420 (JBW)
                                                                  ECF Case
                Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                Defendant.
---------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

                Third-Party Plaintiff,

   -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

                Third-Party Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
MONADNOCK CONSTRUCTION, INC.'S
MOTION TO COMPEL SUBPOENA COMPLIANCE**

LEGAL\36317250\1

i

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

LEGAL ARGUMENT ................................................................................................................ 4

POINT I: THE SUBPOENAS ARE INVALID AND UNENFORCEABLE ............................. 4

    A.    The Subpoenas Violate the Court's Order Staying Discovery, Rendering Them Invalid and Unenforceable ............................................................................ 4

    B.    The Subpoenas Fail to Comply with New York or Federal Law, Also Rendering Them Invalid and Unenforceable ........................................................... 6

POINT II: AN APPROPRIATE CONFIDENTIALITY ORDER SHOULD BE ENTERED INTO BEFORE WESTCHESTER IS REQUIRED TO PRODUCE ANY INFORMATION REGARDING GLASSWALL'S ASSETS .................................... 7

CONCLUSION ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*,
 2010 WL 86330 (S.D.N.Y. Jan. 7, 2010) ...............................................................................8

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
 No. 10 CIV. 1853 PGG JCF, 2012 WL 4801452 (S.D.N.Y. Oct. 5, 2012) .............................6

*Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*,
 No. 15-CV-7505, 2016 WL 6208288 (S.D.N.Y. Oct. 18, 2016) ............................................6

*Blue v. Cablevision Sys., et al.*,
 2007 WL 1989258 (E.D.N.Y. 2007).......................................................................................6

*Edward Andrews Group, Inc. v. Addressing Servs. Co.*,
 2006 U.S. Dist. LEXIS 28967 (S.D.N.Y. May 4, 2006).........................................................8

*EM Ltd. v. Republic of Argentina*,
 695 F. 3d 201 (2d Cir. 2012)..................................................................................................7

*Kozel v. Kozel*,
 145 A.D.3d 530, 44 N.Y.S.3d 20 (1st Dept. 2016)..............................................................4, 5

*Kozel v. Kozel*,
 2015 WL 5446389 (Fla. Cir. Ct. 2015)...................................................................................5

*U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*,
 270 F.R.D. 136 (E.D.N.Y. 2010) ............................................................................................7

**Statutes**

CPLR 5223...............................................................................................................................4, 6, 7

CPLR 5224...............................................................................................................................4, 6, 7

**Other Authorities**

FRCP 14(a)(3)................................................................................................................................2

FRCP 45..........................................................................................................................................7

FRCP 69(a) ..................................................................................................................................4, 6

**PRELIMINARY STATEMENT**

On or about March 19, 2018, in violation of this Court's ordered stay of discovery, Plaintiff Monadnock Construction, Inc. ("Monadnock") issued to Defendant Westchester Fire Insurance Company ("Westchester") two subpoenas, one to testify at a deposition and the other to produce documents, information, or objects regarding the assets of third-party defendant Glasswall, LLC ("Glasswall") (together, the "Subpoenas"). Accordingly, Westchester timely objected to the Subpoenas on several bases, including, but not limited to, that (i) discovery is stayed under the Court's January 31, 2018 Order, and Monadnock must seek modification of that stay before seeking discovery in this case; (ii) the Subpoenas do not comply with the Federal Rules of Civil Procedure (FRCP); and (iii) the Subpoenas request documents and information for which a confidentiality order should be entered. After Monadnock failed to withdraw the Subpoenas, Monadnock filed this motion to compel.

Monadnock curiously argues that discovery in aid of enforcing its judgment against Glasswall constitutes a separate action, unimpeded by the discovery stay in this lawsuit. With this maneuver, Monadnock argues that it is entitled to issue the Subpoenas despite the undisputed existence of the stay order. The Subpoenas, however, were issued as part of *this* lawsuit. And Monadnock *voluntarily consented* to the discovery stay in *this* lawsuit pending the outcome of several dispositive motions, including a motion to dismiss Monadnock's fraudulent conveyance and related claims against third-party defendants Glasswall, Ugo Colombo, and Sara Jayne Kennedy Colombo. Monadnock tries to characterize the Subpoenas as seeking discovery on issues "unrelated" to its claims, such as the whereabouts of Glasswall's assets. But such discovery is, in fact, directly related to Monadnock's claims in this very lawsuit. And so such discovery violates

the discovery stay entered by this Court. Additionally, Monadnock's Subpoenas themselves have several defects that render them null and void.

Accordingly, Monadnock's motion to compel must be denied. If the Court orders that Westchester must respond to the Subpoenas, however, the Court should first enter an appropriate confidentiality order to protect any sensitive business information that may be produced.

## FACTUAL BACKGROUND

The Court is well-aware of the factual background of this matter, so we set forth only a brief recitation of the facts pertinent to this motion.

On August 29, 2017, the American Arbitration Association issued an Award of Arbitrator (the "Award") awarding damages to Monadnock, and against Glasswall, in the amount of $1,499,255.18, inclusive of interest and arbitration fees. Doc. 99-12. On November 24, 2017, Monadnock and Glasswall, by mutual agreement, submitted a Stipulation and Order Confirming Arbitration Award (the "Stipulation"). Doc. 77. On December 22, 2017, Monadnock filed a letter motion requesting entry of judgment based on the Award. Doc. 90. On February 2, 2018, the Court entered an Order granting Monadnock's motion, thereby confirming the Award and entering judgment in favor of Monadnock and against Glasswall (the "Judgment"). Doc. 105.

On November 27, 2017, after Monadnock and Glasswall filed the Stipulation, Glasswall filed a letter motion to stay discovery because Glasswall intended to move to dismiss Monadnock's Amended Complaint and fraudulent conveyance claims on the grounds that such claims are improper under FRCP 14(a)(3), subject to mandatory arbitration and violate the "claim preclusion" doctrine. Doc. 79. After Glasswall filed its motion to dismiss (Docs. 83-85), Magistrate Judge Vera M. Scanlon held a teleconference during which all parties agreed to stay discovery pending the outcome of several dispositive motions, including Glasswall's motion to dismiss. The Court then entered the stay order on the docket:

> ORDER granting on consent 79 Motion to Stay. Discovery stayed. STATUS REPORT ORDER: As discussed during the 1/31/2018 conference (see attached order for additional detail and deadlines), as discovery was exchanged in the arbitration, counsel wants to move for summary judgment and cross summary judgment at this stage. If the motion is denied, counsel may seek limited discovery. On the motion at 79, ***Plaintiff consents to the stay***, as does WFIC and the third- party. ***Discovery stay granted.*** The newly served third-party defendants intend to file dispositive motions which may affect the motion for collateral at 55. The briefing schedules discussed during the conference are approved. By 2/9/2018, counsel should file their respective briefing schedules by letter. Ordered by Magistrate Judge Vera M. Scanlon on 1/31/2018. (Quinlan, Krista) (Entered: 01/31/2018).

Doc. 101 (emphasis added).

In short, Monadnock agreed to the discovery stay knowing that the stipulated Judgment would soon be entered. On or about March 19, 2018, however, Monadnock issued the Subpoenas (Doc. 117-3) to Westchester in violation of that same discovery stay.

The subpoena to produce documents contains twenty-eight (28) Requests for Production regarding the existence, location, ownership, control, and/or transfer of Glasswall's assets, including proprietary material concerning Glasswall's alleged fraudulent conveyance of its assets to non-party Tecnoglass, Inc. ("Tecnoglass"), despite Monadnock's agreement to the discovery stay. The subpoena for testimony failed to identify *any* topics on which Westchester's testimony would be required.

On April 3, 2018, Westchester served objections to the Subpoenas on several grounds. Doc. 117-3. After the parties discussed their respective objections, Monadnock refused to withdraw the Subpoenas and filed this motion to compel.

# LEGAL ARGUMENT

## POINT I:  THE SUBPOENAS ARE INVALID AND UNENFORCEABLE

Monadnock claims that FRCP 69(a) (2) and New York Civil Practice Law and Rules 5223 and 5224 authorized it to issue the Subpoenas in aid of enforcing the Judgment.  Although Westchester disagrees with that claim, Monadnock nonetheless failed to comply with (i) this Court's stay of discovery and (ii) New York *and/or* Federal law in issuing the Subpoenas, thereby rendering them invalid and unenforceable.

### A.        The Subpoenas Violate the Court's Order Staying Discovery

By Order entered January 31, 2018, this Court entered the agreed-to stay of discovery, which applied to Monadnock's fraudulent conveyance and related claims arising from Glasswall's alleged sale of assets to non-party Tecnoglass.  Monadnock is seeking to circumvent the stay to which it agreed by issuing the Subpoenas under the guise of seeking information to enforce the Judgment.  Tellingly, however, many of the Subpoena's Requests for Production seek information regarding the transfer of Glasswall's assets, which includes material regarding Glasswall's sale of its assets to Tecnoglass.  In fact, four (4) of the Requests for Production explicitly demand documents relating to that transaction.  *See* the Subpoenas, Doc. 117-3, ¶¶ 4-5, 7, 10.

Monadnock argues that discovery in aid of enforcing the Judgment constitutes a separate action, unimpeded by the court-ordered stay to which Monadnock agreed. Relying on *Kozel v. Kozel*, 145 A.D.3d 530, 44 N.Y.S.3d 20 (1st Dept. 2016), Monadnock asserts that "an action to obtain satisfaction of a judgment is a separate proceeding" and that a "discovery stay in a related but separate proceeding does not impact a creditor's ability to obtain disclosures to enforce a judgment." *See* Monadnock's Memorandum of Law, Doc. 116, p. 7.  Monadnock's misinterpretation of the First Department's decision in *Kozel* is instructive.

In *Kozel*, a woman filed an action against her ex-husband in New York to enforce a judgment received in a separate action in a court in a different state, Florida. *See Kozel v. Kozel*,

4

2015 WL 5446389 (Fla. Cir. Ct. 2015). In the New York action, the wife served a subpoena on non-party Ira Kaufman. *Kozel*, 145 A.D.3d at 530-531. Kaufman had served as the attorney for someone who bought a Florida condominium unit from an LLC whose sole member was a trust controlled by the ex-husband. The wife's subpoena sought information about that sale. Kaufman's challenge to the subpoena argued, among other things, that the wife should have issued the subpoena in yet another action in which the LLC, not the husband, was the defendant. Yet discovery had been stayed in that separate LLC action. The First Department ruled that the wife had properly issued the subpoena in the action seeking to enforce judgment against the ex-husband, and not in the LCC action, because the wife was not seeking to enforce judgment against the LLC. In other words, the *Kozel* case involved multiple separate actions in different states and different courts, not one action in one court, like here. And, in that situation, the First Department determined that a discovery stay in one action by one court, quite obviously, did not affect the wife's subpoena in a separate action before a different court.

Contrary to Monadnock's assertion, *Kozel* does not support the proposition that Monadnock's action to satisfy a judgment against Glasswall here is somehow a separate action. In *Kozel*, the wife *actually commenced* a separate enforcement proceeding in New York, while the original lawsuit was in Florida, and while a stay had been entered in yet another completely separate action against the LLC. Here, Monadnock seeks discovery in aid of enforcement of the Judgment in the *same* proceeding in which the Court entered a discovery stay to which Monadnock agreed.

Tellingly, Monadnock characterizes the stay of discovery as applying to only "discovery **in the underlying action** concerning [Westchester's] liability on the Bonds, and Glasswall's and Ugo's liability to satisfy the Award and for fraudulent conveyance of Glasswall's assets." *See* Monadnock's Memorandum of Law, Doc. 116, p. 7 (emphasis added). The stay order, however,

5

makes no such distinction. There is a single proceeding here, and the discovery stay precludes Monadnock from issuing Subpoenas regarding Glasswall's alleged sale of assets to Tecnoglass or any other matter until the discovery stay is lifted.

Discovery is stayed under the Court's January 31, 2018 Order, and Monadnock must seek modification of that stay before seeking discovery from Westchester.

### B.   The Subpoenas Fail to Comply with New York or Federal Law

FRCP 69(a)(2) allows a judgment creditor to utilize discovery devices available under both the Federal Rules of Civil Procedure and the laws of the forum state. *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 CIV. 1853 PGG JCF, 2012 WL 4801452, at *11 (S.D.N.Y. Oct. 5, 2012). Monadnock asserts that the Subpoenas were appropriately issued under New York Civil Practice Law and Rules 5223 and 5224, which address issuing subpoenas, the types of subpoenas and how they must be served. *Blue v. Cablevision Sys.*, 2007 WL 1989258, at *2 (E.D.N.Y. 2007). In particular, CPLR 5223 states that, "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon." CPLR 5224 authorizes the following types of subpoena: "deposition subpoenas, subpoenas *duces tecum*, and information subpoenas." *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (citing CPLR 5224(a)(i)-(iii)). Under these rules, Monadnock claims that it appropriately issued "information subpoenas" to Westchester. *See* Monadnock's Memorandum of Law, Doc. 116, pg. 6. This argument fails for several reasons.

First, New York *requires* such information subpoenas to contain a certification signed by the judgment creditor or his or her attorney stating the following:

> I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

CPLR 5224(a)(3)(i). If the information subpoena does not contain this certification, it "shall be deemed null and void." CPLR 5224(a)(3)(ii). Monadnock's Subpoenas do not contain this certification. Nor do they contain the information required by CPLR 5223. Therefore, they are null and void.

Second, the Subpoenas fail to comply with FRCP 45. Under FRCP 45(a) (2), a "subpoena must issue from the court where the action is pending." FRCP 45(a)(2). Here, however, the Subpoenas are issued from the United States District Court for the Eastern District of *Pennsylvania*. *See* the Subpoenas, Doc. 117-3. Accordingly, for this additional reason, the Subpoenas are invalid and unenforceable against Westchester. *See, e.g.*, *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 139 (E.D.N.Y. 2010) (under the previous version of FRCP 45, holding that subpoenas issued from the wrong court are invalid and unenforceable, even where the recipient does not move to quash the subpoenas).

### POINT II: AN APPROPRIATE CONFIDENTIALITY ORDER SHOULD BE ENTERED INTO BEFORE WESTCHESTER IS REQUIRED TO PRODUCE ANY INFORMATION REGARDING ASSETS OF ANOTHER ENTITY, GLASSWALL

If this Court finds that the Subpoenas are procedurally sound and compels Westchester's compliance, an appropriate Confidentiality Order should be entered. The material that Monadnock is seeking may include sensitive business information relating to Glasswall and its assets. Under FRCP 69(a), the district court has broad discretion to limit discovery in a "prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F. 3d 201 (2d Cir. 2012). Accordingly, district courts that have enforced a subpoena seeking financial information about a judgment

7

debtor have imposed limitations on the scope of the discovery and required that an appropriate confidentiality agreement or protective order be agreed to by the parties and entered. *See, e.g., Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 2010 WL 86330 (S.D.N.Y. Jan. 7, 2010) (ordering the judgment creditor to submit for the court's approval a confidentiality order limiting the use of material requested from non-parties about the judgment debtor); *Edward Andrews Group, Inc. v. Addressing Servs. Co.*, 2006 U.S. Dist. LEXIS 28967 (S.D.N.Y. May 4, 2006) (enforcing post-judgment subpoena seeking financial information, but limiting the requests and directing the parties to confer regarding the content of a protective order).

## CONCLUSION

For the foregoing reasons, Defendant/Third-Party Plaintiff Westchester Fire Insurance Company respectfully requests that the Court deny Plaintiff Monadnock Construction, Inc.'s motion to compel compliance with the Subpoenas, or, alternatively, order the parties to enter into an appropriate confidentiality order before compelling compliance, together with such other and further relief that the Court deems just and proper.

Dated:  New York, New York
        May 18, 2018

                                        COZEN O'CONNOR

                                        By:   /s/ John J. Sullivan
                                              John J. Sullivan
                                              Alexander Selarnick
                                              45 Broadway Atrium, Suite 1600
                                              New York, NY 10006
                                              P: 212-453-3729
                                              F: 646-461-2073
                                              JSullivan@cozen.com
                                              ASelarnick@cozen.com

                                              Robert McL. Boote*
                                              *Admitted Pro Hac Vice
                                              Suite 400, 200 Four Falls Corporate Center
                                              P.O. Box 800

8

West Conshohocken, PA 19428
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com

*Attorneys for Defendant*
*Westchester Fire Insurance Company*

LEGAL\36317250\1