UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,

                Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

                Defendant.

Case No.: 16 CIV 00420 (JBW)
ECF Case

------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

                Third-Party Plaintiff,

   -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

                Third-Party Defendants.

------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW BY MONADNOCK CONSTRUCTION, INC.
IN FURTHER SUPPORT OF ITS MOTION TO COMPEL SUBPOENA COMPLIANCE**

WACHTEL MISSRY LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500

047842-002/00130793-1

Plaintiff Monadnock Construction, Inc. ("Monadnock"), respectfully submits this reply memorandum of law in further support of its motion for an order compelling Westchester Fire Insurance Company ("WFIC"), Ugo Colombo ("Ugo"), Sara Jayne Kennedy Colombo ("Sara"), and Tecnoglass, Inc.[1] ("Tecnoglass" and together with WFIC, Ugo and Sara, the "Subpoenaed Parties") to (a) produce documents responsive to the categories set forth in Exhibit A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action, served upon each of them; and (b) make themselves available for deposition concerning the matters identified in the Subpoena to Testify at a Deposition in a Civil Action, served upon each of them.

## PRELIMINARY STATEMENT

The opposition papers submitted by Ugo, Sara and WFIC (the "Opposing Parties") merely confirm that they are playing procedural games to frustrate, obstruct and delay Monadnock's perfectly legitimate post-judgment discovery. The Opposing Parties offer no good reason to avoid compliance with the Subpoenas. Without legitimate objections to discovery, the Opposing Parties attempt to hide behind a stay on discovery (the "Stay") to which the parties consented, and which the Court ordered, days prior to the Court's entry of the judgment (the "Judgment") for which Monadnock seeks discovery in aid of enforcement. There is no reason for this Court to surrender to or countenance this blatant gamesmanship. Accordingly, this Court should compel the Subpoenaed Parties to comply with the Subpoenas.

---

[1] Subsequent to the filing of Monadnock's motion, counsel for Tecnoglass explained that he understood that Monadnock was not going forward with the Subpoenas in Florida, accordingly no response was provided by Tecnoglass. Counsel agreed to accept service of the Subpoena to Tecnoglass while reserving rights to any objections to the scope of the documents requested therein.

047842-002/00130793-1

**ARGUMENT**

I. **MONADNOCK PROPERLY SEEKS ENFORCEMENT OF THE SUBPOENAS IN THIS COURT**

Without citing any precedent, Ugo and Sara read inapplicable requirements into the Federal Rules of Civil Procedure to argue that Monadnock cannot seek to enforce the Subpoenas in this Court. Specifically, Ugo and Sara argue that under Fed. R. Civ. P. 45(d)(2)(B)(i) their "compliance with the Subpoenas may only be requested in the Southern District of Florida" where they reside. (Ugo's and Sara's Br. in Opp. p 4.) This interpretation is flat wrong. Fed. R. Civ. P. 45(d)(2)(B)(i) reads:

> At any time, on notice to the commanded person, the serving party **may** move the court for the district where compliance is required for an order compelling production or inspection. (emphasis added)

To accept Ugo's and Sara's interpretation requires the Court to misconstrue the word "may" to be mandatory, not permissive. However, as the Supreme Court as advised, this approach is incorrect. Specifically, when interpreting the Federal Rules of Civil Procedure, the word "may" should be interpreted in its usual, permissive, sense. Anderson v. Yungkau, 329 U.S. 482, 485, 67 S. Ct. 428, 430, 91 L. Ed. 436 (1947)(when interpreting the words "may" and "shall" as used in Federal Rules of Civil Procedure "the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory"). Accordingly, contrary to Ugo's and Sara's contention, Fed. R. Civ. P. 45(d)(2)(B)(i) does not prevent Monadnock from enforcing the Subpoenas in this Court, even though it had the choice to do so in Florida.[2]

II. **THE STAY DOES NOT APPLY TO THE SUBPOENAS**

---

[2] Furthermore, Monadnock requested Ugo's and Sara's compliance in the Southern District of Florida, by selecting a Florida location for document productions and depositions. (See Weintraub Dec. Ex. A.)

As discussed in Monadnock's moving brief, and contrary to the Opposing Parties' contention, the Stay does not preclude Monadnock from seeking discovery in aid of Judgment enforcement. The Parties consented to the Stay pending the outcome of their dispositive motions. Regardless of the outcomes of the dispositive motions, the Judgment will remain unaffected. Accordingly, its enforcement is akin to a separate proceeding, like in Kozel v. Kozel, 145 A.D.3d 530, 44 N.Y.S.3d 20 (N.Y. App. Div. 2016). Further, the Court entered the Judgment *after* it ordered the Stay. Accordingly, the parties in agreeing to the Stay could not have possibly contemplated that it would foreclose discovery in aid of Judgment enforcement, as the Judgment was not yet in existence.

### III. UGO AND SARA WERE PROPERLY SERVED

Ugo and Sara disingenuously argue that they were served by first-class mail and this was not proper service. (Ugo and Sara's Opp. Br. p 7.) To the contrary, and as is evidenced by the affidavits of service upon them, Ugo and Sara neglected to advise the Court that, the Subpoenas were first served upon them by substituted service at their actual places of residence, and then to complete service, the process server sent copies by first-class mail. (Weintraub Decl. Ex. A; Doc. 117-1 Page IDs 3270-71; 3287-88.) Accordingly, Ugo and Sara were properly served.

### IV. THE SUBPOENAS COMPLY WITH FEDERAL AND STATE LAW

WFIC argues that the Subpoenas do not comply with Civil Practice Law and Rules Rule 5224(a)(3)(ii) because the Subpoenas do not bear a certain certification. However, this provision applies *only* to information subpoenas issued under CPLR5224(a)(3). The Subpoenas Monadnock issued are *not* information subpoenas, they are deposition and document subpoenas issued pursuant to CPLR 5224(a)(1) and (2). Accordingly, the certification requirement does not apply to the Subpoenas and does not affect their validity.

WFIC additionally argues that the Subpoenas must issue from the United States District Court for the Eastern District of Pennsylvania. Contrary to their assertion, "[w]hen a subpoena demands

the production of documents in addition to attendance at a deposition, the subpoena may issue from the court of the district where the deposition is to take place." Lent v. Signature Truck Sys., Inc., No. 06CV569S, 2010 WL 1707998, at *5 (W.D.N.Y. Apr. 26, 2010).  Accordingly, here, the Subpoenas properly were issued from the Eastern District of Pennsylvania, the location of the deposition of WFIC, as they were subpoenas for both documents and for attendance at a deposition.

## CONCLUSION

For the reasons set forth above, Monadnock respectfully requests that this Court grant Monadnock's motion for an order compelling the Subpoenaed Parties to (a) produce documents responsive to the categories set forth in Exhibit A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action, served upon each of them; and (b) make themselves available for deposition concerning the matters identified in the Subpoena to Testify at a Deposition in a Civil Action, , served upon each of them..

Dated: New York, New York
     May 24, 2018            /s/ Howard Kleinhendler
                             Howard Kleinhendler
                             Evan Weintraub
                             Jocelyn Weinstein
                             WACHTEL MISSRY LLP
                             885 Second Avenue
                             New York, NY 10017
                             (212) 909-9500
                             (212) 909-9430 (fax)
                             kleinhendler@wmllp.com
                             weintraub@wmllp.com
                             jweinstein@wmllp.com
                             *Counsel for Plaintiff*
                             *Monadnock Construction, Inc.*