UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,    Case No.: 16 CIV. 00420 (JBW)(VMS)
                                 ECF Case
        Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.

------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

-against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

------------------------------------------------------------X

### DECLARATION OF JAMES P. CINQUE
### IN SUPPORT OF MOTION TO
### RELEASE LETTER OF CREDIT

JAMES P. CINQUE declares under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am a member of Cinque & Cinque, P. C., attorneys for third-party defendant Glasswall, LLC. ("Glasswall"). I have knowledge of the facts set forth herein and submit this declaration in support of Glasswall's motion to release a letter of credit posted by Glasswall as security for performance bonds issued by defendant and third-party plaintiff Westchester Fire

Insurance Company ("WFIC") dated February 11, 2013 (collectively annexed as Exhibit "A") in connection with Glasswall's manufacturing of windows for the Hunters Point South housing project constructed by plaintiff Monadnock Construction, Inc. ("Monandock").

2. As security for WFIC's issuance of the bonds, Glasswall (and third-party defendants Ugo Colombo and Sara Jayne Kennedy Colombo) entered into an Agreement of Indemnity on or about February 1, 2013 (Exhibit "B"). Paragraph 1 of this Agreement of Indemnity provides in relevant part:

> The INDEMNITORS [Glasswall and the Colombos] shall pay or cause to be paid to the SURETY [WFIC] both the agreed premium and, upon written request by the SURETY at any time collateral security for its suretyship <u>until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond</u> (emphasis added).

WFIC has confirmed that it currently holds collateral that was provided by Glasswall LLC at the time of the execution of the Agreement of Indemnity "in the form of a Letter of Credit in the amount of only $1,587,000.00" (¶4 of Douglas J. Wills Declaration dated October 16, 2017, Docket No. 57).

3. As all claims asserted against WFIC by Monadnock have been dismissed, WFIC has no futher liability under the bonds and, by the explicit terms of the Agreement of Indemnity, WFIC has no right to retain the Letter of Credit.

4. In conjunction with its motion for partial summary judgment for specific performance (Docket No. 55), WFIC admitted that it has no right to any security once its liability under the bonds is discharged. Specifically, in paragraph 3 of his October 16, 2017 Declaration (Docket

No. 58) WFIC's counsel Robert McLean Boote stated:

> Pursuant to paragraph 1 of the Agreement of Indemnity, Westchester has the right to require collateral <u>until the Indemnitors provide written evidence of the termination of all liability under any Bond</u> (emphasis added).

5. In addition, in its Proposed Statement of Undisputed Fact Number 10 dated October 16, 2017 (Docket No. 59) WFIC admitted that security was only appropriate as long as the arbitration award to Monadnock remained outstanding:

> By letter dated September 7, 2017, Westchester demanded that the Indemnitors either pay the amount of the Award to Monadnock or alternatively, deposit with Westchester the amount of the Award as additional collateral security (the "Demand Letter"). *See* the Demand Letter, annexed to the Boote Declr. as Exhibit C; *see also* Boote Declr., at ¶10.

The Boote letter referred to is attached as Exhibit "C" hereto and states in relevant part:

> In the event that your clients [the Indemnitors] do not inform Westchester that they will promptly pay the Award and obtain a complete release of Westchester and its bonds, Westchester requires that your clients immediately deposit with Westchester additional collateral in the amount of the Award of Arbitrator.

6. As all of Monadnock's claims under the bonds have been released WFIC has no right to continue to hold the $1.6 million Letter of Credit given as collateral for the bonds. Indeed, retention of the $1.6 million Letter of Credit would be punitive in light of the fact that WFIC is

3

asserting a claim for legal fees in the amount of one-half of the Letter of Credit[1] and the fact that WFIC has failed to produce a single document (such as time sheets, bills, or evidence of payment) in support of its legal fee claim despite Glasswall's requests.

7. As claims against WFIC under the bonds have been extinguished and as WFIC's demand for legal fees is not a "liability under a bond," WFIC has no right to retain the $1.6 million Letter of Credit given under the Agreement of Indemnity, and Glasswall submits that its immediate return should be ordered by the Court.

8. Should the motion be granted the only remaining claim in the case is WFIC's demand for attorneys' fees.

I hereby declare the truth of the foregoing statements under penalty of perjury pursuant to 28 U.S.C.§ 1746.

Executed this 11th day of January, 2019 at New York, New York.

_____
JAMES P. CINQUE

---

[1] See paragraph 5 of Wills Declaration (Docket No. 57): "To date, Westchester has paid and incurred expenses in connection with the claims under the Bonds which are the subject of this action and the related litigation in the approximate amount of $800,000.00."