UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)(VMS)
                                ECF Case
       Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

       Defendant.

------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

       Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

       Third-Party Defendants.

------------------------------------------------------------X

**GLASSWALL, LLC'S
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF MOTION TO
<u>RELEASE LETTER OF CREDIT</u>**

**<u>PRELIMINARY STATEMENT</u>**

    This memorandum of points and authorities is submitted by third-party defendant Glasswall, LLC ("Glasswall") in support of its motion to release the $1.6 million Letter of Credit given to third-party plaintiff Westchester Fire Insurance Company ("WFIC") as security for its

issuance of two performance bonds.

## STATEMENT OF RELEVANT FACTS

The facts underlying this motion are set forth in the accompanying declaration of James P. Cinque. Glasswall posted a Letter of Credit with WFIC in the approximate amount of $1.6 million pursuant to its Agreement of Indemnity. Pursuant to the specific language of paragraph 1 of this Agreement, this security was to remain in place until Glasswall provided "competent written evidence, satisfactory to the SURETY of the termination of any past, present or future liability under any bond."

Monadnock has dismissed all of its claims against WFIC, so that WFIC has no "past, present and future liability" under the bonds it issued in connection with this matter.

WFIC has taken the position that, despite Monadnock's release of claims, it may nevertheless continue to hold Glasswall's Letter of Credit as security for WFIC's undocumented claim for $800,000.00 in legal fees. WFIC has acknowledged that it is not entitled to any security once its liability under the bonds has been discharged. For example, its attorney stated that "Westchester has the right at any time to require collateral until the INDEMNITORS provide written evidence of the termination of all liability under any Bond." As WFIC's liability under the bonds has been terminated, WFIC no longer has any right to require collateral, as admitted by WFIC's counsel. In addition, in its proposed Statement of Undisputed Facts submitted in support of its motion for partial summary judgment, WFIC took the position that additional security was an alternative to satisfaction of the arbitration award issued in favor of Monadnock. As the Arbitration Award has been satisfied by Glasswall, WFIC has no right to require security for its

undocumented attorneys' fees claims.[1]

## POINT I

## THE CLEAR LANGUAGE OF THE AGREEMENT OF INDEMNITY APPLIES

The Agreement of Indemnity clearly states that Glasswall only needs to post security for as long as WFIC may be liable under its performance bonds:

> The INDEMNITORS [Glasswall and the Colombos] shall pay or cause to be paid to the SURETY [WFIC] both the agreed premium and, upon written request by the SURETY at any time collateral security for its suretyship <u>until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond</u> (emphasis added).

It is undisputed that WFIC has no further liability to Monadnock, by virtue of Monadnock's dismissal of its complaint against WFIC. Accordingly, under the unambiguous terms of the Agreement of Indemnity WFIC is not entitled to hold security any longer. It is well-established that terms of an agreement are to be specifically enforced. <u>See</u>, <u>e.g.</u>: <u>Greenfield</u> v. <u>Philles Records, Inc.</u>, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 569 (2002):

> The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. "The best evidence of what parties to a written agreement intend is what they say in their writing." Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms (citations omitted).

---

[1] It should also be noted that WFIC seeks $800,000.00 in attorneys' fees, while the Letter of Credit is in the amount of $1.6 million - double the amount of the attorneys' fee claim.

3

To the extent that there is any ambiguity in the language of paragraph 1 of the Agreement of Indemnity, any doubt must be resolved in favor of Glasswall, as held in in <u>Hooper Associates, Ltd.</u> v. <u>AGS Computers, Inc.</u>, 74 N.Y.2d 487, 491-92, 549 N.Y.S.2d 365, 367 (1989):

> Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might "seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view." This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (citations omitted).

## **CONCLUSION**

For the reasons specified above, it is respectfully requested that Glasswall's motion to require WFIC to release the $1.6 million Letter of Credit be in all respects granted.

DATED: NEW YORK, NEW YORK
        JANUARY 11, 2019

Respectfully submitted,

CINQUE & CINQUE, P. C.

By: _____
    James P. Cinque, Esq.
Attorneys for Third-Party Defendant
 Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737
E-mail:     CINQUE845@aol.com