# Exhibit 1



| Agreement of Indemnity | ACE European Group Limited |
|---|---|
| | ACE INA Insurance Company |
| | Insurance Company of North America |
| | Pacific Employers Insurance Company |
| | Westchester Fire Insurance Company |
| | Indemnity Insurance Company of North America |
| | ACE American Insurance Company |
| | ACE Property and Casualty Insurance Company |

Whereas the undersigned (hereinafter individually and collectively called "INDEMNITOR") desires one or more of the companies named above, as the case may be, (hereinafter called "SURETY") to execute bonds including undertakings and other obligations, including any bond or bonds predating this Agreement, (hereinafter referred to as "Bonds") on its behalf and on behalf of any of its present or future, directly or indirectly owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others whether or not named herein, and any corporation, partnership or person upon the written request of any of the undersigned (collectively hereinafter referred to as "Principals") or to renew or continue and to refrain from canceling the Bonds, as the case may be, and

NOW THEREFORE, in consideration of the SURETY executing the Bonds, the INDEMNITORS agree that:

1. **PREMIUMS & COLLATERAL FOR SURETYSHIP**-The INDEMNITORS shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2. **INDEMNITY & COLLATERAL FOR CLAIM**- The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

3. **OTHER INDEMNITY**- The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the Principals and the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the principals or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to and not in lieu of, any and all other rights, powers and remedies which the SURETY may have or acquire against the Principals and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.

4. **INVALIDITY**- In case any of the INDEMNITORS fail to execute this Agreement, or in case the execution hereof by any of the INDEMNITORS be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect

the validity of this Agreement or the liability hereunder of any of the INDEMNITORS executing the same, but each and every INDEMNITOR so executing shall be and remain full bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

5. **SURETIES** - All of the terms, provisions and conditions of this Agreement shall be extended to and for the benefit not only of the SURETY, either as a direct writing company or as a co-surety or reinsurer, but also for the benefit of any surety or insurance company or companies with which the SURETY may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the SURETY on behalf of any of the Principals.

6. **DECLINE EXECUTION** - Unless otherwise specifically agreed in writing, the SURETY may decline to execute any bond and the Principals and INDEMNITOR shall make no claim to the contrary.

7. **CHANGES, WAIVER OF NOTICE** - The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR, to assent to any change whatsoever in Bonds and/or the contracts or obligations covered by any said Bonds including but not limited to the time for performance and any continuations, extensions or renewals of the Bonds, the execution of any substitute or substitutes therefore, with the same or different conditions, provisions and obligees with the same or larger or smaller penalties; it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of the execution of Bonds, acceptance of this Agreement, default or other acts giving rise to a bond claim or liability of the SURETY under Bonds.

8. **TERMINATION** - This Agreement may be terminated by the INDEMNITOR upon twenty days' written notice sent by registered mail to the SURETY at its home office at ACE Bond Services, WA10G, 436 Walnut Street, Philadelphia, Pennsylvania 19106-3703, but any such notice of termination shall not operate to modify, bar or discharge the INDEMNITOR as to the Bonds that may have been therefore executed.

9. **SEVERABILITY** - If any provision or provisions of this Agreement be declared void or unenforceable under any law governing its construction or enforcement, this Agreement shall not be void or vitiated thereby, but shall be construed and enforced with the same effect as though such provision or provisions were omitted.

10. **CHOICE OF LAW/FORUM** - It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined in accordance with the laws of the State of New York. INDEMNITOR agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

11. **JOINT/SEVERAL** - Each undersigned Indemnitor, its successors and assigns, are jointly and severally bound by the foregoing conditions of this Agreement.

12. **FACSIMILE** – This Agreement bearing the signature of the Indemnitor(s) shall be valid, effective and enforceable whether received by the Surety as an original or as a facsimile transmission.

IN WITNESS WHEREOF, INDEMNITOR has signed this Agreement this ___1___ day of ___Feb___, 20_13_.

Glasswall, LLC  
3550 N.W. 49th Street  
Miami, FL 33142  
Federal Tax ID: _____

By: _____  
Name: Federico Balestrazzi  
Title: President  

ATTEST: _____ (Seal)  
Name: Sastia Mendoza  
Title: Admin  

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

Ugo Colombo  
5020 North Bay Road  
Miami Beach, FL 33141  
Federal Tax ID: _____

By: _____  
Name: Ugo Colombo  
Title: Individually  

ATTEST: _____ (Seal)  
Name: _____  
Title: _____  

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

Sara Jayne Kennedy Colombo  
5020 North Bay Road  
Miami Beach, FL 33141  
Federal Tax ID: _____

By: _____  
Name: Sara Jayne Kennedy Colombo  
Title: Individually  

ATTEST: _____ (Seal)  
Name: Esther F. Thurmon  
Title: Secretary  

(Either attach copies of resolutions of Boards of Directors or execute notarial acknowledgment.)

## FOR NOTARIAL ACKNOWLEDGMENT OF PRINCIPAL/INDEMNITOR'S

### CORPORATE ACKNOWLEDGMENT

State of Florida
County of Dade ss:

On this __1__ day of __Feb__, 20_13_, before me personally came Federico Balestrazzi to me known, who being by me duly sworn, deposed and says that s/he is the __President__ of Glasswall, LLC, the corporation described in and which executed the foregoing Agreement; that he knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that s/he signed his name thereto by like order.

_____
(Signature of Notary Public)
My commission expires 9/8/14

### PERSONAL ACKNOWLEDGMENT

State of Florida
County of Dade ss:

On this __1__ day of __Feb__, 20_13_, before me personally came Ugo Colombo to me known, who, being by me duly sworn, did depose and say that he resides at 5020 North Bay Road, Miami Beach, FL 33141.

JEANA LEGRA
MY COMMISSION # EE 024729
EXPIRES: September 9, 2014
Bonded Thru Notary Public Underwriters

_____
(Signature of Notary Public)
My commission expires 9/9/14

### PERSONAL ACKNOWLEDGMENT

State of Florida
County of Dade ss:

On this __1__ day of __Feb__, 20_13_, before me personally came Sara Jayne Kennedy Colombo to me known, who, being by me duly sworn, did depose and say that he resides at 5020 North Bay Road, Miami Beach, FL 33141.

JEANA LEGRA
MY COMMISSION # EE 024729
EXPIRES: September 9, 2014
Bonded Thru Notary Public Underwriters

_____
(Signature of Notary Public)
My commission expires 9/9/14