# EXHIBIT A

**Position of Westchester Fire Insurance Company ("Westchester")**

The Court asked the Parties to file a joint letter stating: (1) their positions regarding the motion for partial summary judgment at [55]; and (2) the basis for subject matter jurisdiction and venue with respect to any remaining claims, including the claim raised in Glasswall's motion for the release of the letter of credit.

As discussed more fully below and in Westchester's Opposition to Glasswall's Motion to Release the Irrevocable Letter of Credit, the only claims pending in this Action are those filed by Westchester in its Third-Party Complaint. Third-Party Defendants Glasswall, Inc. ("**Glasswall**"), Ugo Colombo and Sarah Jayne Kennedy Colombo (collectively, **Third-Party Defendants**") have filed no claims or defenses in this Action. Accordingly, to expedite the proper and efficient end to this Action while addressing the claims that are properly before this Court, Westchester would be willing to forgo its motion for partial summary judgment related to collateral (Doc 55), which was properly brought under its Second and Third Causes of Action, and have the Court hear Westchester's application for fees and costs under its still pending First Cause of Action related to indemnification against the Third-Party Defendants. Glasswall's motion to release the Irrevocable Letter of Credit is improper because Glasswall has asserted no claims, and for the other reasons stated in Westchester's Opposition to that motion. The Court has no basis to hear it, and it should be rejected.

I.   **The Motion for Partial Summary Judgment at [55]**

Westchester's Motion for Partial Summary Judgment for Specific Performance of Third-Party Defendants' Collateral Security Obligations, or, in the Alternative, for a Preliminary Injunction [Doc 55] seeks an order and/or injunction requiring the Third-Party Defendants, as Indemnitors under the Indemnity Agreement, to deposit with Westchester additional collateral security in the amount of the arbitration award. The motion was made under Westchester's

Second and Third Causes of Action in its Third-Party Complaint (Doc 42). It does not address Westchester's First Cause of Action against the Third-Party Defendants, which remains active and pending, and is discussed in Section II hereof.

As addressed in more detail below, Westchester would be willing to forgo its motion (Doc 55) if the Court confirms that this Action is not "closed" (which Westchester did not request) while Westchester pursues its pending First Cause of Action regarding indemnification against the Third-Party Defendants, which (as also discussed below) would be the only claim properly remaining in this Action.

II. **The Basis for Subject Matter Jurisdiction and Venue with Respect to Any Remaining Claims, including the Claim Raised in Glasswall's Motion for the Release of the Letter of Credit**

   a. **The Only Claims That Remain and Are Properly before This Court Are the Three Claims Asserted by Westchester in Its Third-Party Complaint**

There are only three claims remaining in this Action. They are all asserted in Westchester's Third-Party Complaint. Westchester's first claim seeks a declaration that each of the Third-Party Defendants must indemnify Westchester and pay for its defense under the Indemnity Agreement that each they executed. The second and third claims ask that the Court order and/or enjoin the Third-Party Defendants to post collateral in the amount of the $1,499,255.18 arbitration award and restrain the Third-Party Defendants from transferring and/or encumbering their assets and to place a lien on those assets.

These claims are still pending, and Westchester is entitled to press them. In fact, none of the Third-Party Defendants have even answered these claims or asserted a counterclaim. The only response to Westchester's Third-Party Complaint was a motion to dismiss brought by Ugo Colombo and Sara Jayne Kennedy Colombo, but that motion was terminated by the Court's August 15, 2018 Order. Thereafter, they did not file an Answer. And Glasswall has never

2

responded to Westchester's Complaint in any manner.  In fact, no Third-Party Defendant asserted claims in this Action.

Westchester has incurred significant fees and expenses, totaling approximately $1 million, that each of the Third-Party Defendants are obligated to indemnify under the Indemnity Agreement that they each signed.  Additionally, while the Third-Party Defendants settled with Monadnock Construction, Inc. ("**Monadnock**") and its related entities and individuals ("**Monadnock Related Parties**") and granted each of them releases, they specifically chose not to settle with, or release any of their claims against, Westchester.

These are not theoretical concerns.  They are real.  Each of the Third-Party Defendants has asserted claims against Westchester related to the Bonds in three separate litigations in Florida.  The Florida court dismissed those claims on forum-based grounds.  Setting aside whether those claims ever had merit or are still viable, the Third-Party Defendants are litigious and can re-assert them at any time.  Similarly, while Monadnock in this Action dismissed with prejudice the claims that it filed against Westchester, the other Monadnock Related Parties, who filed claims against Westchester in Florida in the past, have not granted Westchester a release.  Similarly, the Third-Party Defendants have refused to release their claims against Westchester, thereby indicating that they are readying to reassert them.  In short, Westchester remains at risk of further claims and liability related to the Bonds.

Westchester also has outstanding fees and costs that the Third-Parties refuse to indemnify under the Indemnity Agreement.  In particular, Westchester has been forced to accumulate approximately $1 million in fees and expenses in the many litigations and disputes generated by this all-out war between the Third-Party Defendants and the Monadnock Related Parties.  Westchester is at risk of incurring more fees and expenses and, in fact, is doing so at this very

moment. Since Westchester is entitled to indemnification for those fees and costs, past and future, and remains subject to potential liability to parties that refuse to grant a release, Westchester's claims for indemnification and for an order/injunction for collateral and to place a lien on the Third-Party Defendants' assets remain properly before this Court. Moreover, the Indemnity Agreement has a forum selection clause that chooses New York and under which the Third-Party Defendants consented to New York as a venue, so this Court is also a proper venue for Westchester's remaining claims.

### b. Glasswall's Motion to Release the Letter of Credit Is Not Properly Before the Court

Glasswall's motion for the release of the Irrevocable Letter of Credit is not grounded in any claim asserted by Glasswall and is therefore not properly before the Court. Glasswall filed no claims in this Action. In particular, it has filed no claim requesting the release of the Irrevocable Letter of Credit. In other words, it filed no claim that would activate the required and ordinary judicial process that might allow it to ultimately file (after a motion to dismiss, answer, discovery, etc.) a motion asking the Court to take collateral away from Westchester. This and the multiple other bases to deny Glasswall's motion are discussed in greater detail in Westchester's opposition to Glasswall's motion.

### c. The Only Proper Claim Remaining for the Court Is Westchester's Motion for Indemnification of its Fees and Costs, which Should End This Action

With Monadnock's claims dismissed with prejudice, and the Third-Party Defendants having filed no claims, the only issue left for the Court is an Order regarding indemnification of Westchester's fees and costs. Westchester is preparing to file a motion seeking fees based on the First Cause of Action in its Third-Party Complaint and will produce evidence concerning its fees as part of that process. Westchester is willing to engage in appropriate discovery into its fees

4

claim and will respond to the Third-Party Defendants' reasonable discovery requests as they are made.

As part of this process, and to streamline the litigation, Westchester would be willing to forgo its Second and Third Causes of Action seeking a deposit of collateral and a preliminary injunction. Rather than seek additional collateral for potential fees, costs and liability for claims that the Third-Party Defendants refuse to release now and may bring in the future in this action, Westchester would do so, if necessary, in such future actions. Here, Westchester would seek indemnification of its fees and costs directly from the Third-Party Defendants while maintaining the Irrevocable Letter of Credit as collateral.

Westchester notes that, while it has had some discussions with Glasswall about discovery on fees and costs, Glasswall was only willing to have that discussion in any detail after its settlement with Monadnock, but before Monadnock was forced, along with the Delaware entity, to dismiss its claims against Westchester. At that time, discovery regarding fees and costs was premature because, essentially, the entire litigation was left to be determined and fees and costs would continue to accrue. Now that all claims other than Westchester's have been dismissed, discovery on fees and costs is appropriate. Westchester notes that, in a recent correspondence, Glasswall indicated that it intends to seek onerous discovery (*e.g.*, documents beyond time sheets and billing material, and multiple attorney depositions) and may even bring a procedural motion for disqualification because Westchester is bringing a fee application, a process that courts regularly handle. Westchester believes that these efforts would be largely without merit and serve only to lengthen the effort to end this Action. Westchester is prepared to deal with them, however, and any continued litigiousness does not change the fact that the only issue properly before this Court before this Action ends will be Westchester's claim for indemnification.

### III.    Westchester Will Submit an Addendum to This Position Statement to Address Arguments and Case Law Raised By Glasswall, and Seen by Westchester, for the First Time Late This Afternoon.

In section B of its position statement (Exhibit B to this joint letter), Glasswall argues that Westchester's pre-existing, pending claims should summarily be dismissed and cites case law that it claims supports that position. Westchester had its first opportunity to see and read this argument, and the law purportedly supporting it, after 3:30 p.m. the day this joint letter was filed. Accordingly, Westchester has just begun the process of responding to the argument and cited law, which it believes is not controlling, and intends to submit an addendum to its position statement as soon as possible.