## EXHIBIT B

### GLASSWALL, LLC'S RESPONSE TO
### JANUARY 29, 2019 SCHEDULING ORDER

In its January 29, 2019 Scheduling Order the Court directed third-party plaintiff Westchester Fire Insurance Co. ("Westchester Fire") and third-party defendant Glasswall, LLC ("Glasswall") to submit their positions with respect to two issues. Set forth below is Glasswall's position.

**(A)   Westchester Fire's Motion For Partial Summary Judgment (Docket No.: 55) Is Moot In Light Of The Dismissal Of Monadnock's Complaint**

In its motion for partial summary judgment (Docket No. 55) Westchester Fire seeks collateral security to cover the arbitration award entered in Monadnock's favor in the amount of $1,499,255.18, as evidenced by the following statements in its motion papers:

> 1. Page 1 of memo: "Westchester is entitled to the Indemnitors' [third-party defendants Glasswall, Ugo Colombo and Sara Jayne Kennedy Colombo] immediate specific performance of their obligation to deposit collateral security with Westchester in the amount of the arbitration award."
>
> 2. Page 4 of memo, in which Westchester refers to its demand that the Indemnitors "deposit with Westchester additional collateral security in the amount of the Award."
>
> 3. Page 5 of memo: "the sum demanded is reasonable since it is in the amount of the Award for which Westchester is potentially liable."

4. Paragraph 7 of Douglas J. Wills' declaration in support of motion: "Westchester demands the Indemnitors place additional collateral security with Westchester in the amount of the Arbitration Award of $1,499,255.18 against Glasswall, LLC issued on August 29, 2017 to cover this liability."

5. Paragraph 10 of Robert McL Boote's declaration in support of motion referring to his letter demanding "that the Indemnitors deposit with Westchester collateral in the amount of the arbitration award."

6. Mr. Boote's September 7, 2017 demand letter (Exhibit C to his declaration): "In the event that your clients [Indemnitors] do not inform Westchester that they will promptly pay the Award and obtain a complete release of Westchester and its bonds, Westchester requires that your clients immediately deposit with Westchester additional collateral in the amount of the Award of Arbitrator."

7. Paragraph 12 of Westchester's statement of undisputed material facts: "The Indemnitors have failed to pay the Award, or in the alternative, deposit collateral security in the amount of the Award with Westchester."

As Monadnock has dismissed all claims against Westchester Fire with prejudice (Docket No.: 145) the Award has been satisfied and Westchester Fire does not bear any liability under the bonds. Therefore its motion for partial summary judgment seeking collateral security in the amount of the arbitation award in Monadnock's favor is moot.

**(B)   The Court Lacks Subject Matter Jurisdiction
Of The Third-Party Complaint Due To The
Dismissal Of Monadnock's Complaint**

Monadnock filed an amended complaint against Westchester Fire (Docket No.: 51) in which it sought damages allegedly due under construction bonds issued by Westchester Fire.  Westchester Fire answered the amended complaint and filed a third-party complaint (Docket No.: 42) against Glasswall, Ugo Colombo and his wife Sara Jayne Kennedy Colombo (Docket No.: 61), based upon an agreement of indemnity pursuant to which the third-party defendants allegedly agreed to indemnify Westchester Fire against any damages it may incur pursuant to the construction bonds it issued in Monadnock's favor.  The third-party complaint was asserted pursuant to Federal Rule of Civil Procedure 14, which permits a defendant to commence a third-party action against a party "who is or may be liable to it for all or part of the claim against it."

By stipulation filed January 24, 2019 (Docket No.: 145) Monadnock dismissed with prejudice all claims against Westchester Fire.  It is Glasswall's contention that the dismissal of the Monadnock complaint divests this Court of jurisdiction over the sole remaining claim in the action: to wit, Westchester Fire's claim that it is entitled to legal fees from the third-party defendants pursuant to the agreement of indemnity.

As expressly held in American Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805-806 (6th Cir. 2008), the Court has discretion to dismiss a third-party complaint, which by definition seeks indemnification, when a complaint is dismissed:

> The third-party complaint is in the nature of an indemnity or contribution claim. Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the

> underlying action but nonetheless chooses to address a third-party claim. Ultimately, a court has the discretion to dismiss a third-party claim after the original claims of the plaintiff have been settled, and relegate the third-party plaintiff to a separate suit. *Propps v. Weihe, Black & Jeffries*, 582 F.2d 1354, 1355 (4th Cir.1978). *See also 6 Wright, Miller, Kane, Fed. Prac. & Proc.: Civ.2d § 1444 at 340–44 (2d ed.1990).*

The sole remaining issue in this matter, whether Westchester Fire is entitled to attorneys' fees, is separate and apart from the claims asserted by Monadnock under the bonds issued by Westchester Fire and therefore the Court has discretion to dismiss it:

> with the settlement of the underlying action, it was entirely within the discretion of the district court whether to allow any independent and separate claims to proceed. We find no abuse of discretion in its decision not to do so. Id. at 806.

For other cases dismissing a third-party complaint after a complaint was dismissed, see: Matthews v. Owens, 2015 WL 5380857 (S.D. Ohio) at *3-4; Nye v. Hilo Medical Center, 2010 WL 931926 (D. Hawaii) at *6; and CMH Mfg., Inc. v. BBC Distribution, LLC, 2008 WL 821959 (E.D. Tenn.) at *2.

    A case similar to the one at bar was presented in Shalaby v. Irwin Industrial Toll Co., 2010 WL 5898212 (S.D. Cal.), where third-party plaintiff Bernzomatic brought a third-party action for indemnity and defense costs. The court granted summary judgment to Bernzomatic and dismissed the complaint. Even though it found that there was an

actual case or controversy relating to the defense costs sought in the third-party complaint, the Court nevertheless dismissed it, ruling:

> Because Bernzomatic's third-party complaint sought indemnification from the third-party defendants, it was a proper impleader under Rule 14(a). The claim for indemnification was derivative of the original action and Western and/or Worthington's liability was made dependent on the outcome of the litigation in the original action between the Shalabys and Bernzomatic. However, once summary judgment was entered in favor of Bernzomatic and the action was effectively dismissed, the continuing viability of Berzomatic's third-party complaint, as a derivative action, came into question. Bernzomatic argues that its claim for defense costs are also derivative of Plaintiff's complaint, but that assertion belies the facts of this case. Whether Bernzomatic is entitled to its fees is in no way contingent on the outcome of the underlying complaint, a fact which is plainly demonstrated by the procedural posture of this case. The fact that the indemnification issue is no longer before the Court demonstrates that the claim for attorneys fees is not derivative of the underlying complaint. Id. at *3

As noted by the Court:

> There is nothing preventing Bernzomatic from seeking its defense costs in another suit. Indeed, the Court believes that there are more appropriate venues than this one for Bernzomatic to litigate that claim. Id. at *4.

As Monadnock's complaint has been dismissed, the Court should similarly dismiss Westchester Fire's third-party complaint for legal fees, especially since there has been no discovery whatsoever on this issue.

In the event that the Court retains jurisdiction, Glasswall's motion to discharge the letter of credit (Docket No. 141) should be heard since it addresses the issue of collateral for the claims asserted by Westchester Fire in its third-party complaint.

**(C)    Two Additional Issues Which Glasswall Would Like To Raise**

There are two additional issues which Glasswall would like to raise with the Court if jurisdiction is retained:

**(1)    Time To Submit Reply Papers**

Under the Court's December 11, 2018 Order (Docket No.: 139) Glasswall was given a period of two weeks to submit reply papers in connection with its motion to discharge its Letter of Credit (Docket No.: 141).  As the Court extended Westchester Fire's time to respond to this motion to February 12, 2019, Glasswall respectfully requests that it be given until February 26, 2019 (two weeks from submission of Westchester Fire's opposition) within which to reply.

**(2)    Cozen O'Connor's Disqualification**

While Westchester Fire has not yet provided any discovery in connection with its attorney fee claim, it is evident that legal fees incurred by its attorneys Cozen O'Connor during the course of construction of the housing project at issue (and before the institution of this action) will be sought.  Cozen O'Connor lawyers will be witnesses on the fee issue, and it is submitted that this testimony precludes the firm from representing Westchester Fire should the action proceed.

6