UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)(VMS)
                                ECF Case
        Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.

----------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

   -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

----------------------------------------------------------X

## THIRD-PARTY DEFENDANT GLASSWALL, LLC'S
## REPLY MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO RELEASE LETTER OF CREDIT

### PRELIMINARY STATEMENT

This memorandum of points and authorities is submitted in support of third-party defendant Glasswall, LLC's ("Glasswall") in reply to the opposition submitted by third-party plaintiff Westchester Fire Insurance Company ("WFIC") in opposition to Glasswall's motion to release the letter of credit it posted as security for performance bonds (Ex. 2 to the February 12,

2019 declaration of John J. Sullivan in opposition to Glasswall's motion).

## POINT I

### SECURITY IS NO LONGER REQUIRED, AS MONADNOCK HAS DISMISSED THE CLAIMS AGAINST WFIC WITH PREJUDICE

As plaintiff Monadnock Construction, Inc. ("Monadnock") has dismissed its complaint against WFIC with prejudice (Docket #: 145) WFIC has no liability under the performance bonds it issued in Monadnock's favor (Ex. A to Glasswall's motion). As the agreement of indemnity signed by third-party defendants provides that security is only required for as long as WFIC has liability under the performance bonds, the letter of credit posted by Glasswall at the commencement of the construction project should be released.

**(A)   Security Is Only Required For So Long As WFIC Has Liability To Monadnock**

Paragraph 1 of the Agreement of Indemnity (Exhibit B to Glasswall's motion) specifically states that security is only required until the third-party defendants have furnished evidence that WFIC has no liability under the performance bonds it issued in Monadnock's favor:

> The INDEMNITORS [third-party defendants] shall pay or cause to be paid to the SURETY [WFIC] both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship <u>until the INDEMNITOR shall furnish to the SURETY competent written evidence satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond</u> (emphasis added).

The determinative issue is whether Monadnock's stipulation dismissing its claims with prejudice extinguishes WFIC's liability under the performance bonds.

**(B)     The Dismissal With Prejudice Extinguishes All Of Monadnock's Claims**

Under well-established principles of *res judicata* or claim preclusion Monadnock's stipulation dismissing its complaint with prejudice extinguishes not only the claims which Monadnock raised in its complaint, but also claims which Monadnock could have raised. See, e.g.: Brown Media Corp. v. K&L Gates, LLC, 854 F.3d 150, 157 (2nd Cir. 2017):

> "The doctrine of res judicata, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

As explained in Tsirelman v. Daines, 19 F.Supp.3d 438, 448 (E.D.N.Y. 2014), the claim preclusion doctrine extinguishes all claims arising out of the same transaction or series of transactions even if they are based upon different legal theories or seek different remedies:

> Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The preclusive impact of a state judgment is determined by state law. "New York applies a 'transactional approach' to res judicata issues." *Ruggiere v. Bloomberg*, 09–CV–2160, 2009 WL 3259156 (E.D.N.Y. Oct. 9, 2009). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Hameed v. Aldana*, 296 Fed.Appx. 154 (2d Cir.2008) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981)).

See also: Magi XXI, Inc. v. Stato Della Cita del Vaticano, 22 F.Supp.3d 195, 201 (E.D.N.Y.

2014); and Tobin v. Gluck, 11 F.Supp.3d 280, 301 (E.D.N.Y. 2014). Therefore, all claims of Monadnock against WFIC relating to the construction project at issue have been discharged.

### (C) The Only Relevant Claims Against WFIC Are Those Of Monadnock

Paragraph 1 of the Agreement of Indemnity specifically states that the third-party defendants' obligation to post collateral security extends only for the duration of WFIC's "liability under any Bond [the performance bonds]." Paragraph 9 of the Performance Bonds (Exhibit A to Glasswall's motion) specifically states that the only person which has any rights under the bonds is Monadnock:

> No right of action shall accrue on this Bond to any person or entity other than the Owner [Monadnock] or its heirs, executors, administrators, successors and assigns."

WFIC's argument that it may face claims from parties other than Monadnock has no bearing on the relevant issue, which is whether WFIC faces any claims from Monadnock since the only person or entity entitled to raise claims under the bonds is Monadnock. As explained above Monadnock has dismissed all of its claims, so WFIC faces no liability from Monadnock and therefore has no liability under the bonds.

### POINT II

### GLASSWALL HAS PROPERLY RESPONDED UNDER RULE 14

WFIC brought a third-party action against Glasswall (Docket No.: 42). Rule 14(a)(1) provides that a third-party complaint may be brought against "a non-party who is or may be liable to it [a third-party plaintiff] for all or part of the claim against it." Impleader under Rule 14 requires that the liability of the third-party defendant be dependent upon the outcome of the

4

plaintiff's claim against the third-party plaintiff. Rule 14(a)(2)(C) provides that a third-party defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim." Accordingly, Glasswall filed a motion to dismiss plaintiff Monadnock's amended complaint (Docket No.: 83), which is an appropriate response under Rule 14.

## CONCLUSION

The Agreement of Indemnity specifically states that the requirement for collateral security expires upon presentation of evidence that WFIC has no liability under the performance bonds. The performance bonds themselves specifically state that the only person or entity which may assert a claim under the bonds is Monadnock. Monadnock has stipulated to dismiss its amended complaint with prejudice. This dismissal operates as *res judicata* and precludes not only claims which were asserted by Monadnock but also claims which could have been asserted. Therefore, as Monadnock has discharged all of its claims against WFIC the security posted by Glasswall in the form of a letter of credit should be released.

DATED: NEW YORK, NEW YORK
       FEBRUARY 21, 2019      Respectfully submitted,

CINQUE & CINQUE, P. C.

By: _____
   James P. Cinque, Esq.
Attorneys for Third-Party Defendant
 Glasswall, LLC
355 Lexington Avenue, 8th Floor
New York, New York 10017
Telephone: (212) 759-5515
Telefax:   (212) 759-7737
E-mail:    CINQUE845@aol.com