# ADDENDUM TO EXHIBIT A

## Westchester's Response to New Arguments Raised by Glasswall in Exhibit B

The Second Circuit views jurisdiction under Fed. R. Civ. P. 14 broadly, holding long ago that, under that Rule, "claim" has a "broader connotation" than "cause of action" because it refers to the "aggregate of operative facts" that "give rise to a right enforceable in the courts." *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir. 1959).  Under this broader meaning, "[t]he same aggregate or core of facts may give rise not only to rights in the plaintiff against the defendant but also to rights in the defendant against third parties." *Id.*  Accordingly, a district court with jurisdiction over a plaintiff's original claims also has jurisdiction over a defendant's third-party claims arising from the "the same aggregate or core of facts." *Id.*  This is ancillary jurisdiction, and a court may exert it even if the court would not have had original jurisdiction over the third-party claim if the defendant had filed it as an original plaintiff.  *Id.*

Here, however, the Court need not even resort to ancillary jurisdiction.  It has original jurisdiction over Westchester's claims—in particular, its claim for indemnification (the first claim in its Third-Party Complaint).  Westchester is a Pennsylvania corporation.  Glasswall is a Florida limited liability company.  And Westchester seeks to recover approximately $1 million in fees.  Accordingly, this Court has original diversity jurisdiction and should retain Westchester's claim.

Setting that aside, Westchester's claim for indemnification nonetheless arises from the same "aggregate of operative facts" as did Monadnock's claims.  Monadnock's claims addressed disputes over performance of construction contracts and the Bonds.  Westchester's claim seeks indemnification for fees and costs related to the history of those very same disputes.

In fact, adopting *Dyer,* the Court in *International Paving Sys.* v. *Van-Tulco, Inc.*, 866 F. Supp. 682, 685-90 (E.D.N.Y. 1995), retained jurisdiction over a third-party claim arising from the

same aggregate of operative facts involving construction contracts, even though the third-party claim involved an additional contract. Quoting *Dery*, the Court held that settlement of the original plaintiff's claim did not disturb the Court's exercise of jurisdiction over the third-party claim:

> [A]ncillary jurisdiction was not lost when the main cause of action was settled. Generally, in a diversity action, if jurisdictional prerequisites are satisfied when the suit is begun, subsequent events will not work an ouster of jurisdiction.

*Id.* at 689 (quoting *Dery*, 265 F.2d at 808).

Second Circuit courts maintain jurisdiction over third-party claims to preserve judicial economy and discourage inconsistent results, as well as to avoid confusion, sterile jurisdictional pursuits and a judgment time-lag for the third-party. *Dery*, 265 F.2d at 809; *International Paving Sys.*, 866 F. Supp. at 686. Here, the Parties have filed numerous pleadings and affidavits attaching and discussing operative contracts. They have filed, and the Court has considered, multiple motions addressing the merits. The Court stayed this Action pending arbitration and then entered an order confirming the arbitration award. These pleadings, motions and rulings addressed facts spanning the history of this dispute, leaving the Court sufficiently familiar with the Parties and facts so that it is in the best position to efficiently consider the merits of and challenges to Westchester's indemnification claim. To dismiss Westchester's claim and require the Parties to begin anew before a Court that has no knowledge of this history would not only be inefficient but also encourage the type of inefficient, fragmented, resource-hogging litigation that has allowed this all-out-war between Monadnock and the Indemnitors to fester for as long as it has.

In its attempt to create a jurisdictional issue, Glasswall cites no law from the Second Circuit. Instead, it searched out non-controlling decisions that are also not relevant. Take, for instance, *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d. 800 (6th Cir. 2008). It is a non-controlling Sixth Circuit decision. Moreover, the defendant, an insured, made its third-party negligence claim against its insurance broker explicitly contingent on the court finding in the

main claims that a challenged insurance provision was valid. But the third-party claimant then settled the main claims with the original plaintiff, its insurer, and never got a ruling that the challenged provision was valid. As a result, the Court understandably found "no basis for recovery" on the expressly-contingent third-party claim and affirmed its dismissal. *Id.* at 806-07. Here, Westchester's indemnification claim was never dependent on Monadnock's claims being determined, even though it arises from the same aggregate of operative facts. Glasswall even relies on an unpublished decision from a California district court in which the court (i) explained that it had trouble locating courts rendering similar decisions and (ii) cites *American Zurich* without noting that the third-party claims in that case, unlike here, had been mooted. *Shalaby v. Irwin Indus. Toll Co.*, 2010 U.S. Dist. LEXIS 141987, at *14-15 (S.D. Cal. Jan. 22, 2010). Glasswall cites a number of other unpublished, non-Second Circuit opinions that are also irrelevant. *E.g.*, *Matthews v. Owens*, 2015 WL 5380857 (S.D. Ohio Sept. 15, 2015) (third-party complaint explicitly dependent on the outcome of the original action); *Nye v. Hilo Medical Center*, 2010 WL 931926 (D. Haw. Mar. 11, 2010) (same); *CMH Mfg., Inc. v. BBC Distribution, LLC*, 2008 WL 821959 (E.D. Tenn. Mar. 26, 2008) (same).

Make no mistake. This is a maneuver by Glasswall—which never speaks of its contractual obligation to indemnify Westchester for the massive fees and costs that it forced Westchester to incur—to dismiss Westchester's indemnification claim while the Court simply hands Westchester's collateral to Glasswall, a non-operating entity with no assets. It is a truly remarkable series of requests from a party that has made no actual claim or lodged any defense in this litigation. The court should deny this effort and move forward with efficient adjudication of Westchester's indemnification claim and the just conclusion of this Action.