UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
MONADNOCK CONSTRUCTION, INC.,            :
                                         :
                    Plaintiff,           :
                                         :          **ORDER**
       -against-                         :
                                         :    16 Civ. 420 (JBW) (VMS)
WESTCHESTER FIRE INSURANCE               :
COMPANY,                                 :
                                         :
                    Defendant.           :
                                         :
---------------------------------------------------------- X

WESTCHESTER FIRE INSURANCE               :
COMPANY,                                 :
                    Third-Party Plaintiff, :
                                         :
       -against-                         :
                                         :
GLASSWALL, LLC, UGO COLOMBO, and         :
SARA JAYNE KENNEDY COLOMBO,              :
                                         :
                Third-Party Defendants.  :
                                         :
---------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Monadnock Construction, Inc. ("Monadnock") commenced this action against

Westchester Fire Insurance Company ("Westchester") seeking to recover damages under

performance bonds issued by Westchester, as surety for Glasswall, LLC ("Glasswall").

Westchester answered, ECF No. 41, and filed a third-party complaint against Glasswall, Ugo

Colombo and Sara Jayne Kennedy Colombo (collectively, the "Third-Party Defendants"), ECF

No. 42, asserting claims for indemnification and for additional collateral security pursuant to an

agreement of indemnity (the "Indemnity Agreement") between Westchester and Third-Party

Defendants.  Thereafter, Monadnock amended its complaint to add claims against Third-Party

Defendants, ECF No. 50, and Westchester filed an amended answer, ECF No. 61.  Pursuant to

stipulations of dismissal, so-ordered by the Court at ECF Nos. 129 and 145, Monadnock's claims

against Westchester and Third-Party Defendants have been dismissed with prejudice.

The only claims not subject to the stipulations of dismissals were those asserted by

Westchester in its third-party complaint (the "Third-Party Complaint"), ECF No. 42.  In the

Third-Party Complaint, Westchester includes the following provisions from the Indemnity

Agreement as being relevant to its claims:

1.  **PREMIUMS & COLLATERAL FOR SURETYSHIP** – The
INDEMNITORS shall pay or cause to be paid to the SURETY both the agreed
premium and, upon written request by the SURETY at any time, collateral security
for its suretyship until the INDEMNITOR shall furnish to the SURETY competent
written evidence, satisfactory to the SURETY, of the termination of any past,
present and future liability under any Bond.  The INDEMNITOR expressly waives
any right to interest which may be earned on the collateral security and further
consents that the collateral security provided in consideration of suretyship may be
held by the SURETY in any investment or depository that the SURETY in its sole
discretion deems advisable and prudent.  The Surety's election not to demand
collateral at the inception of the suretyship obligation shall not operate as a waiver
of the right to demand and receive such collateral at any time before liability has
terminated under any Bond.

2.  **INDEMNITY & COLLATERAL FOR CLAIM** – The INDEMNITOR shall
indemnify and save harmless the SURETY from and against any and all liability,
claim, demand, loss, damage, expense, cost, attorney's fees and expenses, including
without limitation, fees and disbursements of counsel incurred by the SURETY in
any action or proceeding between the INDEMNITOR and the SURETY, or
between the SURETY and any third party, which SURETY shall at any time incur
by reason of its execution of any Bond or its payment of or its liability to pay any
claim, irrespective of whether the claim is made against the SURETY as a joint or
several obligor and whether the INDEMNITOR is then liable to make such
payment, and to place the SURETY in funds to meet all of its liability under any
Bond, promptly upon request and before the SURETY may be required to make
any payment thereunder; and copy of the claim, demand, voucher or other evidence
of the payment by the SURETY of any liability, claim, demand, loss, damage,
expense, cost and attorney's fees, shall be prima facie evidence of the fact and
amount of INDEMNITOR's liability to the SURETY under this Agreement.  Any
demand upon the SURETY by the Obligee shall be sufficient to conclude that a
liability exists and the INDEMNITOR shall then place the SURETY with sufficient

> funds in a form and amount deemed acceptable in the SURETY's sole discretion, as collateral security to cover the liability.

Third-Party Complaint ¶ 21.

Westchester's Third-Party Complaint contains three causes of action arising out of the Indemnity Agreement.  The first cause of action is for a declaratory judgment that Third-Party Defendants "are obligated to defend and to indemnify Westchester against, inter alia, all liabilities it may incur and all payments it may be required to make by reason of having executed the Bonds."  Id. ¶¶ 22-24.  The second and third causes of action seek, respectively, an order and preliminary injunction requiring Third-Party Defendants to provide Westchester collateral in the amount of $1,499.255.18, representing Westchester's potential liability based on the arbitration award issued by the American Arbitration Association and confirmed by the District Judge in this action (the "Arbitration Award").  Id. ¶¶ 25-37.  Westchester already held, and still holds, collateral in the form of a $1,587,000.00 letter of credit that was provided to Westchester by Glasswall when the Third-Party Defendants entered into the Indemnification Agreement.  According to Westchester, the existing collateral was not sufficient to cover both the Arbitration Award and the attorneys' fees and costs it has incurred, and for which it is entitled to be indemnified, thus necessitating its claim for additional collateral.

In light of the dismissal of Monadnock's claims, Westchester is no longer exposed to potential liability based on the Arbitration Award, which appears to render the second and third causes of action in the Third-Party Complaint moot.[1]  With respect to the first cause of action,

---

[1] Westchester does not concede that the second and third causes of action are moot, but it has stated that it "would be willing to forgo" them in order to "streamline the litigation."  ECF No. 149-1 at 5.

Westchester argues, and the Court agrees, that it is entitled to pursue its claim for indemnification of attorneys' fees and costs under the Indemnity Agreement.

As an initial matter, the settlement of the claims in the main action does not affect the Court's subject matter jurisdiction over Westchester's claims against Third-Party Defendants. Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania; Glasswall is a limited liability company, the members of which are citizens of Florida; the Individual Third-Party Defendants are both Florida citizens; and Westchester seeks indemnification for contractual attorneys' fees and costs in excess of $75,000.00.  See Third-Party Complaint ¶¶ 3-6; Monadnock's Amended Complaint ¶ 8, ECF No. 50 ("Glasswall[] is a Florida limited liability company whose members are citizens of the State of Florida."). Accordingly, the Court has independent subject matter jurisdiction over Westchester's claims based on diversity of citizenship under 28 U.S.C. § 1332.  See 3 Moore's Federal Practice § 14.41[3] (3d ed. 2009) ("It is important to remember that supplemental jurisdiction [pursuant to 28 U.S.C. § 1367] is relevant only for claims over which there is no independent basis of subject matter jurisdiction.  If a claim independently satisfies federal question or diversity of citizenship jurisdiction, supplemental jurisdiction is not needed and should not be addressed." (emphasis in original)); see also Homesite Ins. Co. v. Triangle Tube/Phase III Co., No. 16 Civ. 650 (CSH), 2016 WL 6902397, at *4 (D. Conn. Nov. 23, 2016) (examining whether federal question or diversity subject matter jurisdiction existed over third-party complaint, and only "in the absence [thereof], [did] the [c]ourt next turn[] to whether supplemental jurisdiction exist[ed] under 28 U.S.C. § 1367"); Client Funding Sols. Corp. v. Crim, No. 10 Civ. 0482 (RMD), 2010 WL 1839358, at *1 (N.D. Ill. May 6, 2010) ("A third party claim either may be supported by an independent basis of subject matter jurisdiction such as federal question jurisdiction or diversity

of citizenship jurisdiction–or, where the claim is brought by the defendant, by supplemental jurisdiction under 28 U.S.C. § 1367(a)." (emphasis omitted)).[2]

Glasswall has not answered or otherwise responded to Westchester's Third-Party Complaint.[3]  Third-Party Defendants Ugo Colombo and Sara Jayne Kennedy Colombo (together, the "Individual Third-Party Defendants") filed a motion to dismiss the Third-Party Complaint, on abstention grounds in light of then-pending Florida state court actions, which was terminated by the Court following a conference with the parties held by the undersigned to discuss, inter alia, the effect of the settlement of Monadnock's claims on then-pending motions.  The Individual Third-Party Defendants have not sought to renew their motion to dismiss.

In light of the above, Glasswall's "motion to release letter of credit," ECF Nos. 141-43, is denied without prejudice.  The motion seeks an order requiring Westchester to release the letter of credit that Glasswall posted with Westchester as collateral when the Indemnity Agreement was entered into in 2013.  Having not asserted any counterclaims in this action, Glasswall's

---

[2] The Court notes that even if subject matter jurisdiction over Westchester's claims against the Third-Party Defendants was based on supplemental jurisdiction, discretionary factors such as economy, convenience and fairness would weigh heavily in favor of retaining jurisdiction in light of the extensive proceedings that have taken place before this Court and the Court's familiarity with the litigation and claims asserted.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7 (1988) (in considering whether to exercise its supplemental jurisdiction, the court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, [and] fairness . . . ."); Ametex Fabrics, Inc. v. Just in Materials, Inc., 140 F.3d 101, 105 (2d Cir. 1998) (finding that the district court appropriately exercised supplemental jurisdiction, after the settlement of the main action, where the parties had been involved in litigation, including discovery and a settlement conference, for four months); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) ("[When] the dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary." (internal quotation marks omitted)).

[3] Glasswall filed a motion to dismiss the claims asserted by Monadnock.  That motion was rendered moot by the stipulated dismissal of Monadnock's claims.

request for affirmative relief is not properly before the Court.  See, e.g., Speedeon Data, LLC v. Integrated Direct Mktg. LLC, No. 15 Civ. 1272 (CAB), 2017 WL 1038893, at *4 (N.D. Ohio Mar. 17, 2017) ("Defendant has not asserted any counterclaims upon which it may plausibly assert it is owed money."), aff'd, 718 F. App'x 333 (6th Cir. Dec. 5, 2017); Sells v. McDaniel, No. 06 Civ. 23 (LRH) (VPC), 2008 WL 427793, at *4 (D. Nev. Feb. 14, 2008) ("[T]he court does not have jurisdiction to hear claims that have not been properly pled.").  Moreover, Rule 7(b)(2) of the Federal Rules of Civil Procedure requires that motions "state with particularity the grounds for seeking the order."  Rule 7.1(a)(1) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") provides that a notice of motion "shall specify the applicable rules or statutes pursuant to which the motion is brought . . . ."  Rule 7.1(a)(2) of the Local Civil Rules provides that a memorandum of law is to "set[] forth the cases and other authorities relied upon in support of the motion."  Glasswall's Notice of Motion, ECF No. 141, fails to state the rules or statutes pursuant to which the motion is brought, and its three-page memorandum of law, ECF No. 143, cites only two cases, both for general principles of contract interpretation.

In any event, the motion as presented is incomplete such that a court could not grant the requested relief.  The motion only addresses Paragraph 1 of the Indemnity Agreement.  It does not address Paragraph 2, pursuant to which Westchester is entitled to indemnification for attorneys' fees and costs, and pursuant to which Westchester alleges it is entitled to hold the existing funds until the amount of indemnification is resolved.  Glasswall has failed to address Paragraph 2; why the collateral provided at the outset of the contract cannot be applied to Paragraph 2 indemnification obligations; or why it believes that Westchester has not satisfactorily presented a prima facie case that Glasswall must place Westchester in funds to

meet the obligations incurred under the bond.  In light of these open issues, the Court cannot

grant Glasswall's requested relief, given that Westchester has raised a claim for contractual fees

and costs, and seeks to make a motion to have the Court confirm the amount of fees and costs to

which Westchester is entitled.  Any arguments concerning the scope or amount of recoverable

fees and costs are relevant to the issue of the ultimate indemnification award.  See Am. Motorist

Ins. Co. v. United Furnace Co., Inc., 876 F.2d 293, 299 (2d Cir. 1989) (explaining that "[i]n the

event that the amount of [] damages is ultimately reduced . . . [the principal] would be entitled to

a return of any excessive security it had provided to [the surety]").

To release the letter of credit when Westchester has a viable claim that it is entitled to

litigate would change the status quo to Westchester's unfair disadvantage during the pendency of

this litigation.  See, e.g., Line Commc'ns Corp. v. Reppert, 265 F. Supp. 2d 353, 357 (S.D.N.Y.

2003) (denying application to compel the release of escrowed funds, noting that the plaintiff was

asking for "the disturbance of the status quo, without expressing extraordinary circumstances or

convincing arguments concerning irreparable harm"); BIB Const. Co. v. Fireman's Ins. Co. of

Newark, 214 A.D.2d 521, 523, 625 N.Y.S.2d 550, 552 (N.Y. App. Div. 1st Dep't 1995)

(describing collateral as representing security "merely . . . held in trust by the insurer that must

be repaid to the extent that damages are reduced or not awarded").

The Third-Party Defendants shall answer or otherwise respond to Westchester's Third-Party Complaint on or before August 30, 2019.  To the extent it has not already done so, Westchester must provide Third-Party Defendants with a complete statement of all claimed attorneys' fees and costs, with supporting documentation, as soon as practical.  A Status Conference is set for September 5, 2019 at 2:30 P.M. to discuss discovery and a motion practice schedule as well as Glasswall's suggestion that Westchester's counsel should be disqualified because of a witness conflict.  Counsel for all remaining parties, including counsel for the Individual Third-Party Defendants, are required to attend.

**SO ORDERED.**

Dated:  Brooklyn, New York
         August 8, 2019

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge