UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,           Case No.: 16 CIV. 00420
                                        (JBW)(VMS)
                                        ECF Case

        Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

        Defendant.

---------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

        Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

        Third-Party Defendants.

---------------------------------------------------------X

## ANSWER TO THIRD PARTY COMPLAINT

Third-party defendants Ugo Colombo and Sara Jayne Kennedy Colombo (collectively, the "Colombos") by and through their counsel Marko & Magolnick, P.A. hereby file their Answer to the Third-Party Complaint of Westchester Fire Insurance Company ("Westchester"):

    1. With respect to the allegations in paragraph 1 of the Third Party Complaint,

1

the Colombos admit only that, based upon the allegations in the Third Party Complaint, jurisdiction is proper. The Colombos deny, however, that there is any justiciable claim or that Westchester is entitled to any relief whatsoever.

2. With respect to the allegations in paragraph 2 of the Third Party Complaint, the Colombos admit only that, based upon the allegations in the Third Party Complaint, venue is proper. The Colombos deny, however, that there is any justiciable claim or that Westchester is entitled to any relief whatsoever. The Colombos further state that the Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

3. The Colombos are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4. The Colombos admit the allegations in paragraph 4.

5. The Colombos admit the allegation in paragraph 5.

6. The Colombos admit the allegations in paragraph 6.

7. With respect to the allegations in paragraph 7, the Colombos state that the referenced Contracts speak for themselves and thus object to and deny any attempt to characterize the contents thereof.

8. With respect to the allegations in paragraph 8, the Colombos state that the referenced Contracts speak for themselves and thus object to and deny any attempt to characterize the contents thereof.

9. With respect to the allegations in paragraph 9, the Colombos state that the Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

10. With respect to the allegations in paragraph 10, the Colombos admit only that notice of alleged default was given.

11. With respect to the allegation in paragraph 11, the Colombos admit only that an arbitration was filed by Monadnock against Glasswall.

12. The Colombos are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12.

13. The Colombos admit the allegations in paragraph 13.

14. The Colombos admit the allegations in paragraph 14.

15. With respect to the allegations in paragraph 15, the Colombos state that the Complaint speaks for itself and thus object to and deny any attempt to characterize the allegations therein.

16. With respect to the allegations in paragraph 16, the Colombos state that the Motion to Dismiss speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

17. With respect to the allegations in paragraph 17, the Colombos state that the Order speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

18. With respect to the allegations in paragraph 18, the Colombos state that the Arbitration Award speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

19. The Colombos admit the allegations in paragraph 19.

20. The allegations in paragraph 20 are denied as moot.

21. With respect to the allegations in paragraph 21, the Colombos state that the

Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

### FIRST CAUSE OF ACTION

22. The Colombos adopt and reallege their responses to the allegations contained in paragraphs 1 through 21 of the third-party complaint.

23. With respect to the allegations in paragraph 23, the Colombos state that the Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

24. The Colombos deny the allegations in paragraph 24.

### SECOND CAUSE OF ACTION

25. The Colombos adopt and reallege their responses to the allegations contained in paragraphs 1 through 24 of the third-party complaint.

26. With respect to the allegations in paragraph 26, the Colombos state that the Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

27. With respect to the allegations in paragraph 27, the Colombos admit only that a letter was sent, but state that the letter speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

28. The Colombos deny the allegations in paragraph 28.

29. The Colombos deny the allegations in paragraph 29.

### THIRD CAUSE OF ACTION

30. The Colombos adopt and reallege their responses to the allegations contained in paragraphs 1 through 29 of the third-party complaint.

31. With respect to the allegations in paragraph 31, the Colombos state that the Agreement of Indemnity speaks for itself and thus object to and deny any attempt to characterize the contents thereof.

32. The Colombos deny the allegations in paragraph 32.

33. The Colombos deny the allegations in paragraph 33.

34. The Colombos deny the allegations in paragraph 34.

35. The Colombos deny the allegations in paragraph 35.

36. The Colombos deny the allegations in paragraph 36.

37. The Colombos deny the allegations in paragraph 37.

38. All allegations not specifically admitted are denied.

.

## **AFFIRMATIVE DEFENSE**

The Colombos states that the second and third causes of action are moot due to the fact that the claims asserted by Monadnock Construction, Inc. have been dismissed.

DATED: MIAMI, FLORIDA
           AUGUST 29, 2019

                                       Respectfully submitted,

                                       MARKO & MAGOLNICK, P.A.

By: /s/Joel S. Magolnick
Joel S. Magolnick, Esq.
(admitted *pro hac vice*)
Attorneys for Third-Party Defendants
Ugo Colombo and Sara Jayne Kennedy Colombo
3001 S.W. 3rd Avenue
Miami, Florida  33129
Telephone:  305-285-2000
Telefax: 305-285-5555
E-mail: magolnick@mm-pa.com

TO:    COZEN & O'CONNOR
Attorneys for Westchester Fire Insurance Company
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Telefax:    (212) 986-0604

CINQUE & CINQUE, P. C.
Attorneys for Third-Party
Defendant Glasswall, LLC
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737