UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MONADNOCK CONSTRUCTION, INC.,   Case No.: 16 CIV. 00420 (JBW)(VMS)
                                ECF Case
       Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE      GLASSWALL, LLC'S ANSWER
COMPANY,                        TO THIRD-PARTY COMPLAINT
                                AND COUNTERCLAIM
       Defendant.

------------------------------------------------------X

WESTCHESTER FIRE INSURANCE
COMPANY,

       Third-Party Plaintiff,

  -against-                    JURY TRIAL DEMANDED

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO,

       Third-Party Defendants.

------------------------------------------------------X

      Third-party defendant Glasswall, LLC ("Glasswall") by and through its attorneys Cinque & Cinque, P.C. as and for its answer to the third-party complaint of Westchester Fire Insurance Company ("Westchester") and counterclaim:

      1. Denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

      2. Admits upon information and belief the allegations contained in paragraphs 5 and 6.

3. Denies the allegations contained in paragraph 9 insofar as they purport to characterize the terms of the Agreement of Indemnity and begs leave to refer to said Agreement for a complete recitation of its terms and conditions.

4. Denies the allegations contained in paragraph 15 insofar as they purport to characterize the allegations of the Complaint, and begs leave to refer to the Complaint for a complete recitation of its allegations.

5. Denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## AS TO THE FIRST CAUSE OF ACTION

6. With respect to paragraph 22, repeats and realleges its responses to the allegations contained in paragraphs 1 through 21 of the third-party complaint.

7. Denies the allegations contained in paragraph 23 insofar as they purport to characterize the terms of the Agreement of Indemnity, and begs leave to refer to said Agreement for a complete recitation of its terms and conditions.

8. Denies the allegations contained in paragraph 24.

## AS TO THE SECOND CAUSE OF ACTION

9. With respect to paragraph 25, repeats and realleges its responses to the allegations contained in paragraphs 1 through 24 of the third-party complaint.

10. Denies the allegations contained in paragraph 26 insofar as they purport to characterize the terms of the Agreement of Indemnity, and begs leave to refer to said Agreement for a complete recitation of its terms and conditions.

11. Denies the allegations contained in paragraph 27, except admits that counsel for Westchester sent a letter dated June 7, 2017, and begs leave to refer to said letter for a complete recitation of its contents.

12. Denies the allegations contained in paragraphs 28 and 29.

### AS TO THE THIRD CAUSE OF ACTION

13. With respect to paragraph 30, repeats and realleges its responses to the allegations contained in paragraphs 1 through 29 of the third-party complaint.

14. Denies the allegations contained in paragraph 31 insofar as they purport to characterize the terms of the Agreement of Indemnity, and begs leave to refer to said Agreement for a complete recitation of its terms and conditions.

14. Denies the allegations contained in paragraphs 32, 33, 34, 35, 36 and 37.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### AS TO THE SECOND AND THIRD CAUSES OF ACTION

15. The second and third causes of action are moot due to the fact that the claims asserted by plaintiff Monadnock Construction, Inc. ("Monadnock") have been dismissed.

### AS AND FOR A FIRST COUNTERCLAIM

16. At or about the time of the execution of the Agreement of Indemnity, Glasswall provided security to Westchester in the form of a $1,587,000.00 Letter of Credit.

17. Westchester still holds this Letter of Credit.

18. Pursuant to paragraph 1 of the Agreement of Indemnity, Glasswall was only obligated to provide security to Westchester until "termination of any past, present and future liability under any Bond."

19. Pursuant to paragraph 2 of the Agreement of Indemnity, Westchester was only entitled to security "to meet all of its liability under any Bond."

20. Westchester's liability under its Performance Bond Numbers K08840295 and K08840258 was terminated when the stipulation dismissing Monadnock's claims was filed on August 21, 2018 (Docket No.: 129).

3

21. As Westchester does not have liability under any Bond to which Glasswall was a party, Westchester is not entitled to retain any collateral and the $1,587,000.00 letter of credit should be released and returned to Glasswall.

22. Glasswall is entitled to a declaratory judgment that the $1,587,000.00 Letter of Credit should be released and returned to Glasswall.

WHEREFORE, third-party defendant Glasswall, LLC respectfully requests judgment as follows:

(a) dismissing the third-party complaint in its entirety;

(b) on its First Counterclaim for a declaration that the $1,587,000.00 Letter of Credit posted by Glasswall, LLC should be released and returned to Glasswall; and

(c) for such other and further relief the Court may deem just and proper.

DATED: NEW YORK, NEW YORK
         AUGUST 30, 2019

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque, Esq.
Attorneys for Third-Party Defendant
Glasswall, LLC
355 Lexington Avenue, 8th Floor
New York, New York 10017
Telephone: (212) 759-5515
E-mail:   CINQUE845@aol.com

4