UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONADNOCK CONSTRUCTION, INC.,

               Plaintiff,

  -against-

WESTCHESTER FIRE INSURANCE
COMPANY,

               Defendant.
------------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

               Third-Party Plaintiff,

  -against-

GLASSWALL, LLC, UGO COLOMBO, and
SARA JAYNE KENNEDY COLOMBO

               Third-Party Defendants.
------------------------------------------------------------X

Case No.: 16 CIV. 00420 (JBW)
ECF Case

**ANSWER AND AFFIRMATIVE DEFENSES OF WESTCHESTER FIRE INSURANCE COMPANY TO COUNTERCLAIM**

Counterclaim Defendant/Third-Party Plaintiff, Westchester Fire Insurance Company ("**Westchester**"), by and through its attorneys, Cozen O'Connor, Answers the Counterclaim, dated August 30, 2019, of Third-Party Defendant/Counterclaim Plaintiff, Glasswall LLC ("**Glasswall**"):

## AS AND FOR A FIRST COUNTERCLAIM

16.    Westchester admits that the Agreement of Indemnity was executed in February 2013, that in February and April of 2013 JPMorgan Chase Bank, N.A., purportedly at the request of Glasswall, provided Westchester with an Irrevocable Letter of Credit in the amount, as amended, of $1,587,500, and otherwise denies the allegations of paragraph 16.

17. Westchester admits that it still possesses, and is entitled to possess, the Irrevocable Letter of Credit and otherwise denies the allegations of paragraph 17.

18. The allegations of paragraph 18 of the Counterclaim represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. The allegations of paragraph 18 of the Counterclaim also make incomplete and inaccurate characterizations of the Agreement of Indemnity and other documents, and Glasswall's characterization of them is therefore denied. Westchester refers the Court to the Agreement of Indemnity itself and the other documents for a complete and accurate statement of their contents. To the extent that paragraph 18 of the Counterclaim avers facts, they are also denied.

19. The allegations of paragraph 19 of the Counterclaim represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. The allegations of paragraph 19 of the Counterclaim also make incomplete and inaccurate characterizations of the Agreement of Indemnity and other documents, and Glasswall's characterization of them is therefore denied. Westchester refers the Court to the Agreement of Indemnity itself and the other documents for a complete and accurate statement of their contents. To the extent that paragraph 19 of the Counterclaim avers facts, they are also denied.

20. The allegations of paragraph 20 of the Counterclaim represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

21. The allegations of paragraph 21 of the Counterclaim represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

22. The allegations of paragraph 22 of the Counterclaim represent conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

WHEREFORE, Westchester respectfully requests that the Court deny Glasswall's requested relief, dismiss Glasswall's Counterclaim with prejudice, and award Westchester costs, attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails due to Westchester incurring and continuing to incur fees, costs and disbursements by reason of its execution of the bonds.

### THIRD AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails because Westchester has received no release of claims from Glasswall or any of the parties involved in this or related litigation.

### FOURTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails to the extent that Westchester continues to face liability under the Bonds.

## FIFTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred in whole or in part by its release of claims.

## SIXTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred in whole or in part by the statute of limitations, the contractual limitations period and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails due to Glasswall's failure to fulfill the express terms and conditions of the Indemnity Agreement, the Bonds and other related documents.

## EIGHTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred in whole or in part by the doctrine of ratification.

## NINTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred in whole or in part by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred in whole or in part by waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails due to lack of standing.

## TWELFTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails because it is not ripe.

## THIRTEENTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim fails due to the lack of a justiciable controversy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Glasswall's Counterclaim is barred, in whole or in part, by failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Glasswall's Counter claim is barred by Westchester's performance of its obligations under the Indemnity Agreement, Bonds and related documents.

## RESERVATION OF DEFENSES

Westchester presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available.  Westchester reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE,** Westchester respectfully requests that the Court deny Glasswall's requested relief, dismiss the Counterclaim with prejudice, and award Westchester attorneys' fees and such other relief as the Court deems just and proper.


Dated: New York, New York
September 20, 2019

        COZEN O'CONNOR

        By: _____/s/ John Sullivan_____
            John J. Sullivan
            Jaimie Fitzgerald
            45 Broadway Atrium, Suite 1600
            212-453-3729
            JSullivan@cozen.com
            JFitzgerald@cozen.com

            *Attorneys for Defendant/Third-Party Plaintiff Westchester Fire Insurance Company*