LAW OFFICES

# CINQUE & CINQUE, P. C.

355 LEXINGTON AVENUE, 8TH FLOOR

NEW YORK, NEW YORK 10017

ROBERT W. CINQUE  
JAMES P. CINQUE

TELEPHONE: (212) 759-5515  
E-MAIL: CINQUE845@aol.com

MEMBERS OF NY & CA BARS

January 29, 2020

VIA ECF

Magistrate Judge Vera M. Scanlon  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East, 1214 South  
Brooklyn, New York 11201

>  Re: Monadnock Construction, Inc. v. Westchester  
>  Fire Insurance Co.; Westchester Fire Insurance  
>  Company v. Glasswall, LLC, et al  
>  Case No.: 16 CIV. 00420 (JBW)(VMS)

Dear Magistrate Judge Scanlon:

    We are the attorneys for third-party defendant Glasswall, LLC and are writing in connection with a discovery issue relating to third-party plaintiff Westchester Fire Insurance Co.'s ("Westchester") production of documents and appearance for deposition.

## Westchester's Failure to Produce Documents

    In Your Honor's August 8, 2019 Order (Docket # 154) You ruled that:

> To the extent if [Westchester] has not already done so, Westchester
> must provide Third-Party Defendants with a complete statement of
> all claimed attorneys' fees and costs, with supporting
> documentation, as soon as practical.

When by August 30, 2019 no documents had been produced by Westchester, Glasswall served its first request for production of documents (Exhibit A). In response to this request, on December 11, 2019 Westchester produced 769 pages of redacted attorney time records and

CINQUE & CINQUE, P. C.

Page Two
To: Magistrate Judge Scanlon
Re: Monadnock v. Westchester Fire
Case #: 16 CIV. 00420 (JBW)(VMS)
January 29, 2020

statements received from its attorneys.[1] The two categories of documents currently in dispute are: (1) retainer agreements between Westchester and its counsel; and (2) complete (not redacted) attorney time records.

Glasswall is entitled to review Westchester's retainer agreement with its counsel to determine whether Westchester has any basis for asserting that Glasswall is responsible for these fees. The retainer agreement would show a number of relevant facts, such as: the rates which are properly chargeable to Westchester; whether Glasswall "has a right to challenge [the retainer agreements'] enforceability" (Servidone Const. Corp. v. St. Paul Fire & Marine Ins. Co., 911 F. Supp. 560, 564 (N.D.N.Y. 1995)); and the scope of the firms retention (Hyman & Gilbert v. Withers, 151 App.Div.3d 945, 58 N.Y.S.3d 90 (2nd Dep't 2017)).

With respect to the redacted time records, Glasswall submits that it has the right to discover the specific work Westchester is charging it with, to determine whether the work and associated time are reasonable. It is clear from the holding in Ideal Electric Security Co., Inc. v. International Fidelity Insurance Company, 129 F.3d 143, 152 (D. C. Cir. 1997), that the entire billing records must be produced:

> By claiming indemnification of attorney's fees from Ideal and offering the billing statements as evidence of the same, IFIC waived its attorney-client privilege with respect to the redacted portions of the billing statements and any other communications going to the reasonableness of the amount of the fee award.... If IFIC opts to claim indemnity for attorney's fees from Ideal, it must disclose the billing statements itemizing those fees in its entirety, notwithstanding its claim that portions of the billing statements are privileged (citation omitted).

---

[1] Glasswall has not yet received any documents relating to Westchester's payment of legal fees, but Westchester's counsel has agreed to provide these this week. If they are not provided as promised, Glasswall will bring this to the Court's attention and request an order that they be produced.

CINQUE & CINQUE, P. C.

Page Two
To: Magistrate Judge Scanlon
Re: Monadnock v. Westchester Fire
Case #: 16 CIV. 00420 (JBW)(VMS)
January 29, 2020

### Locale of Deposition

The deposition notice served on August 30, 2019 (Exhibit B) required Westchester's attendance at the offices of Glasswall's attorneys. Westchester made no objection whatsoever to this location until several days ago when its counsel insisted that the deposition be conducted at his office. Despite my request Westchester's counsel did not provide any reason as to why his client could not come to Grand Central to be deposed. Westchester's document production was extensive and I would like to have ready access to these documents if necessary during the deposition.

### Conclusion

Glasswall respectfully requests that the Court issue an Order requesting Westchester to: (a) produce any retainer agreements with counsel and complete copies of its counsel's time records[2]; and (b) submit its representative for deposition at my office on February 20th (a date which had been tentatively agreed to).

Prior to submitting this letter I made a good faith effort with Westchester's counsel John Sullivan, Esq. to resolve these disputes pursuant to the Federal and Local Civil Rules.

Respectfully yours,

*James P. Cinque*

JPC:kp                                       JAMES P. CINQUE

cc: John Sullivan, Esq. (Via ECF)
    Joel Magolnick, Esq. (Via ECF)

---

[2] And evidence of payment of legal fees, if not produced as promised.