
# Exhibit B

| | |
|---|---|
| From: | cinque845@aol.com |
| To: | Sullivan, John |
| Subject: | Re: Deposition |
| Date: | Monday, January 27, 2020 11:50:40 AM |

****EXTERNAL SENDER****

John:

With respect to the deposition locale, the notice served upon you on August 30, 2019 scheduled the deposition at my office and no objection was ever asserted. As you know, your client's document production is extensive and I would like ready access to it during the deposition. You have given absolutely no reason why your client cannot come to Grand Central and therefore its attendance at my office is required.

With respect to document production, I have given you reasons why I believe that the retainer agreement and unredacted statements should be produced. You have not provided any support for your position that these documents do not have to be produced, despite my request. In addition, your position that production of a retainer agreement (which is probably only a few pages) is "overly burdensome" is rejected.

As we apparently cannot reach agreement on these issues, I believe that we shall have to seek the Court's intervention. Unless you confirm by the close of business tomorrow that the requested documents will be produced next week and that your client will appear at my office for deposition on February 20th, I shall make the appropriate application.

Jim


CINQUE & CINQUE, P. C.
355 Lexington Avenue, 8th Floor
New York, New York 10017
Telephone: (212) 759-5515
E-mail: CINQUE845@aol.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


-----Original Message-----
From: Sullivan, John <JSullivan@cozen.com>
To: cinque845@aol.com <cinque845@aol.com>
Sent: Fri, Jan 24, 2020 4:59 pm
Subject: RE: Deposition

Hi Jim,

I can't ensure that I will be able to hold the date if it is not final, and I will produce the witness at our offices. Please confirm.

As to the documents, I expect to produce next week the canceled checks for the invoices that we have produced. Keep in mind that our fees are ongoing as your client and the Colombos put us through this process to recover the indemnification required under the indemnity agreement. As additional invoices are paid, making Westchester entitled to indemnification for those fees as well, I will produce them along with evidence of payment. As to your request for additional documents, you have asked to receive unredacted documents that reveal material we have designated privileged and confidential. Under the law, we are entitled to redact that material, and seeking damages under the indemnity agreement does not change that. I've asked you to provide any law that allows you to pierce my client's privilege but so far you have not done so. As to the engagement letter, I informed you that I see no purpose to that production and your answer was that it could have information on fee rates. But I have produced all fees billed and paid and rate information, along with much more, in the

documents already produced.  Cozen O'Connor and Westchester have a longstanding relationship covering numerous matters, and your request is not only duplicative and seeks no new information, but it is burdensome.  Although your client will ultimately pay for the fees incurred for this and other ongoing work, we do not have an obligation to produce material that provides no new, relevant information and is overly burdensome.  If I am able to uncover the engagement terms with little burden, I will review and consider production.  But right now this appears to be a make-work request not for the purpose of receiving new, relevant information.

Please let me know whether the deposition date is confirmed.  I will be traveling next week through 2/3, and during that time I will nonetheless try to produce the material that I mentioned above, which I previously informed you I would produce.

Regards,
John



**John J. Sullivan**
**Member | Cozen O'Connor**
45 Broadway 16th Floor | New York, NY 10006
P: 212-453-3729 F: 646-461-2073
Email | Bio | Map | cozen.com

**From:** cinque845@aol.com <cinque845@aol.com>
**Sent:** Friday, January 24, 2020 3:18 PM
**To:** Sullivan, John <JSullivan@cozen.com>
**Subject:** Re: Deposition

**\*\*EXTERNAL SENDER\*\***

John

February 20 is acceptable provided that: 1) the deposition is at my office; and 2) the documents I requested on December 27 are produced by February 3.

Jim


CINQUE & CINQUE, P. C.
355 Lexington Avenue, 8th Floor
New York, New York 10017
Telephone: (212) 759-5515
E-mail: CINQUE845@aol.com


The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.



-----Original Message-----
From: Sullivan, John <JSullivan@cozen.com>
To: cinque845@aol.com <cinque845@aol.com>
Sent: Fri, Jan 24, 2020 2:59 pm
Subject: Deposition

Jim, the client is available to be deposed at our offices on February 20.  Please confirm as soon—today if possible—while the date remains available.  (I tried to call you yesterday and again a few minutes ago.)  Also, I'm preparing for production the canceled checks on the invoice payments, which should be sent soon.  John


**John J. Sullivan**



**Member | Cozen O'Connor**
45 Broadway 16th Floor | New York, NY 10006
P: 212-453-3729 F: 646-461-2073
Email | Bio | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**